## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, individually, § <br> and GOODE ENTERPRISE SOLUTIONS § <br> INC. § <br>     Plaintiffs, § <br> § <br>     v § <br> § <br> ROGER RICHARDS RAMSAUR, § <br> LEON ISAAC KENNEDY, § <br> and ADRIENNE YOUNGBLOOD § <br>     Defendants. § | CIVIL ACTION NO. 1:20-cv-00947 <br><br> JURY TRIAL DEMANDED |

### PLAINTIFFS' OPPOSED MOTION TO EXTEND TIME TO COMPLY WITH COURT ORDER

COME NOW, Plaintiffs Mr. James Corey Goode and Goode Enterprise Solutions Inc. and hereby respectfully request this Court extend the deadlines set by the the Honorable Judge Scott T. Varholak on April 6, 2020 in Docket No. 6 case by twenty-one (21) days.

### STAGE OF THE PROCEEDINGS

Plaintiffs Mr. James Corey Goode ("Mr. Goode") and Goode Enterprise Solutions, Inc. ("GES", collectively "Goode") brought the instant action against defendants Roger Richards aka Roger Ramsaur ("Richards"), Leon Isaac Kennedy ("Kennedy"), and Adrienne Youngblood ("Youngblood") (each a "Defendant" and collectively, "Defendants") for breaches of fiduciary duties, fraud, unfair competition, tortious interference and other related claims on April 3, 2020. (Docket 1). On May 7, 2020—after the below-described dilatory tactics by Defendants—Goode amended his Complaint. (Docket 7). As herein described, Goode has been diligent in attempting to perfect service upon Defendants but has yet to be successful in doing so. Actors purporting to represent Defendants have caused to frustrate

and curtail his efforts, and as such he has not been able to confer with Defendants (or appropriate representatives) in order to reach the deadlines set out in Docket 6.

## BACKGROUND FACTS

The following facts are attested to by undersigned counsel who has personal knowledge as the herein-described counsel for Goode, however an additional filing following this (filed under L.R. 7.2) will request this Court to file under seal/restricted access the communication between counsel (or alleged/purported counsel) for Defendants leading up to the instant time:

1. Goode attempted to engage with Defendants in an attempt to, *inter alia*, engage in early discussions on settlement back in March of 2020. Multiple individuals (Mssrs. Kennan Dandar and John DeSousa) claiming to be counsel for Richards attempted to engage in settlement discussions with counsel for Goode. Further, at least one of those individuals (Mr. DeSousa) purported to represent Youngblood and Kennedy as well.

2. Discussions deteriorated, and Goode was forced to file the instant action. Counsel for Goode reached out to above-mentioned counsel with the as-filed complaint and requested waivers of service, or, in the alternative, addresses at which to serve Defendants.

3. Counsel (or purported counsel) each represented through emails and/or phone calls that they represented one or more of the Defendant(s), and Mr. DeSousa confirmed that Mr. Dandar was litigation counsel for Defendants.

    a. Mr. Dandar emphatically represented multiple times he was litigation counsel for Richards on a call with Goode's counsel, which was later corroborated by Mr. DeSousa.

    b. Mr. DeSousa purported to represent all parties until after almost a month when the relationship between the Defendants and their purported counsel appeared suspect—more specifically, after the filing of the instant action—when it became a time that undersigned counsel for Goode demanded Mssrs. Dandar and DeSousa clarify their relationship to Defendants

4. For a period of time, neither counsel would directly confirm nor deny representing Defendants.

5. Instead, Mr. Dandar stated he was not "retained" and cannot "accept service". Mr. DeSousa stated that he was no longer engaging with counsel for Goode on behalf of Defendants and that litigation counsel would be in touch.

6. No counsel has reached out to Goode's counsel on behalf of Defendants, and it has been over a month since Mr. DeSousa's representation.

7. The initial addresses supplied for service on Defendants were not ones that Goode was able to use to effect service, thus necessitating the provision of new addresses for Defendants—as reflected in Goode's Amended Complaint (Docket 7).

8. Goode is currently awaiting confirmation from his process servers for the status on service for Defendants using the new addresses.

Defendants' dilatory tactics have taken advantage of Goode's good faith in attempting to resolve the matter and has taken up much valuable time and resources. Goode respectfully

requests that this Court grants an extension of time for it to comply with its deadlines put forth in Docket 6, and in the alternative on today's deadline, as further outlined below.

## ARGUMENT AND AUTHORITIES

Plaintiff respectfully asks this Court to extend all deadlines in the current case by 21 days, and in the alternative to extend the time for Parties to file the Consent to Magistrate Form. District courts have wide latitude and discretion to grant extensions and stays in proceedings and "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). District courts also have discretion under the Federal Rules of Civil Procedure to grant extensions for good cause shown. FED. R. CIV. P. 6(b). None of the parties to this case will be prejudiced by a 21-day extension of deadlines. Good cause exists for the granting of the extension of deadlines, namely that Goode needs more time to serve Defendants and get in touch with someone who has authority to make decisions on the part of Defendants. Goode has been prejudiced due to dilatory acts herein-described on the part of counsel and Defendants, and has acted diligently to move this case forward and comply with the Court-ordered deadlines in place.

The deadline for service has not passed. Under FRCP 4(m), Goode has until July 3, 2020 (or, based on the Amended Complaint, until August 7, 2020[1]), to serve Defendants. This deadline is over a month away, and Goode anticipates to have effected service prior to that deadline. A 21-day extension will still give enough time for Goode to confer with attorneys (or unrepresented Defendants) after service if made prior to that deadline. This request is not meant to delay, nor will it harm any of the parties—in fact, the effect of

---

[1] Due to the emergent nature of the actions giving rise to the action, Goode is aiming to have the case move along expeditiously, and thus is operating under the earlier of the due dates.

extension is just the opposite: both parties would benefit by being allowed to meet the Court's deadline. Goode has been diligent in attempting service; on the other hand, attorneys (or, alleged attorneys) for Defendants have engaged in dilatory behavior that has caused Goode harm in shortening his time for service under the ruse of engaging in settlement negotiations, and the extension will help both parties in meeting this court-ordered deadline.

Finally, the deadline to consent to a Magistrate Judge is today. (Docket 6). All parties must consent (*See* Dockets 4, 6 and 9-3), and—as explained above—none of the other parties have indicated whether or not they consent. As such, it is impossible to be able to file a properly-executed form regarding consent to a Magistrate Judge. Should this Court not see fit to extend all deadlines, Goode respectfully requests this Court grant a short extension on today's deadline so that Goode may effect service and, then hopefully, be put in contact with the (actual) counsel for Defendants.

## PRAYER FOR RELIEF

In consideration of the foregoing, because good cause exists and because no parties to the litigation will be prejudiced by an extension of time, and further because Goode will be prejudiced and unduly burdened if held to the current deadlines in this case, Goode respectfully requests a 21-day extension of deadlines and, in the alternative, an extension of today's deadline (May 27th) in the amount of time determined acceptable by this Court.

Dated: May 27, 2020                                         Respectfully submitted,

                                                                                                                            _/s/ Valerie A. Yanaros_

                                                                    Valerie A. Yanaros
                                                                    TX Bar No. 24075628
                                                                    YANAROS LAW, P.C.
                                                                    Admitted to Practice in the District
                                                                    Court of Colorado
                                                                    Yanaros Law, P.C.
                                                                    5057 Keller Springs Rd, Suite 300
                                                                    Addison, TX, 75001
                                                                    valerie@yanaroslaw.com
                                                                    Telephone: (512) 826-7553

                                                                   _Counsel for Plaintiffs_
                                                                   _Mr. James Corey Goode and_
                                                                   _Goode Enterprise Solutions Inc._

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff has attempted to confer on two occasions for each of the Defendants, at the outset of the lawsuit and in anticipation of this deadline. Counsel did not receive an answer from any of the Defendants, with the exception of initial discussions with purported counsel for Defendants, who have both subsequently stated that they no longer represent Mr. Richards. Plaintiffs have diligently attempted service on all Defendants but have had to supply additional addresses for Defendants for attempted service due to the initial addresses not being the correct addresses. Plaintiffs continue to diligently attempt service and will try alternate means if they are not served in the next week.

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. All Defendants will be served with a copy of this document per the Local Rules.

s/ Valerie A. Yanaros