## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, individually, § <br> and GOODE ENTERPRISE SOLUTIONS § <br> INC. § <br>     Plaintiffs, § <br> § <br> v § <br> § <br> ROGER RICHARDS RAMSAUR, § <br> LEON ISAAC KENNEDY, § <br> and ADRIENNE YOUNGBLOOD § <br>     Defendants. § | CIVIL ACTION NO. 1:20-cv-00947 <br><br> JURY TRIAL DEMANDED |

### PLAINTIFFS' SECOND MOTION TO EXTEND
### TIME TO COMPLY WITH COURT ORDER

COME NOW, Plaintiffs Mr. James Corey Goode and Goode Enterprise Solutions Inc. and hereby respectfully request this Court extend the deadlines set by the Honorable Judge Scott T. Varholak on May 28, 2020 in Docket No. 13 case by twenty-one (21) days.

### STAGE OF THE PROCEEDINGS

Plaintiffs Mr. James Corey Goode ("Mr. Goode") and Goode Enterprise Solutions, Inc. ("GES", collectively "Goode") brought the instant action against defendants Roger Richards aka Roger Ramsaur ("Richards"), Leon Isaac Kennedy ("Kennedy"), and Adrienne Youngblood ("Youngblood") (each a "Defendant" and collectively, "Defendants") for breaches of fiduciary duties, fraud, unfair competition, tortious interference and other related claims on April 3, 2020. (Docket 1). On May 27, 2020—after the dilatory tactics described by Defendants in its first Motion for Extension of Time to Serve (the "Motion" Docket 12)—Goode amended his Complaint. (Docket 7). On May 28, 2020, the Honorable Judge Varholak granted the Motion and gave Goode until July 2, 2020 to file the Magistrate form, and until

July 9, 2020 to file the Joint Proposed Scheduling Order and reset the Scheduling Conference for July 16, 2020. (Docket 13). Since that date, Goode has researched, identified, and supplied alternate addresses to its process-serving vendor in an attempt to serve the Defendants.

As herein described, Goode has been diligent in attempting to perfect service upon Defendants but has yet to be successful in doing so.  Mr. Goode and his counsel have not been able to confer with Defendants (or any representatives) in order to reach the deadlines set out in Docket 13.

## BACKGROUND FACTS

The following facts are attested to by undersigned counsel who has personal knowledge as counsel for Goode:

1. Defendant Kennedy was served on May 29, 2020. (Exhibit "A"). The process serving company, Special Delivery, is preparing the affidavit for service and will file with this Court once complete.

2. By operation of law, Kennedy's date to respond was June 19, 2020. That date has passed and Goode is preparing its Notice and Motion for Entry of Default to be filed with this Court.

3. Since Goode's filing of its Motion, alternate addresses (even in addition to and beyond those used in Goode's Complaint and Amended Complaint) have been provided to serve Youngblood and Special Delivery has been attempting to serve Youngblood at those addresses. (*See* Exhibits "B" and "C").

4. Goode has tried on numerous occasions now to serve Youngblood with four different addresses and spent hundreds of dollars to serve Youngblood to no avail and is planning to attempt service by publication in various counties.

5. Additionally, undersigned counsel has sent multiple emails to Youngblood's email address that was used to communicate between Goode and Youngblood up through at least last year, including sending an email on June 22, 2020 notifying Youngblood of Goode's intention to serve by publication. Youngblood has yet to respond.

6. Goode has used multiple addresses to attempt service on Defendant Richards to no avail. (*See* Exhibits "D" and "E").

7. Goode has tried on numerous occasions now to serve Richards with multiple addresses (including beyond those used in Goode's Complaint and Amended Complaint) and spent hundreds of dollars to serve him to no avail and is planning to attempt service by publication in various counties.

8. Additionally, undersigned counsel has sent multiple emails to Richards' email address that was used to communicate between Goode and Richards up through March of this year, including sending an email on June 22, 2020 notifying Richards of Goode's intention to serve by publication.

9. This communication was also sent to Richards' mother at the email address she used to email Mr. Goode on or around February of this year. Richards and/or his mother have yet to respond.

Defendants' dilatory and evasive tactics have taken up much valuable time and resources. Goode respectfully requests that this Court grants a second extension of time for it to comply with its deadlines put forth in Docket 13, and in the alternative on today's deadline, as further outlined below.

## ARGUMENT AND AUTHORITIES

Plaintiff respectfully asks this Court to extend all deadlines in the current case by twenty-one (21) days, and in the alternative to extend the time for Parties to file the Consent to Magistrate Form. District courts have wide latitude and discretion to grant extensions and stays in proceedings and "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). District courts also have discretion under the Federal Rules of Civil Procedure to grant extensions for good cause shown. FED. R. CIV. P. 6(b). None of the parties to this case will be prejudiced by a 21-day extension of deadlines. Good cause exists for the granting of the extension of deadlines, namely that Goode needs more time to serve Defendants due to refusal to accept service. Goode has been prejudiced due to dilatory acts described in its Motion and this Second Motion for Extension of Time on the part of counsel and Defendants and has acted diligently to move this case forward and comply with the Court-ordered deadlines in place.

The deadline for service has not passed. Under FRCP 4(m), Goode has until July 3, 2020 (or, based on the Amended Complaint, until August 7, 2020[1]), to serve Defendants Youngblood and Richards. A 21-day extension will still give enough time for Goode to confer with attorneys (or unrepresented Defendants) after service if made by publication

---

[1] Due to the emergent nature of the actions giving rise to the action, Goode is continuing to aim to move the case along expeditiously, and thus has been operating under the earlier of the due dates.

prior to that deadline. This request is not meant to delay, nor will it harm any of the parties—in fact, the effect of extension is just the opposite: all parties would benefit by being allowed to meet the Court's deadline. Goode has been diligent in attempting service; on the other hand, Defendants have engaged in dilatory behavior that has caused Goode harm in what seems to be purposeful evasion of his service attempts.

Finally, the deadline to consent to a Magistrate Judge is today. (Docket 13). All parties must consent (*See* Dockets 4, 6 and 9-3), and—as explained above—none of the other parties have indicated whether or not they consent. As such, it is impossible to be able to file a properly-executed form (per the Federal Rules of Civil Procedure and this Court's local rules) regarding consent to a Magistrate Judge. Should this Court not see fit to extend all deadlines, Goode respectfully requests this Court grant an additional brief extension on today's deadline so that Goode may again effect service and, then if Defendants do not respond to service by publication or otherwise, prepare a motion for substituted service and/or default judgment.

**PRAYER FOR RELIEF**

In consideration of the foregoing, because good cause exists and because no parties to the litigation will be prejudiced by an extension of time, and further because Goode will be prejudiced and unduly burdened if held to the current deadlines in this case, Goode respectfully requests an additional 21-day extension of deadlines and, in the alternative, an extension of today's deadline (July 2nd) in the amount of time determined acceptable by this Court.

Dated: July 2, 2020                                    Respectfully submitted,

*[signature]*

Valerie A. Yanaros
TX Bar No. 24075628
YANAROS LAW, P.C.
Admitted to Practice in the District
Court of Colorado
Yanaros Law, P.C.
5057 Keller Springs Rd, Suite 300
Addison, TX, 75001
valerie@yanaroslaw.com
Telephone: (512) 826-7553

*Counsel for Plaintiffs*
*Mr. James Corey Goode and*
*Goode Enterprise Solutions Inc.*

## **CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff has attempted to confer on at least three occasions for each of the Defendants: at the outset of the lawsuit, in anticipation of the deadline extended by this Court by its May 28, 2020 and in anticipation of this deadline. Counsel did not receive an answer from any of the Defendants, with the exception of initial discussions with purported counsel for Defendants, who have both subsequently stated that they no longer represent Mr. Richards. Plaintiffs have diligently attempted service on all Defendants but have had to supply additional addresses for Defendants for attempted service due to the initial addresses

not being the correct addresses. Plaintiffs continue to diligently attempt service and will try alternate means if they are not served in the next week.

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  All Defendants will be served with a copy of this document per the Local Rules.

*s/ Valerie A. Yanaros*