IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00942-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

        Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

        Defendants.

_____

**[PROPOSED] SCHEDULING ORDER**
_____

## 1.  DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for

October 8, 2020 at 10:00 a.m. in Courtroom A-401, Fourth Floor, Alfred A. Arraj United

States Courthouse before Magistrate Judge Kristen L. Mix, or—if appearing telephonically

per Judge Mix's order at Docket 31—via phone by calling 888-363-4749, Access Code:

2115325#.

Appearing for the parties are:

Valerie Yanaros, Esq.
Texas Bar No. 24075628
Yanaros Law, P.C.
5057 Keller Springs Rd, Suite 300
Addison, TX, 75001
Telephone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**


Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com


**Attorneys for Defendants**


## 2.  Statement of Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338. Venue is

proper in this Court pursuant to 28 U.S.C. §1391.


## 3.  Statement of Claims and Defenses

The parties have conferred and respectfully request that to the extent the Court wishes a

more in-depth overview of each side's position that part of the conference take place after

further briefing on the pleadings. To the extent that the Parties may state their position currently, prior to Defendants' response to the Second Amended Complaint ("SAC"), the Parties state as follows:

### a. Plaintiff

This is an action at law and in equity against Defendants for various claims of breach of fiduciary duty, embezzlement, trademark infringement, counterfeiting, deceptive trade practices, unfair competition, breaches of contract, fraudulent misrepresentation, and tortious interference arising from the Defendants' various business dealings with Plaintiffs. Plaintiffs wish to recover and recoup certain damages caused to their business and reputation. Plaintiffs have engaged in various projects spanning from conferences to graphic novel production with Defendants only to have money that was due to them stolen and have their name tarnished and defamed within the community in which Plaintiffs work. Money due to Plaintiffs for two movies: Above Majestic and Cosmic Secret; and a Graphic Novel have been taken by defendants Richards and Kennedy. Money and intellectual property rights due to Plaintiffs through various speaking engagements as well as conferences have been taken by defendants Richards, Kennedy and Youngblood. All three Defendants have been entrusted by Plaintiffs with information, access to financials and business opportunities with media outlets such as the Orchard/1091 and various other investors within the community and Defendants have misused and/or misappropriated that access, information, or those connections in a way that harms

Plaintiffs financially.

### b. Defendants

Defendants Mr. Richards, Mr. Kennedy, and Ms. Youngblood contest and deny Plaintiffs

claims, including Plaintiffs' claims for breach of fiduciary duty, embezzlement, trademark

infringement, counterfeiting, deceptive trade practices, unfair competition, breaches of

contract, fraudulent misrepresentation, and tortious interference. Defendants assert that

the facts do not support Plaintiffs' claims, and will assert numerous affirmative defenses

in their Answer, including but not limited to: Statute of Limitations, Failure to State a Claim,

Proximate Cause, Laches, Unclean Hands, Failure to Mitigate, and Comparative Fault.

Defendants further plan to file multiple counterclaims against Plaintiff based upon the

same fact pattern including but not limited to counterclaims for Breach of Contract and

Breach of Fiduciary Duty. Discovery is still ongoing, and Defendants reserve the right to

include additional defenses and Counterclaims in their responsive pleading, and as

allowable by amendment thereafter should such a need arise.

### 4. Undisputed Facts

The Parties wish to lay out any undisputed facts after more motion practice is done, but

to the extent the Parties agree now, the following:

Plaintiffs are Colorado residents having a business address of 1140 US Highway

287 Suite 400-266, Broomfield, Colorado, 8002

**5. Computation of Damages**

The Parties wish to lay out any damages after more motion practice is done, but each party now at this early juncture, provides the following:

Plaintiffs: Plaintiffs have suffered at least $11,000,000.00 worth of damages due to the actions of Defendants individually and collectively, but require discovery in order to more fully lay out their computation under Rule 26.

Defendants: Defendants disagree with Plaintiffs' computation of damages and further assert that Plaintiffs have not suffered any harm as a result of Defendants' conduct. While Discovery has not yet taken place in this case, Defendants can presently contend they have suffered damages in an amount to be proven at trial due to Plaintiffs' conduct.

**6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R. Civ. P. 26(f)**

   **a. Date of Rule 26(f) Meeting.**

   The parties conferred by phone per Rule 26(f) on September 11, 2020.

   **b. Names of each participant and the party they represent.**

   Valerie Yanaros for Plaintiffs and Christian Clark for Defendants

   **c. Statement as to when Rule 26(a)(1) disclosures made or will be made.**

   14 days after the Rule 16 conference or when so ordered by Judge Mix at the Rule 16 conference on October 8, 2020.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Yes—as laid out above.

e. **Statement concerning any agreements to conduct informal discovery.**

None.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties will endeavor to use a unified exhibit numbering system. Documents produced by either party shall be Bates labeled for identification purposes.

g. **Statement as to whether the parties anticipate that their claims or defenses will be involved extensive electronically stored information, or that a substantial amount of disclosure or discovery will be involved information or records maintained in electronic form.**

The Parties do anticipate an extensive amount of ESI and will develop an appropriate ESI plan.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties are amenable to discussing the possibility of early settlement but will require the completion of various discovery before

being in a position to address same.

### 7. Consent

The Parties have already filed their non-consent to Magistrate.

### 8. Discovery Limitations

**a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Depending on how the case proceeds, likely some number beyond the presumptive limits contained in the Federal Rules, at this point the parties agree that at least 15 depositions per side would be reasonable. Defendants further contend that at least seventy-five (75) interrogatories should also be allowable given the number of claims and parties at issue.

**b.     Limitations which any party proposes on the length of depositions.**

Parties agree to the allowed seven (7) hours per deposition under the Federal Rules.

**c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties anticipate around 75 per side of each requests for production and/or requests for admission.

**d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.**

TBD, but not beyond August 1, 2021.

e. **Other Planning or Discovery Orders.**

Inadvertent Production: The parties stipulate that the production of privileged or work-product protected documents, when inadvertent, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This stipulated Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

9. **Case Plan and Schedule**

   a. **Deadline for Designation of Non-Parties at Fault Pursuant to C.R.S. § 13-21-111.5:**

   Fifty (50) days following the commencement of discovery.

   b. **A proposed time limit to file motions for leave to join other parties and to amend the pleadings**

   One hundred and fifty (150) days following the commencement of discovery.

c.  **Discovery Cutoff**

Twelve (12) months from the Rule 16 conference for fact discovery, an

additional two (2) months beyond fact discovery for expert discovery.

d.  **Proposed time limits to file various types of motions, including**

**dispositive motions**

Ninety (90) days prior to the date set for trial.

e.  **Expert Witnesses**

**Experts for Plaintiff**

a.  **Discovery is still ongoing and Plaintiffs reserve the right**

**to call additional expert witness based thereon as**

**provided by the terms set forth by this Court. Without**

**waiving the foregoing, Plaintiffs anticipate calling experst**

**on the issues of Damages, Secondary Meaning,**

**Likelihood of Confusion**

**Experts for Defendant:**

b.  **Discovery is still ongoing and Defendants reserve the**

**right to call additional expert witnesses based thereon as**

**provided by the terms set forth by this Court. Without**

**waiving the foregoing, Defendants at this time anticipate**

**calling experts on the issues of Damages and Trademark Issues as described in Plaintiffs' Complaint.**

2.  **Limitations on Experts**

    To the extent practicable, the parties will refrain from calling more than one expert witness in a particular field so as to avoid cumulative or duplicative testimony

3.  **A proposed time limit for initial designation of experts**

    The day after fact discovery ends.

4.  **A proposed time limit for responsive designation of experts**

    Thirty-one (31) days after fact discovery ends.

f.  **Identification of Persons to be deposed**

    All Parties, further to be determined.

10. **Dates for Further Conferences**

    a.  **Status conferences will be held in this case at the following dates and times:**

    b.  **A final pretrial conference will be held in this case on _____ at _____o'clock_____m, A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.**

11. **OTHER SCHEDULING MATTERS**

    a.  **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b. Anticipated length of trial and whether trial is to the court or jury.**

The parties anticipate a trial of 7-9 days. Trial will be to a jury.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing a good cause. Respectfully submitted this 1st day of October 2020.

DATED at Denver, Colorado, this ____day of _____, 20__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| s/Valerie Yanaros | s/Christian Clark |
|---|---|
| Valerie Yanaros, Esq. | Lenden F. Webb (SBN 236377) |
| Texas Bar No. 24075628 | Christian B. Clark (SBN 330380) |
| Yanaros Law, P.C. | **WEBB LAW GROUP, APC** |
| 5057 Keller Springs Rd, Suite 300 | 466 W. Fallbrook Ave., Suite 102 |
| Addison, TX, 75001 | Fresno, CA 93711 |
| Telephone: (512) 826-7553 | Telephone: (559) 431-4888 |
| valerie@yanaroslaw.com | Facsimile: (559) 821-4500 |
| | Email: LWebb@WebbLawGroup.com |
| | Email CClark@WebbLawGroup.com |
| **ATTORNEY FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANTS** |