Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants Roger Richards Ramsaur,
Leon Issac Kennedy, and Adrienne Youngblood

# UNITED STATES DISTRICT COURT
# OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC., <br><br>Plaintiff, <br><br>v. <br><br>ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY and ADRIENNE YOUNGBLOOD; <br><br>Defendants. | CASE NO. 1:20-CV-00947 <br><br>**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** <br><br>**[F.R.C.P. 12(B)(6)]** <br><br>**Date:** <br>**Time:** <br>**Judge: Hon. Judge Daniel D. Domenico** <br>**Courtroom:** |

**WEBB LAW GROUP, APC**
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

- 1 -

## I. INTRODUCTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY and ADRIENNE YOUNGBLOOD (*hereinafter* "Defendants") will and hereby do move this Court for an Order dismissing Plaintiffs' cause of action for breach of contract contained in Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants respectfully submit this Memorandum of Law in Support of its Motion to Dismiss the Second Amended Complaint (*hereinafter* "SAC"), specifically in regard to the claim brought for breach of contract, by Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. ("GES"), (*hereinafter* "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. RELEVANT PROCEDURAL FACTS

Defendants Roger Richards Ramsaur, Leon Isaac Kennedy, and Adrienne Youngblood intended to file a Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 8, 9(b), and 12(b)(6) due to multiple asserted deficiencies in pleading standards. Counsel for Defendants Richards, Kennedy, and Youngblood thereafter met and conferred with counsel for Plaintiffs Corey Goode and GES pursuant to this Court's Order from July 31, 2020 [Docket #26].

As a result of the cooperative meet and confer efforts, counsel for each of the respective parties agreed to file a Consent Motion for Leave to File Second Amended Complaint in order for Plaintiffs to remedy the defects raised [Docket #29]. This Consent Motion and the related SAC were filed with this Court on September 14, 2020. [Docket #29]. While the vast majority of pleading deficiencies originally raised by Defendants were remedied by Plaintiffs' filing of the SAC, Defendants are nevertheless forced to raise violations of Fed. R. Civ. P. 12(b)(6) in regard to Plaintiffs' claim brought against Defendants for breach of contract out of concern for prejudice in defending their interests to this claim [Docket #32]. More specifically, Plaintiffs'

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

- 2 -

claim for breach of contract as currently pleaded and amended nevertheless fails to adequately plead facts sufficient to state a claim upon which relief can be granted and further does not meet the federal pleading standards of plausibility and factual specificity mandated by the United States Supreme Court holdings of *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal* [Docket #32].

## II. STANDARD OF REVIEW

### A. F.R.C.P. Rule 12(b)(6) Requires the Pleading of Facts Sufficient to State a Claim Upon Which Relief Can be Granted

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In effect, Ashcroft requires the following two-fold inquiry: (1) determine whether there are allegations not presumptively true in light of the relevant cause of action; and (2) assess the sufficiency of the remaining factual allegations in light of the context of the claim (legal and factual) using judicial experience and common sense. *Id.* at 678-79; *Khalik v. United Air Lines*, 671 F.3d 1188, 1190-92 (10th Cir. 2012). To satisfy the second prong, the Tenth Circuit requires that a plaintiff set forth factual allegations "animating" the elements of the claims for relief. *Burnett v. Mortg. Elec. Registration Sys., Inc.,* 706 F.3d 1231, 1236 (10th Cir. 2013).

The complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity; the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.     Fed. R. Civ. P. Rule 12 Requires Claims to be Plausible**

In a motion to dismiss, a court can weed out groundless claims for relief early in the litigation and dismiss claims that do not plead sufficient facts to establish a plausible claim for relief. *Warne v. Hall*, 373 P.3d 588, 594 (Colo. 2016). The allegations in the complaint must be sufficient to raise the right to relief "above the speculative level" and state "plausible grounds" to support each claim for relief. *Warne*, 373 P.3d at 591 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A complaint must contain well-pled factual allegations that rise above mere speculation. *Twombly*, 550 U.S. at 570. A facially plausible claim is one where the pleadings allow the court to draw a reasonable inference of the defendant's liability. *Iqbal*, 556 U.S. at 678. "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Although this standard is not akin to probability, it requires more than the mere possibility that a defendant has acted unlawfully and is liable. *Iqbal*, 556 U.S. at 678. Pleading facts that are merely consistent with liability is not sufficient to meet the plausibility standard. *Id.* Nor are mere recitations of the elements of a cause of action or conclusory statements of liability. *Id*; *Twombly*, 550 U.S. at 555 (mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" do not suffice). Accordingly, courts disregard conclusory statements and look only to whether the remaining factual allegations plausibly suggest the defendant is liable. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). To determine whether a complaint states any plausible claims, the court must use both common sense and judicial experience. *Iqbal*, 556 U.S. at 679. If the facts as pled do not allow an inference stronger than the mere possibility of liability, the complaint is insufficient. *Id*. In considering a motion to dismiss, the Court may consider a document submitted by the

moving party if the document is referenced in the complaint, central to a claim and the parties do not dispute the document's authenticity. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

Additionally, Courts can properly dismiss claims pursuant to a 12(b) motion when the complaint alleges the factual basis for the elements of defenses such as the statute of limitations. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). Finally, where a complaint fails to state a claim, and it cannot be cured by amendment, a dismissal with prejudice is appropriate. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). The court must base its decisions solely on the complaint itself and accept all well-pled factual allegations in the complaint as true, view them in the light most favorable to Plaintiffs, and draw all inferences in the Plaintiffs' favor. *Twombly*, 550 U.S. at 556; *Warne*, 373 P.3d at 591. While the Court accepts all factual allegations as true, the Court is not required to accept as true any legal conclusions couched as factual allegations. *Id.*

## III. ARGUMENT

**A.     Plaintiffs' Claim for Breach of Contract Fails to Sufficiently State a Plausible Claim for Relief Pursuant to F.R.C.P. Rule 12**

In the SAC, Plaintiffs bring a cause of action for breach of contract against "All Defendants." (SAC ¶¶ 170-176). Even accepting as true all pleaded factual allegations in the preceding factual statement in conjunction with the pleaded breach of contract claim itself, Plaintiffs have failed to plausibly plead their purported claims as required by *Twombly* and *Iqbal*. (SAC ¶¶ 12-115, 170-176). As such, and in light of this being Plaintiffs' third attempt at amending this claim against Defendants, any further amendments to the claim would likely be futile; Plaintiffs' claims for breach of contract against Defendants Richards, Kennedy, and Youngblood should therefore be dismissed with prejudice.

Under any set of allegations, in Colorado, a party claiming breach of contract must prove the following elements: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (internal citations omitted). Contract interpretation is generally a question of law. *Union Rural Electric Ass'n v. Public Utilities Commission*, 661 P.2d 247, 251 (Colo. 1983). A plaintiff suing for breach of contract must demonstrate and prove each of these elements in order to recover some sort of relief or remedy. *Diodosio,* 841 P.2d at 1058.

Here, Plaintiffs engage in basic boilerplate recitations of the required elements of this claim for breach of contract and further fails to plead any ascertainable identifying or differentiating information between what are alleged to be "numerous" contracts at issue and assumedly multiple alleged breaches. (SAC ¶¶ 48, 89, 171-175). Additionally, Plaintiffs only plead vague labels for all substantive contract information.

Of greater concern, the impermissible effect of Plaintiffs' current pleading practice for this claim is that Defendants collectively are unable to be fairly apprised of the substantive nature of the contracts and the resulting legal claims and liability being alleged against them. At present, Defendants are unable to adequately defend against their alleged liability for breach of contract because Plaintiffs' pleading of each element and pleading of related factual allegations does not nearly rise to the basic threshold standard of factual specificity required by Iqbal and Twombly.

Pursuant to the Chamber Rules of the Honorable Judge Domenico, each element for the breach of contract claim for relief that Defendants hereby contend must be alleged, but was not properly done so in the SAC, are clearly enumerated by the following headers of this section. Judge Domenico's Practice Standard III(D)(1)(a).

**B.    Element One (1): Plaintiffs Fail to Plead with Any Specificity the Identity, Substance, nor Validity of the Alleged Contract or Contracts for Which this Claim is Brought**

### 1. Common Allegations Among Defendants

Despite Plaintiffs' breach of contract claim being brought against all Defendants and with the existence of multiple contracts being alleged, the SAC does not specify: (1) how many contracts exist; (2) which are written and which are oral; (3) reasonably defined rights nor duties formed (with minor exceptions) under the individual nor collective contracts; (4) any distinguishing substantive characteristics or provisions among the alleged contracts; and most importantly (5) which of the separable Defendants with separable alleged conduct are parties to each and therefore subject to the alleged liability in each of the alleged contracts. (*See* SAC).

Of initial concern to Defendants is the fact that Plaintiffs' pleading alleges multiple "written and oral contracts," yet no express written terms have even been vaguely pleaded by Plaintiffs (SAC ¶ 48, 170-176); nor have any written exhibits evidencing these contracts been included to the SAC which is especially noteworthy in light of the extensive attachments related to other claims. (*See* SAC). If even the signature block or cover page of a written contract is available to Plaintiffs such that it may serve to signal a distinguishing identification as to the contractual agreements alleged, these documents should have been attached along with the numerous other exhibits. At the very least, this may have signaled to Defendants an identifying or distinguishing characteristic of any of the numerous written agreements that are alleged to exist and to have been breached by one or more of the Defendants.

Nevertheless, as the claim itself is currently pleaded, Plaintiffs suggest that "Goode entered into *contracts with Defendants* governing the terms and conditions of their ongoing business relationships *each individual defendant as well as contracts with all or some of the Defendants*." (SAC ¶ 171) (italics added). Further muddling the vagueness and ambiguities present in this statement, Plaintiffs state that "*Defendants' contracts had various provisions* that required Defendants to include Goode in business decisions, monetary disbursements, and to use good faith and fair dealing in their courses of conduct." (SAC ¶ 172) (italics added).

### 2. Separable Allegations Among Individual Defendants

In light of the separable factual conduct alleged as to each Defendant and Plaintiffs'

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

- 7 -

inference that the pleaded factual conduct is "*explained above*" (SAC ¶ 171) (italics added), it is therefore essential that Defendants also apply and address the pleading of the preceding factual allegations as they relate to each named Defendant.

In regard to Defendant Richards, the only factual statement that may be said to constitute the existence of a contract (or perhaps contracts) states that "Goode and Richards entered into numerous written and verbal agreements together." (SAC ¶ 48).

In regard to Defendant Kennedy, no additional contractual obligations are even alleged in the preceding factual allegations, implying that there are no additional contractual obligations of Defendant Kennedy in addition to the general recitation of elements in the cause of action itself that references to an unidentified and vague number of indistinguishable contracts against all Defendants. (*See* SAC).

In regard to Defendant Youngblood, the preceding factual statements relates that Plaintiff Goode and Defendant Youngblood entered into "*numerous written and verbal agreements together tied to DoD* wherein Goode and Youngblood each held a fifty (50) percent interest in DoD as well as *other agreements related to distributions of compensation received*." (SAC ¶ 89) (italics added). While there is one potential other contract alleged in regard to Defendant Youngblood (related to the investment in Defendant Youngblood's hemp growing project), the pleading as a whole does not make clear whether this is part of the breach of contract claim or a separable form of liable conduct. (SAC ¶ 84-101).

At present, Defendants are completely unable to determine which contractual agreements are the subject matter of the claims being brought against Defendants, both in the capacity of each individual Defendant and as to the named Defendants collectively. Moreover, Defendants are unable to ascertain which potential provisions of those alleged agreements are subject to the breach of breach of contract claim brought against Defendants. Plaintiffs' SAC simply does not apprise Defendants of the basic identifying and substantive information required to adequately apprise Defendants of the nature of this claim for which they face potential liability.

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

- 8 -

**D.  Element Three (3): Plaintiffs Fail to Allege with Any Specificity the Terms of Contract Provisions Allegedly Breached and the Conduct Constituting the Alleged Breach**

In the SAC, Plaintiffs fail to specifically allege and establish the crucial element of breach in the same fashion as their failure to establish the first element of this claim: by use of a formulaic recitation of this element supported by vague labels and conclusory allegations that amount to nothing more than unwarranted deductions of fact and legal conclusions of breaching conduct. Plaintiffs' pleading of the essential element of breach in any breach of contract claim is as follows. The first formulaic recitation alleges the conduct in breach by pleading that "Defendants breached those contracts by failing to adhere to those provisions relating to business decisions," referring to provisions which have not been pleaded by Plaintiffs. (SAC ¶ 173). This is followed similarly by pleading that "Defendants further breached those contracts by failing to adhere to the compensation guidelines laid out in those contracts," referring to guidelines which have not been pleaded by Plaintiffs. (SAC ¶ 174). Lastly, Plaintiffs imply an alleged breach of the implied covenant of good faith and fair dealing by simply reciting that "Defendants further breached their contracts with Goode by acting in a manner contrary to the implied duty of good faith and fair dealing." (SAC ¶ 175).

Applying the alleged factual conduct of each Defendant preceding the pleading of the claim itself provides minimal further guidance. In regard to Defendant Richards individually, the only ascertainable contract obligations that have been pleaded are vague and conclusory at best in Plaintiffs' pleading that "Richards agreed *to perform certain duties or work* for Goode." (SAC ¶ 48) (italics added). The alleged conduct of Defendant Richards that follows these terms of contract only suggests that Richards was responsible for a delay in the release of a media creation (Graphic Novel) due to Richards' mismanagement of funds and that after terminating the relationship Defendant Richards "made claims to various individuals accusing Mr. Goode of fraudulent business practices both in person and through various social media platforms." (SAC ¶ ¶ 50-51). While this alleged conduct may support other claims brought by Plaintiffs (such as the claims for embezzlement and slander respectively), it does not appear that this alleged

conduct relates to the obligations under contract provided as "performing certain duties or work" and whether this conduct is indeed even being alleged as the conduct in breach. Defendants are left only to assume that intent due to the location in the pleading.

As explained previously, no separable contract is alleged in the pleading of alleged facts and conduct related to Defendant Kennedy. (*See* SAC). Despite the vast pleading of alleged facts related specifically to Defendant Kennedy, any conduct supporting the element of breach is further ambiguous as to Defendant Kennedy because no alleged conduct is identified as serving to breach one or more of the alleged contracts. (*See* SAC). In terms of Defendant Youngblood individually, Plaintiffs do specifically allege conduct that could be considered in breach of the relatively simple provided contractual agreements that apply specifically to Defendant Youngblood. (SAC ¶¶ 84-101). As explained, Defendant Youngblood nevertheless is left unable to determine whether she is alleged to be a party to the numerous other alleged contracts in the complaint as they are brought against Defendants plurally; Defendant Youngblood therefore is unable to determine whether additional breaches of contract are being alleged and whether she must defend against additional potential liability.

It is worth noting that Plaintiffs' failure to identify and distinguish between the numerous alleged contracts explained above further complicates Plaintiffs failure to adequately plead the element of breach. Nevertheless, even if the specific contract or contracts at issue had theoretically been adequately identified and distinguished in the SAC, Plaintiffs still fail to plead any reasonably specific alleged factual information regarding the terms or provisions and obligations under contract that are alleged to have been breached by Defendants. (*See* SAC).

In light of the unknown contract terms that are alleged to have been breached, there is a further flaw in the pleading that is more concerning in regard to Defendants' ability to adequately respond to the allegations and defend against their liability. While allegations of Defendants' conduct are clearly present in the pleading, the SAC fails to identify which of the vast alleged conduct of Defendants is intended to serve as the alleged breach or breaches of the unknown obligations of multiple contracts. (*See* SAC). Had Plaintiffs identified such conduct

with reasonable clarity, Defendants theoretically may have been able to subsequently imply the alleged provisions of contract in breach.

Similarly, the general conduct and vague factual details that are alleged largely fail to provide any reasonably specific information relating to the timeframe, duration, and scope of both the contractual agreements themselves and of the alleged conduct of Defendants that may be in breach of said agreements. (*See* SAC). This flaw effectively results in a severe prejudice to Defendants' ability to adequately respond to the claim and assert any applicable potential affirmative defenses to the allegations because the bar to claims provided by statutes of limitations cannot currently be ascertained. This prejudice to Defendants is two-fold: (1) Defendants are unable to identify which of the available statutes of limitations for breach of contract is applicable due to the vaguely alleged conclusory conduct in breach; and (2) Defendants are unable to apply any of the potentially relevant statute of limitations because Defendants are unable to ascertain the approximate date or timeframe of breach at which the statute of limitations period would begin running.

For the reasons explained above, the element of breaching conduct required for any breach of contract claim, as currently pleaded, clearly fails to meet the basic threshold of specificity required by *Twombly* and *Iqbal* and thereby unfairly prejudices Defendants' right to be reasonably apprised of the claims brought against them and affording Defendants the opportunity to adequately defend and respond to the claim.

**E.     Element Four (4): Plaintiff Fails to Allege with Any Specificity the Nature and Causation of Damages Resulting from the Alleged Breaches**

Last but not least, Plaintiffs additionally fail to properly plead and establish the fourth and final element required in a claim for breach of contract: damages to the Plaintiffs resulting from the breach. Plaintiffs resort to a pure boilerplate recitation of this element throughout the SAC without any supporting facts or explanations.

In the pleading of the claim itself, Plaintiffs merely states the occurrence of the element and then provides a potential remedy for the pleaded claim. "Goode suffered damages as a

result of Defendants' breaches of contract, in an amount to be proven at trial, together with restitution and disgorgement." (SAC ¶ 176). Although determining which alleged conduct in the SAC applies to and supports the claim becomes somewhat of a guessing game without specification as to the contract in question and terms therein, pleading any alleged facts supporting causation of the damages incurred is absent from the amended pleading. (*See* SAC).

The only exception where damages are not solely a recited statement is in terms of the factual conduct alleged individually relating to Defendant Youngblood. (SAC ¶¶ 84-101). Here, Plaintiffs allege that they were entitled to at least one hundred thousand dollars ($100,000.00) resulting from "close to one million dollars" being pulled in by the DoD conferences. (SAC ¶ 93, 95). That given, Plaintiffs allege no further detail regarding the contracts' terms that lead to this calculated deduction nor any allegations of causation of that proposed figure for damages resulting from an alleged breach of contract. (*See* SAC).

### IV. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court grant the instant Motion to Dismiss regarding Plaintiffs' breach of contract claim.

Dated: October 2, 2020                                          **WEBB LAW GROUP, APC**

                                                   By: /s/ ___Christian Clark_____
                                                      Lenden F. Webb
                                                      Christian B. Clark
                                                      Attorneys for Defendants

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

---

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**CERTIFICATE OF SERVICE**

I, Karen M. Lindow, am a citizen of the United States and am at least eighteen years of age. My business address is 466 W. Fallbrook Ave, Ste. 102, Fresno, CA 93711.

I am not a party to the above-entitled action. I have caused service of:

**I.   Motion to Dismiss – Second Amended Complaint – Notice and Memorandum of Law**

**II.  Motion to Dismiss – Declaration of Christian B. Clark**

**III. Motion to Dismiss – Order**

along with all associated documents on all the counsel of record and interested parties by electronic email service and electronically filing the foregoing with the Clerk of the U.S. District Court using its ECF System.

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.

DATED: October 2, 2020

_____
Karen M. Lindow,
*Law Clerk*