IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                           Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                                           Defendants.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6)**

---

**COME NOW,** Mr. James Corey Goode and Goode Enterprise Solutions, Inc. (collectively, "Plaintiffs"), in response and opposition to defendants' Roger Richards aka Roger Ramsaur ("Richards"), Leon Isaac Kennedy ("Kennedy"), and Adrienne Youngblood ("Youngblood") (each a "Defendant" and collectively, "Defendants", Plaintiffs and Defendants both collectively "Parties") Motion to Dismiss and respectfully shows and requests as follows**:**

    **I.**    **Relevant Background**

This Action was commenced by Goode on April 3, 2020. (Docket 1). An Amended Complaint was filed on May 14, 2020 (Docket 7). A Second Amended Complaint ("SAC") was filed on September 14, 2020 (Docket 29) and entered (Docket 32). Through multiple meet and confers, counsel for the Parties were able to resolve the majority of disputes relating to the pleadings in the

SAC. However, the Parties were unable to resolve outstanding issues related to the breach of contract claims and so Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "MTD") as it relates to those claims on October 2, 2020 (Docket 34). Plaintiffs now file herewith their Response in Opposition to the MTD (the "Response").

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) states that a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) and to determine whether the complaint is legally sufficient to state one or more claims for which relief may be granted. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Schneider* at 11177 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id*. (quoting *Twombly*, 550 U.S. at 556). A motion to dismiss must be denied "unless it appears beyond doubt that [Health Grades] can prove no set of facts in support of [its] claims which would entitle [it] to relief." Conley v.

Gibson, 355 U.S. 41, 45-46 (1957); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

In addition to the complaint, the Court may consider documents referred to in the complaint if the documents are central to the plaintiffs' claims and the parties do not dispute the documents' authenticity. *Jacobsen*, 287 F.3d at 941. Rule 12(b)(6) motions are disfavored and rarely granted. *See Lone Star Indus., Inc. v. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir.1992).

### III.   DISPUTED: Breach of Contract

#### A. – E. Allegations Plaintiffs "Fail to Allege with Any Specificity"

As stated above, specificity is not required in the pleading stage—except in heightened pleading standards such as fraud in Federal Rule of Civil Procedure 9 (which is not alleged in the MTD, nor is it applicable here). As explained below, even though not required, Plaintiffs included much detail in their SAC—much more than necessary. Defendants attempt to raise standards beyond that of pleadings, but even in doing so fail due to the amount of detail included in Plaintiffs' claims.

First, although Defendants attack Plaintiffs' allegations including all Defendants, Defendants file pleadings as such…as a group. *See* MTD at 7. If allegations apply to all Defendants, it would be duplicitous to lay out each separately.

Further, although Plaintiffs do lay out the existence of contracts as admitted by Defendants (MTD at 8, 4-6 [Richards], 7-11 [Kennedy], and 12-19 [Youngblood]). The SAC need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause

of action will not do. *Twombly*, 127 S.Ct. at 1964-65. Plaintiffs went above and beyond to contain detailed factual allegations.

As above-described, Plaintiffs lay out more than sufficient detail—indeed, specific facts regarding contracts through either written contracts or duties via employment relationships, breaches thereof including the embezzling of funds or filing for intellectual property rights belonging to Plaintiffs (*see* SAC at 2, 16), and even specific damages arising therefrom. Despite Defendants' attempt to break up and piecemeal the allegations made against each separate Defendant, there are multiple bases alleged that would support a claim against each. Specifically, breaches of contracts related to their positions as contractor with Plaintiffs and that they were entrusted with proprietary information (that meant each was under a non-disclosure agreement ["NDA"], as described below), that they engaged in various business activities that would involve a breach of the duty of good faith and fair dealing (*see* SAC at 2, 17, 22), and through multiple business dealings that made them business partners. Finally, many of the written contracts that were breached by Defendants are in the possession of Defendants. For example, all of the NDAs that were executed not only by each of the Defendants (Youngblood, Kennedy and Richards) are in Richards' possession—all of these NDAs were breached through the various disclosures of confidential information by each Defendant (*see* SAC at 21, 24). Plaintiffs had NDAs signed—facilitated through Richards—with anyone working with them. See, for example, Exhibit "A". These contracts (and others, as described in the SAC) have all been breached as alleged and thus multiple grounds for relief under a breach of contract theory are sufficiently pled in Plaintiffs' SAC.

## IV. Conclusion and Prayer

WHEREFORE, because Plaintiffs' SAC more than sufficiently pleads multiple causes of action under breach of contract, Plaintiffs respectfully request the Court DENY Defendants' Motion to Dismiss.

Date: October 23, 2020.

Respectfully submitted,

*/s Valerie A. Yanaros, Esq.*

Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the District Court of Colorado
Yanaros Law, P.C.
5057 Keller Springs Rd, Suite 300
Addison, TX, 75001
Telephone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The below signed certifies that a copy of this document will be served via ECF on the following counsel for Defendants on October 23, 2020:

*/s Valerie A. Yanaros*
Valerie A. Yanaros

Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants