Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants Roger Richards Ramsaur,
Leon Issac Kennedy, and Adrienne Youngblood

# UNITED STATES DISTRICT COURT
## OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY and ADRIENNE YOUNGBLOOD; <br><br> Defendants. | CASE NO. 1:20-CV-00947 <br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS [DOC 39]** <br><br> **[F.R.C.P. 12(B)(6)]** <br><br> **Date:** <br> **Time:** <br> **Judge: Hon. Judge Daniel D. Domenico** <br> **Courtroom:** |

Defendants Roger Richards Ramsaur, Leon Isaac Kennedy, and Adrienne Youngblood (hereinafter "Defendants") hereby reply to the opposition filed by Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. (hereinafter "Plaintiffs") [Doc 39 filed on October 23, 2020] to Defendants Motion to Dismiss per Federal Rules of Civil Procedure Section 12(b)(6).

## I. INTRODUCTION

Plaintiffs fail to adequately plead facts sufficient to sustain a cause of action for Breach of Contract, and nothing presented in Plaintiffs' Opposition assists Plaintiffs in overcoming this issue. First, Plaintiffs inaccurately represent the legal standard concerning motions to dismiss

under Federal Rule of Civil Procedure Section 12(b)(6). Second, nowhere in Plaintiffs' Opposition do Plaintiffs actually cite to factual pleadings in the Second Amended Complaint that support each element of a cause of action for Breach of Contract. Third, Plaintiffs assert the existence of nondisclosure agreements in their Opposition, yet such contracts are never mentioned in the Second Amended Complaint, and thus evidence of such contracts does not support Plaintiffs in opposing the instant Motion. Fourth, Plaintiffs' general factual allegations regarding the relationships between the parties does not imply nor necessitate the existence of oral or written contracts. Lastly, Plaintiffs' conclusory allegations regarding the Breach of the Covenant of Good Faith and Fair Dealing constitutes a formulaic recitation of elements, and does not support Plaintiffs' Opposition to the instant motion.

## II. **ARGUMENT**

First, Plaintiffs inaccurately represent the legal standard concerning motions to dismiss under federal rule of Civil Procedure Section 12(b)(6). Plaintiffs characterize the relevant rules as not requiring specificity in the pleading stage – however this is simply incorrect. As cited in the underlying Motion, a complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity: conclusory allegations or unwarranted deductions of fact cannot be accepted by the court. *Collings v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). A formulaic recitation of elements is not proper. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As is described in the underlying Motion, Plaintiffs have not met this basic pleading standard.

Second, Plaintiffs do not cite to specific places in the Second Amended Complaint where each element of Breach of Contract is properly pled because Plaintiffs simply cannot do so. As is described in the instant Motion, the Second Amended Complaint does not properly plead: (1) how many contracts exits; (2) which contracts are written and which are oral; (3) the terms of the alleged contracts; (4) which of the Defendants were party to the contracts; (5) how the contracts were allegedly breached; (6) how Plaintiff was damaged. The basic elements of the existence of a contract, breach, causation, and damages are not properly plead. As drafted, it

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**
- 2 -

would be impossible for Defendants to reasonably respond to the Breach of Contract cause of action in the Second Amended Complaint due to these deficiencies.

Third, Plaintiffs raise the issue of nondisclosure agreements for the first time in Plaintiffs' Opposition. These nondisclosure agreements are never even mentioned in the Second Amended Complaint, beyond generalized statements claiming Defendants improperly disclosed confidential information (*see* SAC at 21, 24). However, even if taken as true, the disclosure of confidential information does not imply the existence of a nondisclosure agreement or contract. Further, Exhibit A submitted in Opposition to the underlying motion does not support Plaintiffs' position. The Court may only consider documents referred to in the complaint if they are central to Plaintiffs' claims, yet the document submitted as Exhibit A is not referenced in the Second Amended Complaint nor is it central to Plaintiffs' claims. *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002). Further, Exhibit A appears to be an email from Defendant Roger Richards that Plaintiff Corey Goode forwarded to non-parties to the lawsuit referencing general "legal documents". Nowhere in Exhibit A is it indicated that a contract was entered into between Defendant Roger Richards and Plaintiffs, let alone Defendants Adrienne Youngblood or Leon Kennedy. It's unclear how Exhibit A actually supports Plaintiffs' position with respect to the pleading defects in the Second Amended Complaint.

Fourth, the general factual allegations Plaintiff makes regarding the relationships between the parties does not support Plaintiffs' Opposition to the instant motion. Pleading facts regarding the prior relationships of the parties does not equate to adequately pleading the elements of Breach of Contract. Plaintiffs have failed to do so here, and the generalized statements regarding prior business relationships between the parties does not satisfy this requirement.

Lastly, Plaintiffs' formulaic recitation of the elements of Breach of the Covenant of Good Faith and Fair Dealing in the Second Amended Complaint does not support their position regarding their Breach of Contract cause of action. As explained in the underlying Motion, the

elements of (1) the existence of a contract; (2) breach; and (3) damages are not properly plead in the Second Amended Complaint. Statements made in the Second Amended Complaint regarding the covenant of good faith and fair dealing do not equate to the level of factual specificity required to adequately plead a claim for relief under relevant law.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the instant Motion to Dismiss be granted.

Dated: November 4, 2020    **WEBB LAW GROUP, APC**

By: /s/ Christian Clark
**Christian Clark**
WEBB LAW GROUP, APC
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
FAX: (559) 821-4500
Email CClark@WebbLawGroup.com
Attorney for Defendants Roger Richards Ramsaur, Leon Issac Kennedy, and Adrienne Youngblood

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I, Christian B. Clark, am a citizen of the United States and am at least eighteen years of age. My business address is 466 W. Fallbrook Ave, Ste. 102, Fresno, CA 93711.

I am not a party to the above-entitled action. I have caused service of:

**I.  Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss**

along with all associated documents on all the counsel of record and interested parties by electronic email service and electronically filing the foregoing with the Clerk of the U.S. District Court using its ECF System.

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.

DATED: November 4, 2020

*/s/ Christian B. Clark*
**Christian Clark**
WEBB LAW GROUP, APC
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
FAX: (559) 821-4500
Email: CClark@WebbLawGroup.com
Attorney for Defendants Roger Richards Ramsaur, Leon Issac Kennedy, and Adrienne Youngblood