IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                  Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                                                  Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

      The parties anticipate that certain of their confidential business records may be produced in discovery in this matter and that such confidential records must be protected from further disclosure. Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Stipulated Proposed Protective Order ("Protective Order") to provide such protection according to the terms and conditions below. To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the parties, STIPULATED and ORDERED that:

      1.    This Protective Order shall apply to all documents, electronically stored information, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" and "electronically stored information" are defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of these terms.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and concerns trade secrets, proprietary information, sensitive third-party information, or other business or financial information that is not publicly available. CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, at the trial, or in preparation for trial, or for any appeals of this action.

4. Information designated "REDACTED" shall be information concerning any motion, exhibit, or pleading that is CONFIDENTIAL and that the designating party deems requires restriction pursuant to D.C.COLO.LCivR 7.2(e). All documents, materials, and/or information from which information is redacted pursuant to this Protective Order shall be designated as REDACTED by placing or affixing on them the following notice: "REDACTED".

5. Any party from time to time may designate as "CONFIDENTIAL" any discovery materials they produce which contain confidential information (hereinafter "Confidential Discovery Materials"), the disclosure of which by the receiving party would, in good faith judgment of the party producing such material, result in disclosure of confidential information or undue invasion of privacy.

6. Motion, exhibits, and pleadings that contain information designated as "CONFIDENTIAL" shall presumptively be filed as restricted documents and shall be accompanied by a motion to restrict public access, pursuant to D.C.COLO.LCivR 7.2(e). Simultaneously with such a motion to restrict public access, the filing party shall file an unrestricted and publicly-available REDACTED version of such motion, exhibit, or pleading, with redactions made according to the filing party's designations of restricted content. Any party or member of the public may object to the designation of particular CONFIDENTIAL and/or REDACTED information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) calendar days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL and/or REDACTED to make an appropriate motion under the applicable Court's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL and shall remain REDACTED under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion made under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. All motions under paragraph 6 shall be made pursuant to MJ Mix's discovery procedures.

      7.    Documents designated as "CONFIDENTIAL" shall be first reviewed by a lawyer who will certify that the designation is based on a good-faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Parties and attorneys designating documents as "CONFIDENTIAL" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access, and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2(c)(2) & (3).

      8.    CONFIDENTIAL documents, electronically stored information, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action (including discovery, any subsequent appeals, and related actions), and shall not, without the consent of the party designating it CONFIDENTIAL or further Order of the Court, be used, transferred, disclosed or communicated in any way, *except that* such information may be disclosed to:

        a)    attorneys actively working on this case;

        b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

        c)    the parties' designated representatives;

      d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      e)    the Court and its employees ("Court Personnel");

      f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g)    deponents, witnesses, or potential witnesses;

      h)    other persons by written agreement of the parties; and

      i)    the parties.

9. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Indicating "CONFIDENTIAL" on the electronic file name of a document produced electronically shall designate all contents of the electronic document to be CONFIDENTIAL.

10. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgment of Protective Order attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

11. In the event electronically stored information is disclosed or discovered in the course of this litigation, including, but not limited to, electronically stored information provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message

to the non-producing party.

12. Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents.

13. Any party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

14. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

15. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

16. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this <u>20th</u> day of <u>  July  </u>, 20<u>21</u>.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| __/s/ Valerie Yanaros_____<br>Valerie Yanaros, Esq.<br>Texas Bar No. 24075628<br>Yanaros Law, P.C.<br>5057 Keller Springs Rd, Suite 300<br>Addison, TX, 75001<br>Telephone: (512) 826-7553<br>valerie@yanaroslaw.com | _____<br>**ATTORNEYS FOR DEFENDANTS** |
| _____/s/ Christian B. Clark_____<br>Christian B. Clark, Esq.<br>California Bar No. 330380<br>WEBB LAW GROUP, APC<br>466 W. Fallbrook Avenue, Suite 102<br>Fresno, CA 92121<br>Telephone: (559) 431-4888<br>Email: CClark@WebbLawGroup.com | **ATTORNEY FOR PLAINTIFFS** |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00942-DDD

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                       Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                                       Defendants.

_____

### EXHIBIT A: ACKNOWLEDGEMENT OF PROTECTIVE ORDER
_____

    I, _____ the undersigned, hereby declare that:

    I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

    I acknowledge that I have been informed that a Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as "CONFIDENTIAL" and therefore I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the provisions of the Protective Order.

   As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

Executed on _____     _____
      (Date)        Signature