IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                       Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                                       Defendants.

---

### RESPONSE IN PARTIAL OPPOSITION TO NOTICE OF MOTION AND MOTION TO AMEND SCHEDULING ORDER

---

Plaintiffs JAMES COREY GOODE, an individual, and GOOD ENTERPRISE SOLUTIONS, INC., a Colorado Corporation (collectively, "Plaintiffs") hereby submit this Response in Partial Opposition to defendants ROGER RICHARDS RAMSAUR's, LEON ISAAC KENNEDY's, and ADRIENNE YOUNGBLOOD's, (collectively, "Defendants") Notice of Motion and Motion to Amend Scheduling Order (the "Response" to the "Motion"). In support of this Response, Plaintiffs state as follows:

### ARGUMENT AND AUTHORITIES

Defendants have delayed in engaging in discovery in this case and have not filed any counterclaims despite this case's inception in March of 2020. Plaintiffs have propounded discovery (*see*, *e.g.*, Docket 49), served notices of deficiencies (that have not been answered by Defendants in any substantive way, *see* Exhibit A), and have been requesting deposition dates of Defendants

since November of 2021 (*Id*. at 2). Defendants did not request dates for Plaintiffs' depositions until January of 2021 (*see* Exhibit 2). This was *after* Plaintiffs' counsel asked Defendants' counsel if Defendants would be taking depositions of Plaintiffs. The Parties agreed to take depositions by zoom and agreed on various dates through April (Exhibit C). Subsequently, Defendants demanded: [1] in-person depositions and [2] that Defendants take Plaintiffs' depositions before Plaintiffs had taken Defendants'. This request was in spite of the facts that [1] Plaintiffs' had been requesting Defendants' depositions months before Defendants even inquired as to Plaintiffs' availability for depositions (and, even then, only upon prompting by Plaintiffs as to whether Defendants even sought Plaintiffs' depositions), [2] Defendants had not propounded any discovery (and did not propound any discovery until almost two months later), and [3] Defendants still had not filed any counterclaims.[1]

After several meet and confers regarding scheduling, Defendants unilaterally noticed deposition dates of Plaintiffs after the close of discovery under the current scheduling order. Defendants falsely accused Plaintiffs of not showing up for depositions (*see* Exhibit A to Defendants' Motion). Plaintiffs then noticed deposition dates of Defendants prior to the close of discovery. Defendants then filed a discovery dispute set to be heard by this Court and requested, by their Motion, for a 6-month extension of deadlines. This Court set a hearing on the discovery dispute for May 9th. Under Local Rule 30.2(a), all depositions have been stayed. Undersigned counsel informed opposing counsel of a trial setting for May 16th (*see* Case 3:20-cv-00850-X-BH America Can! et al v. Arch Insurance Company et al), with the pretrial conference set for May 9th (Exhibit D). Since the last communication between counsel, various emergent incidences have

---

[1] Defendants maintain that they would be entitled to another round of depositions after having done so.

taken place that may move the May 16th trial.[2] Even if Plaintiffs' counsel's trial is indeed moved and discovery in the instant case may move forward through the month of May, a 6-month extension of deadlines is not necessary. Further, such a long exenstion would prejudice Plaintiffs. Plaintiffs have been litigating the instant case for over two years now without meaningful engagement on the part of Defendants. Plaintiffs acknowledge the need for a brief extension, but request that a shorter extension of 30-60 days be granted and the instant trial date remain intact.

WHEREFORE, Plaintiffs respectfully request that this Court reset the current discovery hearing for a date other than May 9th and before May 16th, and extend all deadlines by a period of 30-60 days.

---

[2] The CEO and main witness for undersigned counsel's client in the May 16th trial suddenly passed away on April 17th.

Respectfully submitted this 2nd day of May, 2022.

*s/ Valerie A. Yanaros*
**Valerie Yanaros, Esq.**
State Bar No. 24075628
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By: *s/ Valerie Yanaros*
Valerie Yanaros