Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, and GOODE ENTERPRISE SOLUTIONS INC., <br><br> Plaintiffs, <br> v. <br><br> ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY AND ADRIENNE YOUNGBLOOD; <br><br> Defendants. | **Case No.: 1:20-CV-00947** <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants ROGER RICHARDS RAMSAUR, an individual, LEON ISAAC KENNEDY, an individual, and ADRIENNE YOUNGBLOOD, an individual (collectively, "Defendants") hereby submit this Reply in support of their Motion to Amend the Scheduling Order entered into by this Court on February 2, 2022.

**I.      THE EXTENTION PROPOSED BY PLAINTIFFS IS TOO NARROW TO COMPLETE DISCOVERY**

    **a.  Status of Pleadings**

As noted in Defendants' moving papers, the parties have been stalled in conducting discovery this case as a result of the delayed ruling on the Rule 12(b)(6) Motion to strike portions of the Complaint. The delayed ruling on the sufficiency of the pleadings naturally sets

forth a chain reaction of successive impediments to meeting the deadlines established by the Scheduling Order. Until the Rule 12(b)(6) motion is ruled on, Defendants are unable to properly respond to the contentions in the Complaint without risk of later amendment and duplicative work. Moreover, as Defendants intend to file a Counterclaim alongside their Answer 14 days after the Rule 12(b)(6) motion is ruled on, per code, this will trigger another 14-day waiting period for Plaintiffs to file and Answer to the Counterclaim. Therefore, even if, in theory, the pending Rule 12(b)(6) motion was ruled on tomorrow, it would be at minimum 28 days until the pleading stages are complete and resolved and the parties can turn their full attention to discovery of the contentions therein. Even assuming Plaintiffs do not file a Rule 12(b)(6) motion of their own on Defendants' Counterclaim, it is all but guaranteed that the parties will be requesting a further continuance if the continuance was limited to 30-60 days as requested by Plaintiffs. Out of respect for the resources of the Court and the respective parties, Defendants seek a 180-day continuance not out of procrastination, but out of necessity.

### b. Deposition Scheduling

To date, no depositions have been taken in this highly complex case, as the fact-finding portion of litigation has been hindered by a lack of resolution on the pleadings. As noted above, neither party can begin to prepare for deposition until (a) Defendants' Counterclaim, the content of which are currently unknown to Plaintiffs, is on file; and (b) Defendants receive Plaintiffs' answer to that Counterclaim. Without belaboring the point, until the pleading stages are complete, any depositions taken would similarly be incomplete and would ultimately require a follow up deposition on the issues set forth in the Counterclaim causing significant waste and a sharp increase in litigation costs.

To Defendants' final point, a 180-day continuance is necessary as there are particular complications involved in scheduling the various deposition necessary to try this case. Defending parties alone reside in California and Oregon, respectively, requiring significant coordination and travel for executing in-person depositions. Given these complications, it is

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER**

- 2 -

almost untenable to suggest that the multiple required depositions could be completed within a 30-60 day extension window.

## CONCLUSION

Based on the foregoing, the Defendants request this Court to amend the Honorable Judge Kristen L. Mix's Scheduling Order to continue all deadlines in the matter by 180 days, rather than the 30-60 day extension proposed in Plaintiffs' Opposition to the immediate motion.

Dated: May 11, 2022                                          **WEBB LAW GROUP, APC**

                                                   By */s/ Christian B. Clark*
                                                       Lenden F. Webb
                                                       Christian B. Clark
                                                       Attorneys for Defendants

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER**

## CERTIFICATE OF SERVICE

I, Mary Grace Di Ramos Chow, am a citizen of the United States and am at least eighteen years of age. My business address is 10509 Vista Sorrento Pkwy., Suite 450, San Diego, CA 92121.

I am not a party to the above-entitled action. I have caused service of:

    **I.**    **Motion to Amend Scheduling Order – Opposition - Reply**

along with all associated documents on all the counsel of record and interested parties by electronic email service and electronically filing the foregoing with the Clerk of the U.S. District Court using its CM/ECF System.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: May 11, 2022

                                                          Mary Grace D. Chow

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711