IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiff,

v.

ROGER RICHARDS RAMSAUR,
LEON ISAAC KENNEDY,
ADRIENNE YOUNGBLOOD,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' Motion to Amend Scheduling Order [#59] (the "Motion"). The Motion [#59], which is opposed by Plaintiffs, seeks a 180-day extension of the scheduling deadlines in the case. *Id.* at 3. The Court has reviewed the Motion [#59], the Response [#62], and the Reply [#66]. For the reasons stated below, the Motion [#59] is **granted in part and denied in part**.

    Defendants base their need for a 180-day continuance on the fact that the Court has not yet ruled on the Motion to Dismiss, and that if it is denied, the answer will assert counterclaims for which discovery is needed. *Motion* [#59] at 2-4. Additionally, Defendants complain of difficulties getting depositions scheduled. *Id.* Plaintiffs respond that a 6-month extension of deadlines is unnecessary and would prejudice them, as they have been litigating the instant case for over two years now without meaningful engagement on the part of Defendants. *Response* [#62] at 2-3. Plaintiffs acknowledge the need for a brief extension, but request that it be in the range of 30-60 days. *Id.* Defendants assert in the Reply [#66] that the extension proposed by Plaintiff is too narrow to complete discovery. *Id.* at 1-3.

    The Court finds that the six-month extension sought by Defendants is not warranted. While Defendants complain about complications in scheduling the depositions, this appears to have been caused, at least in part, by Defendants' delay in getting depositions scheduled earlier in the case. Moreover, Defendants did not seek a stay of the case pending resolution of the Motion to Dismiss [#34], and should thus have been on notice that

discovery would proceed despite the fact that an answer (and counterclaims) had not yet been filed.  Further, the Court has already granted one extension of the deadlines.  *See Minute Order* [#55].  Nonetheless, given the volume of discovery that may need to occur in this case and the scheduling difficulties with depositions, the Court believes that a 30-60 day extension as suggested by Plaintiff is inadequate.  Instead, the Court will grant a four-month (120) extension of the deadlines.  To the extent the Motion to Dismiss [#34] is not ruled upon in that time frame, and an answer and counterclaims are later filed, the parties may, if appropriate, file at that time a motion for limited discovery relevant to the counterclaims.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#59] is **GRANTED IN PART AND DENIED IN PART**.  While the Court **denies** the request for a 180-day extension, the Court **grants** a 120-day extension of the deadlines.  The Scheduling Order is amended as follows:

- Initial Expert Disclosure Deadline — **August 25, 2022**
- Rebuttal Expert Disclosure Deadline — **September 28, 2022**
- Discovery Cut-Off — **August 26, 2022**
- Dispositive Motions Deadline — **September 28, 2022**

Dated:  May 18, 2022