IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                        Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                                        Defendants.

---

**PLAINTIFF'S MOTION TO COMPEL WELLS FARGO'S COMPLIANCE WITH
SUBPOENA AND FOR EXPEDITED BRIEFING AND/OR HEARING**

---

**COME NOW,** Mr. James Corey Goode and Goode Enterprise Solutions, Inc. (collectively,
"Plaintiffs") respectfully move this Court pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of
Civil Procedure for an Order compelling Wells Fargo Bank, N.A. ("Wells Fargo") to produce
documents in its possession that are responsive to the subpoena issued by Plaintiffs in this case on
July 12, 2022 (Exhibit "A"). As depositions in this case are scheduled to begin on September 26,
2022, and with the close of fact discovery on October 25, 2022, Plaintiffs respectfully request
expedited consideration of this motion.

## I.      Relevant Background

This Action was commenced by Goode on April 3, 2020. (Docket 1). Written discovery has
taken place amongst the Parties and depositions are set to commence on September 26, 2022.

Through written discovery, Plaintiffs have requested bank records for an entity created by Defendant Kennedy bearing the same name as an entity created by Mr. Goode ("SBA Media") but have not received responsive substantive bank documents. Plaintiffs have requested these documents by subpoena (Exhibit "A") that was served on Wells Fargo on July 12, 2022 (Exhibit "B"). Wells Fargo has not responded at all to the subpoena—either to object, quash or otherwise respond. Pursuant to the subpoena, the deadline to produce these documents was July 25, 2022. The deadline to object to this subpoena was July 26, 2022.

## II.      Legal Standard

Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure provides that a "serving party may move the court for the district where compliance is required for an order compelling production or inspection." Subpart (e) of Rule 45 provides that the issuing court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Ordinarily, contempt sanctions are not imposed until after a third party fails to comply with a court order.

Here, Wells Fargo has failed to respond to the subpoena for documents relevant to this matter and has no excuse for disobeying the subpoena. Given its refusal to produce documents in this case, the Court would be reasonable to assume that Wells Fargo does not intend to ever produce these documents absent Court intervention.

WHEREFORE, for the forgoing reasons, Plaintiffs respectfully request that the Court deem all objections waived and compel complete compliance with the subpoena within 10 days. If Wells Fargo defies the deadline, Plaintiffs respectfully request contempt sanctions be imposed.

### III.    Conclusion and Prayer

WHEREFORE, because Wells Fargo has refused to comply with the subpoena served upon them in this case, and because it is well beyond the time to do so, Plaintiffs respectfully request this Court order Wells Fargo's compliance.

Date: September 9, 2022.                              Respectfully submitted,

*/s Valerie A. Yanaros, Esq.*

Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the District
Court of Colorado
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

The below signed certifies that a copy of this document will be served via ECF on the following counsel for Defendants:

*/s Valerie A. Yanaros*
Valerie A. Yanaros

Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

and Wells Fargo via email to  subpoenafax@wellsfargo.com on September 9, 2022.

## <u>D.C.COLO.LCivR 7.1(A) CERTIFICATE OF CONFERRAL</u>

      As attached in Exhibit "C", Counsel for Plaintiffs has reached out to Wells Fargo via phone and email to its designated subpoena-processing department. Counsel spoke with a phone representative on September 8, 2022 who stated that Wells Fargo did not intend to respond to the subpoena. Wells Fargo also did no respond to Counsel's subsequent email to the subpoena-processing department. Counsel for Plaintiffs reached out to Counsel for Defendants regarding the substance of this motion but has not received a response as of the filing of this motion (Exhibit "D"). Given the upcoming deposition date, Counsel proceeded to file out of an abundance of caution and will update the certificate of conference, if necessary, accordingly.