UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 1:20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

    Plaintiff,
    v.

ROGER RICHARDS RAMSAUR,
LEON ISAAC KENNEDY and
ADRIENNE YOUNGBLOOD,

    Defendants.

## WELLS FARGO BANK. N.A.'S RESPONSE TO MOTION TO COMPEL

Non-Party Wells Fargo Bank, N.A, by and through its counsel, Snell & Wilmer LLP, hereby responds to Plaintiff's Motion to Compel as follows:

### INTRODUCTION

This Motion was unnecessary. Plaintiff served an invalid and incomplete subpoena on Wells Fargo. Wells Fargo attempted to confer with Plaintiff in order to obtain sufficient information to provide the documents requested but Plaintiff refused.

Specifically, the subpoena requests "all monthly bank account statements for SBA Media LLC" but does not provide the name of the individual who opened the account, does not provide an address for the account and does not provide an account number. Without more information, Wells Fargo could not confirm that it had identified the correct account. Therefore, Wells Fargo sought to clarify before producing the requested documents. Plaintiff refused and this motion follows.

## BACKGROUND

On July 12, 2022, Plaintiff served a subpoena for records on a Wells Fargo branch in Washington, D.C. (See, Exhibit 1 to Motion to Compel, Subpoena.) The Subpoena was missing the issue date and had an incorrect case number listed on the caption. *Id.* The due date was also incomplete and appeared to command production by July 25, 2022, which was just 13 days after the subpoena was served. *Id.* On July 14, 2022, Wells Fargo sent a letter to Plaintiff's counsel advising that the subpoena was incomplete and therefore Wells Fargo could not respond. (See, Exhibit A to this Response, July 14, 2022 Letter.) The letter provided a telephone number and contact information for Plaintiff's counsel to contact an individual at Wells Fargo to discuss the subpoena further. *Id.* Rather than respond to the letter, Plaintiff's counsel waited until September 8, 2022- nearly two months later- to demand compliance with the incomplete subpoena. (See, Exhibit 3 to Motion to Compel, September 8 email from Valerie Yanaros to Wells Fargo.) The email was sent at almost 5 pm and demanded production of the documents by noon the following day. *Id.* There was no meaningful effort to address Wells Fargo's July 14 letter regarding the deficiencies in the subpoena. *Id.* Thereafter, Wells Fargo attempted to contact Plaintiff's counsel be telephone to advise that it would comply with the subpoena but it needed additional identifying information for the account to confirm that it was producing the correct account information. After multiple telephone messages, Wells Fargo sent a follow up letter. (See, Exhibit B to Response, September 27, 2022 letter from Wells Fargo to Valeria Yanaros.) Plaintiff's counsel has refused to provide the additional information and filed this motion to compel instead.

# ARGUMENT

1. **Plaintiff's Motion Should be Denied Because Plaintiff Failed to Engage in Meaningful Conferral With Wells Fargo and Wells Fargo Has an Obligation to Protect Consumer Privacy.**

Wells Fargo is obligated to protect the privacy of its customers. The Gramm-Leach-Bliley Act (GLBA) informs financial institutions of their "affirmative and continuing obligation" to protect the security, confidentiality, and integrity of customer information. 15 U.S.C. §6801 (2012). The GLBA limits the disclosure of nonpublic personal information and Wells Fargo faces stiff penalties if customer confidentiality is violated. Therefore, when Wells Fargo receives a subpoena for records, it requires two identifiers to confirm that the correct customer or account has been identified. Identifiers can include name, address, account number, date of birth, social security number, tax identification number, etc. The personal identifying information assists Wells Fargo in correctly identifying the account that is relevant to the request and protects against production of an unrelated third party's information.

In this instance, the subject subpoena requested "all monthly bank account statements for SBA Media LLC." There was no second identifier included in the subpoena, so Wells Fargo requested that information. Rather than providing the individual account owner's name, account number, tax ID number, address or other identifying information, Plaintiff's counsel filed this motion. Had Plaintiff's counsel simply provided Wells Fargo with additional information, the documents could have been produced and this motion could have been avoided. Therefore, Wells Fargo requests that the Motion be denied and that Plaintiff be ordered to issue a new subpoena with complete information.

**2.     Plaintiff's Motion Should be Denied Because the Subpoena is Incomplete and Should be Quashed.**

The subpoena that Plaintiff's counsel issued is incomplete as it does not provide an issue date and the due date is incomplete. (See, Exhibit 1 to Motion to Compel.) In addition, the caption for the subpoena lists an incorrect case number. Wells Fargo was not provided sufficient information to properly respond to the subpoena and should not be compelled to respond to an incomplete subpoena.

Even without these errors, Wells Fargo was within its rights to move to quash the subpoena for two reasons. Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

First, the subpoena did not allow a reasonable time for Wells Fargo to respond. It is unclear what date the subpoena was issued because the issue date on the subpoena is not provided. But, according to the affidavit of service, the subpoena was served on a bank branch on July 12, 2022. The subpoena commanded production of documents by "July 25"- apparently just 13 days later. Fed. R. Civ. P. 45(d)(2)(B) provides a minimum of 14 days to object to the subpoena. Here, the subpoena commanded that Wells Fargo produce documents before its deadline to object.

In any event, Wells Fargo did object just two days after it received the subpoena. (See, Exhibit A, July 14, 2022 letter.) Thereafter, without any effort to meaningfully address Wells Fargo's objection, Plaintiff's counsel waited two months and then demanded compliance with the subpoena in less than 24 hours. (See, Exhibit 3 to Motion to Compel, September 8 email from Plaintiff's counsel to Wells Fargo.)

Second, as set forth above, the subpoena did not provide Wells Fargo sufficient information to properly identify the correct account and therefore implicated privacy concerns and potentially required production of private, protected personal financial information of an unrelated party. Without additional identifying information, Wells Fargo cannot be assured that it is producing the correct party's account records. Therefore, Wells Fargo should not be compelled to respond to the subpoena. Plaintiff should be required to issue a complete, valid subpoena with sufficient identifying information if it wants to compel production of the requested account documents.

## CONCLUSION

Plaintiff seeks to compel Wells Fargo to comply with an incomplete and invalid subpoena. However, Plaintiff refuses to provide Wells Fargo with the information it requested in order to comply. The motion to compel should be denied and Plaintiff should be required to issue a new, complete subpoena with sufficient information for Wells Fargo to properly identify the correct documents to produce.

Respectfully submitted this 27th day of September, 2022.

        SNELL & WILMER, LLP

        By s/Andrea M. Hicks
        Andrea M. Hicks, #49781
        1200 17th St., Ste. 1900
        Denver, CO 80202
        (303) 634-2000
        ahicks@swlaw.com

        **Attorneys Wells Fargo Bank, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2022, a copy of the foregoing **WELLS FARGO BANK. N.A.'S RESPONSE TO MOTION TO COMPEL** was filed and served via CM/ECF.

Valerie Ann Yanaros
Yanaros Law, P.C.
8300 Douglas Avenue
Suite 800
Dallas, TX 75225
512-826-7553
Email: valerie@yanaroslaw.com

Christian Ballmer Clark
Webb Law Group APC
466 West Fallbrook Avenue
Suite 102
Fresno, CA 93711
619-399-7700
Email: cclark@webblawgroup.com

Lenden Franklin Webb
Webb Law Group APC
466 West Fallbrook Avenue
Suite 102
Fresno, CA 93711
559-431-4888
Fax: 559-821-4500
Email: LWebb@WebbLawGroup.com

/s/ Erika Gould
for Snell & Wilmer L.L.P.

4885-9286-0213