Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants Roger Richards Ramsaur,
Leon Issac Kennedy, and Adrienne Youngblood

# UNITED STATES DISTRICT COURT
# OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY and ADRIENNE YOUNGBLOOD; <br><br> Defendants. | CASE NO. 1:20-CV-00947-DDD-KLM <br><br> **DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION TO COMPEL** |

Defendants Roger Richards Ramsaur, Leon Isaac Kennedy, and Adrienne Youngblood (hereinafter "Defendants") hereby submit this Sur-Reply to Plaintiffs' Motion to Compel enforcing compliance with the second Subpoena served to Wells Fargo Bank N. A. on September 16, 2022.

### I. NONSERVICE OF SUBPOENA

Plaintiffs' Counsel is failing to provide notice of issued subpoenas. Counsel for Defendants were in receipt of Plaintiffs' original Subpoena served on Wells Fargo Bank N.A. on July 12, 2022, and at that time had no objections to note. It was only upon receipt of the Sur-Reply filed by Wells Fargo Bank N.A. on October 17, 2022 that Defendants' discovered a

second subpoena had been issued to Wells Fargo Bank N.A on September 16, 2022. Defendants' were never served with a copy of the September 16, 2022 subpoena issued to Wells Fargo, and thus never received notice that a second subpoena had been sent over to Wells Fargo Bank.

The September 16, 2022 subpoena sent to Wells Fargo does not include any Certificate of Service indicating the document was served on Defendants. (*A true and correct copy of the September 16, 2022 Subpoena is attached hereto as* "**Exhibit A**"). Upon receipt of the Sur-Reply filed by Wells Fargo Bank N.A., Defendants have attempted to meet and confer with counsel for Plaintiffs' regarding the September 16, 2022 subpoena and lack of service thereto, but have not yet received any response (*A true and correct copy of these meet and confer efforts are attached hereto as* "**Exhibit B**"). This represents the second time Plaintiffs have issued a subpoena without serving a copy on Defendants in the instant matter.

Counsel for Defendants seeks an order requiring that Plaintiffs' Counsel abide by the Federal Rules of Civil Procedure in all future matters, or be subject to sanctions or disqualification.

Dated: October 20, 2022                                     **WEBB LAW GROUP, APC**

By: /s/ Christian Clark
**Christian Clark**
WEBB LAW GROUP, APC
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
FAX: (559) 821-4500
Email: CClark@WebbLawGroup.com
Attorney for Defendants Roger Richards Ramsaur, Leon Issac Kennedy, and Adrienne Youngblood

**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION TO COMPEL**
- 2 -

# EXHIBIT A

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC.
  *Plaintiff*
v.
ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY and ADRIENNE YOUNGBLOOD,
  *Defendant*

Civil Action No. 1:20-cv-00947-DDD-KLM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wells Fargo Bank, N.A.
Subpoena Processing Chandler
P.O. Box 29728
Phoenix, AZ 85038

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: as described in attached exhibit "A"

| Place: | Date and Time: |
|---|---|
| valerie@yanaroslaw.com OR 8300 Douglas Ave, Suite 800, Dallas Texas 75225 | September 23, 2022 at 5 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 13, 2022

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Mr. Goode & GES , who issues or requests this subpoena, are:

Valerie Yanaros, Esq., valerie@yanaroslaw.com, 8300 Douglas Ave Ste 800 Dallas TX 75225 (512) 826-7553

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-00942-DDD

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

**EXHIBIT A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. "SBA Entertainment" shall mean and refer to SBA Entertainment LLC and any of its past and present parents, subsidiaries, business segments, predecessors, affiliates, officers, directors, agents, representatives, employees and any other person or entity acting or purporting to act on its behalf.

2. "SBA Media" shall mean and refer to SBA Media LLC and any of its past and present parents, subsidiaries, business segments, predecessors, affiliates, officers, directors, agents, representatives, employees and any other person or entity acting or purporting to act on its behalf.

3. "Kennedy" shall mean and refer to Defendant Leon Isaac Kennedy, any of his past and present attorneys, agents, representatives and any other person or entity acting or purporting to act on his behalf.

4. "Wells Fargo," "You," and "Your" shall mean and refer to Wells Fargo Bank, N.A. and any of its past and present parents, subsidiaries, business segments, predecessors, affiliates, officers, directors, agents, representatives, employees and any other person or entity acting or purporting to act on its behalf.

5. "Document(s)" shall have the full meaning and scope ascribed to them under Rule 34 of the Federal Rules of Civil Procedure, including but not limited to the original, an identical copy when no original is available, and all non-identical copies, drafts, interim and final versions of any writings, recordings, data compilations, pictorial matter of any type or description, or any other retrievable data, including data which are an abstract of or are in any way derived from responsive material. Where a particular request specifies certain types of documents, it is intended

# EXHIBIT A

only to suggest that some of the information sought may be contained in such documents and is neither intended nor to be construed as limiting the definition stated above.

6. "Communication" means any written, oral, electronic, mechanical or symbolic transmittal of information of any sort.

7. The term "evidencing" means referring to, mentioning, regarding, describing, reflecting, pertaining to, comprising, setting forth, constituting, containing, showing, disclosing, explaining, summarizing, analyzing, discussing, memorializing, commenting upon or embodying.

8. "Person" shall be interpreted broadly and shall refer to any individual, corporation, proprietorship, partnership, association, joint venture, government agency or other entity.

9. "Relating to," "related to," "relate to," "refer to," "regarding," or "concerning" mean reflecting, describing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, evidencing, setting forth, summarizing or characterizing, either directly or indirectly, in full or in part.

10. In construing each of these requests for production, the singular form of a word shall be interpreted in the plural and vice versa, the words "and" and "or" shall be construed conjunctively or disjunctively, and verb tenses shall be interpreted to include pate, present and future tenses, whichever meaning makes the request more inclusive.

11. All relevant, non-privileged information which You or Your employees possess or control is to be divulged. Should You claim privilege, immunity, confidentiality or protection of any kind with respect to any requested documents, You shall list such documents and shall identify each document by name, identify each person who authorized, signed, created, or prepared the document, identify each person who received or viewed the document, identify the subject matter and the number of pages of the document, and identify the person having possession, custody, or

# EXHIBIT A

control of the original copies of the document. Additionally, You shall state the specific type of privilege or protection claimed as a basis for withholding the document and the grounds on which the claim of privilege rests.

**DOCUMENTS TO BE PRODUCED**

1. Any and all monthly bank account statements for SBA Media LLC for the months of January 1, 2017, up to the current date for any bank accounts held in that name.

2. Any and all monthly bank account statements for SBA Entertainment LLC for the months of January 1, 2017, up to the current date for any bank accounts held in that name.

3. Any and all monthly bank account statements for any company held by Leon Isaac Kennedy bearing or including the name "SBA" for the months of January 1, 2017, up to the current date for any bank accounts held in that name.

3

# EXHIBIT A

## AFFIDAVIT OF PROCESS SERVER

United States District Court for the District of Colorado

**James Corey Goode, Individually, et al**

    Plaintiff(s),

vs.

**Roger Richards Ramsaur, et al**

    Defendant(s).

Attorney: Valerie Yanaros, Esq.

Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas TX 75225



*284482*

**Case Number: 1:20-cv-00947-DDD-KLM**

Legal documents received by Same Day Process Service, Inc. on **09/14/2022** at **9:23 AM** to be served upon **Wells Fargo Bank, N.A. at 1300 I St., NW, #105W, Washington, DC 20005**

I, **Carson Zych**, swear and affirm that on **September 15, 2022** at **12:56 PM**, I did the following:

Served **Wells Fargo Bank, N.A.** by delivering a conformed copy of the **Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action; Exhibit A** to **Mira Patrnogic** as **Authorized Agent** of **Wells Fargo Bank, N.A.** at **1300 I St., NW, #105W , Washington, DC 20005**.

**Description of Person Accepting Service:**
Sex: Female Height: 5ft9in-6ft0in Weight: 161-200 lbs Skin Color: Caucasian Hair Color: Blonde

**Supplemental Data Appropriate to this Service:**


I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

*(signature)*

**Carson Zych**
Process Server
**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
info@samedayprocess.com

Internal Job ID: 284482



# EXHIBIT B

| | |
|---|---|
| **Subject:** | Re: Youngblood - Subpoena to Wells Fargo |
| **Date:** | Tuesday, October 18, 2022 at 8:27:56 AM Pacific Daylight Time |
| **From:** | Christian Clark |
| **To:** | yanaroslaw, admin |
| **CC:** | Lenden Webb, Raza Khan, Peter Tarantino |
| **Attachments:** | Motion to Compel Wells Fargo Compliance - Reply - Exhibit A - FILED.pdf |

Counsel,

Please confirm **immediately** whether your office personally served the **attached** subpoena without serving our office a copy.

Sincerely,

Christian B. Clark, Esq.
**WEBB LAW GROUP, APC**

**San Diego Office**
10509 Vista Sorrento Parkway, Suite 450
San Diego, CA 92121

**Fresno Office**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711

Phone: (619) 399-7700
Phone: (559) 431-4888
Direct: (858) 258-9313
Fax:      (619) 819-8400
Mail: CClark@WebbLawGroup.com
Website: www.WebbLawGroup.com

*Notice of Confidentiality*: This confidential E-mail is from a law firm. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** Christian Clark <CClark@webblawgroup.com>
**Date:** Monday, October 17, 2022 at 1:43 PM
**To:** yanaroslaw <valerie@yanaroslaw.com>, admin <admin@yanaroslaw.com>
**Cc:** Lenden Webb <LWebb@webblawgroup.com>, Raza Khan <RKhan@webblawgroup.com>, Peter Tarantino <PTarantino@webblawgroup.com>
**Subject:** Youngblood - Subpoena to Wells Fargo

Counsel,

Please confirm **immediately** whether your office personally served the **attached** subpoena without serving our office a copy.

I would note that the subpoena has no proof of service relating to our office, and that I have no record of receiving a copy of this subpoena via email. I would also note that this appears to

be the **second time** you have served a subpoena requesting my client's private banking information without providing notice.

Sincerely,

Christian B. Clark, Esq.
**WEBB LAW GROUP, APC**

**San Diego Office**
10509 Vista Sorrento Parkway, Suite 450
San Diego, CA 92121

**Fresno Office**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711

Phone: (619) 399-7700
Phone: (559) 431-4888
Direct: (858) 258-9313
Fax:     (619) 819-8400
Mail: CClark@WebbLawGroup.com
Website: www.WebbLawGroup.com

*Notice of Confidentiality*: This confidential E-mail is from a law firm. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

**CERTIFICATE OF SERVICE**

I, Raza N. Khan, am a citizen of the United States and am at least eighteen years of age. My business address is 10509 Vista Sorrento Pkwy., Suite 450, San Diego, CA 92121.

I am not a party to the above-entitled action. I have caused service of:

    **I.    Motion to Compel – Defendants' Sur-Reply**

along with all associated documents on all the counsel of record and interested parties by electronic email service and electronically filing the foregoing with the Clerk of the U.S. District Court using its CM/ECF System.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: October 20, 2022

                                              Raza N. Khan