IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                  Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                                                  Defendants.

---

## RESPONSE IN OPPOSITION TO MOTION TO BE RELIEVED AS COUNSEL

---

Plaintiffs JAMES COREY GOODE and GOOD ENTERPRISE SOLUTIONS, INC. (collectively, "Plaintiffs") hereby submit this Response in Opposition to Defendants' counsel's Motion to Be Relieved as Counsel (the "Response" to the "Motion" [Docket 84]). In support of this Response, Plaintiffs state as follows:

### ARGUMENT AND AUTHORITIES

Defendants have engaged in extensive delay tactics throughout the pendency of this case. They have not filed any counterclaims since this case's inception in March of 2020, despite their representations to do so. Two and a half years after commencement of the instant case, Defendants finally agreed to schedule depositions of the Parties only after court intervention (*see* Docket 68) and many requests for dates for depositions by Plaintiffs. Defendants insisted on taking Plaintiffs' depositions first, and Mr. Goode's deposition (the only deposition requested by Defendants) was

set for September 26, 2022. After representing to Plaintiffs that **only Mr. Kennedy and counsel for Defendants** would attend Plaintiff Mr. Goode's deposition, *all* Defendants Kennedy, Richards and Youngblood—in addition to Mr. Kennedy's wife, Ms. Lavette-Kennedy—appeared for Mr. Goode's deposition. Despite counsel for Defendants' failure to comply with their representation, Plaintiffs allowed the deposition to go forward.

Subsequently, and despite acknowledging that there was an Agreed Protective Order in place *and* that Mr. Goode's deposition was in fact designated as confidential, at least one of Defendants breached this Court's Protective Order and publicly disseminated information disclosed in Mr. Goode's deposition as shown in various social media postings on Telegram, Facebook and public message boards such as Project Avalon as depicted below:



The confidential information disseminated (and misstated) by Defendants[1] acquired through attendance at Mr. Goode's deposition and attributed to Mr. Goode's deposition has invariably further harmed Plaintiffs. Defendants are in direct contravention of this Court Order (Docket 47) and should be sanctioned.

Mr. Richards' deposition date was agreed to by the Parties, scheduled and noticed for October 11, 2022. On October 7, 2022, Mr. Webb (counsel for Defendants) informed undersigned counsel for Plaintiffs:

> "Good afternoon Ms. Yaneros (sic),
>
> I received an email from Mr. Richards 2 minutes ago (1:55pm) about a surgery that is next week. What this means that while Kennedy and Youngblood can proceed with their depositions, that Mr. Richards will not be able to proceed next week. He has a surgery that has been advanced to Tuesday the 11th and there is a recovery time where post-operation pain meds are involved and there is a recovery timeperoid (sic) of 2-3 weeks. I understand a doctor's note is forthcoming. We can reschedule for the first ½ of November if you would like. **Do you have any days to propose?**
>
> Sincerely,
>
> Lenden F. Webb
> **WEBB LAW GROUP, APC"**

Plaintiffs have never received a doctor's note, further explanation of why Mr. Richards did not appear for his deposition, or make-up date for deposition despite Plaintiffs' repeated requests. (*See* Exhibit A). Further, due to an error in drafting on Defendants' counsels' side, the agreed request for extension—necessitated by Mr. Richards' failure to appear for his deposition—filed by the Parties was denied without prejudice. Counsel for Defendants has refused to correct this error. As such, Plaintiffs have been severely prejudiced by Defendants' gamesmanship. Defendants' counsel

---

[1] All Defendants are bound by the protective order entered by this Court (see Dockets 44 [Joint Motion for Protective Order] and Docket 47 [Order Entering Protective Order]) and were made aware of this by undersigned counsel at Mr. Goode's deposition.

never alerted counsel for Plaintiffs that they were unable to reach Mr. Richards at any point over the countless conferrals counsel has had since October. In fact, counsel for Defendants improperly instructed Ms. Youngblood to not answer any questions related to Mr. Richards' condition. This was in spite of her testimony that she had spoken with him only the week before and that they were "close friend". (Exhibit B). Review of Mr. Richards' social media posts on Facebook indicate that he is in good health and visiting a beach somewhere.

## CONCLUSION

Accordingly, Defendants and their counsel's gamesmanship should not be awarded with a release of their duties to this Court and this case. Plaintiffs respectfully request Defendants' counsel's Motion be denied and sanctions be awarded against Defendants and their counsel accordingly. Specifically, Plaintiffs respectfully request this Court order Mr. Richards to show for a deposition at the cost of Defendants and all costs incurred due to this delay be awarded to Plaintiffs—including all costs related to the filing of this Response.

Respectfully submitted this 1st day of December, 2022.

*s/ Valerie A. Yanaros*
**Valerie Yanaros, Esq.**
State Bar No. 24075628
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By: *s/ Valerie Yanaros*
Valerie Yanaros