Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
10509 Vista Sorrento Pkwy, Suite 450
San Diego, CA 92121
Telephone: (619) 399-7700
Facsimile: (619) 819-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, and GOODE ENTERPRISE SOLUTIONS INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY AND ADRIENNE YOUNGBLOOD; <br><br> Defendants. | Case No.: 1:20-CV-00947-DDD-KLM <br><br> **REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO BE RELIEVED AS COUNSEL** <br><br> **Judge:** Hon. Kristen L. Mix <br> **Courtroom:** A401 |

Lenden F. Webb and Christian B. Clark of Webb Law Group, APC, hereby submit the following Reply to *Plaintiffs' Response in Opposition to Motion to be Relieved as Counsel* in this matter.

## INTRODUCTION

Plaintiffs raise four (4) primary arguments in their *Response in Opposition to Motion to be Relieved as Counsel*, and while these arguments are inaccurate and fail for a variety of reasons, they all share one (1) thing in common: none of the arguments represent a reason why the instant *Motion to be Relieved as Counsel* should not be granted. Per D.C. COLO. L. Atty. R. 5, Defendants have made a clear showing of good cause, and respectfully request that the underlying be granted.

///

---
**MOTION TO BE RELIEVED AS COUNSEL**
- 1 -

## ARGUMENT AND AUTHORITIES

### A. Plaintiffs' "Delay Tactics" Claim is Meritless and Unrelated to the Instant Motion

Plaintiffs contend that Defendants have engaged in delay tactics throughout the case because (1) Defendants have not yet filed their Answer and Counterclaims; and (2) Defendants did not agree to schedule depositions of the Parties until "court intervention". Defendants have yet to file their Answer and Counterclaims because Defendants are still waiting for an Order on Defendants' *Motion to Dismiss* filed on October 2, 2020. Further, Defendants never refused to sit for depositions, but simply argued that Plaintiff Corey Goode's deposition should be taken first.

Confusingly, in support of these claims Plaintiffs cite to this Court's Order from June 13, 2022 (Docket No. 68) in which this Court specifically held that (a) Defendants were not required to file their Answer and Counterclaim until after an Order was issued on Defendants' Motion to Dismiss; and (b) Plaintiff Corey Goode's deposition would be taken first if Defendants wished it. Plaintiff Corey Goode's deposition was thereafter taken, and Defendant Kennedy and Defendant Youngblood's depositions were taken shortly thereafter.

Though Plaintiffs' claims have no merit, it is unclear how the claims of "delay tactics" relate to the instant motion in the first place. As described in the underlying motion, <u>a breakdown of the attorney-client relationship has developed</u> between Defendants' counsel and Defendant Richards such that <u>Defendants' counsel has no ability to act on his behalf or schedule a deposition</u>. Because of this, good cause exists to grant the instant motion per D.C. COLO. L. Atty. R. 5, and granting the motion may actually speed up the process of setting Defendant Richards' deposition.

### B. Plaintiffs Claim that Defendants Breached the Protective Order is Confused and Misplaced

Plaintiffs contend that the instant motion should not be granted because Defendant Kennedy has allegedly breached the Protective Order by revealing information from Mr. Goode's deposition. First and foremost, it is unclear how this allegation relates to Defendants' *Motion to be Relieved as Counsel* for Defendant Richards. Second, it is unclear why Plaintiffs

choose to raise this issue for the first time in the context of a *Response in Opposition to a Motion to be Relieved as Counsel* as opposed to a meet and confer or discovery motion of some kind.

Additionally, Plaintiffs failed to properly designate the deposition of Plaintiff Corey Goode as "confidential". The *Protective Order* in this matter states the following:

> Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. (Docket No. 48, ¶ 14).

During the deposition of Plaintiff Corey Goode, Plaintiffs attempted to mark the entirety of Corey Goode's deposition as confidential. Defendants objected at the time of the deposition and objected again via follow-up email correspondence on November 10, 2022. In this follow-up email correspondence, Defendants warned Plaintiffs of their duty under the terms of the *Protective Order* and even provided Plaintiffs an additional seven (7) days to edit their confidential designation. Plaintiffs did not do so and did not respond. Thus the deposition is no longer confidential.

The *Protective Order* further states in relevant part that:
> Any party or member of the public may object to the designation of particular CONFIDENTIAL and/or REDACTED information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) calendar days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL and/or REDACTED to make an appropriate motion under the applicable Court's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed

> information shall be treated as CONFIDENTIAL and shall remain REDACTED under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. (Docket No. 48, ¶ 6).

To wit, upon receiving Defendants objections to the confidential designation of the deposition of Corey Goode, Plaintiffs – the "party designated the information as CONFIDENTIAL" - had the burden to make an "appropriate motion". (Docket No. 48). Plaintiffs did not do so, meaning that "the disputed information" lost "its designation as CONFIDENTIAL". (Docket No. 48).

In sum, even if this alleged discovery issue concerning Plaintiff Corey Goode's deposition was relevant to the instant *Motion to be Relieved as Counsel*, it would not matter given Plaintiffs' failure to follow the specific terms of the stipulated *Protective Order* to keep the confidential designation even after Defendants reminded Plaintiffs of the issue and provided an extension.

**C. Plaintiffs Claim Defendants Engage in Gamesmanship: this is False and Irrelevant**

Plaintiffs contend that Defendants' counsel has engaged in gamesmanship by (1) failing to send a doctor's note to Plaintiffs; (2) failing to reschedule the deposition of Defendant Richards; (3) objecting to questions concerning Defendant Richards' medical procedures during a deposition; and (4) failing to refile a *Motion to Continue the Fact Discovery Deadline* in this matter. None of the foregoing examples represents gamesmanship, nor has anything to do with the instant motion.

First, as explained in detail in the underlying *Motion to be Relieved as Counsel*, Defendants' counsel has had a breakdown of the attorney-client relationship with Defendant Richards. Defendants' counsel has been unable to contact Defendant Richards to secure authority to act on his behalf, to discuss the case, or to reschedule Defendant Richards' deposition. Additionally, as explained in the underlying motion, Defendant Richards has materially breached the terms of his engagement with Webb Law Group, APC. There is no gamesmanship, there is simply a breakdown of communication – which is why Defendants' counsel has filed the instant motion.

Second, on October 17, 2022, the parties jointly filed a *Motion to Amend the Scheduling Order* requesting that all deadlines be pushed back in the instant case (Docket No. 79). This jointly filed motion was denied without prejudice due to a typo that led to an inconsistency in the document (Docket No. 83). Defendants have repeatedly informed Plaintiffs that they may move forward with fixing the issue and securing the extension. However, Plaintiffs have not done anything. Once again, it is unclear how this issue relates to the instant motion, how it constitutes gamesmanship, or why it is being raised to the Court for the first time in this context.

### D. Plaintiffs' Request for Sanctions as the Non-Moving Party is Improper

Plaintiffs raise numerous alleged discovery issues for the first time in their *Response in Opposition* to the instant *Motion to be Relieved as Counsel*. Despite improperly raising the issues here before adequately meeting and conferring or requesting a discovery conference, Plaintiffs ask this Court to issue sanctions, and to order that Defendant Richards attend a deposition. Plaintiffs have failed to properly brief these issues per the Federal Rules of Civil Procedure, the Federal District Court of Colorado's Local Rules, and this Department's rules. As a result, Defendants were not given adequate notice or opportunity to brief these issues in an Opposition, which represents a fundamental due process issue.

## CONCLUSION

In sum, Plaintiffs have failed to present any reasonable argument as to why the instant motion should not be granted. Instead, Plaintiffs have misrepresented a handful of alleged discovery issues that should have been raised to the Court per this Court's rules and procedure. In fact, some of Plaintiffs arguments – such as their difficulty in scheduling a deposition of Defendant Richards – supports the exact arguments raised in Defendants' underlying motion. Defendants respectfully request that this Court grant the instant *Motion to be Relieved as Counsel*. Alternatively, should this Court require further information before an Order can be issued on the instant motion, Defendants request leave to submit additional information *in camera* to avoid any potential breach of the rules of professional conduct.

**WEBB LAW GROUP, APC**
10509 Vista Sorrento Pkwy, Suite 450
San Diego, California 92121

**MOTION TO BE RELIEVED AS COUNSEL**
- 5 -

Dated: December 13, 2022               **WEBB LAW GROUP, APC**

    /s/<u>*Christian B. Clark*</u>
      Lenden F. Webb, Esq.
      Christian B. Clark, Esq.
      WEBB LAW GROUP, APC
      10509 Vista Sorrento Pkwy, Suite 450
      San Diego, CA 92121
      Telephone: (619) 399-7700
      FAX: (619) 819-4500
      Email: LWebb@WebbLawGroup.com
      Email: CClark@WebbLawGroup.com
      Attorneys for Defendants

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my primary business address is: **10509 Vista Sorrento Parkway, Suite 450, San Diego, California 92121.** My e-mail address is **Office@WebbLawGroup.com**.

On **December 13, 2022** I caused the service of document(s) described as:

**I. REPLY TO RESPONSE IN OPPOSITION TO MOTION TO BE RELIEVED AS COUNSEL**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at: San Diego, California, addressed as follows:

Valerie Yanaros, Esq.
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
*Telephone:* (619) 238-1010
*Facsimile:* (619) 238-1981
*Email:* Valerie@YanarosLaw.com
*Email:* Admin@YanarosLaw.com
*Attorney for James Corey Goode and Goode Enterprise Solutions, Inc.*

_____ (BY MAIL) I am readily familiar with this business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the U.S. Postal Service on the date hereinabove in the ordinary course of business, at San Diego, California.

 XX   (BY E-MAIL) I caused the above-referenced document(s) to be electronically mailed to the offices of the addressee(s) pursuant to Cal. Code of Civ. Proc. § 1010.6. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **December 13, 2022**, at San Diego, California.

 XX   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Andrea C. Blanco*
ANDREA C. BLANCO