1

```
1            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLORADO
2
     Case No. 20-cv-00947-DDD-KLM
3    _____

4    JAMES COREY GOODE, et al.,

5         Plaintiffs,

6    vs.

7    ROGER RICHARDS RAMSAUR, et al.,

8         Defendants.

9    _____

10            Proceedings before KRISTEN L. MIX, United States

11   Magistrate Judge, United States District Court for the

12   District of Colorado, commencing at 1:32 p.m., June 13,

13   2022, in the United States Courthouse, Denver, Colorado.

14   _____

15            WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17   _____

18                        APPEARANCES

19            VALERIE YANAROS, Attorney at Law, appearing for

20   the Plaintiffs.

21            CHRISTIAN CLARK, Attorney at Law, appearing for

22   the Defendants.

23   _____

24            TELEPHONIC DISCOVERY HEARING

25
```

2

```
1                      P R O C E E D I N G S

2              (Whereupon, the within electronically recorded

3   proceedings are herein transcribed, pursuant to order of

4   counsel.)

5              THE COURT:  Good afternoon.  This is 20-cv-00942,

6   James Corey Goode, individually, and Goode Enterprise

7   Solutions, Inc. vs. Roger Richards Ramsaur, Leon Isaac

8   Kennedy and Adrienne Youngblood.  Let's have counsel enter

9   appearances, please, starting with counsel for the

10  plaintiff.

11             MS. YANAROS:  Good afternoon, Your Honor.  This is

12  Valerie Yanaros, counsel for the plaintiff.

13             THE COURT:  Good afternoon.

14             MR. CLARK:  Good afternoon, Your Honor.  This is

15  Christian Clark, counsel for the defendants in the matter.

16             THE COURT:  Good afternoon.  We're here for a

17  discovery hearing.  As I understand it, this discovery

18  dispute is about the depositions of each of the named

19  parties to the lawsuit.  I've received and reviewed e-mails

20  from counsel that were shared with counsel for both sides

21  scheduling this hearing, a copy of the plaintiff's notices

22  of depositions of Mr. Kennedy, Mr. Ramsaur and

23  Ms. Youngblood, as well as a copy of defendants' notice of

24  30(b)(6) deposition of Goode Enterprise Solutions and also

25  of Corey Goode.
```

3

1          I've also received -- excuse me, I've also

2    reviewed my minute order entered May 18 at 2022 with respect

3    to the discovery deadline, because I understand there is an

4    issue as to scheduling as well.  The current discovery

5    cutoff in the case is August 26, 2022.

6          All right.  So with that background, defendant I

7    think is the party who contacted the Court about setting the

8    hearing, so I'll hear from defense counsel first.

9    Mr. Clark.

10          MR. CLARK:  Thank you so much, Your Honor.  Yes, I

11    just have three points I would like to make.  First, simply

12    what we're requesting the Court's guidance on today is

13    information about how we can proceed concerning the

14    scheduling of depositions and specifically the order in

15    which the depositions are taken.

16          The opposing party's position, as I understand it,

17    is that the plaintiff would like to take the depositions of

18    all three of the defendants first before defendants are

19    entitled to take even one deposition in the case.  What we

20    would like to do is simply stagger the depositions so

21    that -- you know, we're fine with having the first

22    deposition in the case be one of the defendants, but we

23    would like to sort of interlineate deposition of the

24    plaintiff, and there is a few reasons why, Your Honor.

25          First, while the opposing party was the first to

4

1   request available deposition dates, our office was the first

2   to actually serve a deposition notice.  We're also concerned

3   because we spoke with an attorney named Jonathan Kirsch, who

4   handled litigation in the TTAB that involved Mr. Goode, and

5   he described to us that there were some issues concerning

6   discovery, specifically issues regarding the same plaintiff

7   Mr. Goode refusing to produce documents during that

8   discovery process and not specifically related to

9   depositions, but concerning the discovery process generally.

10          And in addition to that, we're still awaiting a

11   documents responsive to our first set of discovery

12   propounded in February of this year and have not yet

13   received it.

14          And lastly, Your Honor, my clients have advised me

15   that while they were working with Mr. Goode, while they were

16   business partners with Mr. Goode, they spoke with Mr. Goode

17   and he indicated to them that he would -- would not appear

18   at a deposition; that he would refuse to be deposed.

19          And so with that background, Your Honor, all we're

20   seeking is just some kind of guidance or some kind of order

21   that would allow us to take the plaintiff's deposition

22   before all three of the defendants' depositions are taken.

23   We're just concerned that the plaintiff may not actually

24   show up given his background.

25          And Your Honor, the other issue, which you have

5

1   addressed, or those other two issues, I should say, is

2   number one, the issue of the pending motion to dismiss.

3   There has been an order made on the motion that our office

4   filed concerning extending the discovery deadline in the

5   case, but I am concerned about the likelihood of duplicative

6   discovery and specifically duplicative depositions needing

7   to be taken in the case, because defendants have not yet

8   filed their answer or counterclaims, and so I'm concerned

9   that if a deposition is taken, for example, prior to those

10  things being filed, that it will end up leading to a second

11  deposition being needed, which will cause obviously

12  unnecessary cost and expense.

13          And the last thing, Your Honor, is just I already

14  touched on this, but the documents related to our request

15  for production of documents, we still haven't received

16  those.  Deposing party indicated in their discovery

17  responses that they would be producing documents alongside

18  the responses, some additional documents that were above and

19  beyond the plaintiff's initial disclosures, and we have not

20  yet received that, although those responses were provided in

21  April.

22          So those are the three issues, Your Honor.

23          THE COURT:  All right.  Well, let me make a couple

24  of editorial comments and then I'll hear from plaintiff's

25  counsel.  My first editorial comment relates to the order of

6

1 depositions, and it is pretty much a rule of thumb in this

2 district in general that when the defendant wants to take

3 the plaintiff's deposition, the plaintiff has to go first,

4 and the reason for that is because the plaintiff brought the

5 litigation.

6    It's the plaintiff's party, so to speak.  The

7 plaintiff has the burden of proof on the plaintiff's claims,

8 and as a result of that, the thinking is that the plaintiff

9 must sit for the deposition first.

10    As I understand what Mr. Clark has said, he's said

11 that the defendant is willing to allow a deposition of a

12 single defendant prior to the plaintiff's deposition, if

13 that's fine with the defendant, that's fine with me, but I

14 am certainly not inclined to order all defendants to give

15 their depositions before the plaintiff may be deposed.  It

16 simply is contrary to the custom, policy, practice, whatever

17 you want to call it, which has been alive and well in this

18 district for the 35-year, plus years that I've been either

19 practicing here or on the bench here.  That relates to the

20 first issue of the timing of the depositions.

21    With respect to the deadlines for taking

22 depositions, I'm not sure I understand exactly what your

23 point there is, Mr. Clark.  I understand you to be saying

24 that you haven't yet filed the defendants' answers or

25 counterclaims.  It sounds to me like you're hinting that you

1   don't think it would be appropriate for the defendants to

2   sit for a deposition until such time as the answers or

3   counterclaims are filed.  Is that your point?  Or what are

4   you asking me to do about that, if anything?

5            MR. CLARK:  Your Honor, thank you so much.  Yes, I

6   think -- this is a complicated issue in my mind, Your Honor,

7   not one that I've seen before, and so I'm really looking for

8   the Court's guidance on it.  You know, my thinking is that

9   until the motion to dismiss is ruled on in this case, we

10  won't know exactly how the answer needs to be tailored that

11  will eventually be filed by my client.  Alongside that

12  answer, I made it very clear to plaintiff's counsel that

13  there will be a counterclaim filed.

14           So my thinking is, if the defendants or truly any

15  parties are deposed prior to the answer and counterclaims

16  being filed in the case, then it could lead to a situation

17  where multiple depositions or duplicative discovery work may

18  be needed, because the parties wouldn't have the benefit of

19  conducting discovery related to the answer and the

20  counterclaims, or plaintiff's answer to the counterclaims

21  until those things are filed obviously.

22           So I'm not sure exactly how we can deal with that

23  issue, Your Honor.  Perhaps one way would be to hold off on

24  depositions until that motion to dismiss is -- is ruled on,

25  but I would request the Court's guidance on that issue.

8

1          THE COURT:  All right, thank you.  With respect to
2    that issue, let me say a couple of things.  The first is
3    that the case is assigned to Judge Domenico for trial.  The
4    motion to dismiss is pending before Judge Domenico.  It has
5    not been referred to the magistrate judge.  Unfortunately,
6    Judge Domenico has a very, very congested docket, and has
7    many, many, many motions pending, including some which are
8    older than this motion.
9          I don't know when Judge Domenico will rule on the
10   motion to dismiss, but the case was filed in 2020, and
11   frankly, it's now June of 2022 and we are long beyond the
12   ordinary discovery period that I would allow in a case of
13   this nature.
14         Really the relief that needs to be sought to the
15   extent that any party does not wish for discovery to go
16   forward, because there is a pending dispositive motion, is
17   to file a motion for stay.  No motion for stay was filed in
18   this case, so discovery has proceeded.
19         It's really too late in the day now for the
20   defendant to be seeking either a formal or a de facto stay
21   of depositions of the defendant.  The case is more than two
22   years old.  It needs to come to its conclusion with respect
23   to discovery.  As I mentioned a moment ago, no formal stay
24   has been sought.
25         To the extent that a deposition of the defendants

9

1  at this point would not necessarily reveal information

2  relating to unfiled answer and counterclaims, then perhaps

3  the plaintiff will need to take another deposition once the

4  motion to dismiss is ruled on, if it is denied.

5        I would imagine that the process there would be,

6  once the motion to dismiss is ruled on, if the defendants'

7  depositions have already occurred and the plaintiff wishes

8  to take another deposition of the defendants to gather

9  information relating to answers and counterclaims, the

10  plaintiff would have to move to reopen the discovery period

11  for the limited purpose of taking additional depositions of

12  the defendants to address issues raised in the answers and

13  counterclaims.

14        I have very little doubt that a ruling on the

15  motion to dismiss will occur after the discovery cutoff in

16  this case.  That's simply because I'm more familiar with the

17  congestion on Judge Domenico's docket.

18        So I think that's likely what will have to be

19  happen -- what will have to happen, but the fact that, you

20  know, that answer and counterclaims has not yet been filed

21  because of the pending motion is not going to dissuade me

22  from believing that, first, defendants must sit for their

23  deposition and do so in a timely way, and second, to the

24  extent that plaintiff may need to take a second deposition

25  of the defendants after the filing of any such answer or

10

1    counterclaims, the plaintiff likely be permitted to seek

2    permission to do so.  That addresses that issue.

3          The third issue that the defense counsel raised

4    relating to needing some request for production of documents

5    responses, and I think what I understood Mr. Clark to say

6    was that he believes they were due in April.  The problem

7    that the Court has with that, in adjudicating that today, is

8    that that's a surprise to me.  That was not anything that

9    was raised in your e-mails, it's not a matter on which I

10   received any materials, and I generally don't issue rulings

11   relating to discovery issues unless I've had a chance to

12   review them in advance and understand exactly what the issue

13   is.

14         I've heard nothing from plaintiff on that because,

15   of course, plaintiff wasn't aware that that issue was going

16   to be raised today either.

17         So, you know, I'm happy to allow you to discuss it

18   with me today, but I'm not sure that today will be a day for

19   a ruling on that issue because I don't think it's properly

20   teed up.

21         So in light of those remarks, I'll allow Ms. --

22   I'm going to say your name wrong -- plaintiff's counsel, I'm

23   just going to refer to you that way.  I'm going to allow you

24   to address the issue of the sequence of depositions and

25   anything else you want to say about setting the discovery

1   deadline, et cetera.  So go ahead.

2            (Due to the quality of audio for Ms. Yanaros,

3   there are multiple "indiscernibles.")

4            MS. YANAROS:  Okay, thank you, Your Honor.  And

5   I'll go ahead and address the issues that Mr. Clark raised

6   first pretty quickly.

7            And I'll start with the surprise issue, because I

8   think, as I had been (indiscernible) we could have

9   conferred.  I think Mr. Clark will agree that we've worked

10  pretty compatibly, you know, over the last couple of years,

11  so we should definitely address that, but we did serve

12  production of documents.

13           We do have final transfer (indiscernible) we set

14  those out on.  It has not shown that this was

15  (indiscernible), so it could be an issue with where those

16  (indiscernible), but we do -- we do have additional

17  production that we have (indiscernible), so, you know, I can

18  get with Mr. Clark to figure out what the issue was there.

19           And the other issues, with respect to defendants'

20  statement that they are worried about, you know, my client

21  showing us their depositions just doesn't really kind of --

22  it doesn't really kind of make sense.  You know, my

23  (indiscernible), they're the ones that are trying to push

24  this forward and get it hammered out so they can move on,

25  you know, from this prior business relationship, and for

12

1   them not to show up to depositions in the case that they

2   brought, you know, as Your Honor knows, could lead to

3   dismissal of their case.

4          So, you know, as on officer of the court, I gave

5   opposing counsel my word that they would be there.  I've

6   discussed with my clients.  They are unaware as to what --

7   you know, where defendants came up with this information.

8          With regard to Mr. Kirsch, he is the attorney over

9   the corresponding (indiscernible) proceedings, and I -- this

10  is something that I'm just now hearing about for the first

11  time just now so I don't have my notes in front of me, and

12  our -- our initial back and forth over discovery

13  (indiscernible) was coupled to a few years ago now, maybe

14  even three years ago, so I don't recall anything of that

15  nature happening, but -- but this is definitely something

16  that my clients take very seriously and we do intend to show

17  up to the depositions.  There is no real issue with them

18  doing that.

19         The other main point, and I believe -- we rephrase

20  this in our response to the motion (indiscernible) is that

21  we had originally -- counsel for both sides had originally

22  agreed to do the depositions remotely due to the COVID-19

23  outbreak, but, you know, since we had gotten where we are

24  now, you know, it -- I guess, it makes sense to do the

25  in-person depositions.  That wasn't raised by defendants

1   until just a couple months ago, which was a surprise to us

2   because we believed that scheduling was going to be a lot

3   easier doing it remotely.  We wouldn't have to travel and

4   that sort of thing.

5           The way that we think, at least at this point,

6   that depositions are going to occur would be, I believe,

7   defendants have agreed to do their depositions at

8   Mr. Clark's offices in Waco, and then, you know, my clients

9   in Colorado.

10          So scattering those depositions would be a little

11  bit difficult.  You know, going from California to Colorado

12  to California, you know, is not ideal, so -- but I believe,

13  based on what Your Honor has said so far, is that it would

14  be defendants' taking plaintiff's depositions first.  So I

15  understand and appreciate that.

16          So I guess the only other issue that we have is

17  that we have not seen the other side's counterclaims.  They

18  have stated that they do in intend to file counterclaims

19  and, you know, generally what they intend to file

20  counterclaims on, but we think that this -- you know, if

21  plaintiff's depositions are taken prior to defendants filing

22  their counterclaims, that would allow defendants to kind of

23  craft what they wish to bring based on plaintiff's

24  depositions.

25          So, you know, what Your Honor is probably -- I

1   mean, you're (indiscernible), but you might recall their

2   sister case where defendants (indiscernible) and the other

3   case that my clients have in front of Your Honor, and Judge

4   Domenico is defendants have filed their counterclaims

5   pending resolution of the motions to dismiss.  We think that

6   this might be something that defendants could do so that we

7   could properly finish up written discovery and prepare for

8   the depositions so that we don't have to (indiscernible)

9   especially since we've now decided to do the depositions in

10  person.

11          THE COURT:  All right.  So I'm trying to get a

12  good feeling for what's actually in dispute here.  It sounds

13  like, although plaintiff was surprised to hear that

14  defendant is requesting that the depositions occur in

15  person, plaintiff has, nevertheless, agreed to proceed in

16  person.  Am I understanding that correctly?

17          MS. YANAROS:  Yes, Your Honor, we have agreed to

18  do that in person, but it kind of came about as around the

19  end of the discovery period and both sides were racing to

20  get notices in prior to the end of the discovery period, and

21  that was prior to the extension -- the joint extension being

22  granted.  So it kind of all fell apart at once.  So we

23  weren't able to come to a resolution, you know, as to

24  locations.

25          I was also set for trial, which had subsequently

1    gotten moved.  So we haven't really been, you know, in

2    contact over that, but I think -- I think we are in

3    agreement in that we prefer to do in-person depositions,

4    Your Honor.

5            THE COURT:  All right.  So the current discovery

6    deadline is August 26 and it's more than two months away.

7    So is there a dispute about whether the depositions can be

8    schedules between now and the discovery cutoff? because that

9    was something that I understand from the e-mail was an

10   issue, that there was a problem about scheduling and that

11   there might be a request for a further extension of the

12   discovery cutoff.  Is that the case or is that not the case?

13   Let's hear from --

14           MR. CLARK:  Your Honor, if I may?

15           THE COURT:  Go ahead, Mr. Clark

16           MR. CLARK:  I apologize, Your Honor, I didn't mean

17   to speak over you.  There is a slight delay.  I would just

18   suggest and perhaps Ms. Yanaros would agree with me on this

19   point that I think that we can get all of the depositions

20   done before that August deadline.  I think perhaps my e-mail

21   to the Court was not clear, and I think what I was

22   attempting to indicate in that e-mail was simply the second

23   issue that we discussed today regarding the possibility of

24   needing to proceed with duplicative discovery efforts given

25   the motion to dismiss.

16

1          I think that's what I was attempting to

2    communicate there.

3          THE COURT:  Okay.  So then I'm hearing from

4    plaintiff's counsel, maybe not interpreting this correctly,

5    that there may be an issue as to where the deposition should

6    occur.  Is there an issue about that or not?  Ms. Yanaros.

7          MS. YANAROS:  I don't -- thank you, Your Honor.  I

8    don't believe there is.  I think we're in agreement as to

9    location.

10         THE COURT:  Okay.  So then it sounds like the only

11   issue is about whether the defendants should give

12   depositions now in light of the fact that they have not yet

13   filed an answer or counterclaim.

14         And let me just -- let me just say this:  I mean,

15   the plaintiff doesn't have to take the defendants'

16   depositions now.  If the plaintiff wants to move to extend

17   the discovery cutoff for the soul purpose of taking the

18   defendants' depositions after any order on the motion to

19   dismiss, the plaintiff can do that.  That's not the move I

20   would make if I were plaintiff's counsel.  Why?  Because the

21   motion to dismiss might eventually be granted.  And if it is

22   the opportunity to take the defendants' depositions will

23   have past.

24         So if I were the plaintiff, I would want to take

25   the depositions now, even though there has been no answer or

17

1   counterclaim filed.  I understand that if the motion to

2   dismiss is eventually denied and an answer and counterclaim

3   are filed, then there may be additional subjects that the

4   plaintiff wants to inquire into on depositions of the

5   defendants, but as I said a few minutes ago, if that occurs,

6   that would be good grounds for reopening discovery for the

7   limited purpose of taking those depositions again and

8   inquiring into issues relating to the answer and

9   counterclaim that were not previously addressed in the

10   original depositions of the defendants.

11        So, you know, I think -- I can't tell you how to

12   run your case.  All I can do is make legal rulings about how

13   the case should proceed are.  From where I sit, it sounds

14   like you've agreed on certain depositions, you've agreed on

15   the places of certain depositions, you both agree that

16   depositions can be concluded within the current discovery

17   time period, which ends on August 26, 2022.  The one thing

18   that you disagreed about was the order of depositions.

19        I've now made it clear that the plaintiff has to

20   give a deposition toward the beginning of this group of

21   five.  If defendant is willing to allow one of the

22   defendants to sit for a deposition prior to the plaintiff's

23   deposition, that's fine with me, but that's entirely up to

24   the agreement of counsel.

25        If defense counsel is not willing to have one of

18

1    the defendants sit first, then the plaintiff has to go

2    first, as I said, for the reasons I mentioned before.  It's

3    the plaintiff's case, it's the plaintiff's burden to proof,

4    plaintiff has to go first.  So that's my ruling on that

5    issue.

6            With respect to the documents, you know, I think

7    what I heard Ms. Yanaros saying is that she thinks there may

8    be a technical problem with getting the documents to the

9    defendant, and, you know, I encourage you to talk further

10   about that among yourselves.  It doesn't sound like it's

11   something on which there has yet been full conferral.

12           As to the issue of having the defendants file a

13   counterclaim pending the motion to dismiss, I'm not a fan of

14   that.  I frankly don't think the defendants are required

15   under the Federal Rules of Civil Procedure to do that.  They

16   could do if they wanted to.  If they wanted to try to

17   streamline discovery and they wanted to minimize the

18   possibility that they'll have to sit for two depositions,

19   they could file an answer and counterclaims right now.  And

20   once they've done that, then the plaintiff would have all

21   the information that the plaintiff needs to prepare for one

22   and only one deposition of each defendant.  But I do not

23   believe that the Federal Rules of Civil Procedure require

24   the defendants to do that now, and the Court, therefore, is

25   not inclined to order the defendants to do that now.

1       So if the defendants don't voluntarily do that

2   now, then they run the risk that the motion to dismiss will

3   eventually be denied, they'll have to file -- excuse me,

4   they'll have to file their answer and counterclaims and

5   they'll be subject to a second deposition.  So that's my

6   thinking on what I understand to be the issues in front of

7   me.

8       There are any questions about any of those

9   thoughts from plaintiff's counsel, Ms. Yanaros?

10      MS. YANAROS:  I don't think so, Your Honor.  I

11  think that (indiscernible).

12      THE COURT:  All right, thank you.  And any

13  questions from defense counsel, Mr. Clark?

14      MR. CLARK:  Your Honor, just a comment for the

15  record.  I had my law clerk check his spam folder and he was

16  able to find what appears to be that document transfer link.

17  It went to his spam folder, so that issue appears to have

18  been resolved, if it is indeed the correct one.  It seems

19  like it was only sent to my law clerk and not our usual

20  service list.  And I raise that issue today simply because I

21  had e-mailed Ms. Yanaros about a month ago and didn't

22  receive a response concerning the issue, but I understand

23  that there may have been some -- some developments that

24  required pushing actually this conference back by a joint

25  motion that may have prevented her from responding to that

20

1  e-mail.

2          So I just want to make it clear that I think that

3  issue may be resolved since we were able to find that

4  e-mail.

5          THE COURT:  All right, good.  Fair enough.  Glad

6  to hear it.  All right.  And then is there anything else

7  that we need to address from plaintiff's point of view?

8  Ms. Yanaros.

9          MS. YANAROS:  No, Your Honor, thank you very much.

10          THE COURT:  Thank you.  Anything for defendants,

11  Mr. Clark?

12          MR. CLARK:  No, Your Honor.  Thank you so much for

13  making the time.

14          THE COURT:  Thank you, we're in recess.

15          (Whereupon, the within hearing concluded at 1:59

16  p.m.)

17

18

19

20

21

22

23

24

25

1                    TRANSCRIBER'S CERTIFICATE

2            I certify that the foregoing is a correct

3    transcript, to the best of my knowledge and belief (pursuant

4    to the quality of the recording) from the record of

5    proceedings in the above-entitled matter.

6

7    /s/Dyann Labo                    December 9, 2022

8    Signature of Transcriber               Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**PATTERSON TRANSCRIPTION COMPANY**
scheduling@pattersontranscription.com