Lenden F. Webb (CA SBN 236377)
Christian B. Clark, Esq. (CA SBN 330380)
**WEBB LAW GROUP, APC**
446 W. Fallbrook Avenue, Suite 102,
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawgroup.com
Email: CClark@WebbLawGroup.com

Attorneys for Defendants,

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, an individual; GOODE ENTERPRISE SOLUTIONS, INC., a Texas Corporation;<br><br>Plaintiffs,<br><br>v.<br><br>ROGER RICHARDS RAMSAUR, an individual; LEON ISAAC KENNEDY, an individual; and ADRIENNE YOUNGBLOOD, an individual; Defendants. | CASE NO. 1:20-cv-00947-DDD-KLM<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF JAMES COREY GOODE'S SPECIAL INTERROGATORIES, SET ONE (1)** |

**PROPOUNDING PARTY:** JAMES COREY GOODE

**RESPONDING PARTY:** ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY, ADRIENNE YOUNGBLOOD

**SET NUMBER:** ONE (1)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants ROGER RICHARDS RAMSAUR; LEON ISAAC KENNEDY; and ADRIENNE YOUNGBLOOD provide the following Responses to Special Interrogatories, Set One, propounded by Plaintiffs JAMES COREY GOODE; and GOODE ENTERPRISE SOLUTIONS, INC. as follows:

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of discovery in this action, and all objections save as to form of the discovery requests are reserved. In responding to these requests you have been furnished with such information as is presently available to Responding Party after reasonably diligent inquiry, which may include information that is not admissible into evidence at trial. Responding Party reserves all objections relating to admissibility, reserves the right to introduce at trial evidence which is presently unknown to it, and/or which is discovered subsequent to the date of these responses, and reserves the right to amend these responses without motion at any time.

It should be noted that Responding Party has not fully completed its investigation of the facts related to this case, has not fully completed its discovery in this action, and has not completed its preparation for the trial. All responses contained herein are based only upon such information and documentation as is presently available and specifically known to this Responding Party, and this Responding Party discloses only those contentions that presently occur to it. Responding Party has not reviewed all documents and other things in the possession, custody or control of third parties.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth.

While Responding Party believes the responses given hereto to be correct, there is always a possibility of omission or error. This response is thus given subject to correction of any such omission or error.

**RESPONSE TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1**: Identify all marketing individuals and companies with whom you have interacted with in relation to Above Majestic, DoD, Cosmic Secret, Masterquest Course, Accelerating Ascension Course, SBA Entertainment, LLC, SBA Media,

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

LLC, SBA Graphic Novel, SBA Comic Book, 20 and Back TV Show, 20 and Back Feature Film, Blue Avians Docuseries, 1091, The Orchard, the hemp project.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. This request is objected to as it calls for a compilation. If an answer to an interrogatory would necessitate the preparation or the making of a compilation, abstract, audit, or summary of or from the documents of the party to whom the interrogatory is directed, and if the burden or expense of preparing or making it would be substantially the same for the party propounding the interrogatory as for the responding party, it is a sufficient answer to that interrogatory to refer to this section and to specify the writings from which the answer may be derived or ascertained. The forgoing request is not reasonably particularized.

Without waiving the foregoing objection(s), responding party responds as follows:

Adrienne Youngblood, Roger Richards, Leon Isaac Kennedy, Vivian Davis, David Wilcock, Elizabeth Wilcock, Kalyn McDonald, Lidia Escobar, Brandon Graham, Dave Everhart, Jim Martin, Rob Counts, Ben Chasteen, Jimmy Church, Laura Eisenhower, Jamie Icke, Jordan Sather, Amy Pavalo, Liz Lorie, Facebook, Corey Goode, Michael Salla, John DeSouzza, Sasha Stone, Robert David Steele, Bill Binney, Sky Kubby, Justin Deschamps, Mathew Mournian, Eric Raines, Simon Esler, Clifford Mahooty, Sandra Walter, Mike Bara, David Lonebear Sanipass, Rene Armenta, Alexis Buck, Jayse Kaluso, and Joseph Irwin.**SPECIAL INTERROGATORY NO. 2**: Identify all individuals with whom you have had communications relevant to the Lawsuit including, but not limited to, those related to Above Majestic, DoD, Cosmic Secret, Masterquest Course, Accelerating Ascension Course, SBA Entertainment, LLC, SBA Media, LLC, SBA Graphic Novel, SBA Comic Book, 20 and Back TV Show, 20 and Back Feature Film, Blue Avians Docuseries, 1091, The Orchard, the hemp project.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. This request is objected to as it calls for a compilation. If an answer to an interrogatory would necessitate the preparation or the making of a compilation, abstract, audit, or summary of or from the documents of the party to whom the interrogatory is directed, and if the burden or expense of preparing or making it would be substantially the same for the party propounding the interrogatory as for the responding party, it is a sufficient answer to that interrogatory to refer to this section and to specify the writings from which the answer may be derived or ascertained. The forgoing request is not reasonably particularized.

Without waiving the foregoing objection(s), responding party responds as follows:

Adrienne Youngblood, Roger Richards, Leon Isaac Kennedy, Vivian Davis, David Wilcock, Elizabeth Wilcock, Kalyn McDonald, Lidia Escobar, Anela Izadi, Rene Armenta, Teresa Yanaros, Steve Cefalo, Brandon Graham, Dave Everhart, Jim Martin, Jay Weidner, Laura Borgatta, Alexis Buck, Jayse Kaluso, Jospeh Irwin, Sri Mayi, Ricahrd Soto Sara Borgatta, Rob Counts, Ben Chasteen, Jimmy Church, Laura Eisenhower, Jamie Icke, Jordan Sather, Amy Pavalo, and Liz Lorie.

**SPECIAL INTERROGATORY NO. 3**: Identify all financial institutions with whom you engaged in connection with in relation to Above Majestic, DoD, Cosmic Secret, Masterquest Course, Accelerating Ascension Course, SBA Entertainment, LLC, SBA Media, LLC, SBA Graphic Novel, SBA Comic Book, 20 and Back TV Show, 20 and Back Feature Film, Blue Avians Docuseries, 1091, The Orchard, the hemp project.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

therefore overly broad, vague and ambiguous. Responding Party objects to this interrogatory insofar and inasmuch as it seeks information that is beyond the scope of discovery and which is neither admissible at trial nor reasonably calculated to lead to discovery of evidence admissible at trial. The forgoing request is not reasonably particularized.

Without waiving the foregoing objection(s), responding party responds as follows:

Wells Fargo and Bank of America.

**SPECIAL INTERROGATORY NO. 4**: Identify all individuals with whom you have had communications related to SBA Entertainment, LLC, SBA Media, LLC, 1091, The Orchard and the individuals YOU identified in your Initial Disclosures, served October 22, 2020 including Gaia and its officers, contractors and employees, John DeSouza, Jordan Sather and Lidia Escobar.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. This interrogatory is objected to insofar and inasmuch as it seeks discovery of material equally available to the propounder and is therefore oppressive. The forgoing request is not reasonably particularized.

Without waiving the foregoing objection(s), responding party responds as follows:

Adrienne Youngblood, Roger Richards, Leon Isaac Kennedy, Vivian Davis, Rob Vannoy, Joy Jackson, David Wilcock, Elizabeth Wilcock, Kalyn McDonald, Lidia Escobar, Anela Izadi, Rene Armenta, Teresa Yanaros, Steve Cefalo, Brandon Graham, Dave Everhart, Jim Martin, Jay Weidner, Laura Borgatta, Sara Borgatta, Rob Counts, Ben Chasteen, Jimmy Church, Laura Eisenhower, Jamie Icke, Robert David Steele, Erica Broniec, Jordan Sather, Rita Kurman, Richard Soto, Mike Liesner, Chris Essa, Amy Pavalo, and Liz Lorie. Responding party has had no communication with Gaia or its officers related to SBA Entertainment, LLC, SBA Media, LLC, 1091, or the Orchard.

**SPECIAL INTERROGATORY NO. 5**: Identify all individuals with whom you have had communications related to Eclipse of Disclosure, Contact in the Desert, or any other conferences with whom you communicated in relation to the events and during the Period pertinent to the Lawsuit.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. This interrogatory is objected to insofar and inasmuch as it seeks discovery of material equally available to the propounder and is therefore oppressive. The forgoing request is not reasonably particularized.

Without waiving the foregoing objection(s), responding party responds as follows: Adrienne Youngblood, Roger Richards, Leon Isaac Kennedy, Vivian Davis, Rob Vannoy, Joy Jackson, David Wilcock, Elizabeth Wilcock, Kalyn McDonald, Lidia Escobar, Anela Izadi, Rene Armenta, Teresa Yanaros, Steve Cefalo, Brandon Graham, Dave Everhart, Jim Martin, Jay Weidner, Laura Borgatta, Sara Borgatta, Rob Counts, Ben Chasteen, Jimmy Church, Laura Eisenhower, Jamie Icke, Robert David Steele, Erica Broniec, Jordan Sather, Rita Kurman, Ricahrd Soto, and Karlie Youngblood.

**SPECIAL INTERROGATORY NO. 6**: Identify all financial documentation in your possession related to any business endeavors related to Plaintiffs and this Lawsuit including but not limited to with 1091 and its officers, contractors and employees, Wells Fargo and its officers, contractors and employees and including but not limited to any bank statements, credit reports, deposit slips, checks, loan agreements, deposit slips.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

particularized. Defendant further objects to this Interrogatory and to its subparts to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary information.

Without waiving the foregoing objection(s), responding party responds as follows:

Defendants have already produced the responsive documents currently withing their possession, custody, or control which are Bates Nos. 5307-5311 (providing profits and expenses), 5406-5412.

**SPECIAL INTERROGATORY NO. 7**: Identify all documents and information related to the hemp project, investment and farm.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. Responding Party objects to this interrogatory insofar and inasmuch as it seeks information that is beyond the scope of discovery and which is neither admissible at trial nor reasonably calculated to lead to discovery of evidence admissible at trial. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. Defendant further objects to this Interrogatory and to its subparts to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary information. This interrogatory is objected to on the basis that it is duplicative of previous discovery and/or subpoenas and, therefore, is harassive.

Without waiving the foregoing objection(s), responding party responds as follows:

Defendants have already produced the responsive documents currently withing their possession, custody, or control which are Bates Nos. 5307-5311 (providing profits and expenses), 5406-5412.

**SPECIAL INTERROGATORY NO. 8**: Identify all documents and information related to the filing of the DoD Trademark, including with whom YOU had any conversations related thereto.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. Responding Party objects to this interrogatory insofar and inasmuch as it seeks information that is beyond the scope of discovery and which is neither admissible at trial nor reasonably calculated to lead to discovery of evidence admissible at trial. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. Defendant further objects to this Interrogatory and to its subparts to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary information. This interrogatory is objected to on the basis that it is duplicative of previous discovery and/or subpoenas and, therefore, is harassive.

Without waiving the foregoing objection(s), responding party responds as follows: Defendants have already produced the responsive documents currently withing their possession, custody, or control which are Bates Nos. 5085-5091, 5336-5351, 5367-5375, 5405, 5427-5435.

Prior to the filing of the instant lawsuit, Defendant Adrienne Youngblood did not speak with anyone about the DoD Trademark. After the instant lawsuit was filed, Responding Party had conversations relating to the filing of the DoD Trademark with Adrienne Youngblood, Roger Richards, Leon Isaac Kennedy, David Icke, Corey Goode, Teresa Yanaros, Stacey Goode, Liz Lorie, and David Wilcock.

**SPECIAL INTERROGATORY NO. 9**: Identify all videos, papers, images or other material related to Plaintiffs including, but not limited to, any b-roll, photographs, videos, pictures, interviews or other media taken in relation to the Lawsuit.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is

therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. This interrogatory is objected to on the basis that it is duplicative of previous discovery and/or subpoenas and, therefore, is harassive. This interrogatory is objected to as it would require the expenditure of extraordinary time and effort to review all documents in the possession of Responding Party to see if any refer to or mention Plaintiffs. A request will be considered oppressive if it appears that the amount of work required to answer the questions is so great, and the utility of the information so minimal, that it would defeat the ends of justice to require the answer.

Without waiving the foregoing objection(s), responding party responds as follows:

After a diligent search and reasonable inquiry, Responding Party does not believe that it has any responsive documents that have not already been produced in discovery in this action currently within is possession, custody or control. Responding Party has previously produced the documents bates numbered as 5000-7099, as well as 16 audio and/or video files.

**SPECIAL INTERROGATORY NO. 10**: Identify all individuals with whom you have had communications related to any YouTube videos you made referencing Plaintiffs.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. This interrogatory is objected to on the basis that it is duplicative of previous discovery and/or subpoenas and, therefore, is harassive. This interrogatory is objected to as it would require the expenditure of extraordinary time and effort to review all documents in the possession of Responding Party to see if any refer to or mention Plaintiffs. A request will be considered oppressive if it appears that the amount of work required to answer the questions is so great, and the utility of the information so minimal, that it would defeat the ends of justice to require the answer. Defendant further objects to this Interrogatory on the grounds that it is oppressive and unduly burdensome in that it is virtually impossible to know all persons who

have information concerning the facts of this matter. Defendant further objects to this Interrogatory to the extent that it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected person's constitutional, statutory and common-law rights of privacy and confidentiality.

Without waiving the foregoing objection(s), responding party responds as follows:

Adrienne Youngblood, Roger Richards, Leon Isaac Kennedy, and Matthew Mournian.

**SPECIAL INTERROGATORY NO. 11**: Identify all documents and things concerning any communication of reservation or disapproval regarding YOUR decision to file an application for federal registration of the DoD Trademark and any trademark belonging to Plaintiffs.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. This interrogatory is objected to on the basis that it is duplicative of previous discovery and/or subpoenas and, therefore, is harassive. Defendant further objects to this Interrogatory to the extent that it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected person's constitutional, statutory and common-law rights of privacy and confidentiality.

Without waiving the foregoing objection(s), responding party responds as follows:

Defendants have already produced the responsive documents currently withing their possession, custody, or control which are Bates Nos. 5085-5091, 5336-5351, 5367-5375, 5405, 5427-5435.

**SPECIAL INTERROGATORY NO. 12**: Identify all communications from third parties concerning YOUR application to register and/or the registration of the DoD Trademark and any trademark belonging to Plaintiffs.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. Defendant further objects to this Interrogatory to the extent that it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected person's constitutional, statutory and common-law rights of privacy and confidentiality.

Without waiving the foregoing objection(s), responding party responds as follows: Defendants have already produced the responsive documents currently withing their possession, custody, or control which are Bates Nos. 5085-5091, 5336-5351, 5367-5375, 5405, 5427-5435.

**SPECIAL INTERROGATORY NO. 13**: Identify all licenses of any of the DoD Trademark and any other intellectual property at issue in the instant case.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. This interrogatory is objected to on the basis that it is duplicative of previous discovery and/or subpoenas and, therefore, is harassive. Defendant further objects to this Interrogatory to the extent that it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected person's constitutional, statutory and common-law rights of privacy and confidentiality.

Without waiving the foregoing objection(s), responding party responds as follows: Defendants have already produced the responsive documents currently withing their possession, custody, or control which are Bates Nos. 5367-5375 (trademark application for Dimensions of Disclosure).

**SPECIAL INTERROGATORY NO. 14**: Identify documents sufficient to show the circumstances of Plaintiff's first use of each of the Asserted Marks in commerce in the United States.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. This interrogatory is objected to on the basis that it is duplicative of previous discovery and/or subpoenas and, therefore, is harassive. Defendant further objects to this Interrogatory to the extent that it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected person's constitutional, statutory and common-law rights of privacy and confidentiality. This interrogatory calls for a legal opinion and/or conclusion. As Responding Party is not a member of the bar of this state, they are only able to give a lay opinion as to whether they believes a person violated any statute, ordinance, or regulation that resulted in the incident which is the subject of this litigation. This discovery request is objected to as vague and ambiguous insofar and inasmuch as this responding party cannot reasonably determine the precise meaning the propounder would attribute to the term "Asserted Marks" in this context.

Without waiving the foregoing objection(s), responding party responds as follows:
After a diligent search and reasonable inquiry, Responding Party does not believe that it has any responsive documents that have not already been produced in discovery in this action currently within is possession, custody or control and thus. However, Responding Party has participated in multiple marketing and development transactions regarding the entities mentioned in this discovery beginning on or around 2017 and has previously produced all relevant documents to the propounding party which includes the documents bates numbered as 5000-7099, as well as 16 audio and/or video files.

**SPECIAL INTERROGATORY NO. 15**: State the factual basis for your contention, if any, that YOU are rightful owner to any intangible property that is claimed by Plaintiffs.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. This interrogatory calls for a legal opinion and/or conclusion. As Responding Party is not a member of the bar of this state, she is only able to give a lay opinion as to whether she believes a person violated any statute, ordinance, or regulation that resulted in the incident which is the subject of this litigation. Responding party further objects because this discovery request seeks the legal reasoning and theories of Responding party's contentions. Responding party is not required to prepare the Respondent's case. This discovery request is objected to as vague and ambiguous insofar and inasmuch as this responding party cannot reasonably determine the precise meaning the propounder would attribute to the term "intangible property" in this context.

Without waiving the foregoing objection(s), responding party responds as follows:

Responding Party claims ownership rights in the entities claimed by Plaintiffs and bases this on the repeated oral agreements made between the Responding Party and Corey Goode regarding the ownership rights of the claimed entities. Responding party partook in substantial efforts to develop the claimed entities including fundraising and event planning efforts, as well as pivotal roles in developing documentaries and other intellectual properties.

**SPECIAL INTERROGATORY NO. 16**: State the factual basis for your contention, if any, that YOU are rightful owner to any tangible property that is claimed by Plaintiffs.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is

therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. This interrogatory calls for a legal opinion and/or conclusion. As Responding Party is not a member of the bar of this state, she is only able to give a lay opinion as to whether she believes a person violated any statute, ordinance, or regulation that resulted in the incident which is the subject of this litigation. Responding party further objects because this discovery request seeks the legal reasoning and theories of Responding party's contentions. Responding party is not required to prepare the Respondent's case.  This discovery request is objected to as vague and ambiguous insofar and inasmuch as this responding party cannot reasonably determine the precise meaning the propounder would attribute to the term "tangible property" in this context.

Without waiving the foregoing objection(s), responding party responds as follows:

Responding Party claims ownership rights in the entities claimed by Plaintiffs and bases this on the repeated oral agreements made between the Responding Party and Corey Goode regarding the ownership rights of the claimed entities. Responding partook in substantial efforts to develop the claimed entities including fundraising and event planning efforts, as well as pivotal roles in developing documentaries and other intellectual properties.

**SPECIAL INTERROGATORY NO. 17**: State the factual basis for your contention, if any, that YOU are/were part owner of any of the entities claimed by Plaintiffs.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. This interrogatory calls for a legal opinion and/or conclusion. As Responding Party is not a member of the bar of this state, she is only able to give a lay opinion as to whether she believes a person violated any statute, ordinance, or regulation that resulted in the incident which is the subject of this litigation. Responding party further objects because this discovery request seeks the legal reasoning and theories of Responding party's contentions.

Responding party is not required to prepare the Respondent's case. This discovery request is objected to as vague and ambiguous insofar and inasmuch as this responding party cannot reasonably determine the precise meaning the propounder would attribute to the term "entities" in this context.

Without waiving the foregoing objection(s), responding party responds as follows:

Responding Party claims ownership rights in the entities claimed by Plaintiffs and bases this on the repeated oral agreements made between the Responding Party and Corey Goode regarding the ownership rights of the claimed entities. Responding partook in substantial efforts to develop the claimed entities including fundraising and event planning efforts, as well as pivotal roles in developing documentaries and other intellectual properties.

**SPECIAL INTERROGATORY NO. 18**: Identify what, if any, intangible or tangible property YOU dispute is claimed by Plaintiffs in the instant action.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Responding Party objects to this interrogatory as overly broad, unduly burdensome, and therefore oppressive, all insofar and inasmuch as the scope of the request is without reasonable limitations. This interrogatory is objected to as it is not limited to a specific time period and is therefore overly broad, vague and ambiguous. The forgoing request is not reasonably particularized. This interrogatory calls for a legal opinion and/or conclusion. As Responding Party is not a member of the bar of this state, she is only able to give a lay opinion as to whether she believes a person violated any statute, ordinance, or regulation that resulted in the incident which is the subject of this litigation. Responding party further objects because this discovery request seeks the legal reasoning and theories of Responding party's contentions. Responding party is not required to prepare the Respondent's case. This discovery request is objected to as vague and ambiguous insofar and inasmuch as this responding party cannot reasonably determine the precise meaning the propounder would attribute to the term "intangible or tangible property" in this context.

Without waiving the foregoing objection(s), responding party responds as follows:

Responding Party does not deny that Plaintiff claims ownership of intangible or tangible

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

property, but Responding Party disputes the legality of the ownership claims made by Plaintiff.

Dated: February 24, 2022            **WEBB LAW GROUP, APC**

By_____
Lenden F. Webb
Christian B. Clark
Attorneys for Roger Richards Ramsaur,
Leon Isaac Kennedy, and Adrienne
Youngblood

## VERIFICATION

I, LEON KENNEDY declare under penalty of perjury under the laws of the State of California as follows:

    I am a party in the above matter. I have read the foregoing **RESPONSES TO REQUEST FOR SPECIAL INTERROGATORIES, SET NUMBER (1)**, and know its contents, and the same is true of my own knowledge, except as to those matters which are stated upon my information and belief, and as to those matters, I believe them to be true. Executed this February 24, 2022 at San Diego, CA.

*Leon Kennedy*

_____
LEON KENNEDY

## VERIFICATION

I, ROGER RICHARDS declare under penalty of perjury under the laws of the State of California as follows:

I am a party in the above matter. I have read the foregoing **RESPONSES TO REQUEST FOR SPECIAL INTERROGATORIES, SET NUMBER (1)**, and know its contents, and the same is true of my own knowledge, except as to those matters which are stated upon my information and belief, and as to those matters, I believe them to be true. Executed this February 24, 2022 at San Diego, California.

*Roger Richards*

_____

ROGER RICHARDS

## VERIFICATION

I, ADRIENNE YOUNGBLOOD declare under penalty of perjury under the laws of the State of California as follows:

I am a party in the above matter. I have read the foregoing **RESPONSES TO REQUEST FOR SPECIAL INTERROGATORIES, SET NUMBER (1)**, and know its contents, and the same is true of my own knowledge, except as to those matters which are stated upon my information and belief, and as to those matters, I believe them to be true. Executed this February 24, 2022 at San Diego, California.

*Adrienne Youngblood*

_____

ADRIENNE YOUNGBLOOD

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my primary business address is: **10509 Vista Sorrento Parkway, Suite 450, San Diego, California 92121.** My e-mail address is **Office@WebbLawGroup.com**.

On **February 24, 2022** I caused the service of document(s) described as:

I. **YOUNGBLOOD - Response to Request for Production of Documents - Set Two (2)**
II. **YOUNGBLOOD - Response to Special Interrogatories - Set One**
III. **YOUNGBLOOD Requests for Admissions to COREY GOODE, Set One (1)**
IV. **YOUNGBLOOD Requests for Production of Documents to COREY GOODE, Set One (1)**
V. **YOUNGBLOOD Requests for Special Interrogatories to COREY GOODE, Set One (1)**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at: San Diego, California, addressed as follows:

Valerie Yanaros, Esq.
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
*Telephone:* (619) 238-1010
*Facsimile:* (619) 238-1981
*Email:* Valerie@YanarosLaw.com
*Email:* Admin@YanarosLaw.com
*Attorney for James Corey Goode and Goode Enterprise Solutions, Inc.*

_____ (BY MAIL) I am readily familiar with this business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the U.S. Postal Service on the date hereinabove in the ordinary course of business, at San Diego, California.

 XX  (BY E-MAIL) I caused the above-referenced document(s) to be electronically mailed to the offices of the addressee(s) pursuant to Cal. Code of Civ. Proc. § 1010.6. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **February 24, 2022**, at San Diego, California.

 XX  (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
MARY GRACE D. CHOW