**Re: Youngblood - Subpoena for Production of Documents to Maureen Lavette**

 Lenden Webb <LWebb@webblawgroup.com>
Fri, 07 Oct 2022 4:01:19 PM -0500 •

To   "valerie@yanaroslaw.com" <valerie@yanaroslaw.com>

Cc   "Peter Tarantino" <PTarantino@webblawgroup.com>, "Christian Clark" <CClark@webblawgroup.com>, "Raza Khan" <RKhan@webblawgroup.com>

Good afternoon Ms. Yaneros,

I received an email from Mr. Richards 2 minutes ago (1:55pm) about a surgery that is next week. What this means that while Kennedy and Youngblood can proceed with their depositions, that Mr. Richards will not be able to proceed next week. He has a surgery that has been advanced to Tuesday the 11th and there is a recovery time where post-operation pain meds are involved and there is a recovery timeperoid of 2-3 weeks. I understand a doctor's note is forthcoming. We can reschedule for the first ½ of November if you would like. **Do you have any days to propose?**

Sincerely,


Lenden F. Webb
**WEBB LAW GROUP, APC**

**San Diego Office**
10509 Vista Sorrento Parkway, Suite 450
San Diego, CA 92121

**Fresno Office**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711

Phone: (619) 399.7700
Phone: (559) 431.4888
Fax:     (619) 819.8400
Email: LWebb@WebbLawGroup.com
Website: www.WebbLawGroup.com

*NOTICE OF CONFIDENTIALITY:*  This confidential E-mail is from a law firm. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** LFW Work <LWebb@webblawgroup.com>
**Date:** Friday, October 7, 2022 at 11:00 AM
**To:** "valerie@yanaroslaw.com" <valerie@yanaroslaw.com>
**Cc:** Peter Tarantino <PTarantino@webblawgroup.com>, Christian Clark <CClark@webblawgroup.com>, Raza Khan <RKhan@webblawgroup.com>
**Subject:** Youngblood - Subpoena for Production of Documents to Maureen Lavette

**Good morning Ms. Yanaros,**

I am writing to address the issues of (1) Depositions and (2) Subpoena on Ms. LaVette.

**Depositions**
We would like to thank you for extending the courtesy of allowing the depositions to take place at **8 AM** for Mr. Richards and Ms. Youngblood, and at **9 AM** for Mr. Kennedy.

**Subpoena on Ms. LaVette: Invalid**
In regards to the subpoena served on Ms. LaVette, you stated that "The rules do not require service of the subpoena on **you**, but on **her**." This is not my understanding. Specifically, under the FRCP 45(a)(4) if a

subpoena commands production of documents, "then **before** it is serve on the person to whom it is directed, a notice **and copy of the subpoena must be served on each party**." As such, while we understand that you served the subpoena **on Ms. LaVette**, the rules do in fact require service of the subpoena on each party, thus requiring our office to have a copy of the subpoena prior to it being served on Ms. LaVette, a nonparty in this action. This was not done. In fact, our office did not receive a proper copy of the subpoena until last night in your email at 9:02 PM. As such, **your service is invalid and the subpoena can be disregarded until you effectuate proper service.**

Moreover, your email further indicated that the Colorado Local Rules only require a seven (7) day notice. However, D.C. COLO. LCiv R 45.1 provides in particular:

> "Except as provided in D.C. COLO. LCivR 30.1 or unless otherwise ordered by the court, a subpoena shall be served no later than seven days before the date specified in the subpoena. The seven-day period shall be calculated under Fed. R. Civ. P. 6(a)(1)."

While this provision does provide a seven (7) day notice period, it is listed under the **TRIALS** section of the Colorado Local Rules, not the Discovery and Depositions heading. Therefore, the seven (7) day notice period is not a reasonable amount of time as we are in the Discovery phase.

Additionally, the Federal Rules of Civil Procedure mention that "the objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Fed. Rules Civ. Proc. 45(d)(2)(B)*

As you can see the rules themselves contemplate an objection period of 14 days following service, if not just prior to the time of compliance. Service in this case would not have been completed until at least **October 6, 2022**, because that is the date that our office received a copy of the subpoena, and service is to take place after a notice and copy has been served to the parties. Again, **your service is invalid and the subpoena can be disregarded until you effectuate proper service.**

In section 3 of your email, you also addressed that the subpoena commands production to your office address or your email address. However, FRCP 45 contemplates a voluntary agreement between parties which then allow for production via email to circumvent the 100-mile rule. Particularly, the Advisory Committee Notes on the 2013 Amendment states "parties often agree that production, particularly of electronically stored information, be transmitted by electronic means." As we do not represent Ms. LaVette, we are not aware of a voluntary agreement in place that would require Ms. LaVette to provide you with documents via email, and the 100-mile rule stays in place.

If you have any further questions or concerns, please feel free to contact our office.

Sincerely,


Lenden F. Webb
**WEBB LAW GROUP, APC**

**San Diego Office**
10509 Vista Sorrento Parkway, Suite 450
San Diego, CA 92121

**Fresno Office**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711

Phone: (619) 399.7700
Phone: (559) 431.4888
Fax:     (619) 819.8400
Email: LWebb@WebbLawGroup.com
Website: www.WebbLawGroup.com

**NOTICE OF CONFIDENTIALITY:**  This confidential E-mail is from a law firm. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

**From:** yanaroslaw <valerie@yanaroslaw.com>
**Date:** Thursday, October 6, 2022 at 9:02 PM
**To:** Lenden Webb <LWebb@webblawgroup.com>
**Cc:** Raza Khan <RKhan@webblawgroup.com>, Peter Tarantino <PTarantino@webblawgroup.com>, Christian Clark <CClark@webblawgroup.com>
**Subject:** Re: Youngblood - Subpoena for Production of Documents to Maureen Lavette

Mr. Webb:

1. Ms. Lavette was with you and your client in our deposition **without notice or permission and in direct contravention of your prior, written representation about your side's attendance at my client's deposition**. For the sake of time we opted not to move for a protective order. Any further misrepresentations will be handled accordingly.

We have had countless discussions and agreements on the need for privacy and confidentiality in this matter. Your side refused to present Ms. Lavette for deposition but instead opted to **bring her one thousand miles to my client's deposition**. During this deposition she was rude and unprofessional, whispering loudly, walking in/out/around the room, making faces at my client and even talking during the deposition. She was four chairs down from you and you were in the room when the subpoena was served. You are now threatening to quash that subpoena. With all due respect, it is near impossible to believe that you are not in constant communication with her and/or are representing her. She is the equivalent of a common-law spouse to Mr. Kennedy and--because of that relation--it is more than fair to make these assumptions.

The rules do not require service of the subpoena on **you**, but on **her**. I did not have time to give you notice due to your own misrepresentation about the circumstances of who was going to be present at my client's deposition. Regardless, you received notice of the subpoena--I'm sure even that day. See attached your notice copy from our office.

2. Under both FRCP 45 (requiring 14 days notice) and local rule D.C.COLO.LCivR 45.1 (requiring only 7 days notice) the subpoena is reasonable. If you are requesting additional time for Ms. Lavette to respond, we can give her through October 12, 2022 at 5 pm CDT to comply.

3. The subpoena commands production to either my office address or my email address. Emailing the requested documents does not require travel and thus does not violate the 100-mile rule, as countless courts have stated.

4. The requested SBA Entertainment documents are those related to the fraudulent account Mr. Kennedy created, not my client's account. My client said nothing of the sort that you allege below, as such I'll reserve comment. I am baffled about your position that an account that directly received monies for my client's documentaries is irrelevant. In fact, you took testimony over that issue for hours. Please clear up my confusion as to the relevance (or alleged lack thereof) of an account that [1] received monies related to the documentaries at issue and [2] is bearing my client's registered trademark.

5. Please explain what you mean--it is an account that was supposed to be controlled by my client from the beginning. Regardless, any such issue can be dealt with under confidentiality designations.

I look forward to your response.

Valerie Yanaros, Esq.
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553

**\*Please note new address.**

**Confidentiality Notice:** The information contained in this email and any attachments may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the intended recipient[s] is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

---- On Thu, 06 Oct 2022 18:07:46 -0500 **Lenden Webb <LWebb@webblawgroup.com>** wrote ---

Good afternoon counsel,

Our office just received a courtesy copy of the subpoena issued to Ms. Lavette in this matter. There are a few issues:

1. **Our office was never served a copy of the subpoena** by your office. As I mentioned to you previously, we do not represent Ms. Lavette and she is not a party to this case.

2. The subpoena in question appears to have been served on September 26, 2022, but commands production only 14 days later which is not reasonable, not does it allow adequate time to respond and serve objections per Rule 34(b)(2)(A).

3. The subpoena in question commands electronic production to a location in Texas that is more than 100 miles from California, and more than 100 miles from where Ms. Lavette resides.

4. The requested documents ask for bank information from SBA Entertainment up to the current date, even though Mr. Goode admitted at his deposition that he has been controlling the revenue streams and stealing from Defendants since at least 2020. As such, any financial information related to SBA Entertainment accounts would not be relevant in this case.

5. The documents demanded infringe on financial privacy of third parties.

**Please advise by no later than noon tomorrow (CST) October 7, 2022 whether your office will be withdrawing the subpoena** based on the foregoing. Otherwise, we will promptly file a *Motion to Quash*.

Sincerely,

Lenden F. Webb
**WEBB LAW GROUP, APC**

**San Diego Office**
10509 Vista Sorrento Parkway, Suite 450
San Diego, CA 92121

**Fresno Office**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711

Phone: (619) 399.7700
Phone: (559) 431.4888
Fax:    (619) 819.8400
Email: LWebb@WebbLawGroup.com
Website: www.WebbLawGroup.com

***NOTICE OF CONFIDENTIALITY:*** This confidential E-mail is from a law firm. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.