Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
10509 Vista Sorrento Pkwy, Suite 450
San Diego, CA 92121
Telephone: (619) 399-7700
Facsimile: (619) 819-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants
Leon Isaac Kennedy and Adrienne Youngblood

**UNITED STATES DISTRICT COURT**

**OF COLORADO**

| | |
|---|---|
| JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY and ADRIENNE YOUNGBLOOD; <br><br> Defendants. | CASE NO. 1:20-CV-00947-DDD-KLM <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS** |

Defendants Leon Isaac Kennedy and Adrienne Youngblood (hereinafter "Defendants") hereby submit this Opposition to Plaintiffs' Motion to Compel and for Sanctions pertaining, in particular, to the Defendants' Counsel's conduct during depositions and the alleged unauthorized release of Plaintiff Goode's deposition testimony.

### I. FACTUAL BACKGROUND

On or around September 26, 2022, the deposition of James Corey Goode was conducted in Denver, Colorado by the Counsel for the Defendants. At the onset of the deposition, Plaintiffs' Counsel marked the deposition as confidential – in its entirety. Defendants objected to this overbroad designation of approximately seven (7) hours of Plaintiff's testimony. On November 10, 2022, following the completion of the transcript from Mr. Goode's deposition,

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

- 1 -

Defendants again made a clear objection to the overbroad confidential designation in accordance with the stipulated protective order in this matter. (*Exhibit B to Decl. Webb*). Plaintiffs did not reduce the scope of their prior confidential designation, or take any other action in response. Pursuant to the clear and unambiguous terms of the stipulated protective order in this matter, and as shown below, Mr. Goode's deposition has been de-designated as confidential due to Plaintiffs failure to take action.

In addition to the foregoing issue involved in Mr. Goode's deposition, Plaintiffs' claim of deposition misconduct during Ms. Youngblood and Mr. Kennedy's depositions is simply baseless. The depositions of Defendants Ms. Youngblood and Mr. Kennedy were both defended by Attorney Lenden F. Webb on October 12, 2022 and October 19, 2022 respectively. During the course of those depositions, Defendants' counsel made valid objections that were needed in order to protect the Defendants' privacy concerning information not reasonably related to the matter, and Defendants' privileges. The attendance of nonparties was not initiated by Defendants' counsel either, and the presence of Mr. Kennedy's spouse was not a violation of any federal rules related to depositions, nor did it defy the Stipulated Protective Order, nor did Plaintiffs' counsel take any action at the time of the deposition with respect to the issue. The actions of Defendants' counsel are not conducive to a finding that he be sanctioned, and nor are the actions of the Defendants sufficient to be subject to sanctions from this Court.

## II.     ARGUMENT

Plaintiffs' Motion alleges that the Defendants and their counsel should be sanctioned for (1) Defendants Counsel's alleged improper instructions to the deponent to not respond to certain questions, (2) Defendants Counsel's alleged speaking objections and argumentative discourse during the deposition process, and (3) the Defendants' alleged violations of the Stipulated Protective Order for disclosure of Plaintiff Corey Goode's testimony (Docket No. 48).

///

///

///

**A. The Conduct of Defendants' Counsel During the Depositions Does Not Qualify As Sanctionable**

First, Plaintiffs waited nearly four (4) months to bring the instant motion concerning conduct from depositions that took place in October 2022. Plaintiffs clearly failed to act in a reasonable amount of time concerning these alleged issues, and now seek an order compelling responses and requesting sanctions after fact discovery has already closed in the matter.

Second, the conduct of the Defendants' Counsel in instructing the Defendant Youngblood to continue providing answers in as accurate a form as possible after providing an estimated date was simply not an objection in any form. Defendant Youngblood provided an estimated date as part of her answer, noting that she was "not sure of that year." Defendants' counsel then noted that providing estimates was sufficient even in the event the deponent did not recall the exact detail of an issue, clarifying that he was not instructing the Ms. Youngblood not to answer, but to continue answering in as accurate a manner as she could. It is customary for the deposing counsel to take some time providing instructions to the deponent as to how the deposition will take place, the regular procedures, and of course how the deponent is expected to answer questions to elicit the most complete, and accurate testimony possible.

The Federal Rules of Civil Procedure indicate that "A person may instruct a deponent not to answer only when necessary to preserve a privilege." Fed. R. Civ. Proc. 30(c)(2). It is further noted that "[d]eposing counsel usually begins the deposition by explaining to the witness the nature of the proceedings: i.e., the witness is under oath; the witness should not answer unless he or she fully understands the question; the questions, answers and objections will be transcribed", etc. Cal. Prac. Guide: Fed. Civ. Pro. Before Trial Ch. 11-200 (The Rutter Group 2008). It is well documented that "courts may properly sanction an attorney for *unjustifiably* instructing a deponent not to answer questions." *Layne Christensen Co. v. Bro-Tech Corp.*, 2011 U.S. Dist. LEXIS 116174, at *25 (D. Kan. Oct. 6, 2011) (*emphasis added*).

    **i.**     **Counsel Did Not Coach the Deponent**

Plaintiffs here have highlighted that part way through Ms. Youngbloods' deposition, Defendant's Counsel followed up after the deponent's full answer with an *instruction* that the

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

- 3 -

deposing officer was expected to receive the most complete answer that could be provided by the deponent. A standard admonition given at the beginning of most depositions. Counsel for Defendants did not object to the question by Plaintiffs' Counsel, rather he was ensuring that the deponent continue to provide as accurate of statements as they could at the time – an instruction which the deposing counsel should have made herself but failed to do so. Here, there was no instruction to not answer a question under FRCP 30, but quite the opposite with the encouragement to provide the best testimony possible in an effort to comply with applicable discovery rules.

No coaching was conducted in this instance as the deponent was not stopped from answer for a clarification or with an attempt to suggest a "right" answer. See *Hall v. Clifton Precision,* 150 F.R.D. 525, 530 (E. D. PA 1993). The standard admonition was provided for the deponent's benefit <u>after</u> a complete response was provided. Furthermore, the instruction was made in as brief of a manner as possible by the Defendant's Counsel. It was only due to continued objections by Plaintiffs' counsel that the discussion was prolonged. Defendant's Counsel even proposed going off the record to provide the instruction to the deponent, a courtesy which would preserve the amount of time Plaintiffs' counsel claims impeded the flow of the deposition and caused argumentative discourse. The refusal by Plaintiff's Counsel to resolve this matter amicably caused prolonged discussion and included no reference to applicable case law or Federal Rules. Unlike *Deville*, the conduct here was not akin to a suggestive speaking objection that was effectuated to illicit a response by the deponent, but was the clarification that should have already been provided by the deposing counsel and thus does not warrant the imposition of sanctions. *Deville v. Givaudan Fragrances Corp.*, 419 Fed. Appx. 201, 209 (3rd Cir., 2011).

    ii.    **Counsel Protected Deponent's Financial Privacy**

Third, the Plaintiffs allege that the Defendant's Counsel made inappropriate objections during Ms. Youngblood's deposition when Counsel objected to the deponent's birthday being part of the court's record. FRCP 30(d)(1) clearly states that one "may instruct a deponent not to answer only when necessary to preserve a privilege." Here, the Defendant's Counsel instructed

the deponent Youngblood not to answer a question which would divulge the deponent's birth date. The deposing officer alleged that this information was a matter of public record, but included no clear connection as to where such information would be publicly available. Defendant's Counsel indicated that information of an individual's birthday can lead to disclosure of one's banking information – instructing the deponent not to answer in an attempt to preserve the Defendant's financial privacy. Plaintiffs have never been able to explain what relevant information could reasonably be obtained from Defendant's birthday. Even if it was relevant, Defendants' counsel made a good faith effort to try and protect the Defendant's financial privacy rights by raising the objection.

The same objection based on a financial privacy concern was raised when Defendant Youngblood was asked about the ownership of her home in Oxnard. First, the question itself had no relevancy to the claims made in this lawsuit as they were related to Ms. Youngblood's ownership status of a home; a home that is completely irrelevant to any of the claims in the instant case. Defendants are not judgment debtors, and this type of financial discovery is not proper where the requested information is entirely irrelevant to the underlying claims. Further, the deposition notice did not include any topics regarding Defendant Youngblood's financial situation. Had such a topic been introduced in the notice, then Counsel for the Defendants would have objected on the same grounds prior to the deposition taking place, and thereby saving time.

### iii. Counsel Did Not Disrupt the Deposition

Plaintiff's moving papers also state that Defendant's Counsel was refusing to cooperate with the court reporter and making it difficult to understand Defendant Youngblood's testimony. However, as the record indicates, it was Ms. Yanaros who would interject during the objections raised by Defendant's Counsel, continuously arguing as to the objections that were being made. While the Plaintiff's Counsel stated on the record that Mr. Webb could "move for a protective order", "Defendants are not required to file a motion for protective order every time the attorney instructs [them] not to answer." *Mashburn v. Albuquerque Police Dept.*, 2004 U.S. Dist. LEXIS 31134 at 11 (D.N.M. Apr. 1, 2004). Suspending a deposition over an

objection where the attorney instructs their client not to answer in order to preserve a privilege is not a recommended remedy. *Id*. Doing so would only cause further delay to the discovery process and increase litigation costs. Defendant's Counsel therefore was acting in the best interests of their client by preserving their privileges while still attempting to remain cordial and continue on with the deposition.

Overall, there are not sufficient grounds to warrant sanctions against Defendants or Defendants' Counsel as the instructions provided were not in a manner that would constitute coaching, and the instructions to not answer certain questions were grounded in a good faith attempt to preserve a deponent's right to privacy.

### B. No Violation Of The Protective Order Occurred As Plaintiff Goode's Testimony Was Neither Sealed Nor Confidential

In order for the Defendants and their Counsel of record to be liable for an alleged violation of the Protective Order, the Plaintiffs must show by "clear and convincing evidence" that the terms of the Order were breached by the alleged parties. The Protective Order, in pertinent part, states that:

> "[w]henever a deposition involves a disclosure of CONFIDENTIAL information, the deposition *portions* thereof that involve the disclosure of CONFIDENTIAL information shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate *portions* of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. (Docket No. 48, ¶14) (*emphasis added*).

Here, Plaintiffs' Counsel attempted to mark the entirety of the Plaintiff Corey Goode's deposition as confidential. Defendants' Counsel made a clear objection on the record during the deposition as to such a blanket designation. Further, Defendants' Counsel served a formal written objection via email to Plaintiffs' Counsel on November 10, 2022, as required by the Protective Order. (Exhibit B to Decl. Webb). The correspondence made a clear indication that the Defendants did not agree to marking Plaintiff Goode's testimony as confidential in its

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

entirety, but would provide the Plaintiffs another seven (7) days to provide a written designation of the portions to be marked as Confidential. Plaintiffs' Counsel failed to respond to Defendant's objections in a timely manner, limit the scope of the designation, or file a motion per the specific terms of the protective order:

> Any party or member of the public may object to the designation of particular CONFIDENTIAL and/or REDACTED information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) calendar days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL and/or REDACTED to make an *appropriate* motion under the applicable Court's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is *timely* filed, the disputed information shall be treated as CONFIDENTIAL and shall remain REDACTED under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. (Docket No. 48, ¶6) (*emphasis added*).

Plaintiffs failed to act in a timely manner following receipt of Defendants written objections on November 10, 2022, to the confidential designation of Defendant Goode's testimony. To date, Plaintiffs have not filed a motion concerning this designation issue as required by the Protective Order despite the deposition taking place nearly five (5) months ago, and discovery having closed in the instant case. Per the specific terms of the Protective Order, after Defendants challenged the confidential designation imposed by the Plaintiffs, the onus was then on the Plaintiffs to bring a timely motion, or to amend their overbroad designation. As a result, Defendants have not violated the Protective Order concerning Mr. Goode's deposition – it was de-designated as confidential months ago. Due to Plaintiffs' neglect in preserving their overbroad and improper designation, no confidential designation was breached, and no monetary sanctions are warranted against the Defendants and their Counsel.

///

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

- 7 -

### III. CONCLUSION

Defendants, and their counsel's, actions are in accordance with the relevant Federal Rules of Civil Procedure, relevant local rules, and the specific terms of the applicable Protective Order in this matter. Defendants have complied with the Court's orders in this matter and respectfully request this Court deny the Plaintiffs untimely and improper request for monetary sanctions for alleged actions from months ago.

Dated: February 8, 2023                                      **WEBB LAW GROUP, APC**

By: /s/ Lenden F. Webb
Lenden F. Webb
Christian B. Clark
WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy, Suite 450
San Diego, CA 92121
Telephone: (619) 399-7700
FAX: (619) 819-4500
Email: LWebb@WebbLawGroup.com
Email: CClark@WebbLawGroup.com
Attorneys for Defendants Leon Isaac Kennedy and Adrienne Youngblood

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

- 8 -

# CERTIFICATE OF SERVICE

I, Raza N. Khan, am a citizen of the United States and am at least eighteen years of age. My business address is 10509 Vista Sorrento Pkwy., Suite 450, San Diego, CA 92121.

I am not a party to the above-entitled action. I have caused service of:

I. **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**
II. **DECLARATION OF LENDEN F. WEBB IN SUPPORT OF DEFENANTS' OPPOSITION TO PLAINTIFFS' MOTINO TO COMPEL AND FOR SANCTIONS**

along with all associated documents on all the counsel of record and interested parties by electronic email service and electronically filing the foregoing with the Clerk of the U.S. District Court using its CM/ECF System.

I hereby certify that on this eighth day of February 2023, a true and correct copy of the foregoing were served electronically and via U.S. Mail to:

Mr. Roger Richards Ramsaur
1928 NE 40th Avenue
Portland, OR 97212
Telephone: (323) 376-8705
Email: Seckey@ProtonMail.com
Defendant

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: February 8, 2023

Raza N. Khan