Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
10509 Vista Sorrento Pkwy, Suite 450
San Diego, CA 92121
Telephone: (619) 399-7700
Facsimile: (619) 819-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants
Leon Isaac Kennedy and Adrienne Youngblood

# UNITED STATES DISTRICT COURT

## OF COLORADO

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiff,

v.

ROGER RICHARDS RAMSAUR, LEON
ISAAC KENNEDY and ADRIENNE
YOUNGBLOOD;

Defendants.

CASE NO. 1:20-CV-00947-DDD-KLM

**DECLARATION OF LENDEN F. WEBB IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

I, Lenden F. Webb, declare as follows:

1.  I am an attorney at law duly licensed to practice before all Courts in the State of California, and the United States District Court, District of Colorado, and counsel of record for Defendants Leon Isaac Kennedy, and Adrienne Youngblood. I have personal knowledge regarding the contents of this declaration, and if called as a witness at trial, I would, and could, competently testify as to its contents.

2.  This declaration is submitted in support of Defendants Leon Isaac Kennedy and Adrienne Youngblood's Opposition to the Plaintiffs' Motion to Compel and for Sanctions.

**DECLARATION OF LENDEN F. WEBB IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

- 1 -

**WEBB LAW GROUP, APC**
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

3. On July 20, 2021, the parties filed a Stipulated Protective Order in this matter that provides rules governing areas of confidentiality and any related discovery disputes that may arise. (*A true and correct copy of the Stipulated Protective Order is attached hereto as* "**Exhibit A**").

4. On January 20, 2023, Plaintiffs filed a Motion to Compel and for Sanctions under the Federal Rules of Civil Procedure, Rules 26(c)(3), 37(a)(5), and 37(d). [Docket #92].

5. On January 24, 2023, the Court conducted a Discovery hearing relating to the issues raised by Plaintiffs of Defendants' alleged failure to produce documents and the Defendants' objections to the Wells Fargo subpoenas. The Court noted during the hearing that the Plaintiff's Motion [Docket #92] was improper as of its filing because the Motion had not been approved by the appropriate channels provided by the Honorable Judge Mix.

6. On January 25, 2023, the Court issued a Minute Order [Docket #98] relating to the Plaintiff's Motion [Docket #92] and stated that first two (2) Motion grounds of (1) compelling the Defendants' to produce documents responsive to Plaintiff's Requests for Production and (2) compelling Defendant Richards to appear and cover costs for his deposition were **denied** without prejudice. The Minute Order [Docket #98] further stated that Defendants were to file a response addressing the Motion for Sanctions for alleged misconduct during the depositions taken in this matter and to Sanction Defendants for the alleged unauthorized release of the Plaintiff's deposition testimony.

7. I was present at all depositions that were conducted in this matter and made all relevant objections during the depositions of my clients, Ms. Youngblood and Mr. Kennedy. A vast majority of the objections that have been flagged as improper by the Plaintiffs are instances where I instructed mu clients not to answer in order to preserve their privileges to sensitive information pursuant to FRCP 30(c)(2).

8. During the deposition of Ms. Youngblood, one of my earliest objections, as alleged by the Plaintiffs, was not an objection in any form. Rather I noted that Ms. Yanaros, the deposing attorney, had failed to properly instruct my client as to how certain questions should be

**WEBB LAW GROUP, APC**
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

answered when the deponent is unsure of an exact response. In that instance, I took the liberty to inform my client that when her recollection was not perfect, she was to provide the best possible estimate in order for her answer to be as complete as possible, something that would benefit all parties at the deposition. I proposed a stipulation to go off the record in an effort to explain to my client the difference between an estimate and a guess, but this was opposed by Ms. Yanaros, and I had no choice but to inform my client on the record that Ms. Yanaros was entitled to her best answer so Ms. Youngblood should provide as close to an exact answer as she could recall.

9. Further, I instructed Ms. Youngblood not to answer questions based on a protecting her private information in an effort to maintain the privilege of sensitive information, including her birthday, from becoming public record. Counsel for the Plaintiffs alleged that this was objection made it difficult to understand the testimony that was being provided via zoom to the videographer, however I in fact asked that Ms. Yanaros refrain from speaking over me while I was making the objection.

10. As to the confidential designation of Corey Goode's testimony, I sent Ms. Yanaros an email, per the *Stipulated Protective Order* [Docket #48], stating our clear written objection to her action of designating the **entirety** of Mr. Goode's deposition testimony as confidential. (*A true and correct copy of the November 10, 2022 email is attached hereto as* "**Exhibit B**"). The protective Order indicates that when disclosure of confidential information is involved, that "portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL . . . ."

11. After serving this written objection to Ms. Yanaros' blanket designation and providing her a week to make the necessary markings of confidential portions known, my office received no communication from Ms. Yanaros wherein she provided the specific portions of Mr. Goode's testimony that were to be deemed confidential. Lacking any communication as to the confidentiality of this testimony following our written objection, Mr. Goode's deposition

**WEBB LAW GROUP, APC**
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

---

**DECLARATION OF LENDEN F. WEBB IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

testimony had no grounds on which to claim confidentiality and thus any disclosure of the testimony would be a nonissue, making the Plaintiff's Motion for Sanctions moot.

12. Ms. Yanaros indicated that she was unaware of the email I sent to her wherein I provided the formal written objection to the confidential designation of Mr. Goode's deposition. (*A true and correct copy of the email from December 13, 2022 is attached hereto as* "**Exhibit C**"). Ms. Yanaros inaccurately stated that "[w]e designated all of the depositions as confidential, and specifically anything related to Mr. Goode's current and future projects." I was not party to any such agreement, and noted at the start of Mr. Goode's deposition that I may not agree with such a designation. Ms. Yanaros further claimed that I failed to follow up on my November 10, 2022 email, but it is her duty to protect her client's own interests. **Exhibit C**.

13. Furthermore, Ms. Yanaros again sought to mark Defendants Ms. Youngblood and Mr. Kennedy's depositions confidential in their entirety at their onset. Again, my office sent an email to Ms. Yanaros providing our objection to her blanket confidentiality designations, but provided a one (1) week timeline wherein we welcomed her clarification as to which portions she believed should be marked as confidential. (*A true and correct copy of the email from January 20, 2023 is attached hereto as* "**Exhibit D**"). There has again been no communication from Plaintiffs' Counsel as to specific portions of the Defendants testimony that is to be deemed confidential, so these testimonials too have lost any confidentiality.

14. Plaintiffs' request for sanctions is untimely, as the litany of alleged violations occurred between approximately four (4) and five (5) months ago and are now raised after the close of discovery in the instant case.

15. Based on the foregoing, there is no good cause to issue sanctions against my office for the objections made at the depositions in this matter, nor to issue sanctions against the Defendants themselves for any release of Mr. Goode's deposition testimony as it was not designated as confidential information.

///

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

---

**DECLARATION OF LENDEN F. WEBB IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

I declare under penalty of perjury that the foregoing is true and correct and that if called to testify thereto, I could and would competently do so.

Dated: February 8, 2023                                          **WEBB LAW GROUP, APC**

By: /s/ Lenden F. Webb
Lenden F. Webb
Attorney for Defendants Leon Isaac
Kennedy and Adrienne Youngblood

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

**DECLARATION OF LENDEN F. WEBB IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

The parties anticipate that certain of their confidential business records may be produced in discovery in this matter and that such confidential records must be protected from further disclosure. Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Stipulated Proposed Protective Order ("Protective Order") to provide such protection according to the terms and conditions below. To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the parties, STIPULATED and ORDERED that:

1.    This Protective Order shall apply to all documents, electronically stored information, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" and "electronically stored information" are defined as provided in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of these terms.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential and concerns trade secrets, proprietary information, sensitive third-party information, or other business or financial information that is not publicly available. CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, at the trial, or in preparation for trial, or for any appeals of this action.

4.      Information designated "REDACTED" shall be information concerning any motion, exhibit, or pleading that is CONFIDENTIAL and that the designating party deems requires restriction pursuant to D.C.COLO.LCivR 7.2(e). All documents, materials, and/or information from which information is redacted pursuant to this Protective Order shall be designated as REDACTED by placing or affixing on them the following notice: "REDACTED".

5.      Any party from time to time may designate as "CONFIDENTIAL" any discovery materials they produce which contain confidential information (hereinafter "Confidential Discovery Materials"), the disclosure of which by the receiving party would, in good faith judgment of the party producing such material, result in disclosure of confidential information or undue invasion of privacy.

6.      Motion, exhibits, and pleadings that contain information designated as "CONFIDENTIAL" shall presumptively be filed as restricted documents and shall be accompanied by a motion to restrict public access, pursuant to D.C.COLO.LCivR 7.2(e). Simultaneously with such a motion to restrict public access, the filing party shall file an unrestricted and publicly-available REDACTED version of such motion, exhibit, or pleading, with redactions made according to the filing party's designations of restricted content. Any party or member of the public may object to the designation of particular CONFIDENTIAL and/or REDACTED information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) calendar days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL and/or REDACTED to make an appropriate motion under the applicable Court's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL and shall remain REDACTED under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion made under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. All motions under paragraph 6 shall be made pursuant to MJ Mix's discovery procedures.

7.      Documents designated as "CONFIDENTIAL" shall be first reviewed by a lawyer who will certify that the designation is based on a good-faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Parties and attorneys designating documents as "CONFIDENTIAL" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access, and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2(c)(2) & (3).

8.      CONFIDENTIAL documents, electronically stored information, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action (including discovery, any subsequent appeals, and related actions), and shall not, without the consent of the party designating it CONFIDENTIAL or further Order of the Court, be used, transferred, disclosed or communicated in any way, *except that* such information may be disclosed to:

  a)    attorneys actively working on this case;

  b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

  c)    the parties' designated representatives;

d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e)      the Court and its employees ("Court Personnel");

f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g)      deponents, witnesses, or potential witnesses;

h)      other persons by written agreement of the parties; and

i)      the parties.

9.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Indicating "CONFIDENTIAL" on the electronic file name of a document produced electronically shall designate all contents of the electronic document to be CONFIDENTIAL.

10.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgment of Protective Order attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

11.     In the event electronically stored information is disclosed or discovered in the course of this litigation, including, but not limited to, electronically stored information provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message

to the non-producing party.

12.     Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents.

13.     Any party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

14.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

15.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

16.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this __20th__ day of ___July___, 20 21.

BY THE COURT:

United States Magistrate Judge

APPROVED:

| | |
|---|---|
| ___/s/ Valerie Yanaros___<br>Valerie Yanaros, Esq.<br>Texas Bar No. 24075628<br>Yanaros Law, P.C.<br>5057 Keller Springs Rd, Suite 300<br>Addison, TX, 75001<br>Telephone: (512) 826-7553<br>valerie@yanaroslaw.com | **ATTORNEYS FOR DEFENDANTS** |
| ___/s/ Christian B. Clark___<br>Christian B. Clark, Esq.<br>California Bar No. 330380<br>WEBB LAW GROUP, APC<br>466 W. Fallbrook Avenue, Suite 102<br>Fresno, CA 92121<br>Telephone: (559) 431-4888<br>Email: CClark@WebbLawGroup.com | **ATTORNEY FOR PLAINTIFFS** |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00942-DDD

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

Defendants.

_____

## EXHIBIT A: ACKNOWLEDGEMENT OF PROTECTIVE ORDER
_____

    I,_____the undersigned, hereby declare that:

    I reside at_____in the City of
_____, County of_____, State
of_____. My telephone number is_____.

    I acknowledge that I have been informed that a Protective Order issued by
the Court in the above captioned civil action requires confidentiality with respect to
information designated as "CONFIDENTIAL" and therefore I agree to keep all
such information and materials strictly and absolutely confidential, and in all other
respects be bound by the provisions of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

Executed on _____                    _____
                          (Date)                                      Signature

# EXHIBIT B

Wednesday, February 8, 2023 at 11:32:15 Pacific Standard Time

**Subject:** Re: Youngblood - Notice of Taking Deposition of Corey Goode
**Date:** Thursday, November 10, 2022 at 2:19:38 PM Pacific Standard Time
**From:** Lenden Webb
**To:** yanaroslaw
**CC:** admin, Christian Clark, Peter Tarantino, Raza Khan

Good afternoon Ms. Yanaros,

As you know, the Deposition Transcript of Mr. Corey Goode was completed on **October 10, 2022**, and thirty (30) days have now elapsed. We understand that you indicated on the record that the Deposition was to be marked as confidential in its entirety, however, the *Stipulated Protective Order* indicates that those portions of a deposition that involve the disclosure of confidential information are to be marked as such.

If your intention was to mark the **entirety** of the Deposition as confidential, please allow this email to provide written notice that our office objects to the designation of Mr. Goode's Deposition Transcript as confidential in its entirety. Additionally, you noted during the deposition that you would clarify the portions which needed to be designated as confidential to avoid over designation, but we have not received any such clarification. However, we will allow you one (1) week to mark portions of the Transcript as confidential per ¶14 of the *Stipulated Protective Order*.

Please let us know if you will comply with marking only portions of Mr. Goode's Deposition Transcript as confidential by **November 17, 2022**.

Sincerely,

Lenden F. Webb
**WEBB LAW GROUP, APC**

**San Diego Office**
10509 Vista Sorrento Parkway, Suite 450
San Diego, CA 92121

**Fresno Office**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711

Phone: (619) 399.7700
Phone: (559) 431.4888
Fax:     (619) 819.8400
Email: LWebb@WebbLawGroup.com
Website: www.WebbLawGroup.com

***NOTICE OF CONFIDENTIALITY:*** This confidential E-mail is from a law firm. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

EXHIBIT C

Wednesday, February 8, 2023 at 11:34:18 Pacific Standard Time

**Subject:** Re: Violation of protective order - Release of deposition on of Mr. Goode

**Date:** Tuesday, December 13, 2022 at 2:02:33 PM Pacific Standard Time

**From:** yanaroslaw

**To:** Lenden Webb

**CC:** Christian Clark, Raza Khan

Counsel:

We designated all of the depositions as confidential, and specifically anything related to Mr. Goode's current and future projects. I was unaware of your November 10 email until you filed your reply today. Regardless, you never followed up on your email or attempted to call me. I called and left you a message last night as well as the below email and heard nothing back until well after your reply was filed this morning.

Your clients have disseminated confidential information--and admitted to doing so--as outlined in my letter to you from last week. I look forward to our contacting the court on Thursday at 10:45 regarding these various discovery abuses.

Please let me know by end of day your position on our motion to compel [1] Mr. Richards' deposition, [2] all Defendants to comply with the Protective Order and to refrain from disseminating confidential information. We will be seeking sanctions and a contempt order.

Many thanks,

Valerie Yanaros, Esq.
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553

**\*Please note new address.**

**Confidentiality Notice:** The information contained in this email and any attachments may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the intended recipient[s] is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

---

---- On Mon, 12 Dec 2022 20:41:12 -0600 **Lenden Webb <LWebb@webblawgroup.com>** wrote ---

Counsel,

We may disagree as to the status of the deposition, can you point me to the part of the protective order that you believe applies? I think the timeperiod has lapsed. Regardless, we are happy to *meet and confer* with you, I am available on Thursday at 10:45am or Friday at 7:30am PST.

As an aside, please ensure that my Senior Law Clerk Raza Khan is included on all

correspondence for this case, I am happy to honor any similar requests you may have.

Sincerely,

Lenden F. Webb
**WEBB LAW GROUP, APC**

**San Diego Office**
10509 Vista Sorrento Parkway, Suite 450
San Diego, CA 92121

**Fresno Office**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711

Phone: (619) 399.7700
Phone: (559) 431.4888
Fax:    (619) 819.8400
Email: LWebb@WebbLawGroup.com
Website: www.WebbLawGroup.com

***NOTICE OF CONFIDENTIALITY:*** This confidential E-mail is from a law firm. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** yanaroslaw <valerie@yanaroslaw.com>
**Date:** Monday, December 12, 2022 at 6:25 PM
**To:** LFW Work <LWebb@webblawgroup.com>
**Cc:** Christian Clark <CClark@webblawgroup.com>
**Subject:** Violation of protective order - Release of deposition on of Mr. Goode

Counsel:

Your client or clients released a confidential deposition. You need to inform them immediately to take this down. We will discuss this on our hearing with Judge Mix on Thursday.

https://vimeo.com/780178757

Valerie Yanaros, Esq.
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553

**\*Please note new address.**

**Confidentiality Notice:** The information contained in this email and any attachments may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the intended recipient[s] is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

**Page 2 of 3**

# EXHIBIT D

Wednesday, February 8, 2023 at 11:36:27 Pacific Standard Time

**Subject:** Youngblood - Confidentiality Designation of Youngblood and Kennedy Depositions

**Date:** Friday, January 20, 2023 at 8:33:27 AM Pacific Standard Time

**From:** Raza Khan

**To:** yanaroslaw, admin

**CC:** Lenden Webb, Christian Clark

Good morning Ms. Yanaros,

As you know, the Deposition Transcripts of Ms. Youngblood and Mr. Kennedy have now been completed, and thirty (30) days have now lapsed from the date of completion. We understand that you had orally indicated on the record of each that the depositions were to be marked as confidential in their entirety, however the *Stipulated Protective Order* provides that portions of a deposition which include disclosure of sensitive or confidential material are to be specifically marked as such.

If it remains your position that you intended to designate the **entirety** of the Depositions as confidential, then allow this email to provide written notice that our office objects to the designation of Ms. Youngblood and Mr. Kennedy's Deposition transcripts as confidential in their entirety.

We would welcome clarification from you as to specific portions of the testimony that are to be designated as confidential and your basis in doing so, but we have not yet received any such indication. Still, we will allow you one (1) week to mark such portions of the Transcripts as confidential per ¶14 of the *Stipulated Protective Order*.

Please let us know which, if any, portions of the Depositions you will be marking as confidential by **January 27, 2023**.

Sincerely,

Raza N. Khan, *Senior Law Clerk*
**WEBB LAW GROUP, APC**
10509 Vista Sorrento Parkway, Suite 450
San Diego, CA 92121

**Fresno Office**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711

Phone: (619) 399-7700
Direct: (858) 258-9317
Fax:      (619) 819-8400
Email: RKhan@WebbLawGroup.com
Website: www.WebbLawGroup.com

NOTICE OF CONFIDENTIALITY:  This confidential E-mail is from a law firm. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WEBB LAW GROUP, APC**
10509 Vista Sorrento Pkwy, Suite 450
San Diego, California 92121

## CERTIFICATE OF SERVICE

I, Raza N. Khan, am a citizen of the United States and am at least eighteen years of age.

My business address is 10509 Vista Sorrento Pkwy., Suite 450, San Diego, CA 92121.

I am not a party to the above-entitled action. I have caused service of:

**I.   DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

**II.  DECLARATION OF LENDEN F. WEBB IN SUPPORT OF DEFENANTS' OPPOSITION TO PLAINTIFFS' MOTINO TO COMPEL AND FOR SANCTIONS**

along with all associated documents on all the counsel of record and interested parties by electronic email service and electronically filing the foregoing with the Clerk of the U.S. District Court using its CM/ECF System.

I hereby certify that on this eighth day of February 2023, a true and correct copy of the foregoing were served electronically and via U.S. Mail to:

Mr. Roger Richards Ramsaur
1928 NE 40th Avenue
Portland, OR 97212
Telephone: (323) 376-8705
Email: Seckey@ProtonMail.com
Defendant

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: February 8, 2023

Raza N. Khan