1

```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLORADO

Case No. 20-cv-00947-DDD-KLM
_____

JAMES COREY GOODE, et al.,

     Plaintiffs,

vs.

ROGER RICHARDS RAMSAUR, et al.,

     Defendants.
_____
           Proceedings before KRISTEN L. MIX, United States
Magistrate Judge, United States District Court for the
District of Colorado, commencing at 1:36 p.m., January 24,
2023, in the United States Courthouse, Denver, Colorado.
_____
           WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .
_____
                         APPEARANCES

           VALERIE YANAROS, Attorney at Law, appearing for

the Plaintiffs.

           ROGER RAMSAUR, appearing Pro Se.

           LENDEN WEBB and CHRISTIAN CLARK, Attorneys at Law,

appearing for Defendants Youngblood and Kennedy.
_____
                      DISCOVERY HEARING
```

2

```
 1                     P R O C E E D I N G S
 2               (Whereupon, the within electronically recorded
 3    proceedings are herein transcribed, pursuant to order of
 4    counsel.)
 5               THE COURT:  Good afternoon.  This is 20-cv-00942,
 6    James Corey Goode, individually, and Goode Enterprise
 7    Solutions, Inc., vs. Roger Richards Ramsaur, Leon Isaac
 8    Kennedy and Adrienne Youngblood.
 9               Ask counsel for the plaintiff to enter her
10    appearance, please.
11               MS. YANAROS:  Yes, Your Honor.  This is Valerie
12    Yanaros for the plaintiff.
13               THE COURT:  All right.  Good afternoon.  And
14    Mr. Ramsaur, are you representing yourself today?
15               MR. RAMSAUR:  I am.
16               THE COURT:  All right, thank you.  And we have
17    counsel for Ms. Youngblood and Mr. Kennedy?
18               MR. WEBB:  Good afternoon, Your Honor.  This is
19    Lenden Webb, W-E-B-B, appearing telephonically on behalf of
20    Ms. Youngblood, Mr. Kennedy, along with my associate
21    attorney Mr. Clark is on the line, as well.
22               THE COURT:  All right, thank you.
23               All right, we are here for a discovery hearing.
24    I'm first going to make a record of the materials that I've
25    received and reviewed in connection with the hearing and
```

1   then I have some preliminary questions that I need to get

2   some answers to, primarily from plaintiffs' counsel.

3         So with respect to the materials that I've

4   received and reviewed, I received and reviewed a written

5   discovery dispute chart submitted by the plaintiff.  I

6   received and reviewed excerpts of the deposition of Leon

7   Kennedy, consisting of pages 106 through 113.  I received

8   and reviewed a copy of a settlement letter dated November

9   17, 2022 from Leon Isaac Kennedy to Corey Goode.  I received

10  and reviewed a copy of a document entitled "Kennedy

11  Settlement Agreement," dated November 17, 2022, which is

12  four pages and appears to be authored by Mr. Kennedy, but

13  it's unclear.  I received a copy of a subpoena to produce

14  documents, information or objects that were served by the

15  plaintiff on Wells Fargo Bank NA, and that is dated

16  September 13, 2022.  And I received and reviewed a notice of

17  a change of address or telephone number apparently completed

18  by Mr. Ramsaur with a certificate of service indicating that

19  it was served on plaintiffs' counsel and on defendants

20  Kennedy's and Youngblood's counsel, but with no record that

21  it was filed with the Court.

22        All right, so my preliminary questions start here.

23        On the written discovery dispute chart that I

24  received, Ms. Yanaros, there is a request -- there is a

25  reference to two requests for production of documents

4

1   submitted by the plaintiff, Number 3 and Number 6, but it
2   doesn't tell me who those request for production of
3   documents were sent to.  So who was the recipient?
4          MS. YANAROS:  My apologies, Your Honor.  Those
5   requests were served on all of the defendants.
6          THE COURT:  And is it your contention that not --
7   no defendant has responded to these?
8          MS. YANAROS:  We have not received the documents
9   that we asked for.  We did receive responses and all of
10  those responses were in one document we have for all
11  defendants, but we believe there were some documents that
12  should have been produced, but were not produced.
13         THE COURT:  All right.  Well, that leads me to the
14  next question, which is:  Is there any reason why you did
15  not provide me with the responses that the defendants made
16  to these request for production of documents?
17         MS. YANAROS:  I apologize for that, Your Honor.
18  That was an oversight.  I can -- I can provide those to the
19  Court.
20         THE COURT:  Well, you know, before I can
21  adjudicate these issues, I need to know whether the
22  defendants objected and what the, you know, substance of
23  their objection was, if any, so it probably would be helpful
24  for me to see their response.
25         But let me carry on with my initial preliminary

5

1  questions so that we can maybe set some parameters here.

2  Your written discovery dispute chart also refers

3  to an "objection to Wells Fargo subpoena," but doesn't tell

4  me who objected.  Who objected to the Wells Fargo subpoena?

5  MS. YANAROS:  So, Your Honor, that was in the

6  response from the motion practice done on the docket on

7  that.  Initially, I had spoken with counsel for enforcing

8  they had said -- they responded, had not objected to the

9  subpoena.  And then after an amended subpoena was served

10  that the respondents to submit a request from Wells Fargo,

11  they objected to the amendment of that subpoena.

12  THE COURT:  And this, again, is all defendants

13  have objected to this?

14  MS. YANAROS:  I presume so, Your Honor.  There has

15  been a little bit of confusion as to who exactly counsel for

16  defendants are representing.

17  Mr. Kennedy, at one point, had -- in that -- in

18  that -- the letter that was provided to the Court said he

19  was going pro se, and it's my understanding now that he's

20  not.

21  So I presume it was on behalf of all defendants,

22  because they didn't -- counsel for defendants have not been

23  removed as counsel prior to those responses for those

24  requests.

25  THE COURT:  All right.  So did you receive some

6

1   form of written objection to the subpoena?

2           MS. YANAROS:  Only what was filed in the docket,
3   Your Honor.

4           THE COURT:  I'm sorry, you're talking too fast and
5   I'm really having trouble understanding you.

6           Only what, what?

7           MS. YANAROS:  I'm sorry, Your Honor.

8           Only what was filed in the docket.  I believe I
9   might have received an e-mail from counsel saying that
10  they -- that they objected, but it was also -- they filed a
11  surreply in the docket saying that they objected to the
12  subpoena.

13          THE COURT:  Okay.  So now what I understand you to
14  be saying is that there are documents on the electronic
15  docket in the case that you believe relate to these
16  disputes; is that right?

17          MS. YANAROS:  Yes, Your Honor.

18          THE COURT:  And what documents on the electronic
19  document do you believe relate to these disputes?  Because,
20  generally, when the Court asks the attorneys to submit
21  materials for a discovery hearing, I expect you to submit
22  everything that you think I should read and consider.  Or if
23  you aren't submitting everything, that you refer me to
24  anything else that you think I should read and consider.

25          And you have not, until just now, referred me to

1  any documents on the electronic docket, so I'm not aware of

2  what you're referring to that's on the electronic docket.

3  Could you point that out to me, please.

4  MS. YANAROS:  Yes, Your Honor.

5  I believe it was on Docket 72, those requests for

6  production.  We filed a motion to (indiscernible - mic

7  garbled throughout) for sanctions on Friday that included

8  some more documents, more (indiscernible).

9  THE COURT:  Okay.  Well, let's talk about a few

10 things here.

11 First of all, apparently my preferences for

12 handling discovery disputes are unclear to plaintiffs'

13 counsel, so I'm going to try to go through those again so

14 that we can get these matters properly teed up for

15 adjudication.

16 In my written discovery procedures, I make it

17 clear that I do not allow the filing of any written

18 discovery motions, unless I tell you to file a motion.  So

19 to the extent that you filed the Motion Number 72 in

20 September of 2022, which was a motion to compel, that was

21 improper, because the Court did not direct you to file a

22 motion to compel.

23 To the extent that you filed a motion for

24 sanctions and to compel on January 20, 2023, that was

25 improper, because I did not direct you to file a motion to

8

1   compel.

2            My discovery procedures are meant to make clear

3   that the way discovery disputes are brought to the Court's

4   attention is through an e-mail.  The e-mail must copy all

5   counsel and pro se parties in the case.  The e-mail tells me

6   what the dispute is about.

7            If the dispute is about written discovery, my

8   Practice Standards say that you must complete and provide

9   the written discovery dispute chart, a copy of the actual

10  requests, written discovery requests that are in dispute,

11  and a copy of the actual written discovery responses that

12  are in dispute.

13           If the dispute is something else other than about

14  written discovery, you simply need to tell me in your e-mail

15  what the dispute is about -- for example, it might be about

16  a deposition, it might be about a subpoena -- and I would

17  then direct you as to how I want to proceed.

18           So what we have here is, unfortunately, a series

19  of issues that, in my view, makes it not appropriate for the

20  Court to adjudicate these matters today.

21           First, although your written discovery dispute

22  chart apparently reproduced the language of Request for

23  Production Number 3 and Request for Production Number 6, you

24  didn't provide me with the actual written requests for

25  production that were sent to the defendants so that I could

1   confirm that this is the language that was actually in

2   Request for Production Number 3 and Request for Production

3   Number 6.  That's problem one.

4         Problem two is that you didn't provide me with the

5   responses so that I could read how the defendants responded

6   and see whether they made any objections; and if they did,

7   consider the objections that they made in responding in

8   entering some kind of an order today.

9         The third issue is with the objection to the Wells

10  Fargo subpoena.  In this district, I've written numerous

11  times on the state of the law with respect to nonparties or

12  nonpersons to whom a subpoena is directed and their lack of

13  standing to object to a subpoena, unless there are claims of

14  privilege or a privacy issue.

15        So to the extent that the defendants are objecting

16  to the Wells Fargo subpoena:

17        First, I would have to see any written objections

18  that they made.

19        Second, I would have to direct them to holdings in

20  this court that require them to make a showing that they

21  have standing to object because they believe that the

22  documents requested from Wells Fargo will implicate either a

23  privilege issue or a privacy issue.

24        I doubt that they're prepared to make that showing

25  today because there hasn't been any meaningful narrowing of

1  what the issues are with respect to these discovery

2  disputes.

3          So, you know, what I think I am inclined to do is

4  this:  I'm inclined to direct plaintiffs' counsel to send me

5  the actual Request for Production Number 3 and Number 6, the

6  actual responses in writing from the defendants that the

7  plaintiff is contesting, any written objection by any of the

8  defendants to the subpoena, and to point out where in the

9  excerpted deposition testimony of Mr. Kennedy that

10 plaintiffs' counsel has already provided, and where in the

11 so-called 408 letter that plaintiff has already provided,

12 plaintiffs' counsel believes that some defendant or

13 defendants agreed to produce the information that is

14 requested in Request for Production Number 3 and Request for

15 Production Number 6.

16         Also, I need to know what is the source of

17 plaintiffs' counsel's contention on the written discovery

18 dispute chart that there has been an agreement that

19 objections to the Wells Fargo subpoena are waived and there

20 was an agreement to produce these documents, as well.

21         So I'm lacking a lot of the background information

22 that I need in order to enter any orders with respect to

23 these discovery issues.

24         Having provided a little bit of guidance with

25 respect to the objection to the Wells Fargo subpoena and the

1   issue of whether the defendants have standing to object to

2   that subpoena or not, I would expect counsel to confer

3   further about the dispute relating to the Wells Fargo

4   subpoena before bringing that matter to my attention again.

5              And what I would expect the defendants to provide

6   to plaintiffs' counsel as part of the conferral is some

7   support for any argument they intend to make that the

8   information sought from Wells Fargo is subject to a

9   privilege or is subject to privacy interests that they have,

10  and, therefore, they have standing to object to the

11  subpoena.

12             So what I'm going to do is I'm going to send you

13  back to the drawing board to confer further.  I want to make

14  sure Mr. Ramsaur knows that the Court has not received any

15  official notice of your change of address.  I understand

16  that this form has been completed because somebody was good

17  enough to send it to us by e-mail, but it has not been filed

18  with the court, and until it is filed with the court, the

19  court has an incorrect address for you.

20             So this document needs to be filed with the court.

21             Understood?

22             MR. RAMSAUR:  Understood, thank you, Your Honor.

23  I'm in the process of understanding pro se and I'll make

24  sure that happens.

25             THE COURT:  Thank you.  Then I want to make sure

12

1  all counsel understand that Mr. Ramsaur, who is now

2  proceeding pro se, must be included in all e-mail

3  communications to the Court relating to discovery issues,

4  and you should all make sure that you have a correct e-mail

5  address for Mr. Ramsaur for that purpose.

6           So in light of what I need here to proceed, I'm

7  going to propose that counsel confer further about the Wells

8  Fargo subpoena.  And if you are unable to resolve that issue

9  and the other issues identified on the written discovery

10 dispute chart, that plaintiffs' counsel contact me again and

11 provide the additional documents and information that I've

12 requested.

13          And one more time, those additional documents are:

14          The actual request for production; the actual

15 responses to the request for production; the actual

16 response, if any, or objections in writing to the subpoena,

17 and an explanation for where in the transcript of

18 Mr. Kennedy's deposition testimony and where in the

19 so-called 408 letters the plaintiff believes that there has

20 been an agreement to produce the information requested in

21 Request for Production Number 3 and Number 6, and what is

22 the source of the plaintiffs' contention that there has been

23 an agreement that objections to the subpoena are waived as

24 well.

25          Any questions about that, Ms. Yanaros?

1   MS. YANAROS:  Yes, Your Honor.  Thank you so much.
2   We will get those out as soon as possible.
3           Just further clarification on the kind of issues
4   that are outside of what we thought was encompassed in
5   the -- in the discovery dispute procedure.
6           We do have some, we believe, things that happened
7   during depositions and after depositions that didn't really
8   fall into any of the written discovery or deposition
9   discovery dispute procedures, and that's where we sought the
10  motion for sanctions.  And we apologize if that was
11  inappropriate.
12          Is that something that we want -- that we need to
13  bring to the Court's attention, as well, just in like a memo
14  or something like that?
15          THE COURT:  No.  I mean, you know, as I said, the
16  problematic part of Docket Number 92, which is called Motion
17  for Sanctions and to Compel, is the motion to compel part,
18  because those are the disputes that I handle pursuant to my
19  discovery procedures.
20          When any party is requesting to compel documents
21  from another party, that's a discovery issue and I handle
22  that through my procedures, which means not by written
23  motion, unless I direct you to file a written motion.
24          I understand that this motion is also requesting
25  sanctions, although I have not yet read the motion and, of

1    course, it's not fully briefed.  So, you know, I am very

2    likely, when I do take a look at this, to direct counsel to

3    proceed with any portion of the motion that requests that

4    somebody be compelled to do something to follow my discovery

5    procedures and bring that to my attention by e-mail and ask

6    for, you know, a hearing to address any portion of the issue

7    that relates to compelling something.

8              As to the sanctions, the sanctions may be

9    addressable in a written motion, I don't know the answer to

10   that yet until I read it.  But to the extent that they are

11   separable from the compelling part of the motion, then I

12   could address them by written -- you know, in a written

13   order after reading the response to the motion and the

14   reply, if any.  So I can't give you further direction than

15   that right now because I haven't read it yet.

16             But let me say this:  That I will read the motion

17   to compel and the motion for sanctions.  And if I have any

18   further direction for counsel about how I want the arguments

19   on that issue to play out, I will put that direction in a

20   written order and tell counsel how I want this matter to be

21   addressed.

22             All right?

23             MS. YANAROS:  Understood.  Thank you so much, Your

24   Honor.  Understood, thank you.

25             THE COURT:  Thank you.  Anything further from

1  Mr. Ramsaur today?

2          MR. RAMSAUR:  No, that's it.  Thank you.

3          THE COURT:  All right.  Anything further from

4  counsel for Ms. Youngblood and Mr. Kennedy?

5          MR. WEBB:  Your Honor, this is Lenden Webb on

6  behalf of Mr. Youngblood and Mr. Kennedy.  The documents on

7  the Document Number 72 and Number 92, the documents, Your

8  Honor, references the "improperly filed," are those stricken

9  or are those -- what is the status of those, may I inquire?

10         THE COURT:  Well, Number 92 is not.  Number 72

11  does not have a -- a gavel next to it, which is the way that

12  the electronic docket indicates to the Court that the motion

13  is ripe and pending.  So that must mean that there was some

14  order issued with respect to 72.  If there is, I would have

15  to go through the docket to see if I can find that.

16         But as of the information that I have currently,

17  72, the motion to compel is not a ripe motion.  And that may

18  be because I already indicated that to the extent that

19  counsel wanted to address these issues, they had to address

20  it through my discovery procedures.  But I can't see the

21  electronic docket right now and I can't tell if I already

22  issued that order as to 72.

23         As to 92, as I just said a moment ago, I'm going

24  to read that.  And if I want that to be handled all or in

25  part through my discovery procedures, I'll enter a written

1  order directing counsel as to how I want to handle that.

2          MR. WEBB:  Thank you, Your Honor.  Nothing further

3  from myself on behalf of Youngblood and Kennedy.

4          THE COURT:  All right, thank you.  And having, I

5  think, addressed what we need in order to proceed further

6  with this issue, I'll leave it to counsel to confer, as I

7  said, with respect to the objections to the subpoena and for

8  plaintiffs' counsel to provide the additional information.

9  And once that is provided, we'll be in contact with you

10 about setting another date for a hearing.

11         Thank you and we'll be in recess.

12          (Whereupon, the within hearing concluded at 1:57

13 p.m.)

14

15                  TRANSCRIBER'S CERTIFICATE

16         I certify that the foregoing is a correct

17 transcript, to the best of my knowledge and belief (pursuant

18 to the quality of the recording) from the record of

19 proceedings in the above-entitled matter.

20

21 /s/Dyann Labo                         January 31, 2023

22 Signature of Transcriber              Date

23

24

25