1

1          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLORADO
2
    Case No. 20-cv-00947-DDD-KLM
3   _____

4   JAMES COREY GOODE, et al.,

5        Plaintiffs,

6   vs.

7   ROGER RICHARDS RAMSAUR, et al.,

8        Defendants.
    _____
9

10          Proceedings before KRISTEN L. MIX, United States

11   Magistrate Judge, United States District Court for the

12   District of Colorado, commencing at 10:14 a.m., October 8,

13   2020, in the United States Courthouse, Denver, Colorado.

14   _____

15          WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17   _____

18                      APPEARANCES

19          VALERIE YANAROS, Attorney at Law, appearing for

20   the Plaintiffs.

21          CHRISTIAN CLARK, Attorney at Law,

22   appearing for Defendants Youngblood and Kennedy.

23   _____

24          TELEPHONIC RULE 16(b) SCHEDULING CONFERENCE

25

2

```
 1                    P R O C E E D I N G S

 2              (Whereupon, the within electronically recorded

 3     proceedings are herein transcribed, pursuant to order of

 4     counsel.)

 5              (Audio for Judge Mix was poor, resulting in

 6     "indiscernibles.")

 7              THE COURT:  Good morning, court is in session.

 8     This is 20-cv-00942, James Corey Goode, individually, and

 9     Goode Enterprise Solutions, Inc, vs. Roger Richards Ramsaur,

10     Leon Isaac Kennedy and Adrienne Youngblood.  Let's have

11     counsel enter appearances, please, starting with counsel for

12     the plaintiff.

13              MS. YANAROS:  Good morning.  This is Valerie

14     Yanaros, counsel for the plaintiff, Mr. James Corey Goode

15     and Goode Enterprise Solutions.  And I have my client Mr.

16     Goode with me as well.

17              THE COURT:  Good morning.

18              MR. CLARK:  Good morning.  Christian Clark

19     appearing on behalf of defendant.

20              THE COURT:  Good morning.  All right, we're here

21     for the scheduling conference.  I have the proposed

22     scheduling order.  I've been through it.  We have a lot to

23     talk about here.

24              Let's start with section 4:  Undisputed facts.  In

25     this section of the scheduling order, you've listed a single
```

3

1    undisputed fact at this point.  That really is not

2    sufficient.  I think you probably will be able to agree on a

3    number of other foundational facts.  For example, you

4    probably can agree on what Mr. Goode does for a living.  You

5    probably can agree on what the defendants do for a living.

6    You probably can agree on how they know each other and other

7    fundamental facts like that.

8            I'm going to send you back to the drawing board

9    and ask you to file a supplement of this section of the

10   scheduling order, listing more undisputed facts.

11           The reason why I do that is because discovery in

12   federal court litigation, as you know, is extremely

13   expensive and time-consuming, and the more undisputed facts

14   that you get out of the way at the beginning of the case,

15   the less discovery you have to do.

16           So the parties will file a supplement to this

17   section and do that on or before October 22 of '22.  Any

18   questions about that, Ms. Yanaros?

19           MS. YANAROS:  No, Your Honor.  Thank you.

20           THE COURT:  Mr. Clark?

21           MR. CLARK:  No, Your Honor.  Thank you.

22           THE COURT:  All right.  With respect to section 5

23   on the computation of damages, this again is not sufficient

24   and the plaintiff is alleging $11 million worth of damages

25   without any indication of how that number was calculated,

4

1   and that simply is not going to suffice at this stage.

2   Therefore, I'm going to order the plaintiff to file a

3   supplement to this section explaining their $11 million

4   damages assertion, and the supplement must include an

5   explanation on the type of damages incurred.  In other

6   words, are we talking about economic losses, lost wages,

7   lost business profits?  Are we talking about noneconomic

8   losses, emotional distress, reputational losses, et cetera?

9   That all has to be clarified in the scheduling order.  And

10   the deadline for doing that again will be October 22 of '22.

11          Same thing goes for the defendant.

12          Now, the defendants indicate that they have

13   suffered damages in the amount to be proven at trial.  That

14   again is insufficient.  On or before October 22 the

15   defendants will file a supplement to this section

16   identifying the types of damages they contend to have

17   occurred and estimating the amount of those damages.

18          Any questions about that, Ms. Yanaros?

19          MS. YANAROS:  No, Your Honor.  Thank you.

20          THE COURT:  Mr. Clark?

21          MR. CLARK:  No, Your Honor.  Thank you.

22          THE COURT:  Thank you.  With respect to section 6,

23   on a Rule 26(f) meeting, section 6(d), this is where you

24   tell me about when you will make Rule 26(a)(1) disclosures.

25   You've indicated 14 days after the Rule 16 conference or

5

1    when you're ordered to do so by a Court.

2                We have the Rule 16 conference on September 11, so

3    14 days after that was September 25.  Have you already made

4    disclosures or not, Ms. Yanaros?

5                MS. YANAROS:  No, Your Honor, we have not.

6                THE COURT:  All right.  And Mr. Clark, have you?

7                MR. CLARK:  No, Your Honor.  If I may explain.  I

8    think what we're attempting to get at in that section was

9    that we would make disclosures within 14 days of today's

10   conference.  So, Judge, we may not have made that clear in

11   the scheduling order.

12               THE COURT:  Okay.

13               MR. CLARK:  I believe that has been

14   (indiscernible) party.

15               THE COURT:  All right.  Well, then, having heard

16   that, I'm prepared to order that disclosures will be made by

17   October 22, 2020, which is in fact 14 days from today.  Any

18   objection to that from plaintiff's counsel, Ms. Yanaros?

19               MS. YANAROS:  No, Your Honor.  That was the intent

20   of the parties.  I apologize if that wasn't clear.

21               THE COURT:  Okay, thank you.  (Indiscernible).

22               All right.  Then moving on to section 6(g) on the

23   electronic discovery, you said there will be an extensive

24   amount of ESI and that doesn't surprise me given the nature

25   of the allegations in the complaint and any responses.

6

1          Written in here as I do in every civil case, that

2     I would like you to adhere to the Sedona Principles

3     regarding electronic discovery disputes.  You can find the

4     Sedona Principles at www.sedonaconference.org.  The Sedona

5     Principles are very useful in getting to the heart of the

6     matter with respect to electronic discovery disputes, and I

7     will use the Sedona Principles to adjudicate any disputes

8     related to electronic discovery.

9          So for that reason, it's important that you

10    familiarize yourself with them and be prepared to argue any

11    disputes about electronic discovery using the Sedona

12    Principles.

13         With respect to section 6(h), possibilities of

14    settlement, I've written in here that I would like you to

15    file a joint settlement status report, and to do that on or

16    before 14 days after the close of discovery.  The purpose of

17    this is to make sure that you're discussing settlement prior

18    to the time when a final pretrial conference is set.  I

19    don't want the final pretrial conference to occur and to

20    hear that you have not discussed settlement.

21         The purpose of this report is to give me an update

22    as to your settlement negotiation.  At a minimum, I would

23    like you to tell me the following:

24         The names of all of the representatives for

25    parties who are involved in settlement negotiation,

7

1    including the parties themselves, of course.

2             I would like you to tell me whether any formal

3    written demands have been exchanged, and if so, when.  And

4    whether any simple written offers have been exchanged, and

5    if so, when.

6             And finally, I would like you tell me about any

7    impediment to getting the case resolved.

8             With respect to (indiscernible - audio cut out),

9    is there a question about that, Ms. Yanaros?

10            MS. YANAROS:  No, Your Honor.  I was just saying

11   that, yes, we will make sure to do that.

12            THE COURT:  Thank you.  And with respect to

13   section 8 on discovery limitations, you've asked for way too

14   much discovery here.  I understand that this probably seems

15   like the biggest case in the history of man to you, but it

16   doesn't to me, and there are presumptive limits in the

17   Federal Rules of Civil Procedure with respect to deposition

18   and interrogatories.  And I don't have any good basis for

19   excluding those presumptive limits at this time.  Therefore,

20   I'm going to order that the parties have been limited to ten

21   depositions per side and 25 interrogatories per side absent

22   further leave of Court.

23            To the extent that any party finds that the

24   parties need additional discovery, the party can file a

25   motion to amend the scheduling order on a showing of good

8

1   cause.

2         With respect to section 8(c), you've not -- you've

3   proposed again too many written -- other forms of written

4   discovery.  I'm going to limit you as I do in almost every

5   civil case 25 requests for production per side, 25 requests

6   for admission per side and unlimited requests for admission

7   as to the authenticity of documents only.

8         With respect to section 8(d), deadline to serve

9   written discovery, that deadline is going to be 45 days

10  before the discovery cutoff.

11        With respect to (indiscernible) plaintiff's

12  schedule, in terms of section 9(a), deadlines to

13  (indiscernible), the deadline for that is going to be

14  December 1, 2020.  And the deadline in section 9(b), a time

15  limit to file motion to (indiscernible) other parties and to

16  amend the pleadings is also going to be December 1 of 2020.

17        A discovery cutoff is -- we're going to set a firm

18  date here.  The firm date is going to be July 30 of 2021.

19  Remember, that the discovery deadline is not just the

20  deadline to complete discovery, it's also the deadline to

21  make discovery motions.

22        If you have a dispute that needs to be brought to

23  my attention about discovery, you need to do that prior to

24  July 30 of 2021.  If you do it after that date, then your

25  motion is untimely.  And as a result of that, I'm going to

9

1    hold you to a higher burden with respect to whatever

2    discovery that you are seeking.

3            The deadline to file, not various types of

4    motions, but dispositive motion in section 9(d) will be

5    August 31 of 2021.

6            In terms of expert witnesses and limits in section

7    9(b)(2), the Court is going to limit the parties to three

8    retained experts per side absent further leave of Court, and

9    to one expert per area of subject matter expertise per side.

10   I will -- the parties, they need an expert on damages.

11   Plaintiff gets one on damages, the defendant gets one on

12   damages.

13           In terms of designation of experts, initial

14   designation experts deadline will be June 1 of 2021, and the

15   responsive designation of rebuttal experts will be July 1 of

16   2021.

17           In terms of dates for further conferences in

18   section 10, status conferences will be held (indiscernible),

19   which will be the status conference, pretrial motion, tell

20   me why you need a status conference, and I will put you on

21   the docket as soon as I can.

22           In terms of the final pretrial conference, that

23   will be held on a date to be determined by Judge Domenico to

24   (indiscernible) case (indiscernible) to trial.  So I've

25   written in that the final pretrial conference will be held

10

1   on a date to be determined by Judge Domenico.

2           One other final thing I want to point out is that

3   the parties, of course, must follow my discovery procedures

4   with respect to discovery disputes.  Those procedures are

5   all in writing on the court's website.  It's important that

6   you familiarize yourself with those.  The website is

7   www.cod.uscourt.gov.  Remember, that I don't allow the

8   filing of any written contested discovery motions at all.

9           So if you have to use it to tell something or you

10  need to move for a protective order, you're going to have to

11  do that in a hearing.  So that brings up the issue of how do

12  you notify me that you need a hearing.

13          There are a couple of different ways to do that.

14  First you can use leave a voicemail message on my Chambers

15  telephone line.  That's (303)335-2770.  In the alternative,

16  you can send an e-mail to my Chambers e-mail address, which

17  is mix_chambers@cod.uscourt.gov.

18          If you choose to use e-mail, please make sure you

19  copy opposing counsel and also make sure that you attach to

20  your e-mail any documents that you think I may need to read

21  in advance of the discovery hearing.  There are more to my

22  procedures than what I've just described, but I'm going to

23  leave it to you to make sure that you've reviewed them

24  online when you follow them.

25          Remember also that I take our Local Rule

11

1   requirements that you confer fully before making any

2   discovery motion very seriously.  And to me a conferral is

3   not simply leaving a voicemail message or sending an e-mail

4   to opposing counsel.  Conferral is having an actual

5   substantive conversation about whatever the nature of the

6   dispute is.

7           Please make sure you do that prior to contacting

8   the Court for a hearing.

9           And that is all that I have for you today.  Is

10  there anything else we need to address from the plaintiff's

11  point of view?

12          MS. YANAROS:  No, Your Honor.  I think that's

13  everything.  Thank you so much.

14          THE COURT:  Thank you.  Anything else for

15  defendant?

16          MR. CLARK:  Your Honor, if I may just ask one

17  clarifying question with respect to the limitation on the

18  number of depositions.

19          THE COURT:  Yes.

20          MR. CLARK:  I understand -- I understand that each

21  side is limited to ten depositions.  I just wanted to

22  clarify if that would also include the expert depositions

23  that we might want to take in the case?

24          THE COURT:  Yes, it does, and that's because the

25  presumptive limit in the federal rule does not specify it

12

1   excludes experts.  So the presumptive limit in the rules

2   includes experts.

3          I mean, if you plan to -- you need to take ten

4   fact depositions and also expert depositions, you may, of

5   course, move to amend the scheduling order, but at this

6   juncture, it's unclear to me from reading the

7   (indiscernible) how many depositions you may need to take.

8   Also, of course, you're going to have to prioritize to a

9   certain extent on the depositions you take (indiscernible)

10  extremely expensive, you know, litigation for both sides.

11         So at this juncture, ten depositions means ten

12  total, and if you find yourself in a position where you need

13  to ask for more, then, of course, you can do that by filing

14  a written motion.

15         MR. CLARK:  Understood, Your Honor.  Thank you.

16         THE COURT:  Thank you.  All right.  I will sign a

17  scheduling order and make it an order of the Court effective

18  today and we will be in recess.  Thank you.

19         (Whereupon, the within audio concluded at 10:29

20  a.m.)

21

22

23

24

25

13

```
1                    TRANSCRIBER'S CERTIFICATE

2            I certify that the foregoing is a correct

3    transcript, to the best of my knowledge and belief (pursuant

4    to the quality of the recording) from the record of

5    proceedings in the above-entitled matter.

6

7    /s/Dyann Labo                    February 1, 2023

8    Signature of Transcriber              Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```