IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                 Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                                                 Defendants.

---

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

---

**COME NOW,** Mr. James Corey Goode and Goode Enterprise Solutions, Inc. (collectively, "Plaintiffs") by and through their undersigned counsel, pursuant to the Federal Rules of Civil Procedure, Rules 26(c)(3), 37(a)(5), and 37(d), file their Reply in Support of their Motion to Compel and for Sanctions (the "Motion") and seek sanctions against Defendants and their counsel for misconduct during depositions taken in this case and against all Defendants for the unauthorized release of portions of Mr. Goode's confidential deposition testimony across various media. Finally, Defendant Ramsaur has defied a Court order and refused to respond to the Motion and should have default judgment entered against him.

I. **Relevant Background**

The Parties to this lawsuit engaged in a discovery hearing in front of the Honorable Judge Mix on January 25, 2023. Thereafter, Judge Mix ordered briefing on the portion of Plaintiffs' Motion as to the request for sanctions. (Docket 98). Defendants, through counsel, responded on February 8, 2023. (Docket 99). Plaintiffs hereby tender their reply.

II. **Arguments and Authorities**

a. **Defendant Roger Richards Ramsaur Never Responded as Ordered and Default Judgment Against Him is an Appropriate Remedy**

Defendant Roger Richards Ramsaur was ordered to respond to the Motion no later than February 10th, 2023. (Docket 98). No response has been filed in the docket or served on Plaintiffs. Plaintiffs received no request for extension of time to respond, and this Court has not granted one. Therefore, Defendant Ramsaur is in direct violation of this Court's January 25th Order.

Ramsaur has already been instructed by this Court that "he is under a legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)." (Docket 91). In *Green*, the 10th Circuit affirmed a District Court's dismissal of a pro se litigant's complaint for neglect of their cases and failure to comply with a Court's orders. An equal remedy in the case of a Defendant would be an acknowledgement of the Plaintiffs' claims and thus a default judgment against that Defendant. District courts have "very broad discretion to use sanctions where necessary" to ensure "the expeditious and sound management of the preparation of cases for trial." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011).

The "[d]etermination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th

Cir. 1992). Sanctions must be "just" and related to the claim "at issue in the order to provide discovery." *Id*. *Ehrenhaus* lists five factors a court should consider before choosing dismissal as a sanction: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id*. at 921. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id*.

In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than default judgment may be appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3. The Rules notwithstanding, courts have inherent power to impose sanctions, including reasonable expenses and attorney's fees. *E.g., Chambers v. NASCO, Inc*., 501 U.S. 32, 45 (1991); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (courts have inherent power to impose sanctions "to deter frivolous and abusive litigation and promote justice and judicial efficiency"). Before entering default judgment, however, a court should consider the factors set forth in *Ehrenhaus*, 965 F.2d at 921. *Klein-Becker*, 711 F.3d at 1159 (applying the *Ehrenhaus* standard where district court entered default judgment as a sanction).

On balance, the factors weigh in default judgment against Ramsaur. Although default judgment would be prejudicial to Ramsaur (Factor 1), his actions insinuate that he does not intend to cooperate with the litigation. He has failed to show for his deposition, did not communicate with Plaintiffs, the Court or his attorney until months had elapsed. Although for most litigants a default

judgment would work an injustice, his indifference to the process indicates otherwise. Factor 2 weighs in favor of default because his interference with the litigation thus far has brought the case to a grinding halt. Without his testimony and cooperation, the case is severely lacking in evidence and testimony. Factor 3, the culpability of the defendant, also weighs in favor of default. Defendants Ramsaur has continuously ignored this Court's orders and failed to participate in the litigation. Factor 4, the forewarning of the Court of this sanction, weighs in favor of default. This Court has warned in Judge Mix's Practice standards that

> "Attorneys and pro se parties will note that the Court reserves the right to impose measured, proportionate sanctions for inappropriate conduct. Such sanctions include in-court admonishment, award of costs for discovery violations, referral to the disciplinary system of the Colorado bar, dismissal of claims or defenses and monetary awards."

As such, Ramsaur was on notice that he may lose his right to a defense of Plaintiffs' claims in addition to monetary sanctions. Finally, Factor 5—the efficacy of lesser sanctions—weighs in favor of default. Nothing, up to this point, has caused Ramsaur to participate with the litigation process. All but Factor 1 weigh in favor of default, and Plaintiffs request this Court issue sanctions against Ramsaur and allow Plaintiffs to move for default against him.

### b. Defendants' Counsel's Self-Serving Affidavit is neither Competent nor Appropriate to Refute the Claims of Misconduct

Defendant Youngblood and Kennedy's Response focuses on matters outside of the ambit of the Motion. Instead of explaining why the misconduct by Defendants, counsel for Defendants, and third parties in control of both (such as Mr. Kennedy's wife) are improper and should not be sanctioned, it focuses on issues that should be handled by this Court through its Discovery Procedures (see Docket 98 directing to the use of the Discovery Dispute Procedures for discovery matters). Whether or not there was an over-designation of confidentiality of a transcript is an issue for Defendants to raise with Judge Mix via the Discovery Dispute Procedures. They have not. What is improper is the release of material designated as

confidential. This conduct is clearly prohibited by the Rules and by the courts in this District. Counsel does nothing to refute the authority put forth by Plaintiffs as to why disseminating material marked as confidential is sanctionable. Sanctions for this improper conduct and abuse of the system should be imposed as sought by Plaintiffs.

Counsel also does not refute the *controlling authority* in this District as to why counsel's coaching was improper. Citing to an Eastern District of Pennsylvania case, counsel attempts to differentiate between giving an instruction *after* (versus before) a response was given. This is a distinction without a difference. The various improper instructions to his clients, at best, was meant to impede the deposition and in contravention of Rule 30(c)(1). Fed.R.Civ.P. 30(c)(1) requires that ". . . [t]he examination and cross-examination of a deponent proceeds as they would at trial . . .." In addition, if an attorney impedes, delays, or frustrates the fair examination of the deponent, Fed. R. Civ. P. 30(d)(2) allows a Court to impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party. *See Carroll v. Allstate Fire & Cas. Ins. Co.,* 2014 U.S. Dist. LEXIS 28061 at *28-29. The repeated objections and instructions not to answer have been sanctioned as improper across Districts, especially when it impedes the discovery into relevant subjects such as financials in a case where Plaintiffs' have given money to Defendants and have not been provided proof as to where that money went.

Under the Colorado Rules of professional conduct, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, " with certain exceptions. Colo. R. Prof'l Conduct 3.7. The Appendix filed by Defendants' counsel is a self-serving affidavit with no factual support (absent a few emails between counsel that do nothing to refute Plaintiffs' claims). A recognized and accepted practice permits a lawyer to testify to or affirm matters of costs, fees, and service of process, all matters peculiarly within his or her personal knowledge. *See* Rule 3.7(a)(2) and Comment 3. Conversely, the lawyer trying the case should not testify, in person or by affidavit, concerning factual matters at issue, particularly when

those facts are transformed into legal conclusions and contract interpretation. Defendants' attorney's disallowable testimony thus amounts to impermissible expert testimony on legal matters which are the exclusive province of the court to decide. *United States v. Messner*, 107 F.3d 1448, 1454 (10th Cir.1997); *Specht v. Jensen*, 853 F.2d 805, 807-10 (10th Cir.1988).

Finally, counsel for Defendants Youngblood and Kennedy states that counsel's improper objections and instructions not to answer were to "protect[] [their] financial privacy" (Docket 99 at 5). These arguments are not persuasive. There were no questions asked about any financial information prior to counsel's improper instruction not to answer. Even if there were, the financials of the Parties to this litigation are at issue—and are a matter that counsel probed extensively in counsel's questioning of Mr. Goode. Finally, the notice for deposition was not for a 30(b)(6) witness but a fact witness. No list of topics was required under the rules. Any questions posed were related to the discovery of admissible evidence (*see* Rules 26, 30) and were appropriate in this case.

### III. Counsel for Defendants Have Impeded the Litigation and Their Timeliness Arguments are Inapposite to their Behavior

As stated in its Motion, Defendants have failed to produce documents on discovery deadlines, failed to show for depositions, and have provided unsubstantiated reasons for doing so. Counsel for Defendants requested the most recent extension on the active scheduling order, which was agreed to by Plaintiffs in the spirit of furthering the litigation. After filing a deficient request, and after their client—that they soon after ceased representing—disappeared, counsel has refused to cure their deficiency. Plaintiffs respectfully request this Court order Defendants to cure this error.

### IV. Conclusion and Prayer

WHEREFORE, because Defendants and their counsel have repeatedly engaged in discovery abuse such as violating a protective order, misconduct during depositions, and refusal to comply

with discovery requests, Plaintiffs respectfully request this Court award monetary and other appropriate sanctions, and award fees and costs to Plaintiffs incurred in filing the Motion.

Date: February 23, 2023.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s Valerie A. Yanaros, Esq.*

　　　　　　　　　　　　　　　　　　　　Valerie Yanaros, Esq.
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24075628
　　　　　　　　　　　　　　　　　　　　Admitted to Practice in the District Court of Colorado
　　　　　　　　　　　　　　　　　　　　Yanaros Law, P.C.
　　　　　　　　　　　　　　　　　　　　8300 Douglas Avenue Suite 800
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75225
　　　　　　　　　　　　　　　　　　　　Telephone: (512) 826-7553
　　　　　　　　　　　　　　　　　　　　valerie@yanaroslaw.com

　　　　　　　　　　　　　　　　　　　　**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      The below signed certifies that a copy of this document will be served via ECF on the following counsel for Defendants:

*/s Valerie A. Yanaros*
Valerie A. Yanaros

Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

and Defendant Richards via email at seckey@protonmail.com