```
 1                     UNITED STATES DISTRICT COURT
                          DISTRICT OF COLORADO
 2

 3   JAMES COREY GOODE,            .  Case No. 20-cv-00947-DDD-KLM
     individually, and GOODE      .
 4   ENTERPRISE SOLUTIONS, INC.,   .

 5             Plaintiffs,         .
                                   .
 6   vs.                          .
                                   .
 7   ROGER RICHARDS RAMSAUR,       .
     LEON ISAAC KENNEDY, and       .  Alfred A. Arraj Courthouse
 8   ADRIENNE YOUNGBLOOD,          .  901 19th Street
                                   .  Denver, CO  80294
 9             Defendants,         .
                                   .
10   and                          .
                                   .
11   WELLS FARGO BANK, N.A.,       .
                                   .
12             Interested Party.  .
                                   .  January 24, 2023
13   . . . . . . . . . . . . . . . .  1:36 p.m.

14        TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
             KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE
15

     APPEARANCES:
16

17   For the Plaintiffs:          Yanaros Law, P.C.
                                   By:  Valerie A. Yanaros*
                                   8300 Douglas Avenue
18                                 Suite 800
                                   Dallas, TX  75225
19                                 (512) 826-7553

20   For the Defendant, Roger R.  Roger R. Ramsaur, pro se*
     Ramsaur:
21

     For the Defendants, Leon I.  Webb Law Group, APC
22   Kennedy and Adrienne         By:  Christian B. Clark*
     Youngblood:                  By:  Lenden F. Webb*
23                                 466 West Fallbrook Avenue
                                   Suite 102
24                                 Fresno, CA  93711
                                   (559) 431-4888

25
```

1   Appearances continued:

2   For Interested Party, Wells      No appearance
    Fargo Bank, N.A.:
3
    Court Recorder:                  Clerk's Office
4                                    U.S. District Court
                                     901 19th Street
5                                    Denver, CO  80294

6   Transcription Service:           AB Litigation Services
                                     216 16th Street, Suite 600
7                                    Denver, CO  80202
                                     (303) 296-0017
8
    *All appearances video/telephonic.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

 1                 (Time noted:  1:36 p.m.)

 2            THE COURT:  Good afternoon.  This is 20-cv-00942,

 3   James Corey Goode, individually, and Goode Enterprise

 4   Solutions, Inc. versus Roger Richards Ramsaur, Leon Isaac

 5   Kennedy, and Adrienne Youngblood.

 6            Will counsel for the Plaintiff enter her

 7   appearance, please?

 8            MS. YANAROS:  Yes, Your Honor.  This is Valerie

 9   Yanaros for the Plaintiff.

10            THE COURT:  Good afternoon.  And, Mr. Ramsaur, are

11   you representing yourself today?

12            MR. RAMSAUR:  I am.

13            THE COURT:  All right.  Thank you.  And do we have

14   counsel for Ms. Youngblood and Mr. Kennedy?

15            MR. WEBB:  Good afternoon, Your Honor.  This is

16   Lenden Webb, W-e-b-b, appearing telephonically on behalf of

17   Ms. Youngblood and Mr. Kennedy, along with my associate

18   attorney, Mr. Clark, who is on the line, as well.

19            THE COURT:  All right.  Thank you.  All right, we

20   are here for a discovery hearing.

21            I'm first going to make a record of the materials

22   that I have received and reviewed in connection with the

23   hearing, and then I have some preliminary questions that I

24   need to get some answers to, primarily from Plaintiff's

25   counsel.

1          So, with respect to the materials that I have

2    received and reviewed, I have received and reviewed a written

3    discovery dispute chart submitted by the Plaintiff.

4          I received and reviewed excerpts of the deposition

5    of Leon Kennedy, consisting of pages 106 through 113.

6          I received and reviewed a copy of a settlement

7    letter dated November 17, 2022, from Leon Isaac Kennedy to

8    Corey Goode.

9          I received and reviewed a copy of a document

10   entitled "Kennedy Settlement Agreement," dated November 17,

11   2022, which is four pages, and appears to be authored by Mr.

12   Kennedy, but it's unclear.

13         I received a copy of a subpoena to produce

14   documents, information, or objects, that was served by the

15   Plaintiff on Wells Fargo Bank, N.A.  And that is dated

16   September 13, 2022.

17         And I've received and reviewed a notice of change

18   of address or telephone number, apparently completed by Mr.

19   Ramsaur, with a certificate of service indicating that it was

20   served on Plaintiff's counsel and on Defendants Kennedy's and

21   Youngblood's counsel, but with no record that it was filed

22   with the Court.

23         All right.  So, my preliminary questions start

24   here.

25         On the written discovery dispute chart that I

1   received, Ms. Yanaros, there is request -- there is a

2   reference to two requests for production of documents

3   submitted by the Plaintiff, number 3 and number 6.  But it

4   doesn't tell me who those requests for production of

5   documents were sent to.

6             So who was the recipient?

7             MS. YANAROS:  My apologies on that, Your Honor.

8   Those requests were served on all Defendants.

9             THE COURT:  And is it your contention that no

10  Defendant has responded to these?

11            MS. YANAROS:  We have not received the documents

12  that we asked for.  We did receive responses, and all of

13  those responses were in one document on behalf of all

14  Defendants.

15            But we believe that there were some documents that

16  should have been produced that were not produced.

17            THE COURT:  All right.  Well, that leads me to the

18  next question, which is:  Is there any reason why you did not

19  provide me with the responses that the Defendants made to

20  these requests for production of documents?

21            MS. YANAROS:  I apologize for that, Your Honor.

22  That was an oversight.  I can provide those to the Court.

23            THE COURT:  Well, you know, before I can

24  adjudicate these issues, I need to know whether the

25  Defendants objected, and what the substance of their

1  objection was, if any.

2          So it probably would be helpful for me to see the

3  response.

4          But let me carry on with my initial preliminary

5  questions so that we can maybe set some parameters here.

6          Your written discovery dispute chart also refers

7  to an objection to Wells Fargo subpoena, but doesn't tell me

8  who objected.

9          Who objected to the Wells Fargo subpoena?

10         MS. YANAROS:  Your Honor, that was in -- there was

11  some motion practice done on that.  Initially, I had spoken

12  with counsel for the Defendants, and they had -- I guess they

13  responded, had not objected to the subpoena, and then after

14  an amended subpoena was served, but was responded to from the

15  request from Wells Fargo, they objected to the amendment of

16  that subpoena.

17         THE COURT:  And this, again, is all Defendants

18  have objected to this?

19         MS. YANAROS:  I presume so, Your Honor.  There's

20  been a little bit of confusion as to who exactly counsel for

21  the Defendants are representing.

22         Mr. Kennedy at one point had provided the letter

23  that was provided to the Court saying he was going *pro se,*

24  and it's my understanding now that he's not, so I presumed it

25  was on behalf of all Defendants because they -- counsel for

7

 1   Defendants have not been removed as counsel prior to the

 2   business records request.

 3          THE COURT:  All right.  So did you receive some

 4   form of written objection to the subpoena?

 5          MS. YANAROS:  Only what was filed on the docket,

 6   Your Honor.

 7          THE COURT:  I'm sorry, you're talking too fast,

 8   and I'm really having trouble understanding you.

 9          Only what?

10          MS. YANAROS:  I'm sorry, Your Honor.  Only what

11   was filed on the docket.  I believe I might have received an

12   email from counsel saying that they objected, but it was also

13   -- they filed a sur-reply on the docket saying that they

14   object to the subpoena.

15          THE COURT:  Okay.  So, now what I understand you

16   to be saying is that there are documents on the electronic

17   docket in the case that you believe relate to these disputes?

18   Is that right?

19          MS. YANAROS:  Yes, Your Honor.

20          THE COURT:  What documents on the electronic

21   docket do you believe relate to these disputes?  Generally,

22   when the Court asks the attorneys to submit materials for a

23   discovery hearing, I expect you to submit everything that you

24   think I should read and consider, or if you aren't submitting

25   everything, that you refer me to anything else that you think

1   I should read and consider.

2           And you have not, until just now, referred me to

3   any documents on the electronic docket.  So I'm not aware of

4   what you're referring to that's on the electronic docket.

5           Could you point that out to me, please?

6           MS. YANAROS:  Yes, Your Honor.  I believe it was

7   docket 72 that included the request for production.  We filed

8   a motion for sanctions on Friday that included some more

9   documents.

10          THE COURT:  Okay.  Well, let's talk about a few

11  things here.

12          First of all, apparently my preferences for

13  handling discovery disputes are unclear to Plaintiff's

14  counsel.  So I'm going to try to go through those again so

15  that we can get these matters properly teed up for

16  adjudication.

17          In my written discovery procedures, I make it

18  clear that I do not allow the filing of any written discovery

19  motions unless I tell you to file a motion.

20          So, to the extent that you filed the motion number

21  72 in September of 2022, which was a motion to compel, that

22  was improper, because the Court did not direct you to file a

23  motion to compel.

24          To the extent that you filed a motion for

25  sanctions and to compel on January 20, 2023, that was

1  improper, because I did not direct you to file a motion to

2  compel.

3           My discovery procedures are meant to make clear

4  that the way discovery disputes are brought to the Court's

5  attention is through an email.  The email must copy all

6  counsel and *pro se* parties in the case.  The email tells me

7  what the dispute is about.

8           If the dispute is about written discovery, my

9  practice standards say that you must complete and provide the

10  written discovery dispute chart, a copy of the actual

11  requests -- written discovery requests that are in dispute,

12  and a copy of the actual written discovery responses that are

13  in dispute.

14           If the dispute is something else other than about

15  written discovery, you simply need to tell me in your email

16  what the dispute is about.  For example, it might be about a

17  deposition.  It might be about a subpoena.

18           I would then direct you as to how I want to

19  proceed.

20           So, what we have here is, unfortunately, a series

21  of issues that, in my view, makes it not appropriate for the

22  Court to adjudicate these matters today.

23           First, although your written discovery dispute

24  chart apparently reproduced the language of requests for

25  production number 3 and request for production number 6, you

1   didn't provide me with the actual written requests for

2   production that were sent to the Defendants so that I could

3   confirm that this is the language that was actually in

4   request for production number 3 and request for production

5   number 6.  That's problem one.

6            Problem two is that you didn't provide me with the

7   responses so that I could read how the Defendants responded

8   and see whether they made any objections.  And if they did,

9   consider the objections that they made in responding, and

10   entering some kind of an order today.

11            The third issue is with the objection to the Wells

12   Fargo subpoena.  In this District, I've written numerous

13   times on the state of the law with respect to non-parties or

14   non-persons to whom a subpoena is directed, and their lack of

15   standing to object to a subpoena, unless there are claims of

16   privilege or a privacy issue.

17            So, to the extent that the Defendants are

18   objecting to the Wells Fargo subpoena, first I'd have to see

19   any written objections that they made, and second, I'd have

20   to direct them to holdings in this Court that require them to

21   make a showing that they have standing to object, because

22   they believe that the documents requested from Wells Fargo

23   will implicate either a privilege issue or a privacy issue.

24            I doubt that they're prepared to make that showing

25   today, because there hasn't been any meaningful narrowing of

1  what the issues are with respect to these discovery disputes.

2         So, you know, what I think I am inclined to do is

3  this:  I'm inclined to direct Plaintiff's counsel to send me

4  the actual request for production number 3 and number 6, the

5  actual responses, in writing, from the Defendants that the

6  Plaintiff is contesting.

7         Any written objection by any of the Defendants to

8  the subpoena, and to point out where in the excerpted

9  deposition testimony of Mr. Kennedy that Plaintiff's counsel

10  has already provided, and where in this so-called 408 letter

11  that Plaintiff has already provided, Plaintiff's counsel

12  believes that some Defendant or Defendants agreed to produce

13  the information that is requested in request for production

14  number 3 and request for production number 6.

15         Also, I need to know what is the source of

16  Plaintiff's counsel's contention on the written discovery

17  dispute chart that there has been an agreement that

18  objections to the Wells Fargo subpoena are waived, and there

19  was an agreement to produce these documents, as well.

20         So, I'm lacking a lot of the background

21  information that I need in order to enter any orders with

22  respect to these discovery issues.

23         Having provided a little bit of guidance with

24  respect to the objection to the Wells Fargo subpoena and the

25  issue of whether the Defendants have standing to object to

1  that subpoena, or not, I would expect counsel to confer

2  further about the dispute relating to the Wells Fargo

3  subpoena before bringing that matter to my attention again.

4  And what I would expect the Defendants to provide

5  to Plaintiff's counsel as part of the conferral is some

6  support for any argument they intend to make that the

7  information sought from Wells Fargo is subject to a privilege

8  or subject to privacy interests that they have, and,

9  therefore, they have standing to object to the subpoena.

10  So, what I'm going to do is I'm going to send you

11  back to the drawing board to confer further.

12  I want to make sure Mr. Ramsaur knows that the

13  Court has not received any official notice of your change of

14  address.  I understand that this form has been completed,

15  because somebody was good enough to send it to us by email,

16  but it has not been filed with the Court.  And until it is

17  filed with the Court, the Court has an incorrect address for

18  you.  So, this document needs to be filed with the Court.

19  Understood?

20  MR. RAMSAUR:  Understood.  Thank you, Your Honor.

21  I'm in the process of understanding *pro se.*  I'll make sure

22  that happens.

23  THE COURT:  Thank you.  And then I want to make

24  sure all counsel understand that Mr. Ramsaur, who is now

25  proceeding *pro se,* must be included in all email

1  communications to the Court relating to discovery issues, and

2  you shall make sure that you have a correct email address for

3  Mr. Ramsaur for that purpose.

4         So, in light of what I need here to proceed, I'm

5  going to propose that counsel confer further about the Wells

6  Fargo subpoena.  And if you are unable to resolve that issue

7  and the other issues identified in the written discovery

8  dispute chart, that Plaintiff's counsel contact me again and

9  provide the additional documents and information that I have

10 requested.

11        And, one more time, those additional documents are

12 the actual requests for production, the actual responses to

13 the requests for production, the actual response, if any, or

14 objections, in writing, to the subpoena, and an explanation

15 for where in the transcript of Mr. Kennedy's deposition

16 testimony, and where in the so-called 408 letters, the

17 Plaintiff believes that there has been an agreement to

18 produce the information requested in requests for production

19 number 3 and number 6, and what is the source of the

20 Plaintiff's contention that there has been an agreement that

21 objection to the subpoena are waived, as well.

22        Any questions about that, Ms. Yanaros?

23        MS. YANAROS:  Yes, Your Honor.  Thank you so much.

24 We will get those over as soon as possible.

25        Just further clarification on the kind of issues

14

1   that are outside of what we thought was encompassed in the

2   discovery dispute, we do have some, we believe, things that

3   happened during depositions and after depositions that didn't

4   really fall in to any of the written discovery or deposition

5   discovery dispute parameters.

6          And that's why we filed the motion for sanctions,

7   and we apologize if that was inappropriate.

8          Is that something that we need to bring to the

9   Court's attention, as well, just in like a memo or something

10  like that?

11         THE COURT:   No.   I mean, you know, as I said, the

12  problematic part of docket number 92, which is called "motion

13  for sanctions and to compel," is the motion to compel part,

14  because those are the disputes that I handle pursuant to my

15  discovery procedures.

16         When any party is requesting to compel documents

17  from another party, that's a discovery issue, and I handle

18  that through my procedures, which means not by written motion

19  unless I direct you to file a written motion.

20         I understand that this motion is also requesting

21  sanctions, although I have not yet read the motion.   And, of

22  course, it's not fully briefed.

23         So, you know, I am very likely, when I do take a

24  look at this, to direct counsel to proceed with any portion

25  of the motion that requests that somebody be compelled to do

 1  something, to follow my discovery procedures and bring that

 2  to my attention by email, and ask for a hearing to address

 3  any portion of the issue that relates to compelling

 4  something.

 5          As to the sanctions, the sanctions may be

 6  addressable in a written motion.  I don't know the answer to

 7  that yet until I read it.

 8          But to the extent that they are separable from the

 9  compelling part of the motion, then I could address them by

10  written -- you know, in a written order after reading the

11  response to the motion and the replies, if any.

12          So, I can't give you further direction than that

13  right now, because I haven't read it yet.

14          But let me say this:  I will read the motion to

15  compel and the motion for sanctions, and if I have any

16  further direction for counsel about how I want the arguments

17  on that issue to play out, I will put that direction in a

18  written order and tell counsel how I want this matter to be

19  addressed.

20          All right?

21          MS. YANAROS:  Understood.  Thank you so much, Your

22  Honor.  Understood.  Thank you.

23          THE COURT:  Thank you.  Anything further from Mr.

24  Ramsaur today?

25          MR. RAMSAUR:  No, that's it.  Thank you.

16

1           THE COURT:  All right.  Anything further from
2   counsel for Ms. Youngblood and Mr. Kennedy?
3           MR. WEBB:  Your Honor, this is Lenden Webb on
4   behalf of Ms. Youngblood and Mr. Kennedy.
5           The documents on the docket, number 72 and number
6   92, the documents that Your Honor referenced as being
7   improperly filed, are those stricken, or are those -- what's
8   the status of those, if I may inquire?
9           THE COURT:  Well, number 92 is not.  Number 72
10  does not have a gavel next to it, which is the way that the
11  electronic docket indicates to the Court that the motion is
12  ripe and pending.
13          So that must mean that there was some order issued
14  with respect to 72.  If there is, I'd have to go through the
15  docket to see if I could find that.
16          But as of the information that I have currently,
17  72, the motion to compel, is not a ripe motion, and that may
18  be because I've already indicated that to the extent that
19  counsel wanted to address these issues, they had to address
20  it through my discovery procedures.
21          But I can't see the electronic docket right now,
22  and I can't tell if I've already issued that order as to 72.
23          As to 92, as I just said a moment ago, I'm going
24  to read that.  And if I want that to be handled all or in
25  part through my discovery procedures, I'll enter a written

1    order directing counsel as to how I want to handle that.

2             MR. WEBB:  Thank you, Your Honor.  Nothing further

3    from myself on behalf of Youngblood and Kennedy.

4             THE COURT:  All right.  Thank you.  And having, I

5    think, addressed what we need in order to proceed further

6    with this issue, I'll leave it to counsel to confer, as I

7    said, with respect to the objections to the subpoena, and for

8    Plaintiff's counsel to provide the additional information.

9             And once that is provided, we'll be in contact

10   with you about setting another date for a hearing.

11             Thank you.  And we'll be in recess.

12             THE COURT CLERK:  Court is in recess.

13                 (Time noted:  1:57 p.m.)

14                     * * * * *

15                     CERTIFICATE

16       I, RANDEL RAISON, certify that the foregoing is a

17   correct transcript from the official electronic sound

18   recording of the proceedings in the above-entitled matter, to

19   the best of my ability.

20

21

22   _____          February 24, 2023

23   Randel Raison

24

25