IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS, INC.,

      Plaintiff,

v.

ROGER RICHARDS RAMSAUR,
LEON ISAAC KENNEDY,
ADRIENNE YOUNGBLOOD,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs' **Motion to Compel and for Sanctions** [#92] (the "Motion").  After the Motion [#92] was referred to the undersigned, the Court issued a Minute Order [#98] denying the Motion [#92] without prejudice in part with respect to Plaintiffs' requests (1) to compel Defendants and their counsel to produce documents in their possession that are responsive to the subpoenas and requests for production issued by Plaintiffs, and (2) to compel Defendant Roger Richards Ramsaur ("Richards") to appear and cover costs for his deposition.  The Court also set a briefing schedule on the remaining two requests in the Motion [#92], the requests (1) to sanction Defendants' counsel for misconduct during depositions taken in this case; and (2) to sanction Defendants for the unauthorized release of portions of Plaintiff James Corey Goode's ("Mr. Goode") confidential deposition testimony across various media.  These latter two requests are the subject of the present Order.

Defendants Leon Isaac Kennedy ("Kennedy") and Adrienne Youngblood ("Youngblood") timely filed a Response [#99] in opposition to the Motion [#92] in compliance with the Court's Minute Order [#98], and Plaintiffs filed a Reply [#102]. The Court has reviewed the briefs, the case record, and the applicable law, and is fully advised in the premises. For the reasons set forth below, the Motion [#92] is **DENIED in part, GRANTED in part, and TAKEN UNDER ADVISEMENT in part**.

### A.   Default Judgment Against Defendant Richards

Before addressing the primary two remaining issues from the Motion [#92], the Court notes that, in Plaintiffs' Reply [#102] to their Motion to Compel and for Sanctions [#92], Plaintiffs assert that default judgment should be entered against Defendant Richards for failing to comply with a Court order by failing to file a Response to the Motion to Compel and for Sanctions [#92], as the Court generally directed all Defendants to do. *Minute Order* [#98].

On January 12, 2023, the Court issued a Minute Order [#91] allowing Defendants' counsel to withdraw as to Defendant Richards only. At that time, the Court directed the Clerk of Court to update his "contact information with the information provided by his attorneys on page 2" of the underlying motion. *Minute Order* [#91] (citing [#84] at 2). However, it appears due to a clerical error that his address was never updated, as Defendant Richards has no contact information listed on the electronic docket.

In the Minute Order [#91] permitting counsel's withdrawal, the Court also ordered Defendant Richards to confirm and/or update his address with the Court within five business days. He never filed the required notice on the electronic docket. However, in their Motion to Compel and for Sanctions [#92] filed on January 20, 2023, Plaintiffs

included a copy of a January 19, 2023 e-mail from Defendant Richards stating: "It is my understanding that I am being requested to update my contact information with council [sic] and the court."  *See* [#92-5].  He then provided his current information.  *Id.*  Although his e-mail address was the same, both his phone number and mailing address were different from those provided by his former counsel.  *Compare* [#84] at 2 *with* [#92-5] at 1.  Thus, it appears that Defendant Richards *attempted* to comply with the Court's Minute Order [#91] by providing his contact information to the other litigants but failed to do so completely by not filing his updated contact information with the Court.

The Court declines to recommend entry of default judgment against Defendant Richards for the following reasons.  First, the request is procedurally infirm as it fails to comply with D.C.COLO.LCivR 7.1(d), which states that "[a] motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document."  Although *related* to the Motion to Compel and for Sanctions [#92], the relief Plaintiff seeks is clearly independent of the relief requested in the original motion and therefore should have been filed as a separate document.  Second, it is not clear that Defendant Richards has received notice of any Court-issued orders or other filings since his counsel withdrew.  Third, even assuming that he received notice, it is not clear to the Court that he would have any particular interest in the remaining issues in the Motion to Compel and for Sanctions [#92], which generally involve actions by Defendants' counsel, as the Court denied without prejudice the issue that is specifically raised as to Defendant Richards, i.e., Plaintiffs' request to compel Defendant Richards to appear and cover costs for his deposition.

Accordingly, Plaintiffs' request for entry of default judgment against Defendant Richards is **denied without prejudice.**

**B.      Sanctions Based on Purported Violation of the Protective Order**

Plaintiffs assert that "Defendants leaked Mr. Goode's deposition almost in its entirety, to the owners of various YouTube channels," and that "[t]his information was confirmed by counsel for Defendants while on a call with counsel for Plaintiffs." *Motion* [#92] at 12. Plaintiffs state that this was done in violation of the Protective Order [#48] issued in this case on July 20, 2021.

Mr. Goode's deposition was taken on September 26, 2022. *Motion* [#92] at 2. The parties appear to agree that Plaintiffs' counsel verbally designated the entirety of the deposition as confidential at that time. *Motion* [#92] at 3, 7; *Response* [#99] at 1 ("At the onset of [Mr. Goode's] deposition, Plaintiffs' Counsel marked the deposition as confidential – in its entirety." (emphasis in original)). Defendants state that their counsel "made a clear objection on the record during the depositions [sic] as to such a blanket designation." *Response* [#99] at 6.

On November 10, 2022, Defendants' counsel sent Plaintiffs' counsel the following e-mail:

> As you know, the Deposition Transcript of Mr. Corey Goode was completed on October 10, 2022, and thirty (30) days have now elapsed. We understand that you indicated on the record that the Deposition was to be marked as confidential in its entirety, however, the Stipulated Protective Order indicates that those portions of a deposition that involve the disclosure of confidential information are to be marked as such.
>
> If your intention was to mark the entirety of the Deposition as confidential, please allow this email to provide written notice that our office objects to the designation of Mr. Goode's Deposition Transcript as confidential in its entirety. Additionally, you noted during the deposition that you would clarify the portions which needed to be designated as confidential to avoid over

> designation, but we have not received any such clarification.  However, we
> will allow you one (1) week to mark portions of the Transcript as confidential
> per ¶14 of the Stipulated Protective Order.
>
> Please let us know if you will comply with marking only portions of Mr.
> Goode's Deposition Transcript as confidential by November 17, 2022.

*See* [#99-1] at 17.

On December 12, 2022, Plaintiffs' counsel wrote an e-mail to Defendants' counsel,

stating:

> Your client or clients released a confidential deposition.  You need to inform
> them immediately to take this down.  We will discuss this on [sic] our hearing
> with Judge Mix on Thursday.

*See* [#99-1] at 20.[1]  It is not clear how Plaintiffs' counsel discovered the release of this

information.  Defendants' counsel responded the same day:

> We may disagree as to the status of the deposition, can you point me to the
> part of the protective order that you believe applies?  I think the timeperiod
> [sic] has lapsed.  Regardless, we are happy to meet and confer with you, I
> am available on Thursday at 10:45am or Friday at 7:30am PST.

*See id.* at 19-20.

On December 13, 2022, at 3:02 p.m. Mountain Standard Time, Plaintiffs' counsel

replied to Defendants' counsel, stating:

> We designated all of the depositions as confidential, and specifically
> anything related to Mr. Goode's current and future projects.  I was unaware
> of your November 10 email until you filed your reply today.  Regardless, you
> never followed up on your email or attempted to call me.  I called and left
> you a message last night as well as the below email and heard nothing back
> until well after your reply was filed this morning.
>
> Your clients have disseminated confidential information--and admitted to
> doing so--as outlined in my letter to you from last week.  I look forward to
> our contacting the court on Thursday at 10:45 regarding these various
> discovery abuses.

---

[1]  The Court notes that the parties contacted the Court on Thursday, December 15, 2022, to raise several discovery issues, but no hearing was scheduled for or held that day.

> Please let me know by end of day your position on our motion to compel [1] Mr. Richards' deposition, [2] all Defendants to comply with the Protective Order and to refrain from disseminating confidential information. We will be seeking sanctions and a contempt order.

*See* [#99-1] at 19.

On December 13, 2022, at 2:31 p.m. Mountain Standard Time, a video titled "The Deposition of Corey Goode" was uploaded by "Cosmic Justice" to the website Vimeo. *See* https://vimeo.com/780891626. On December 15, 2022, "Truthseekers" uploaded Mr. Goode's deposition in four parts to the website YouTube:

> https://www.youtube.com/watch?v=ys6S1aK28nI;
>
> https://www.youtube.com/watch?v=fp5jyiscomw;
>
> https://www.youtube.com/watch?v=FO9grNOylLo;  and
>
> https://www.youtube.com/watch?v=v9jp_GFMWSg.[2]

In their Reply [#102], Plaintiffs do not grapple with the details of the Protective Order [#48], as Defendants do in their Response [#99]. Instead, Plaintiffs merely state:

> Whether or not there was an overdesignation of confidentiality of a transcript is an issue for Defendants to raise with Judge Mix via the Discovery Dispute Procedures. They have not. What is improper is the release of material designated as confidential. This conduct is clearly prohibited by the Rules and by the courts in this District. Counsel does nothing to refute the authority put forth by Plaintiffs as to why disseminating material marked as confidential is sanctionable. Sanctions for this improper conduct and abuse of the system should be imposed as sought by Plaintiffs.

*Reply* [#102] at 4-5. Plaintiffs' statement that "[w]hether or not there was an overdesignation of confidentiality of a transcript is an issue for Defendants to raise with Judge Mix via the Discovery Dispute Procedures" is entirely incorrect under the

---

[2] The Court is unable to view the first link provided by Plaintiffs due its designation as a "private video" on YouTube, but the second, third, and fourth parts of Mr. Goode's deposition remain uploaded and viewable at the last three links provided.

unambiguous language of the Protective Order [#48] *stipulated to* by the parties and entered as an order of the Court, as explained below.

First, the Protective Order [#48] applies to "deposition testimony," such as the deposition of Mr. Goode.  *See* [#48] ¶ 1.  The Protective Order [#48] provides:

> Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

*See* [#48] ¶ 14.  This is what Plaintiffs' counsel did at Mr. Goode's deposition by designating the entire deposition as "confidential."  *Motion* [#92] at 3, 7; *Response* [#99] at 1.  No specific portions of the deposition were subsequently designated as confidential once the transcription was completed, within thirty days or otherwise.

The Protective Order [#48] further provides that "[a]ny party or member of the public may object to the designation of particular CONFIDENTIAL and/or REDACTED information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made."  *See* [#48] ¶ 6.  This is what Defendants' counsel did in his November 10, 2022 e-mail quoted above. *See* [#99-1] at 17.  Although Plaintiffs' counsel stated in her December 13, 2022 e-mail that she was unaware of Defendants' counsel's November 10, 2022 e-mail, there is no argument or indication that the November e-mail was sent to an incorrect address. *See* [#99-1] at 19.

The Protective Order [#48] then provides: "If the parties cannot resolve the objection within fourteen (14) calendar days after the time notice is received, *it shall be the obligation of the party designating the information as CONFIDENTIAL and/or REDACTED to make an appropriate motion* under the applicable Court's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order."  *See* [#48] ¶ 6 (emphasis added).  Thus, the Protective Order [#48] placed the burden on *Plaintiffs* as the designating party to bring the issue to the Court's attention.  *See id.*  There is no dispute that this was not only not timely done, but was never done at all.  In her December 13 e-mail, Plaintiffs' counsel faulted Defendants' counsel for failing to follow up on his November 10 e-mail, but there is no authority before the Court that he was required to do so, although as a matter of professionalism he likely should have.

Under such circumstances, the Protective Order [#48] states that, "[i]f the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order."  *See* [#48] ¶ 6. Thus, Plaintiffs had until November 25 (as November 24 was a court holiday), *see* Fed. R. Civ. P. 6(a)(1)(C), to attempt to resolve the designation dispute with Defendants. Plaintiffs did not seek intervention by the Court to keep the deposition confidential under the terms of the Protective Order [#48], and the deposition therefore lost its protected status as "confidential."  This means that the cases relied on by Plaintiffs are inapposite, as they either concern general failure to adhere to Court orders, *see O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1209 (10th Cir. 1992); *Reno Air Racing Ass'n, Inc.*

*v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006), failure to adhere a protective order specifically, *see Ross v. Univ. of Tulsa*, 225 F. Supp. 3d 1254, 1264 (N.D. Okla. 2016), or the interplay between protective orders and the First Amendment, where the lower court had "placed restraints on the way in which the information might be used," *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984). *See Motion* [#92] at 11-12.

The public release of the video deposition of Mr. Goode smacks of unprofessionalism and is clearly a symptom of the animosity between the parties and their respective counsel. Nevertheless, the Court cannot find based on the record before it that the release of the video was not permitted by the Protective Order [#48] or any other pertinent legal authority. Accordingly, the Motion [#92] is **denied** to the extent that Plaintiffs seek sanctions from Defendants and/or their counsel regarding the release of Mr. Goode's deposition testimony.

### C.   Sanctions Based on Defendants' Counsel's Conduct at Depositions

Plaintiffs argue that "counsel for Defendants made countless speaking objections, impeded the flow of the deposition by refusing to cooperate with counsel, videographers and court reporters, and engaged in argumentative discourse and actions." *Motion* [#92] at 5. Although Plaintiffs generally complain about Defendants' counsel's conduct at all depositions, it appears that all examples of such conduct provided by Plaintiffs occurred at the deposition of Defendant Youngblood.

Fed. R. Civ. P. 30(c)(1) provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial . . . ." Fed. R. Civ. P. 30(d)(2) permits the Court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair

examination of the deponent."  According to the Advisory Committee's Note to the 1993 Amendments to Fed. R. Civ. P. 30(d), sanctions may be authorized "not only when a deposition is unreasonably prolonged, but also when an attorney engages in other practices that improperly frustrate the fair examination of the deponent . . . ."

"The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court."  *Bowers v. Nat'l Collegiate Athletics Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007).  Most often, Rule 30(d)(2) is used when someone other than the deponent, usually an attorney, is accused of interrupting the deposition.  *See, e.g.*, *Layne Christensen Co. v. Bro–Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 4688836, at *8 (D. Kan. Oct. 6, 2011) (applying Fed. R. Civ. P. 30(d)(2) to counsel who violated Fed. R. Civ. P. 30(c)(2) by directing the deponent not to answer); *Deville v. Givaudan Fragrances Corp.*, 419 F. App'x 201, 209 (3d Cir. 2011) (affirming magistrate judge's imposition of sanctions pursuant to Fed. R. Civ. P. 30(d)(2) upon finding that attorney "testified on behalf of her witness by way of suggestive speaking objections"); *Craig v. St. Anthony's Med. Ctr.*, 384 F. App'x 531, 533 (8th Cir. 2010) (affirming district judge's award of sanctions pursuant to Fed. R. Civ. P. 30(d)(2) due to "a substantial number of argumentative objections together with suggestive objections and directions to the deponent to refrain from answering questions without asserting a valid justification").  Imposition of sanctions under Rule 30(d)(2) requires the movant to:

> [I]dentify language or behavior that impeded, delayed, or frustrated the fair examination of the deponent.  *See* Fed. R. Civ. P. 30(d)(2).  When making this inquiry, the court will look to: (1) the specific language used (e.g., use of offensive words or inappropriate tones); the conduct of the parties (e.g., excessive objections or speaking objections); and (3) the length of the deposition.  Second, the movant must identify "an appropriate sanction."  *Id.*

*Dunn v. Wal–Mart Stores, Inc.*, No. 2:12-cv-01660-GMN-VCF, 2013 WL 5940099, at *5

(D. Nev. Nov. 1, 2013).

Plaintiffs point to the following examples of Defendants' counsel's purportedly

sanctionable statements at the deposition. They begin with speaking objections made by

Defendants' counsel during the deposition of Defendant Youngblood:

Q    Okay.  And the second one?

A    And I actually don't remember the year.  I think it was 2000, and that was Mr.
Lorenzo.   I'm not sure of that year, to be honest.

Q   Okay.

MR. WEBB: Instruction, today estimates are fine.    So even if you don't remember
the exact year, if you can give your best estimate, if you –

MS. YANAROS:  Counsel, I can't understand what you -- is he clear to you guys?
I can't understand what you're saying.

THE REPORTER:  I didn't get the first part of what you said.    It was garbled.   But
then it became clear.

MR. WEBB:  Okay.   So just giving instruction to the client, that while you may not
remember exact dates, numbers, quantities –

MS. YANAROS:  No, Mr. Webb, this is not -- you can instruct your client not to
answer.    You can't give any other -- this is my deposition.

Mr. WEBB:  Sure.   Let's go off the record so I can explain to her the difference
between a guess and an estimate, since you didn't give her that instruction.

MS. YANAROS: No, no.   We're not going off the record.    I'm not agreeing to go
off the record, and that is not – that's not a proper instruction under the federal
rules, Mr. Webb.    I know you don't regularly practice under the federal rules, but
if you want to get them out and look at them again and review what is acceptable
in a deposition, then maybe that's a good idea.   But as of right now, you can
instruct her not to answer if you are asserting a privilege; otherwise, you can't --
you can't coach the witness.

MR. WEBB: Okay.  Can I finish, Counsel?

MS. YANAROS: Are you making an objection?

MR. WEBB: Only one of us can talk at –

MS. YANAROS: Are you making an objection?

MR. WEBB: We are either going to go off the record and I'm going to give my client instruction about guesses and estimates, or we'll do it on the record.  What do you prefer.

MS. YANAROS: Whatever you talk about off the record you know we can talk about on the record, correct?

MR. WEBB: Okay.  Then I'll do it on the record.  The difference, a guess and an estimate, you won't remember everything perfectly.  Just do your best today.  So even though you don't have an exact, give counsel the best recollection you have.  So if it's a year, a spring, a fall, an approximate number, just give her the best you can, because that's what they want today, okay?  So you're doing fine.

MS. YANAROS: Object to the side bar.  Object to coaching the witness.  I'm sorry.  Ms. Elliott, can you read back what the question was?

THE REPORTER: Sure.

(Record read.)

Q    (By Ms. Yanaros)  Yeah, what was Mr. Lorenzo's first name, Ms. Youngblood?

A    Michael.

Q    I'm sorry?

A    Michael.

Q    Michael.  Okay.  It's a little garbled.  All right.

*Motion* [#92] at 5-7.  Plaintiffs state that Defendants' counsel "continued to make speaking objections throughout Ms. Youngblood's testimony, which was difficult to understand due to Mr. Webb's refusal to cooperate with the videographer."  *Id.* at 7.  They also point to where Defendants' counsel instructed Defendant Youngblood not to answer in purportedly inappropriate circumstances:

Q    And what made you move to California?

A    (Inaudible) winters.

Q    I'm sorry?

A    The weather in Chicago.

Q    Well, I couldn't understand what you had said before.  What did you -- what was it that you had said before?

A    I said "Chicago winters."

Q    Oh, "Chicago winters," okay.  And when is your birthday, Ms. Youngblood?

MR. WEBB: We're not going to put her birthday on a public record.

MS.  YANAROS: And  this  isn't  a  public  record,  Counsel.   It's  designated  as confidential.  If she had her driver's license there and she was in Colorado, she would give us what her birthday is.

MR. WEBB: I'm not going to put her birthday on public record, nor her social.

MS. YANAROS: Well, I didn't ask for her social.  Counsel, what are you talking about?

MR. WEBB: I'm not going to give you either one of those, because those can go straight to bank records and –

MS. YANAROS: You're not going to give me anything.  Ms. Youngblood can state when her birthday is.  Are you instructing her not to answer when her birthday is?

MR. WEBB: Correct.  Yes.

MS. YANAROS: Which is publicly available information.  Is that correct?

MR. WEBB: Really?  What's my birthday -- if her birthday is public information –

MS. YANAROS: I'm not answering your questions, Counsel.  Are you instructing her not to answer?

MR. WEBB: If your birthday is publicly available, you can share it.  If it's not, don't. Because that's what can give access to your bank accounts and everything else. So go ahead.

MS. YANAROS: Counsel, you can give the instruction and that's it.

MR. WEBB: And Counsel, just one of us at a time.  I understand you're objecting, but for the court reporter's sake, wait until I'm done before talking.

MS. YANAROS: Counsel –

Q    Ms. Youngblood, are you going to answer or not?  It's – it's an easy question.

A    On the advice of my attorney, I'm going to not answer.

MS. YANAROS:  All right.  Objection, nonresponsive.

Q    Did you move to California with your family in 1984?

A    Yes.

*Motion* [#92] at 7-8.  Plaintiffs state that "[t]he inappropriate objections and instructions continued throughout Ms. Youngblood's seven-hour deposition":

Q    Okay.  And is Oxnard, is that the same place where you're living right now?

A    No.

Q    Okay.  Do you still own that place in Oxnard?

A    No.  I never owned it.

Q    What made it home?

MR. WEBB: Objection.  No questions that go to financial discovery.  So that's not the purpose of this deposition.

MS. YANAROS: What?

MR. WEBB: Just -- it's -- just a question for you to know.  We're not going into your finances, bank accounts, what you own or don't own.  Improper.

MS. YANAROS: Okay.  This is my deposition, Mr. Webb, and we're going to talk about whatever I want to talk about in my deposition.  If you want to move for a protective order on something that's relevant to the litigation -- when did I say anything about finances?

MR. WEBB: Counsel, when I'm talking, please don't interrupt me for the sake of the court reporter, once again, but I'm instructing my client not to answer as far as any sort of current financial conditions.  So you can proceed with your next question.

MS. YANAROS: Okay.  Well, that's – that wasn't what we were talking about.

MR. WEBB: Good.  Great.

MS. YANAROS: And I would appreciate you stopping with the speaking objections, Counsel.  That's not appropriate.

*Motion* [#92] at 8-9.  Plaintiffs also assert that some of Defendants' counsel's "objections were devoid of any legal basis altogether":

Q    (By Ms. Yanaros)  How often did you and your husband talk about the laws as they pertained to marijuana?

MR. WEBB: Objection.  Spousal marital privilege.  Instruction not to answer.  Next question.

Q    (By Ms. Yanaros)  Are you going to not answer, Ms. Youngblood?

A    On the advice of my attorney, I'm not going to answer.

MS. YANAROS:  Objection, nonresponsive.

*Motion* [#92] at 9.  Plaintiffs conclude that:

Overall, close to two hours was [sic] wasted due to counsel's refusal to cooperate with counsel and the videographer or due to improper objections and instructions.  Due to the severity of the offenses by counsel, Plaintiffs request reimbursement for costs and fees related to the preparation for and attendance to the deposition.  Plaintiffs also request Ms. Youngblood and Mr. Kennedy be compelled to answer all questions that they did not answer upon the misdirection of their counsel.  Finally, Plaintiffs request any non-responsive testimony by Defendants be struck from the record.

*Motion* [#92] at 9-10.

Based on the examples provided by Plaintiffs, it is clear counsel do not have a good working relationship with one another.  In addition, although not specifically stated, from the excerpts provided, it appears that Defendant Youngblood's deposition may have been taken remotely.  Counsel sometimes spoke over one another during this deposition,

although this may have, at least partially, been a symptom of the remote deposition and delays in transmission and/or a lack of visual cues among the participants.

Nevertheless, the Court finds that Defendants' counsel's conduct during the deposition is clearly sanctionable and that at sanctions are appropriate.  It is obvious from the examples provided that at least some of Defendants' counsel's objections/statements were legally incorrect and/or otherwise impermissible, such as when he coached the witness.  However, neither the entire deposition transcript has been provided nor, at a minimum, copies of all the pages with purportedly improper objections/instructions.  Thus, although Plaintiffs assert that "close to two hours" were wasted by Defendants' counsel, insufficient supporting evidence for this statement has been provided.  It is simply not clear based on the four examples provided just how extensive Defendants' counsel's obstruction actually was through his excessive objections and/or speaking objections.  *See Dunn*, 2013 WL 5940099.

Further, the relief requested by Plaintiffs is too unspecific for the Court to grant at this time.  *See id.* (stating that "the movant must identify 'an appropriate sanction'").  First, Plaintiffs ask the Court for reimbursement for costs and fees related to the preparation for and attendance of the deposition.  *Motion* [#92] at 9.  However, they do not provide any specific numbers or documentation supporting this request.  Second, Plaintiffs request that Defendant Youngblood and Defendant Kennedy be compelled to answer all questions that they did not answer based on the misdirection of their counsel.  *Id.* at 9-10.  It is not clear from the briefs, though, whether any of the examples provided come from Defendant Kennedy's deposition.  More importantly, Plaintiffs do not point to any specific questions they want the Court to compel these Defendants to answer.  Third,

16

Plaintiffs request that any non-responsive testimony by Defendants be stricken from the record, but they similarly do not point to which specific parts of the record they want stricken. *Motion* [#92] at 10.

For all these reasons, the Motion [#92] is **granted** as to the request for sanctions based on Defendants' counsel's conduct during depositions. However, the Motion [#92] is **taken under advisement** as to the amount and type of sanctions, pending submission by Plaintiffs of the supplement outlined below.

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#92] is **DENIED in part, GRANTED in part, and TAKEN UNDER ADVISEMENT in part**. The Motion is **denied** with respect to Plaintiffs' request for sanctions in connection with the release of Mr. Goode's deposition. The Motion is **granted** with respect to Plaintiffs' request for sanctions in connection with Defendants' counsel's conduct at depositions. The Motion is **taken under advisement** as to the amount and type of sanctions, pending submission by Plaintiffs of the supplement outlined below.

IT IS FURTHER **ORDERED** that, **no later than May 19, 2022**, Plaintiffs shall file a Supplement to Motion for Sanctions which contains the following:

(1) A list by page and line numbers of every instance of alleged improper conduct by defense counsel in every deposition where Plaintiffs allege such improper conduct occurred;

(2) Copies of every page of every deposition where such alleged improper conduct occurred attached as exhibits to the supplement;

(3) Identification of each question which Plaintiffs believe the deponent(s) failed to answer due to defense counsel's improper conduct and which they are requesting that deponent(s) be ordered to answer;

(4) Identification of each and every portion of the deposition(s) which Plaintiffs seek to have stricken by page and line number; and

(5) To the extent that Plaintiffs seek monetary sanctions, a specific dollar amount sought and a thorough explanation of how the amount sought was calculated.

**No extensions of the May 19, 2022 deadline will be permitted. Failure to timely file the supplement will result in the denial of the imposition of sanctions.**

IT IS FURTHER **ORDERED** that the Clerk of Court **shall** update Defendant Roger Richards Ramsaur's contact information with that found in Plaintiff's Exhibit E [#92-5].

IT IS FURTHER **ORDERED** that, after updating his address, the Clerk of Court **shall** mail to Defendant Roger Richards Ramsaur (1) a copy of the electronic docket from January 12, 2023, to the present, (2) copies of the following docket numbers: #91, #95, #98, and (3) a copy of the present Order.

Dated: May 5, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge