IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                              Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                                              Defendants.

---

**SUPPLEMENT IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS**

---

**COME NOW,** Mr. James Corey Goode and Goode Enterprise Solutions, Inc. (collectively, "Plaintiffs") and by and through their undersigned counsel, file their Supplement in Support of their Motion for Sanctions [#92] (the "Motion") in response to this Court's order granting sanctions against counsel for Defendants' misconduct during depositions [#104].

I. **Relevant Background**

The Parties to this lawsuit engaged in a discovery hearing in front of the Honorable Judge Mix on January 25, 2023. Thereafter, Judge Mix ordered briefing on the portion of Plaintiffs' Motion as to the request for sanctions [#98]. Defendants Youngblood and Kennedy, through counsel, responded on February 8, 2023. [#99]. Defendant Richards never responded. Plaintiffs tendered their reply [#102]. This Court granted sanctions to Plaintiffs in its Order on May 8, 2023 [#104] and ordered additional briefing as to the relief requested by Plaintiffs. Plaintiffs hereby tender their supplement and response to this Court's May 8th order (the "Order").

II. **Requested Information**

This Court found that that "Defendants' counsel's conduct during the deposition was clearly sanctionable and that at sanctions are appropriate. It is obvious from the examples provided that at least some of Defendants' counsel's objections/statements were legally incorrect and/or otherwise impermissible, such as when he coached the witness." [#104 at 16]. The Court requested five categories of information from Plaintiffs:

1) A list by page and line numbers of every instance of alleged improper conduct by defense counsel in every deposition where Plaintiffs allege such improper conduct occurred;

2) Copies of every page of every deposition where such alleged improper conduct occurred attached as exhibits to the supplement;

3) Identification of each question which Plaintiffs believe the deponent(s) failed to answer due to defense counsel's improper conduct and which they are requesting that deponent(s) be ordered to answer;

4) Identification of each and every portion of the deposition(s) which Plaintiffs seek to have stricken by page and line number; and

5) To the extent that Plaintiffs seek monetary sanctions, a specific dollar amount sought and a thorough explanation of how the amount sought was calculated.

There have been 3 depositions thus far in this case. First, the deposition of Plaintiff Mr. James Corey Goode on September 26, 2022. Second, the deposition of Adrienne Youngblood on October 12, 2022. Finally, the deposition of Leon Kennedy on October 13, 2022. Defendant Roger Richards failed to appear for his deposition on October 11, 2022 and has not provided any dates to have his deposition taken. Each category will be addressed for each of the three depositions.

### III.  Deposition of Mr. Goode

Counsel for Defendants, Lenden Webb, engaged in badgering the witness and impeded the flow of the deposition by refusing to cooperate with counsel and making improper instructions to the witness. He also engaged in argumentative discourse and actions that improperly frustrated the fair examination of the deponent. He also failed to produce a document to Plaintiffs prior to the deposition that was requested through discovery. He attempted to use this document in questioning Mr. Goode. Finally, he misrepresented who would be in attendance at Mr. Goode's deposition and brought a non-party to the deposition to embarrass, harass and delay Mr. Goode.

#### 1) Alleged Improper Conduct

Argumentative/badgering comments 6:23-7:3, 76:23-77:1 (use of profanity, not quoting testimony of witness), 95:25-96:2, 101:10-23, 170:1-18, 190:1-16, 191:1-18, 306:20-25, 363:24-364:5

Improper instructions 17:8-18:24, 20:20-25, 56:15-19, 89:25-90:20,

Asking for privileged information 23:21-24:3

Continued questioning after privilege asserted 24:10-17

Misrepresenting the individuals who were to attend Mr. Goode's deposition and bringing a non-party to the deposition 25:24-26:10

Failing to produce requested documents and pulling them out at the deposition 301:9-305:12

### 2) Deposition Pages Showing Misconduct

The Appropriate Pages have been attached to this Supplement as "Exhibit A".

### 3) Unanswered Questions

None.

### 4) Testimony to be Stricken

None.

### 5) Amount of Monetary Sanction

Plaintiffs request attorneys' fees accrued in attending the deposition that was nothing more than a "fishing expedition". Defense counsel only used one exhibit—*that was not produced prior to the deposition*—throughout the entirety of the deposition. Defense counsel instead used the deposition as a means to embarrass Mr. Goode. Plaintiffs also request costs in preparing the instant supplement and motions for sanctions. In all, the attorney time spent in preparing the supplement, motion and reply was 15.7 hours. The time spent preparing and attending the deposition was 54.9 hours. Travel costs related to the deposition amounted to $1,010.49. Plaintiffs' counsel's hourly rate is $300 per hour. **Plaintiffs request compensation in total for misconduct at Mr. Goode's deposition in the amount of $22,190.49**.

## IV. Deposition of Youngblood

Counsel for Defendants, Lenden Webb, was uncooperative and combative during Youngblood's deposition. Webb refused to test his client's microphone and caused the deposition to start 40 minutes late. He also continuously interrupted his client and testified for her in addition to instructing her not to answer on improper grounds.

1) **Alleged Improper Conduct**

Combative/Argumentative 5:14-8:6, 29:14-31:4, 46:10-47:9, 118:15-119:7

Testifying for client/coaching witness 10:8-11, 17:1-19:3, 21:21-22:5, 67:10, 74:13-75:2

Impeding flow 47:19-48:21, 114:17-117:6, 152:17-166:7,

Improper objection 52:2-11, 57:19-20, 102:2-24

2) **Deposition Pages Showing Misconduct**

The Appropriate Pages have been attached to this Supplement as "Exhibit B".

3) **Unanswered Questions**

Youngblood's birthday at 29:12

Whether she owns her house in Oxnard at 46:6

How often Youngblood and her husband talked about marijuana laws at 52:2

Details of Mr. Richards alleged surgery at 101:24

4) **Testimony to be Stricken**

None.

5) **Amount of Monetary Sanction**

Plaintiffs request attorneys' fees accrued in preparing for and attending the depositions of Youngblood and Kennedy. The time spent preparing and attending Youngblood and Kennedy's depositions was 79 hours. The costs for the videographer and court reporter were $2,703.75. Plaintiffs' counsel's hourly rate is $300 per hour. **Plaintiffs request compensation in total for misconduct at Mr. Goode's deposition in the amount of $26,403.75**.

V. **Deposition of Kennedy**

Counsel for Defendants, Lenden Webb, engaged in impeding the flow of the deposition by refusing to cooperate with counsel. He also engaged in argumentative discourse and actions that improperly frustrated the fair examination of the deponent.

### 1) Alleged Improper Conduct

Speaking objection 11:10-21, 218:17

Impeding Deposition 15:17-18:5

### 2) Deposition Pages Showing Misconduct

The Appropriate Pages have been attached to this Supplement as "Exhibit C".

### 3) Unanswered Questions

None.

### 4) Testimony to be Stricken

Nonresponsive testimony at 236:4-239:8.

### 5) Amount of Monetary Sanction

See above.

### VI. Conclusion and Prayer

WHEREFORE, because Defendants' counsel have engaged in misconduct during depositions, Plaintiffs respectfully request this Court award monetary sanctions in the amount of $48,594.24 and for an order compelling Defendants to answer the above questions that were unanswered at their depositions.

Date: May 19th, 2023.                                Respectfully submitted,

                                                              */s Valerie A. Yanaros, Esq.*

                                                              Valerie Yanaros, Esq.
                                                              Texas Bar No. 24075628
                                                              Admitted to Practice in the District Court of Colorado
                                                              Yanaros Law, P.C.
                                                              8300 Douglas Avenue Suite 800
                                                              Dallas, Texas 75225
                                                              Telephone: (512) 826-7553
                                                              valerie@yanaroslaw.com

                                                              **ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      The below signed certifies that a copy of this document will be served via ECF on the following counsel for Defendants:

*/s Valerie A. Yanaros*
Valerie A. Yanaros

Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

and Defendant Richards via email at seckey@protonmail.com