Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711
Telephone: (619) 399-7700
Facsimile: (619) 819-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants
Leon Isaac Kennedy and Adrienne Youngblood

# UNITED STATES DISTRICT COURT

## OF COLORADO

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

               Plaintiff,

    v.

ROGER RICHARDS RAMSAUR, LEON
ISAAC KENNEDY and ADRIENNE
YOUNGBLOOD;

               Defendants.

CASE NO. 1:20-CV-00947-DDD-KLM

**DEFENDANTS' ADRIENNE YOUNGBLOOD AND LEON ISAAC KENNEDY'S OPPOSITION TO PLAINTIFFS' AMENDED/CORRECTED SUPPLEMENT IN SUPPORT OF PLAINTIFFS' FOR SANCTIONS**

Defendants Leon Isaac Kennedy and Adrienne Youngblood (hereinafter "Defendants") hereby submit this Opposition to Plaintiffs' Amended/Corrected Supplement in Support of Plaintiffs' Motion for Sanctions.

## I.   <u>FACTUAL BACKGROUND</u>

On May 5, 2023 the Hon. Judge Mix issued an Order on Plaintiffs' Motion to Compel and for Sanctions, denying Plaintiffs' request for sanctions concerning the release of Mr. Goode's deposition but granting Plaintiffs' request for sanctions as to Defendants' counsel's conduct at depositions (#104). The Court further ordered that Plaintiffs file a Supplement to their Motion for Sanctions by no later than May 19, 2023 including specifics regarding the alleged improper conduct at the depositions, exhibits evidencing such improper conduct,

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

WEBB LAW GROUP, APC
466 W. Fallbrook Avenue, Suite 102
Fresno, California 93711

1   identification of any answer that was not provided at a deposition due to the alleged improper

2   conduct,  identification of portions of the deposition Plaintiffs seek to strike based on the

3   alleged improper conduct, and an explanation of any monetary sanctions Plaintiffs may be

4   seeking (#104). Plaintiffs thereafter filed a Supplement to their Motion for Sanctions on May

5   19, 2023 (#106). On May 22, 2023, Plaintiffs filed an updated version of their Supplement to

6   Motion for Sanctions after the May 19, 2023 deadline set by this Court (#107). This updated

7   version of their supplemental filing is materially and substantially different from the original

8   filing, in direct violation of this Court's Order from May 5, 2023 stating that "[n]o extensions

9   of the May 19" deadline would be permitted, and that "[f]ailure to timely file the supplement

10  [would] result in the denial of the imposition of sanctions." (#104).

11          On or around May 10, 2023, shortly after this Court denied Plaintiff sanctions for the

12  release of Plaintiff's deposition, Plaintiff Corey Goode released raw, unredacted videos of

13  Defendant Adrienne Youngblood and Defendant Leon Kennedy's depositions on to his

14  personal Youtube channel (https://www.youtube.com/@COREYGOODEVLOG). *(True and*

15  *correct copies of screenshots of these videos are attached hereto as Exhibit "1" and are*

16  *incorporated herein by reference).* This was done even though Plaintiffs themselves had

17  previously marked the depositions as confidential. Importantly, Plaintiff Corey Goode made no

18  attempt to redact the personal information (*e.g. phone numbers, emails, and home addresses*) of

19  any third parties discussed during the depositions. For example, the video of the deposition of

20  Leon Isaac Kennedy clearly shows the names, addresses, and phone numbers of all the

21  witnesses provided in Defendants' Initial Disclosures. Further, Plaintiffs never provided notice

22  that the depositions of Defendant Leon Kennedy and Defendant Adrienne Youngblood would

23  be videotaped, in violation of Colo. Rev. Stat. § 18-9-304 and FRCP 30(b)(3)(A) *(a true and*

24  *correct copy of Notices of Taking Deposition of Defendant Adrienne Youngblood and*

25  *Defendant Leon Kennedy are attached hereto as Exhibit "2"and are incorporated herein by*

26  *reference).*

27          Plaintiffs now seek $48,594.24 in sanctions for the alleged improper conduct of

28  Defendants' counsel at the depositions of Plaintiff Corey Goode, Defendant Leon Kennedy,

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR
SANCTIONS**

and Defendant Adrienne Youngblood. Plaintiffs request should be denied in its entirety, as the requested sanctions are simply not supported by fact or law.

## II.   ARGUMENT

### A.   The Amount of Monetary Sanctions Sought is Not Supported by Fact or Law

Plaintiffs seek $48,594.24 in monetary sanctions for alleged improper conduct by Defendants' counsel at three (3) depositions – amounting to approximately 149.6 hours of attorney time. This request is puzzling given that Plaintiffs claimed in their original moving papers that Defendants' counsel's conduct resulted in a total delay of approximately two (2) hours. Federal Rule of Civil Procedure Section 30(d)(2) permits the Court to impose "an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party- on a person who impedes delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. § 30(d)(2). Even if this Court agrees with Plaintiffs characterization of every alleged instance of improper conduct, it is clear that $48,594.24 of monetary sanctions is wholly inappropriate.

Plaintiffs suggest this amount of monetary sanctions is proper because it represents:

(1) all of Plaintiffs' attorney's time at each of the depositions;

(2) all of Plaintiffs' attorney's time preparing for each of the depositions;

(3) all hard costs associated with the depositions; and

(4) all of Plaintiffs' attorney's time preparing the instant motion.

Plaintiffs provide little rational basis, and no legal authority to support their claim for this amount of sanctions. For example, nowhere do Plaintiffs assert that any of the three (3) depositions need to be retaken or that Plaintiffs intend to propound additional discovery requests concerning unanswered questions or improper testimony.

Additionally, where some rationale for the requested sanctions is provided, the calculation appears to be inaccurate and misleading. For example, Plaintiff's counsel claims to have spent 15.7 hours on the underlying motion, reply, and supplement. Yet (a) the originally filed motion included a Motion to Compel which was denied in its entirety; (b) Plaintiffs' request for sanctions as to the release of Corey Goode's deposition was denied; and (c) any

WEBB LAW GROUP, APC
466 W. Fallbrook Avenue, Suite 102
Fresno, California 93711

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

WEBB LAW GROUP, APC
466 W. Fallbrook Avenue, Suite 102
Fresno, California 93711

portion of the motion concerning Defendant Roger Richards is not applicable as Defendants' counsel does not represent Roger Richards. Plaintiffs appear to include time for each of these items in their calculation of requested sanctions.

**B.   No Notice of Sanctions Received**

The requested sanctions also represent a serious due process issue, as adequate notice and opportunity to respond was not afforded to Defendants. In stark contrast to Plaintiffs original claim that "close to two hours" were wasted due to Defendants' counsel's conduct at depositions (#92), Plaintiffs now seek sanctions for approximately 149.6 hours of attorney time.  In sum, the requested sanctions are not appropriate, nor do they represent reasonable expenses or fees related to the alleged disruption of the depositions in question.

**C.   Plaintiffs' Allegations That Defendants' Counsel Engaged in Argumentative Conduct Are Groundless**

Plaintiffs allege that Defendants' counsel engaged in argumentative behavior during Mr. Goode's and Ms. Youngblood's depositions, but their citations to the record reveal nothing more than Defendants' counsel's attempts to effectuate productive depositions. In many cases, the examples

This Court has previously found that deposition conduct rises to a sanctionable standard when counsel acts with "nastiness and cruelty" toward the deponent. *Nichols v. Denver Health & Hosp. Auth.*, No. 19-cv-02818-DDD-KLM, 2020 U.S. Dist. LEXIS 167381, at *11 (D. Colo. Sept. 14, 2020). Repeating a question when the deponent attempts to speak over counsel has not been found sanctionable by this Court. *See Walker v. Knapic*, No. 20-cv-02179-RBJ-MEH, 2021 U.S. Dist. LEXIS 168734, at *2 (D. Colo. Sept. 7, 2021).

In *Nichols*, Plaintiff's counsel's behavior was sanctionable because she "began the deposition with a personal attack on opposing counsel. . ., relentlessly badgered [the deponent], [and] repeatedly accused the deponent of lying." *Nichols*, 2020 U.S. Dist. LEXIS 167381 at *7-10. Here, Plaintiffs allege that Defendants' counsel's exhibited argumentative conduct that rises to a sanctionable standard in both Ms. Youngblood's and Mr. Goode's depositions. Such allegedly argumentative conduct includes taking time to fix a microphone issue (albeit against

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

- 4 -

WEBB LAW GROUP, APC
466 W. Fallbrook Avenue, Suite 102
Fresno, California 93711

the videographer's request) and attempting to ask questions while handling deponent's repeated interruptions. [106-2 at 5:14-8:5; 106-1 at 170:1-18]. These are just a few examples of a multitude of grievances that Plaintiffs now lodge against Defendants' counsel. It would be inconceivable to sanction Defendants' counsel's conduct under the standard set forth in *Nichols*, where the conduct in question included relentless attacks on the characters of both the opposing counsel and the deponent. Rather, in this case, Defendants' counsel was simply trying to facilitate productive depositions on behalf of his own clients. Furthermore, as suggested in *Walker*, attempts to corral a deponent who repeatedly interrupts counsel is not considered argumentative conduct nor is it grounds for sanctions. Instead, it demonstrates an effort to continue the deposition and maintain a professional setting. As such, Plaintiffs' allegations of argumentative conduct by Defendants' counsel do not come close to meeting the standard for sanctionable conduct in *Nichols*.

In many cases, Plaintiffs entirely misrepresent the nature of Defendants' counsel's conduct. For example, Plaintiffs cite to 76:23-77:1 as an example of Defendants' counsel's use of profanity without quoting the witness. Yet a simple review of the record shows that the language Plaintiffs now object to is a direct quote from the deponent. (*True and correct excerpts of the deposition of Corey Goode are attached hereto as Exhibit "3" and are incorporated herein by reference*).

### D. Defendants' Counsel Made Proper Objections and Gave Proper Instructions

Federal Rule of Civil Procedure Section 30(c)(1) allows a person to "instruct a deponent not to answer only when necessary to preserve a privilege." Additionally, Colorado permits a party to interrupt examination by counsel to "determine whether to assert a privilege." D.C.Colo.L CivR 309. Courts will often look to the specific language used, the conduct of the parties, and the length of the deposition. Movants must also identify an appropriate sanction. Dunn v. Wal-Mart Stores, Inc., No. 2:12-cv-01660-GMN-VCF, 2013 U.S. Dist. LEXIS 157554 (D. Nev. Nov. 1, 2013)

Plaintiffs argue that Mr. Webb made "improper objections." To establish this argument, Plaintiffs point to several objections made in perfect compliance with the rules stated above.

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

WEBB LAW GROUP, APC
466 W. Fallbrook Avenue, Suite 102
Fresno, California 93711

For example, Plaintiffs cite to when Defendants' counsel objected based on spousal marital privilege (52:2-11), objected to vague, argumentative, and inappropriate questions (218:17, 57:199-20), and asserted that any documents interfering with attorney-client privilege would not be introduced (21:21-22:5). These are all proper objections based on privilege as outlined in Fed. R. Civ. P. § 30(d)(2).

Plaintiffs argue that Defendants' counsel improperly instructed his client when he instructed the client not to disclose private information (15:17-18:5, 74:13-75:2). Without context, these instructions can be misconstrued to appear improper, but the context here is vital. As discussed above, while Defendants released videos with private information redacted both visually and audibly, **Corey Goode recently released videos of Defendant Adrienne Youngblood and Defendant Leon Kennedy's depositions on his personal YouTube channel with no attempts to redact the personal information of any third parties discussed during the depositions** (*in contrast to the redactions made to Plaintiff Corey Goode's own deposition before it was released*). This was done even though Plaintiffs' own counsel marked the entirety of the depositions of Adrienne Youngblood and Leon Kennedy as confidential. Given this clear violation of third-party privacy, these instructions were entirely warranted. It is hardly improper for Defendants' counsel to make good-faith efforts to protect his client from inappropriate and potentially dangerous behavior. Accordingly, Plaintiffs have no rational basis for monetary sanctions based on alleged improper instructions.

**E. Defendants' Counsel Allowed the Proceedings to Flow**

In establishing an argument for impeding flow of a deposition, Plaintiffs point to Defendants' counsel engaging in wholly appropriate conduct. For example, Defendants' counsel asked to have documents sent in printable format so they could be visible (152:17-158:7), clarified and enforced his position that the meeting not go off the record in despite inappropriate pushback (158:8-166:7), and asked for thirty (30) seconds off the record for his client to put in a sandwich order (47:19-48:21). Nothing in this conduct suggests an unreasonable impediment or delay as outlined in the Fed. R. Civ. P. § 30(d)(2). As such, Plaintiffs have failed to establish "impeding flow" as grounds for monetary sanctions.

**F. Third-Party Attendance at Deposition and Document Production**

In addition to the aforementioned allegations, Plaintiffs also claim that they should be entitled to sanctions because Mr. Kennedy's wife, Ms. Lavette, attended the deposition of Mr. Goode, and because an exhibit used during the deposition had not been produced prior to the start of the deposition.

First, Plaintiffs allege that Defendants' counsel misrepresented who was going to be at Mr. Goode's deposition because Defendants' counsel did not disclose that Ms. Lavette would be appearing. This is simply inaccurate. On July 7, 2022 Defendants' counsel advised Plaintiffs' counsel via email that each of the Defendants planned to attend the deposition of Plaintiff Corey Goode. Thereafter on September 8, 2022, Defendants advised Plaintiffs that just Mr. Kennedy intended to appear at the deposition in-person. Defendants' counsel was unaware of Ms. Lavette's intent to appear at the deposition until the day of the deposition itself. At that time, Plaintiffs' counsel chose to proceed rather than to suspend the deposition or to seek a protective order of some kind. Notably, Plaintiffs' counsel identified Ms. Lavette's presence in the beginning of the deposition. [#106-1 at 25:24-26:11]. Because Defendants' counsel was not aware that Ms. Lavette would be attending and because Plaintiffs' counsel did not request her removal or take any other action on the day of Plaintiff Corey Goode's deposition, Ms. Lavette's presence should not be sanctionable.

Second, Plaintiff claims that he is owed monetary sanctions for Defendants' counsel's failure to produce Exhibit 6B of Mr. Goode's deposition prior to the deposition. Plaintiffs offer no authority to support the contention that monetary sanctions are appropriate. In this instance, Plaintiffs point to when Defendants' counsel produced an email from Mr. Goode's email inbox. [#106-1 301:9-305:12]. The exhibit in question is an email from Mr. Goode's inbox and therefore **should have been produced by Plaintiff Goode.** Further, Plaintiffs claim that Defendants' counsel should be sanctioned monetarily for a failure to produce the document prior to the deposition is improper. Plaintiffs offer no evidence to support the notion that the document was improperly withheld from production by Defendants' counsel. Further, it is unclear why a monetary sanction would be appropriate remedy for this issue. If anything,

**WEBB LAW GROUP, APC**
466 W. Fallbrook Avenue, Suite 102
Fresno, California 93711

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

WEBB LAW GROUP, APC
466 W. Fallbrook Avenue, Suite 102
Fresno, California 93711

1  simply striking the record of the deponent's responses concerning the exhibit in question would

2  be a more appropriate remedy.

3          In conclusion, Plaintiffs' allegation that Defendants' counsel misrepresented the list of

4  attendees at Plaintiff's deposition is inaccurate and is not sanctionable. Further, Plaintiffs offer

5  no authority to support the notion that the failure to produce an exhibit in discovery should

6  result in monetary sanctions – especially where the document was in Plaintiff's custody and

7  control and was not produced by Plaintiff. At most, the appropriate remedy should be to strike

8  the deposition testimony related to the previously undisclosed exhibit.

9                          **III.    <u>CONCLUSION</u>**

10          Defendants, and their counsel's, actions are in accordance with the relevant Federal Rules

11  of Civil Procedure, relevant local rules, and the specific terms of the applicable Protective Order

12  in this matter. Defendants have complied with the Court's orders in this matter and respectfully

13  request this Court deny the Plaintiffs untimely and improper request for monetary sanctions for

14  alleged actions from months ago.

15

16  Dated: May 30, 2023                          **WEBB LAW GROUP, APC**

17

18                                          By: <u>/s/ Lenden F. Webb</u>
                                                Lenden F. Webb
19                                              Christian B. Clark
20                                              WEBB LAW GROUP, APC
                                                466 W. Fallbrook Avenue, Suite 102
21                                              Fresno, CA 93711
                                                Telephone: (619) 399-7700
22                                              FAX: (619) 819-4500
23                                              Email: LWebb@WebbLawGroup.com
                                                Email: CClark@WebbLawGroup.com
24                                              Attorneys for Defendants Leon Isaac
25                                              Kennedy and Adrienne Youngblood

26

27

28

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

# EXHIBIT 1

11:54 PM   Thu May 11

Reporter - Cindy Elliott

William Roach

Ms. Youngblood

Lenden Webb, Defense Attorney

Valerie Yanaros

Corey Goode

Lenden Webb

Peter Tarantino  -...

emailangel@aol.c...

Lenden Webb

Peter Tarantino • Webb Law Group

emailangel@aol.com

**1/3 Adrienne Youngblood Deposition in Federal Civil Court**

244 views · 1d ago   ...more

COREY GOODE   10.8K

Subscribe

👍 10   👎   Share   Download   Save

**Comments** 4

Add a comment...

---

**Replies**   ✕

Ascension Science · 1d ago

Isn't this stated to be confidential?  If she has to follow that court requirement, don't you?

👍 4   👎   💬

COREY GOODE · 18h ago

They did a public campaign saying they don't believe in the judicial system and were taking it to the court of public opinion. We tried for 1 year to settle this privately but they took it to the public in attack videos and then by leaking my deposition to the very people stalking me.

👍 2   👎

P   Protect the innocence · 11h ago

@COREY GOODE  They didnt post your address or phone number. Your wrong for not editing those parts out.

👍   👎

L   Add a reply...



## COREY GOODE

@COREYGOODEVLOG  11K subscribers  26 videos

This i the official Channel of COREY GOODE. V-Log coming soon.  ›



HOME    VIDEOS    SHORTS    LIVE    PLAYLISTS    COMMUNITY    CHANNELS    ABOUT

Latest   Popular


**Disclosure Syndicate - The Infiltration & Corruption of Ufology to be Revealed?**
1.1K views • 6 days ago


**2/3 Adrienne Youngblood Deposition in Federal Civil Court**
658 views • 2 weeks ago


**3/3 Adrienne Youngblood Deposition in Federal Civil Court**
424 views • 2 weeks ago


**Preliminary Report Alleged Potential Criminal Acts - Jay Weidner & Benjamin…**
517 views • 2 weeks ago


**Corey Goode Responds to Depo Leak & Protecting his Life Story/Intellectual…**
2.5K views • 2 weeks ago


**4/6 Leon Isaac Kennedy Deposition - Embezzlement, Mail Fraud, Extortion…**
662 views • 2 weeks ago


**6/6 Leon Isaac Kennedy Deposition - Embezzlement, Mail Fraud, Extortion…**
290 views • 2 weeks ago


**5/6 Leon Isaac Kennedy Deposition - Embezzlement, Mail Fraud, Extortion…**
306 views • 2 weeks ago


**3/6 Leon Isaac Kennedy Deposition - Embezzlement, Mail Fraud, Extortion…**
611 views • 2 weeks ago


**1/6 Leon Isaac Kennedy Deposition - Embezzlement, Mail Fraud, Extortion…**
749 views • 2 weeks ago


**Gaia TV 5 Federal Lawsuits - Class Action - RICO & SEC Fraud Settlement**
1K views • 4 months ago

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00942-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                              Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                              Defendants.

---

**PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF ADRIENNE YOUNGBLOOD**

---

    **PLEASE TAKE NOTICE** that Plaintiffs in the above-entitled and numbered cause, by

and through their attorneys of record, will take the oral and video deposition of the below-listed

witness before an officer authorized to administer oaths and/or report and video oral deposition

testimony.  All parties are invited to attend and propound such questions to the witness as may be

appropriate under the Federal Rules of Civil Procedure.

        **WITNESS:** Adrienne Youngblood

        **DATE:** October 12, 2022

        **TIME:** 9:00 a.m. CDT

        **PLACE:** By Remote Deposition—Esquire Solutions

Date: October 4, 2022.                      Respectfully submitted,

                                            */s Valerie A. Yanaros, Esq.*

                                            Valerie Yanaros, Esq.
                                            Texas Bar No. 24075628
                                            Admitted to Practice in the District
                                            Court of Colorado
                                            Yanaros Law, P.C.
                                            8300 Douglas Avenue Suite 800
                                            Dallas, Texas 75225
                                            Telephone: (512) 826-7553
                                            valerie@yanaroslaw.com

                                   **ATTORNEY FOR PLAINTIFFS**


                          **CERTIFICATE OF SERVICE**

     The below signed certifies that a copy of this document was served on the following
counsel for Defendants on October 4, 2022:

                                            */s Valerie A. Yanaros*
                                            Valerie A. Yanaros

Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00942-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                              Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                              Defendants.

---

## PLAINTIFF'S NOTICE OF DEPOSITION OF LEON KENNEDY

---

**PLEASE TAKE NOTICE** that Plaintiffs in the above-entitled and numbered cause, by and through their attorneys of record, will take the oral and video deposition of the below-listed witness before an officer authorized to administer oaths and/or report and video oral deposition testimony.  All parties are invited to attend and propound such questions to the witness as may be appropriate under the Federal Rules of Civil Procedure.

        **WITNESS:** Leon Kennedy

        **DATE:** October 13, 2022

        **TIME:** 9:00 a.m.

        **PLACE:** By Remote Deposition—Esquire Solutions

Date: October 4, 2022.                   Respectfully submitted,

                                         */s Valerie A. Yanaros, Esq.*

                                         Valerie Yanaros, Esq.
                                         Texas Bar No. 24075628
                                         Admitted to Practice in the District
                                         Court of Colorado
                                         Yanaros Law, P.C.
                                         8300 Douglas Avenue Suite 800
                                         Dallas, Texas 75225
                                         Telephone: (512) 826-7553
                                         valerie@yanaroslaw.com

                                         **ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

   The below signed certifies that a copy of this document was served on the following counsel for Defendants on October 4, 2022:

                                         */s Valerie A. Yanaros*
                                         Valerie A. Yanaros

Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants

# EXHIBIT 3

```
 1    the lawsuit was filed, right?

 2         A    Yes.

 3         Q    And when you say right after the lawsuit

 4    was filed, approximately how long after the lawsuit

 5    was filed do you think these videos came out?

 6         A    I don't know, four to six months.

 7         Q    Okay.  So four to six months, and the

 8    videos caused you damage.  Let me ask you this:  You

 9    mentioned going to elders before getting involved in a

10    lawsuit.  Is that something you did in this instance

11    where you went to elders?

12         A    No, didn't go to elders.  We approached the

13    actual people, I mean, the whole thing with going to

14    your elders in this community is then the elders talk

15    about and it goes everywhere and it becomes big public

16    relations nightmare no matter what.

17              The best way to handle things is one on

18    one, and you talk to the people you have a problem

19    with, you don't do like a lot of people in this

20    community do, they just go and bitch and complain and

21    then hope it gets all resolved by everybody that

22    doesn't like what happened.

23         Q    And so you see what most people did in the

24    community as being ineffective?

25         A    It's obvious.  That community has
```

Page 58

**WEBB LAW GROUP, APC**
10509 Vista Sorrento Pkwy, Suite 450
San Diego, California 92121

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

     I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my primary business address is: **466 W. Fallbrook Avenue, Suite 102, Fresno, California 93711.** My e-mail address is **Service@WebbLawGroup.com**.

     On **May 30, 2023** I caused the service of document(s) described as:

1.   **DEFENDANT'S ADRIENNE YOUNGBLOOD AND LEON ISAAC KENNEDY'S OPPOSITION TO PLAINTIFF'S AMENDED/CORRECTED SUPPLEMENT IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at: San Diego, California, addressed as follows:

| | |
|---|---|
| Valerie Yanaros, Esq. | Mr. Roger Richards Ramsaur |
| Yanaros Law, P.C. | 1928 NE 40th Avenue |
| 8300 Douglas Avenue Suite 800 | Portland, OR 97212 |
| Dallas, Texas 75225 | *Telephone*: (323) 376-8705 |
| *Telephone:* (619) 238-1010 | *Email: Seckey@ProtonMail.com* |
| *Facsimile:* (619) 238-1981 | *Defendant* |
| *Email:* Valerie@YanarosLaw.com | |
| *Email:* Admin@YanarosLaw.com | |
| *Attorney for James Corey Goode and Goode Enterprise Solutions, Inc.* | |

\_\_\_\_\_  (BY MAIL) I am readily familiar with this business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the U.S. Postal Service on the date hereinabove in the ordinary course of business, at San Diego, California.

 XX  (BY E-MAIL) I caused the above-referenced document(s) to be electronically mailed to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **May 30, 2023**, at San Diego, California.

 XX  (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
NICOLE S. SCHUSSMAN