IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiff,

v.

ROGER RICHARDS RAMSAUR,
LEON ISAAC KENNEDY,
ADRIENNE YOUNGBLOOD,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Sanctions** [#92] (the "Motion"). Defendants Leon Isaac Kennedy ("Kennedy") and Adrienne Youngblood ("Youngblood") filed a Response [#99] in opposition to the Motion [#92], and Plaintiffs filed a Reply [#102]. On May 8, 2023, the Court issued an Order [#104] which denied the Motion in part, granted it in part, and took it under advisement in part. The present Order addresses the portion of the Motion [#92] previously taken under advisement, which concerned the amount and type of sanctions to be awarded pending submission by Plaintiffs of a supplemental filing. *Order* [#104] at 17. The Court ordered that the supplemental filing contain the following:

    (1) A list by page and line numbers of every instance of alleged improper conduct by defense counsel in every deposition where Plaintiffs allege such improper conduct occurred;

1

> (2) Copies of every page of every deposition where such alleged improper conduct occurred attached as exhibits to the supplement;
>
> (3) Identification of each question which Plaintiffs believe the deponent(s) failed to answer due to defense counsel's improper conduct and which they are requesting that deponent(s) be ordered to answer;
>
> (4) Identification of each and every portion of the deposition(s) which Plaintiffs seek to have stricken by page and line number; and
>
> (5) To the extent that Plaintiffs seek monetary sanctions, a specific dollar amount sought and a thorough explanation of how the amount sought was calculated.

*Order* [#104] at 17-18.

Plaintiffs timely filed a Supplement in Support of Plaintiffs' Motion for Sanctions [#106] (the "Supplement") on Friday, May 19, 2023, and then an untimely Amended/Corrected Supplement in Support of Plaintiffs' Motion for Sanctions [#107] (the "Amended Supplement") on Monday, May 22, 2023.  Defendants Kennedy and Youngblood filed a Response [#108] in opposition to the Supplement [#107], stating that "[t]his updated version of their supplemental filing is materially and substantially different from the original filing, in direct violation of this Court's Order from May 5, 2023 stating that '[n]o extensions of the May 19' deadline would be permitted, and that '[f]ailure to timely file the supplement [would] result in the denial of the imposition of sanctions.' (#104)."  *Response* [#108] at 2.

The Court has closely examined the Supplement [#106] and the Amended Supplement [#107] and agrees with Defendants that the Amended Supplement [#107] is untimely given that there is every indication that the original Supplement [#106] was

2

simply not completed on time.  First, the Supplement was filed at 11:58 p.m. on the day of the deadline, i.e., May 19, 2023.  Second, this is not a situation where the original submission had, for example, a missing signature, an incorrect date, or missing pages.  Rather, there are substantive edits throughout the document, although it is especially Section V. of the brief regarding the deposition of Defendant Kennedy where a large amount of information has been added in the Amended Supplement [#107].  *Compare Supp.* [#106] at 6 *with Am. Supp.* [#107] at 6.  Third, Plaintiffs' counsel merely states that she "inadvertently filed the incorrect version of . . . the Supplement . . . and attached Exhibit C[ ] and is refiling the corrected document[s] . . . ."  *Am. Supp.* [#107] at 1.  No explanation is provided regarding how such a mistake occurred.  Thus, the Court finds the Amended Supplement [#107] to be untimely and **strikes** it from the electronic docket.[1]

 Having reviewed the Supplement [#106] provided by Plaintiffs in response to the Order [#104], the Court makes the following rulings and further orders as to the portion of the Motion [#92] previously taken under advisement.

**A.**     **James Corey Goode**

Plaintiffs impermissibly broaden their request for sanctions in the Supplement [#106] regarding the deposition of Plaintiff James Corey Goode ("Goode").  Plaintiffs' only developed argument in the underlying briefing on that deposition concerned confidentiality.  *See Motion* [#92] at 3, 11-12; *Reply* [#102] at 1.  The Court adjudicated this issue in its Order [#104], determining that sanctions were not appropriate in connection with the purported confidentiality of Mr. Goode's deposition.  *Order* [#104] at

---

[1] The Court notes that, to the extent necessary, it will consider the corrected version of Exhibit C [#107-3], given that Defendants make no argument specifically in opposition to the exhibit and given that it merely consists of portions of Defendant Kennedy's deposition.

3

4-9. To the extent Plaintiff asserts other alleged improper conduct by Defendants' counsel at Mr. Goode's deposition, such conduct was either not referred to at all in the underlying briefs or, at most, may have been vaguely referenced in the background section without any mention in the arguments and analysis section.  There is also no clear indication in the Motion [#92] that Plaintiffs sought monetary sanctions against Mr. Goode based on conduct by Defendants' counsel at that deposition.  Further, Plaintiffs direct the Court's attention to no unanswered questions or testimony which should be stricken.  *See* [#106] at 4.  Under these circumstances, the Court is not inclined to award any sanctions against Defendants' counsel in connection with the deposition of Mr. Goode.

Accordingly, the Motion [#92] is **denied** to the extent Plaintiffs seek any sanctions based on Defendants' counsel's conduct at Mr. Goode's deposition.

**B.     Defendant Kennedy**

Plaintiffs also impermissibly broaden their request for sanctions in the Supplement [#106] regarding the deposition of Defendant Kennedy.  In the underlying briefing, Plaintiffs only asked that he (and Defendant Youngblood) be compelled to answer all questions that he did not answer upon the misdirection of his counsel and that any non-responsive testimony by him be stricken from the record.  *Motion* [#92] at 9-10.  Plaintiffs did not ask for monetary sanctions against Defendant Kennedy.  Rather, Plaintiffs only sought monetary sanctions in connection with the deposition of Defendant Youngblood. *See Motion* [#92] at 9 (discussing Defendant Youngblood's deposition and then stating that, "[d]ue to the severity of the offenses by counsel, Plaintiffs request reimbursement for costs and fees related to the preparation for and attendance to the *deposition*." (emphasis added)).  Under these circumstances, in the absence of a clear request in the

4

Motion [#92], the Court is not inclined to award any monetary sanctions against Defendants' counsel in connection with the deposition of Defendant Kennedy.

Regarding non-monetary sanctions, Plaintiffs direct the Court's attention to the following portions of Defendant Kennedy's deposition: (1) speaking/improper objection: 11:10-21, 218:17; (2) impeding deposition: 15:17-18:5; (3) unanswered questions: none; and (4) nonresponsive testimony to be stricken: 236:4-239:8.  *Supp.* [#106] at 6.

The majority of Defendant Kennedy's argument in the Response [#108] concerns whether monetary sanctions should be imposed or whether the alleged improper conduct was actually improper.  He offers no argument whatsoever as to why the cited portion of his deposition transcript should not be stricken on that basis.  On review of the deposition transcript, *see* [#107-3] at 236:4-239:8, and in the absence of any argument to the contrary, the Court finds that this portion of Defendant Kennedy's deposition should be stricken as nonresponsive.

Accordingly, the Motion [#92] is **denied** regarding monetary sanctions concerning Defendant Kennedy's deposition.  The Motion [#92] is **granted** regarding non-monetary sanctions concerning Defendant Kennedy's deposition, to the extent that the deposition testimony located at 236:4-239:8 is **stricken** as nonresponsive.

### C. Defendant Youngblood

In its prior Order [#104], the Court directed Plaintiffs to provide "a thorough explanation of how the amount sought was calculated."  *Order* [#104] at 18.  However, Defendant Youngblood has not provided sufficient detail regarding her request for monetary damages, including about the time she states that she spent for which she seeks reimbursement.  For example, she states that she spent 79 total hours preparing

for and attending Defendants Youngblood and Kennedy's depositions, but she does not specify how many hours related to the Youngblood deposition and how many hours related to the Kennedy deposition. *Supp.* [#106] at 5. In addition, she has not explained why she spent so many hours preparing for and attending Defendant Youngblood's deposition. The Court requires a more thorough explanation, including dated time entries reflecting precisely the work performed by Plaintiffs' counsel on each date and at each time.

In addition, there are significant drafting errors in the Supplement [#106] which must be corrected. For example, in the discussion of Defendant Youngblood's deposition, Plaintiffs request $26,403.75 "for misconduct at Mr. Goode's deposition." *Supp.* [#106] at 5. This may be a mere scrivener's error, but the Court cannot make such assumptions when determining the imposition of sanctions.

Finally, Plaintiffs have not explained why sanctions should be imposed covering the *entire* cost of Defendant Youngblood's deposition, as they appear to implicitly request in the Supplement [#106]. Such a request must be adequately explained before the Court will impose such a broad sanction.[2]

Accordingly, the Motion [#92] is **taken under advisement** regarding sanctions concerning Defendant Youngblood's deposition. Plaintiffs shall file a Second Supplement in Support of Plaintiffs' Motion for Sanctions **no later than June 23, 2023**. This Second Supplement shall address the issues raised by the Court above and must include all of the information required by D.C.COLO.LCivR 54.3 in connection with attorney fee

---

[2] The Court notes that none of the above-mentioned deficiencies/errors were addressed in the stricken Amended Supplement [#107].

requests. In the event that Plaintiffs fail to timely file the required information, the Court will decline to enter monetary sanctions regarding Defendant Youngblood's deposition.

**D.     Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Amended Supplement [#107] is **STRICKEN**.

IT IS FURTHER **ORDERED** that the portion of the Motion [#92] previously taken under advisement, *see Order* [#104] at 17, is **DENIED in part**, **GRANTED in part**, **and TAKEN UNDER ADVISEMENT in part**. The Motion [#92] is **denied** regarding sanctions concerning Mr. Goode's deposition and regarding monetary sanctions concerning Defendant Kennedy's deposition. The Motion [#92] is **granted** regarding non-monetary sanctions concerning Defendant Kennedy's deposition, as outlined above. The Motion [#92] is **taken under advisement** regarding sanctions concerning Defendant Youngblood's deposition.

IT IS FURTHER **ORDERED** that Plaintiffs shall submit a Second Supplement in Support of Plaintiffs' Motion for Sanctions **no later than June 23, 2023**, which provides the information outlined above concerning Defendant Youngblood's deposition.

Dated: June 9, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge