IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                                                Defendants.

---

**SECOND SUPPLEMENT IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS**

---

**COME NOW,** Mr. James Corey Goode and Goode Enterprise Solutions, Inc. (collectively, "Plaintiffs") and by and through their undersigned counsel, file their Second Supplement in Support of their Motion for Sanctions [#92] (the "Motion") in response to this Court's order granting sanctions against counsel for Defendants' misconduct during depositions [#109].

## I. Summary of Supplement

Plaintiffs request monetary sanctions in the amount of $13,422.21. This Court has broad discretion to impose sanctions, including monetary sanctions, for improper conduct during litigation. Sanctions may be awarded under various rules and statutes, as well as the court's inherent authority. The examples provided in the Motion and Supplement of the misconduct by counsel for Defendants shows complete disrespect to the Parties and this Court. The amount and extent of improper objections, instructions and various inappropriate colloquy completely derailed the deposition a multitude of times. If such conduct happened at trial, it would surely be grounds for a mistrial or, at least, contempt proceedings and surely sanctions. A deposition should proceed as questioning should at trial. The mockery that was made out of the Youngblood Deposition is grounds for all related costs to be awarded to Plaintiffs and would serve the ends of justice.

## II. Clarification of Sanctions Awarded in the May Order

This Court clarified in its June Order that it awarded monetary sanctions to Plaintiffs only for misconduct at Youngblood's deposition. Plaintiffs included several specific examples of misconduct by opposing counsel in their Motion and meant to seek sanctions for misconduct by counsel for Defendants at all three depositions. In its May Order, this Court found that "[d]efendants' counsel's conduct during the deposition was clearly sanctionable and that at sanctions are appropriate". [#104 at 16]. This Court requested five categories of information from Plaintiffs including a "[l]ist by page and line numbers of every instance of alleged improper conduct by defense counsel in every deposition where Plaintiffs allege such improper conduct occurred" and "[c]opies of every page of every deposition where such alleged improper conduct occurred attached as exhibits to the supplement" [*id*. at 17-18]. Plaintiffs interpreted "every deposition" to mean this Court requested information regarding misconduct by opposing counsel

in all of the depositions held in this case. Plaintiffs were not intending to impermissibly broaden the relief awarded and hereby tender the requested information related to counsel's fees in connection with the Youngblood deposition in their Second Supplement.

### III.     Relevant Background

The Parties to this lawsuit engaged in a discovery hearing in front of the Honorable Judge Mix on January 25, 2023. Plaintiffs filed a motion for sanctions on January 20, 2023 (the "Motion"). This Court granted sanctions to Plaintiffs in its Order on May 8th, 2023 [#104, the "May Order"] and requested additional briefing. Plaintiffs supplemented their briefing on May 22, 2023 [#106, the "Supplement"[1]]. This Court requested additional briefing on June 9, 2023 [#109] as to the relief requested by Plaintiffs. Plaintiffs hereby tender their second supplement and response to this Court's June 9th order (the "June Order").

### IV.     Attorney Fees Declaration

Attached Exhibit "A" is counsel's declaration in support of its request for attorney fees in accordance with D. C. COLO. L Civ R 54.3 and this Court's June Order. This is intended to accompany the Motion as support for an attorney-fee request under Local Rule 54.3, but should this Court require further briefing in the form of an additional Motion, Plaintiffs respectfully request leave to do so.

### V.     Deposition of Youngblood

Plaintiffs request monetary sanctions in the amount of $13,422.21 for all of the attorney fees and costs related solely to the Youngblood Deposition. Plaintiffs are requesting the full amount of fees related to the Youngblood Deposition due to the severity of the offenses that occurred.

---

[1] Undersigned counsel had several working drafts of the Supplement and its exhibits and mistakenly filed versions that were not finalized versions in order to make the filing deadline. Counsel appreciates this Court's consideration of the corrected Exhibit C to [#107] in its determination of this Motion.

Sanctions are meant to deter future conduct, and such and amount is an appropriate amount to deter such further conduct by Defendants' counsel from occurring. Counsel was uncooperative and combative during Youngblood's deposition, refused to test his client's microphone and caused the deposition to start forty minutes late, continuously interrupted his client and testified for her in addition to instructing her not to answer on improper grounds.

To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67, (1980), Fed. R. Civ. Proc. 30, 28 U.S.C. § 1927. Courts enjoy inherent powers that provide a basis for imposition of monetary sanctions on attorneys, including attorney's fees. *See Roadway Express*, 447 U.S. at 764-67; *Glass v. Pfeffer*, 657 F.2d 252, 257-58 (10th Cir. 1981), overruled in part on other grounds by *Cox v. Flood*, 683 F.2d 330 (10th Cir. 1982) (per curiam). This Court may award the full costs of the deposition. *See Maiteki v. Marten Transp., Ltd.*, No. 16-1298 (10th Cir. Mar. 28, 2017). The accepted practice of courts in this Circuit is to allow the costs of both videotaped and stenographic depositions, absent some good reason not to do so. *See Meredith v. Schreiner Transp., Inc.*, 814 F. Supp. 1004, 1006 (D. Kan. 1993), cited with approval in *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997) (holding cost of videotaped deposition is recoverable under § 1920).

Plaintiffs request a total of $10,440.00 for attorney hours billed for, and related to, the Youngblood Deposition. This includes 22.0 hours of work related solely to preparing for and attending the Youngblood Deposition. Plaintiffs further request one-third of the time spent on general matters related to the Defendants' depositions amounting to 31.2 hours—this would be 10.2 hours total. Plaintiffs request one-half of the time spent on matters related to only the

Youngblood and Kennedy depositions amounting to 5.1 hours—this would be 2.6 hours total. Plaintiffs request a total of $2,982.21 for costs for, and related to, the Youngblood deposition. The costs associated with the Youngblood deposition were $1,320.00 for the videographer fee and $1,662.21 for the court reporter fee. The bills for the videographer and court reporter are attached hereto as Exhibits "B" and "C" respectively. These fees are related to the misconduct by opposing counsel in impeding the flow of the deposition. As explained above, in the Motion and in the Supplement, counsels continued interruptions during the flow of the deposition made it impossible to continue a line of questioning for any reasonable period of time. This Court stated "[i]t is obvious from the examples provided that at least some of Defendants' counsel's objections/statements were legally incorrect and/or otherwise impermissible, such as when he coached the witness." [#104 at 16] Anything short of the full amount of costs related to the Youngblood Deposition would not appropriately compensate Plaintiffs because the flow of the deposition was nothing like an examination at trial. Certain lines of questioning were shut down by Defendants' counsel. The full amount of $13,422.21 is an appropriate sanction in this case.

   a. **Explanation of work performed and time entries**

As explained above, work entries were split into three categories: general preparation related to the depositions of Youngblood, Kennedy and Richards (Richards, via his counsel, informed Plaintiffs he would not appear for his deposition on October 10, 2023), preparation for Youngblood's and Kennedy's depositions (for time entries after Richards announced his intent to not appear for his deposition), and those solely related to the Youngblood Deposition. All three Defendants had—at the time—the same counsel and much of the scheduling matters were handled through counsel for the Parties, vendors and in discussions between Plaintiffs and their counsel on

a general basis. Time entries that delineated a Defendant other than Youngblood were parsed out and only entries related to the Youngblood Deposition were included.

All time entries were reasonable and necessary. Courts may use a three-to-one ration for deposition preparation. That is, three hours of preparation for each hour of deposition is appropriate. In cases as complex as the instant case, sometimes more is warranted. *BOOS v. PRISON HEALTH SERVICES*, CIVIL ACTION No. 01-2041-JAR, at *1 (D. Kan. Feb. 19, 2003) ("The Court therefore holds that 3.5 hours is a reasonable amount of time for Dr. Rumans to prepare for his deposition.") Counsel spent 22 hours of preparation for Ms. Youngblood's deposition, which is within this parameter.

b.  **General Time Entries**

Time entries generally related to the Depositions are included in the table below, and one-third of the amount of time spent is requested proportionate to the number of Defendants involved.

| Date | Task | Description | Hours | Amount |
|---|---|---|---|---|
| 10/04/2022 | Deposition preparation | Review of documents and testimony. Preparation of deposition materials. Scheduling matters. | 6.5 | $1,950.00 |
| 10/05/2022 | Deposition scheduling and arrangements | Deposition scheduling for Richards, Youngblood and Kennedy depositions. Confer with opposing counsel and client re same. IT testing. | 7.1 | $2,130.00 |
| 10/06/2022 | Deposition scheduling and arrangements | Conferral with C. Clark and L. Webb re depositions. Confer with clients re same. Correspondence with scheduling staff. Further review of documents. | 8.1 | $2,430.00 |
| 10/07/2022 | Deposition scheduling and arrangements | Conferral with L. Webb re deposition matters. Confer with C. Goode and S. Goode re various deposition and scheduling matters. Correspond with depo scheduling services. Review and compilation of potential produced documents. | 7.9 | $2,370.00 |
| 10/10/2022 | Confer with co counsel | Confer re upcoming depositions. | 1.6 | $480.00 |

c.  **Youngblood and Kennedy Time Entries**

Time entries related to both the Youngblood and Kennedy Depositions are included in the table below, and one-half of the amount of time spent is requested proportionate to the number of Defendants involved.

| 10/09/2022 | Drafting Document(s) | Drafting deposition outlines for Kennedy and Youngblood depositions. | 5.1 | $1,530.00 |

### d.  Youngblood-only Time Entries

Time entries related to only the Youngblood and Deposition are included in the table below, and the full amount of fees are requested.

| 10/10/2022 | Deposition preparation | Review of documents and production. Preparation of potential exhibits for Youngblood deposition. | 7.3 | $2,190.00 |
| 10/10/2022 | Drafting Document(s) | Drafting outline for Youngblood deposition. | 2.6 | $780.00 |
| 10/10/2022 | Correspond with vendor | Testing of software and conferral with vendor. | 1.1 | $330.00 |
| 10/12/2022 | Deposition | Deposition preparation and taking of Adrienne Youngblood. Transcription of notes and finalization with vendors. | 10.1 | $3,030.00 |
| 10/14/2022 | Correspond with vendor | Wrap-up deposition processing and provision of exhibits and other information. | 0.9 | $270.00 |

### VI.   Conclusion and Prayer

WHEREFORE, because Defendants' counsel have engaged in various forms of misconduct during the Youngblood Deposition, Plaintiffs respectfully request this Court award monetary sanctions in the amount of $13,422.21. Defendants' counsel made various improper objections and instructions to his clients and the above-requested sanction is an appropriate amount to be awarded to Plaintiffs.

Date: June 22nd, 2023.                                    Respectfully submitted,
                                                                                    /s Valerie A. Yanaros, Esq.

Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the District Court of Colorado
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      The below signed certifies that a copy of this document will be served via ECF on the following counsel for Defendants:

*/s Valerie A. Yanaros*
Valerie A. Yanaros

Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

and Defendant Richards via email at seckey@protonmail.com