Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711
Telephone: (619) 399-7700
Facsimile: (619) 819-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants
Leon Isaac Kennedy and Adrienne Youngblood

UNITED STATES DISTRICT COURT

OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY and ADRIENNE YOUNGBLOOD; <br><br> Defendants. | CASE NO. 1:20-CV-00947-DDD-KLM <br><br> **DEFENDANTS ADRIENNE YOUNGBLOOD AND LEON ISAAC KENNEDY'S OPPOSITION TO PLAINTIFFS' SECOND SUPPLEMENT IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS** |

Defendants Leon Isaac Kennedy and Adrienne Youngblood (hereinafter "Defendants") hereby submit this Opposition to Plaintiffs' Second Supplement in Support of Plaintiffs' Motion for Sanctions.

## I. FACTUAL BACKGROUND

On June 9, 2023 the Hon. Judge Mix issued an Order on Plaintiffs' Supplement to Motion for Sanctions, requesting that Plaintiffs file a Second Supplement in Support of Plaintiffs' Motion for Sanctions to explain why Plaintiffs sought $48,594.24 in attorney's fees and costs, and to include all of the information required by D.C.COLO.LCivR 54.3. The Court further ordered that if Plaintiffs failed to file this information, the Court would deny their request for monetary sanctions regarding Defendant Youngblood's deposition. Plaintiffs

thereafter filed a Second Supplement to their Motion for Sanctions on June 23, 2023 (#110). Defendants now file their Opposition to Plaintiffs' Second Supplement.

In their Second Supplement, Plaintiffs seek $13,422.21 in sanctions for the alleged improper conduct of Defendants' counsel at the deposition of Defendant Adrienne Youngblood. Plaintiffs' request should be denied because $13,422.21, in sum, is an outrageous amount of money to request for a single deposition, and because Plaintiffs did not include all of the information required by D.C.COLO.LCivR 54.3 in their Second Supplement, in violation of the Court's Order.

## II.     ARGUMENT

**A. Defendants' Counsel's Conduct Did Not Impede the Flow of Defendant Youngblood's Deposition.**

In their Second Supplement, Plaintiffs assert that $13,422.21—the entire cost of Defendant Youngblood's deposition (*apparently inclusive of prep time*)—is an appropriate amount of sanctions against Defendants' counsel. However, Plaintiffs' counsel fails to demonstrate why such a broad sanction is warranted.

Plaintiffs allege that Defendants' counsel's conduct "completely derailed the deposition a multitude of times." [#110]. To support this contention, they point to various instances of Defendant's counsel experiencing technology issues while trying to fix a microphone and objecting to questions that sought private and confidential information from Defendant Youngblood. [#106-2 at 5:14-8:5; 46:10-47:9; 114:17-117:6]. As explained in Defendants' Opposition to Plaintiffs' Supplement in Support of Motion for Sanctions, none of this conduct is improper and certainly is not grounds for sanctions. Technological issues are to be expected in this new era of Zoom depositions, and it is implausible to claim that sanctions are deserved for such a benign delay. Additionally, claiming that Defendants' counsel should be sanctioned for such objections as to questions that seek confidential information would offend the judicial process. Defendants' counsel's objections were executed in the best interest of his clients, in an attempt for zealous advocacy.

Furthermore, despite Plaintiffs' claim that Defendants' counsel "derailed the deposition," Plaintiffs' counsel admits that only four of her questions went unanswered. [#110; #106]. If Plaintiffs' counsel is only missing answers to four questions from the entire deposition, her contention that the deposition was completely derailed is nothing more than a deceptive attempt to mislead the court into awarding more sanctions than are appropriate. Instead of requesting that Defendant Youngblood answer the four remaining questions, Plaintiffs' counsel has instead decided to ask for $13,422.21 in monetary sanctions - the award of which would be a subversion of justice comparable to the "harm" incurred.

A review of the record exposes similar accounts for the rest of Plaintiffs' counsel's grievances. The vast majority of Plaintiffs' complaints lodged against Defendants' counsel are exaggerated, misrepresented, or permissible within the scope of depositions. In conclusion, Plaintiffs' counsel has still failed to explain exactly how Defendant's counsel impeded the flow of Defendant Youngblood's deposition such that $13,422.21 in sanctions is warranted. Thus, this Court should decline to enter monetary sanctions against Defendants' counsel.

**B. Plaintiffs' Counsel Still Has Not Provided Sufficient Detail Regarding Her Request for Monetary Damages.**

Even if this Court agrees with some of Plaintiffs' allegations regarding Defendants' counsel's conduct at Defendant Youngblood's deposition, the amount that Plaintiffs now seek in sanctions is entirely improper and outrageous. Plaintiffs seek a staggering $13,422.21 in monetary sanctions for alleged improper conduct at Defendant Youngblood's deposition. In its June 9th Order, this Court acknowledged the enormity of this amount and ordered Plaintiffs to provide "a more thorough explanation [of the work spent preparing for Defendant Youngblood's deposition], including dated time entries reflecting precisely the work performed by Plaintiffs' counsel on each date and at each time." [#109 at 5]. Additionally, the Court ordered that Plaintiff include all of the information required by D.C.COLO.LCivR 54.3 or it would decline to enter monetary sanctions. However, Plaintiffs' counsel failed to provide such precise entries and required information in her Second Supplement, leaving Defendants'

counsel puzzled as to the contention that $13,422.21 is an appropriate amount of sanctions for the alleged conduct.

First, this Court ordered Plaintiffs' counsel to specify how many hours Plaintiffs' counsel spent preparing for Defendant Youngblood's deposition as opposed to preparing for Defendant Kennedy's deposition. Rather than identifying and separating time spent preparing for Defendant Youngblood's deposition, Plaintiffs' counsel elected to provide group billings concerning three (3) depositions. To calculate the requested sanctions, Plaintiffs' counsel divided the time block-billed between the three Defendants equally. Since it is highly unlikely that Plaintiffs' counsel spent exactly the same amount of time preparing for each of the three Defendants' depositions, the requested $13,422.21 is no more than an estimate of Plaintiffs' counsel's time. Furthermore, the billing entries that Plaintiffs' counsel provided do not specify with enough detail exactly the work performed to justify such an outrageous cost. Instead, Plaintiffs' counsel billed in blocks of six, seven, and eight hours for multiple tasks as vague as "Scheduling matters" and "Conferrals." Nowhere does Plaintiffs' counsel provide a detailed and itemized bill to justify $13,422.21 in sanctions. Given that this Court requested "precisely the work performed by Plaintiffs' counsel on each date and at each time," it would be wholly inappropriate to allow Plaintiffs' counsel to recover such an imprecise estimate of attorney's fees and costs without adhering to the Court's Order to provide sufficient detail regarding her request for monetary damages.

Additionally, the Court ordered Plaintiffs' counsel to adhere to the requirements of D.C.COLO.LCivR 54.3, which include "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." D.C.COLO.LCivR 54.3. However, as described previously, Plaintiffs' **Second** Supplement fails to include a detailed description of the services rendered. Instead, Plaintiffs' counsel's time entries border on block billing, with Plaintiffs' counsel billing for large chunks of time with just a few lines of text as justification. Furthermore, Plaintiffs' counsel fails to include her hourly rate, which is also required by D.C.COLO.LCivR 54.3. As a result, Plaintiffs' Second Supplement is missing two of the four requirements of D.C.COLO.LCivR 54.3. Thus, the

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SECOND SUPPLEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

- 4 -

Court should decline to enter monetary sanctions regarding Defendant Youngblood's deposition.

### C. Plaintiff's Counsel Still Has Not Sufficiently Explained Why Sanctions Should Be Imposed Covering the Entire Cost of Defendant Youngblood's Deposition.

Plaintiffs' counsel has repeatedly insisted that she be awarded sanctions to cover the entire cost of Defendant Youngblood's deposition, yet she provides little legal basis for this assertion. Plaintiffs' counsel's only legal basis for claiming the full cost of the deposition comes from a case in which the court awarded full costs because that counsel did not challenge "the reasonableness of the claimed hours or rates," a situation that is drastically different from the present case. *Maiteki v. Marten Transp., Ltd.,* No. 16-1298 (10th Cir. Mar. 28, 2017). Here, Defendants' counsel has persistently challenged the reasonableness of Plaintiffs' claimed costs.

Additionally, Plaintiffs' counsel admits that only four of her questions went unanswered during Defendant Youngblood's deposition and that only close to two hours were wasted due to Defendants' counsel's conduct at depositions [#92], in stark contrast to the 34.8 hours they now request reimbursement for. The alleged improper conduct only interfered with four questions and less than two hours of deposition time – why would reimbursement of all time spent on the deposition be appropriate for a monetary sanction given this admission? Further, the objections made by Defendants' counsel did not prejudice Plaintiffs' counsel's ability to ask questions at the deposition. Even if this Court agrees with Plaintiffs' counsel as to the alleged improper conduct, appropriate sanctions should be confined to the four unanswered questions and the two hours of supposedly lost deposition time. An amount of sanctions covering the entire cost of the deposition is inappropriate because the vast majority of the fees and expenses would have been incurred no matter what objections Defendants' counsel made at the deposition.

In sum, Plaintiffs' counsel has failed to adequately explain why Defendants' counsel should be sanctioned for the entire amount of Defendant Youngblood's deposition. There is little, if any, legal basis to support sanctioning Defendants' counsel for the entire cost of the deposition, and doing so would not promote justice because the requested sanction simply does not represent reasonable expenses or fees related to the alleged disruption of the deposition.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SECOND SUPPLEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

- 5 -

Thus, this Court should decline to sanction Defendants' counsel for the requested amount of sanctions.

### III. CONCLUSION

Defendants, and their counsel's, actions remain within the permissible scope of deposition conduct and objections. By contrast, in their **second** attempt to supplement their underlying motion, Plaintiffs and their counsel have failed to fully comply with the Court's orders and fall short of justifying their demand for $13,422.21 in sanctions. Defendants have complied with the Court's orders in this matter and respectfully request this Court deny the Plaintiffs' request for monetary sanctions.

Dated: June 30, 2023                                    **WEBB LAW GROUP, APC**

By: /s/ Lenden F. Webb
    Lenden F. Webb
    Christian B. Clark
    WEBB LAW GROUP, APC
    466 W. Fallbrook Avenue, Suite 102
    Fresno, CA 93711
    Telephone: (619) 399-7700
    FAX: (619) 819-4500
    Email: LWebb@WebbLawGroup.com
    Email: CClark@WebbLawGroup.com
    Attorneys for Defendants Leon Isaac
    Kennedy and Adrienne Youngblood

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SECOND SUPPLEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

- 6 -

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my primary business address is: **466 W. Fallbrook Avenue, Suite 102, Fresno, California 93711.** My e-mail address is **Service@WebbLawGroup.com**.

On **June 30, 2023** I caused the service of document(s) described as:

1. **DEFENDANTS ADRIENNE YOUNGBLOOD AND LEON ISAAC KENNEDY'S OPPOSITION TO PLAINTIFFS' SECOND SUPPLEMENT IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at: San Diego, California, addressed as follows:

| | |
|---|---|
| Valerie Yanaros, Esq. | Mr. Roger Richards Ramsaur |
| Yanaros Law, P.C. | 1928 NE 40th Avenue |
| 8300 Douglas Avenue Suite 800 | Portland, OR 97212 |
| Dallas, Texas 75225 | *Telephone*: (323) 376-8705 |
| *Telephone:* (619) 238-1010 | *Email: Seckey@ProtonMail.com* |
| *Facsimile:* (619) 238-1981 | *Defendant* |
| *Email:* Valerie@YanarosLaw.com | |
| *Email:* Admin@YanarosLaw.com | |
| *Attorney for James Corey Goode and Goode Enterprise Solutions, Inc.* | |

_____ (BY MAIL) I am readily familiar with this business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the U.S. Postal Service on the date hereinabove in the ordinary course of business, at San Diego, California.

 XX  (BY E-MAIL) I caused the above-referenced document(s) to be electronically mailed to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **June 30, 2023**, at San Diego, California.

 XX  (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
NICOLE S. SCHUSSMAN

**WEBB LAW GROUP, APC**
10509 Vista Sorrento Pkwy, Suite 450
San Diego, California 92121