IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00947-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiff,

v.

ROGER RICHARDS RAMSAUR,
LEON ISAAC KENNEDY,
ADRIENNE YOUNGBLOOD,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Sanctions** [#92] (the "Motion"). Defendants Leon Isaac Kennedy ("Kennedy") and Adrienne Youngblood ("Youngblood") filed a Response [#99] in opposition to the Motion [#92], and Plaintiffs filed a Reply [#102]. On May 8, 2023, the Court issued an Order [#104] which denied the Motion in part, granted it in part, and took it under advisement in part. In accordance with that Order [#104], Plaintiffs filed a Supplement [#106], to which Defendants Kennedy and Youngblood filed a Response [#108]. The Court then issued a second Order [#109] which denied in part, granted in part, and took under advisement in part the portion of the Motion [#92] which had been taken under advisement. The Court also ordered an additional supplement to be filed, which Plaintiffs filed, *see* [#110], and to which Defendants Kennedy and Youngblood filed a Response [#111].

1

This third Order addresses the portion of the Motion [#92] taken under advisement by the second Order [#109], which concerned the amount and type of sanctions to be awarded solely in connection with Defendant Youngblood's deposition.  *Order* [#109] at 7.  In relevant part, the Court stated the following in the second Order [#109]:

> In its prior Order [#104], the Court directed Plaintiffs to provide "a thorough explanation of how the amount sought was calculated."  *Order* [#104] at 18.  However, [Plaintiffs' counsel] has not provided sufficient detail regarding her request for monetary damages, including about the time she states that she spent for which she seeks reimbursement.  For example, she states that she spent 79 total hours preparing for and attending Defendants Youngblood and Kennedy's depositions, but she does not specify how many hours related to the Youngblood deposition and how many hours related to the Kennedy deposition.  *Supp.* [#106] at 5.  In addition, she has not explained why she spent so many hours preparing for and attending Defendant Youngblood's deposition.  The Court requires a more thorough explanation, including dated time entries reflecting precisely the work performed by Plaintiffs' counsel on each date and at each time.
>
> In addition, there are significant drafting errors in the Supplement [#106] which must be corrected. For example, in the discussion of Defendant Youngblood's deposition, Plaintiffs request $26,403.75 "for misconduct at Mr. Goode's deposition."  *Supp.* [#106] at 5.  This may be a mere scrivener's error, but the Court cannot make such assumptions when determining the imposition of sanctions.
>
> Finally, Plaintiffs have not explained why sanctions should be imposed covering the entire cost of Defendant Youngblood's deposition, as they appear to implicitly request in the Supplement [#106].  Such a request must be adequately explained before the Court will impose such a broad sanction.
>
> Accordingly, the Motion [#92] is taken under advisement regarding sanctions concerning Defendant Youngblood's deposition.  Plaintiffs shall file a Second Supplement in Support of Plaintiffs' Motion for Sanctions no later than June 23, 2023.  This Second Supplement shall address the issues raised by the Court above and must include all of the information required by D.C.COLO.LCivR 54.3 in connection with attorney fee requests.  In the event that Plaintiffs fail to timely file the required information, the Court will decline to enter monetary sanctions regarding Defendant Youngblood's deposition.

*Order* [#109] at 5-7 (footnote omitted).  Plaintiffs timely filed their second Supplement [#110].  Having reviewed the second Supplement [#110] provided by Plaintiffs in response to the Order [#109], and Defendants' Response [#111] thereto, the Court makes the following rulings and further orders as to the portion of the Motion [#92] previously taken under advisement by Order [#109].

**A.     Non-monetary Sanctions**

Regarding non-monetary sanctions, Plaintiffs do not ask that any of Defendant Youngblood's testimony be stricken, but they do direct the Court's attention to the following questions which went unanswered during the deposition: (1) Defendant Youngblood's birthday: 29:12; (2) whether Defendant Youngblood owns her house in Oxnard: 46:6; (3) how often Defendant Youngblood and her husband talked about marijuana laws: 52:2; and (4) details of Defendant Richards' alleged surgery: 101:24. *Supp.* [#106] at 5.  Much of Defendant Youngblood's argument in the Response [#108] is inapplicable to determining the propriety of these questions, as most of that argument concerns whether monetary sanctions should be imposed or whether the alleged misconduct was actually improper.

Regarding Defendant Youngblood's birthday, the only objection on the record pertains to putting her birthday on the public record (despite the fact that the deposition was designated as confidential).  *See* [#106-2] at 29:12-30:20.  In the absence of any further specific argument, the Court will order Defendant Youngblood to provide a written response to this question, which, of course, is generally designated as confidential anyway in any court filings.  *See* Fed. R. Civ. P. 5.2(a)(2).

Regarding whether Defendant Youngblood owns her house, her counsel objected to the question, but only after she answered it.  *See* [#106-2] at 46:6-10.  Thus, any request to require Defendant Youngblood to answer this question is moot.

Regarding how often Defendant Youngblood and her husband talked about marijuana laws, Defendant Youngblood's counsel objected on the basis of "spousal marital privilege."  *See* [#106-2] at 2-11.  "The marital privilege as recognized in the federal courts has two aspects: the *testimonial privilege* which permits one spouse to decline to testify against the other during the marriage, and the marital *communications privilege* which either spouse may assert to prevent the other from testifying to confidential communications made during the marriage."  *United States v. Bahe*, 128 F.3d 1440, 1441-42 (10th Cir. 1997).  The parties have not provided any further briefing on this privilege and whether it was appropriately asserted during the deposition.  In the absence of such argument, and solely for purposes of resolving the present issue, the Court finds that the question is subject to the spousal privilege, and Defendant Youngblood need not answer it.

Regarding any details of Defendant Richards' alleged surgery which Defendant Youngblood may know, Defendant Youngblood already responded that she was not familiar with the details of any surgery.  *See* [#106-2] at 101:23-102:1.  She stated that she found out about the surgery "when he was letting all of us know, our lawyers included."  *Id.* at 102:2-5.  Plaintiffs' counsel then began to ask: "Do you know what kind of – " before Defendant Youngblood's attorney interrupted to object based on attorney-client communication.  *Id.* at 102:6-9.  As the question was not fully stated and hence put on the record, the Court is unable to determine whether a response would be subject to

4

the attorney-client privilege.  Further, in the absence of a complete question, the Court will not order Defendant Youngblood to provide an answer.  Thus, any request to require Defendant Youngblood to further respond to this line of questioning is denied.

Accordingly, the Motion [#92] is **granted** to the extent that Defendant Youngblood shall provide a written response to the question regarding her birthday.  *See* [#106-2] at 29:12-30:20.  The Motion [#92] is otherwise **denied** to the extent Plaintiffs seek non-monetary sanctions.

**B.      Monetary Sanctions**

Among other requirements, the Court ordered Plaintiffs to comply with D.C.COLO.LCivR 54.3 regarding the request for attorney fees.  *Order* [#109] at 6-7.  That Local Rule provides:

> (a) Motion Supported by Affidavit.  Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit.  (b) Content of Motion.  The motion shall include the following for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.

To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983).  *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002).  A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate.  *Hensley*, 641 U.S. at 433.  To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment.  *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted).  Once the Court determines the lodestar, it may "adjust the lodestar upward or

5

downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (overruled on other grounds by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Plaintiffs' attorney Valerie Ann Yanaros ("Yanaros") is a solo practitioner and attorney at Yanaros Law in Dallas, Texas. *Yanaros Decl.* [#110-1] ¶ 1. Among other achievements, she has been practicing law for eleven years, has taken cases through trial in New Jersey and Texas, and has argued cases in front of the Fifth Circuit Court of Appeals. *Id.* ¶ 2.

In the Response, Defendants point out that Ms. Yanaros fails to state the hourly rate she charges.  *See* [#111] at 4.  However, although Plaintiffs' counsel did not explicitly state her rate, it is clear from the billing entries she provides that she charges $300 per hour.  *See, e.g.*, *Supp.* [#110] at 7 (dividing the amount charged per billing entry by the number of hours expended per billing entry).  Thus, the Court is not inclined to deny the Motion [#92] solely based on a failure to explicitly state an hourly rate.

Having considered the complexity of the case and the expertise needed; the professional standing, reputation, ability, and experience of the attorney involved in this action; and the skill, time and labor involved, the Court finds that the $300 hourly rate charged by Plaintiffs' counsel is reasonable.  *See, e.g.*, *Porter v. BASF Corp.*, No. 19-cv-01352-KLM, 2021 WL 4426954, at *4 (D. Colo. Sept. 27, 2021) (approving a $300-per-hour rate billed by associate attorneys).

Plaintiffs' counsel seeks fees for 34.8 hours of billing time.  *Yanaros Decl.* [#110-1] ¶ 4.  Defendants argue that Plaintiffs failed to comply with the Court's prior Order [#109] by failing to provide specific enough information regarding billing entries.  *Response* [#111] at 4.  The Court finds that the entries are specific enough for the following reasons.  First, Plaintiffs provide three groups of billing entries relating to depositions: (1) billing entries for time spent relating to all three Defendants[1]; (2) billing entries for time spent relating to Defendants Youngblood and Kennedy only; and (3) billing entries for time spent relating to Defendant Youngblood only.  *Supp.* [#110] at 6-7.  For the first category, she requests fees for one-third of the time billed, and, for the second category, one-half of the time billed.  *Id.*  Although Defendants argue that "it is highly unlikely that Plaintiffs' counsel

---

[1] Defendants' counsel previously also represented Defendant Roger Richards Ramsaur before being allowed to withdraw.

7

spent exactly the same amount of time preparing for each" of the depositions, *see Response* [#111] at 4, the Court finds that Plaintiffs' method of estimating the time spent solely on Defendant Youngblood's deposition is reasonable.  There is no requirement that an attorney create billing records separate out each minute spent on each client when multiple clients are represented, particularly where some time spent benefits more than one client.  Plaintiffs' decision to request one-third of her billing time where that time was spent on three clients and one-half of her billing time where that time was spent on two clients is eminently reasonable.

Next, Defendants argue that the billing entry descriptions are too broad.  *Response* [#111] at 4.  The Court disagrees.  Although some of the descriptions are more generic than others, Plaintiffs' counsel has adequately described the amount of time spent on each activity.  For example, on October 4, 2022, Plaintiffs' counsel spent 6.5 hours in "deposition preparation" for all three Defendants as follows: "Review of documents testimony.  Preparation of deposition materials.  Scheduling matters."  *Supp.* [#110] at 6.  On October 9, 2022, Plaintiffs' counsel spent 5.1 hours "drafting document(s)" for Defendants Kennedy and Youngblood as follows: "Drafting deposition outlines for Kennedy and Youngblood depositions."  *Id.* at 7.  On October 10, 2022, Plaintiffs' counsel spent 7.3 hours in "deposition preparation" for Defendant Youngblood as follows: "Review of documents and production.  Preparation of potential exhibits for Youngblood deposition."  *Id.*  These and the other entries provided by Plaintiffs and reviewed by the Court are specific enough such that the Court is not inclined to deny the Motion [#92] on this basis.  The Court has reviewed the billing records provided by counsel, and, although some *may* be on the higher end, finds the hours to have been reasonably expended.

Multiplying Ms. Yanaros's hourly billing rate by the hours expended results in $10,440.00 in requested fees, meaning that the lodestar is $10,440.00. The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute).

Here, the Court has considered a wide variety of factors in determining the amount of an award to Plaintiffs, including, but not limited to, the history and timing of the various events underlying this dispute and a thorough review of the portions of Defendant Youngblood's deposition to which Plaintiffs have directed the Court's attention. *See* [#106-2]. Specifically, Plaintiffs point to the following issues regarding Defendants' counsel's behavior during the deposition: (1) combative/argumentative: 5:14-8:6, 29:14-31:4, 46:10-47:9, 118:15-119:7; (2) testifying for client/coaching witness: 10:8-11, 17:1-19:3, 21:21-22:5, 67:10, 74:13-75:2; (3) impeding flow: 47:19-48:21, 114:17-117:6, 152:17-166:7; and (4) improper objection: 52:2-11, 57:19-20, 102:2-24. *Supp.* [#106] at 6 (citing [#106-2]). As discussed in the Court's first Order [#104]: "Defendants' counsel's conduct during the deposition is clearly sanctionable and . . . sanctions are appropriate. It is obvious from the examples provided that at least some of Defendants' counsel's objections/statements were legally incorrect and/or otherwise impermissible, such as when he coached the witness." *Order* [#1-4] at 16. However, not every cited section

consists of clearly improper conduct, and, based on the Court's overall assessment of the counsel's conduct at the deposition and on the undersigned's many years of combined private and judicial experience, the Court finds that the lodestar of $10,440.00 should be reduced by one-third, leaving a total award of $6,690.00 in reasonable attorney fees.

In addition, Plaintiffs ask for a total of $2,982.21 in costs relating to Defendant Youngblood's deposition, consisting of $1,320.00 for the videographer fee and $1,662.21 for the court reporter fee.  *See* [#110-2, #110-3].  However, in the absence of any argument that the deposition testimony was rendered useless by Defendants' counsel's behavior, the Court is not inclined to require Defendants or their counsel to pay Plaintiffs' costs of taking the deposition.

**C.     Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that the portion of the Motion [#92] previously taken under advisement, *see Order* [#109] at 7, is **GRANTED in part** and **DENIED in part**.  The Motion is **granted** to the extent that Defendant Youngblood shall respond in writing to the deposition question regarding her birthday **no later than July 25, 2023**.  The Motion is further **granted** to the extent that Plaintiffs are awarded $6,690.00 in attorney fees, payable **no later than August 8, 2023**.  The remainder of the Motion is otherwise **denied**.

Dated: July 18, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge