0
Lenden F. Webb (SBN 236377)
Christian B. Clark (SBN 330380)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711
Telephone: (619) 399-7700
Facsimile: (619) 819-4500
Email: LWebb@WebbLawGroup.com
Email CClark@WebbLawGroup.com

Attorneys for Defendants
Leon Isaac Kennedy and Adrienne Youngblood

**UNITED STATES DISTRICT COURT**

**OF COLORADO**

| | |
|---|---|
| JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY and ADRIENNE YOUNGBLOOD; <br><br> Defendants. | CASE NO. 1:20-CV-00947-DDD-KLM <br><br> **DEFENDANTS ADRIENNE YOUNGBLOOD AND LEON ISAAC KENNEDY'S BRIEF IN OPPOSITION TO THE IMPOSITION OF MONETARY SANCTIONS AND DISCLOSURE OF DEFENDANT YOUNGBLOOD'S DATE OF BIRTH** |

Defendants Leon Isaac Kennedy and Adrienne Youngblood (hereinafter "Defendants") hereby submit this Brief in Opposition to the Imposition of Monetary Sanctions and Disclosure of Defendant Youngblood's date of birth.

## I.   FACTUAL BACKGROUND

On January 20, 2023, Plaintiffs filed a Motion to Compel and for Sanctions in response to Defendants' redacted release of Plaintiff Goode's deposition video and alleged misconduct by Defendants' counsel during Defendant Youngblood's deposition. Subsequently, Plaintiffs released Defendants' unredacted deposition videos on YouTube [see #108, Ex. 1], which made third persons' and the parties' private, personal information posted on a public site.

---

**DEFENDANTS ADRIENNE YOUNGBLOOD AND LEON ISAAC KENNEDY'S BRIEF IN OPPOSITION OF THE IMPOSITION OF MONETARY SANCTIONS AND DISCLOSURE OF DEFENDANT YOUNGBLOOD'S DATE OF BIRTH**

- 1 -

On May 20, 2023 and June 9, 2023, the Hon. Judge Mix ordered Plaintiffs to file a supplements to their Motion to Compel and for Sanctions because the previous moving papers were deficient. On July 18, 2023, the Hon. Judge Mix issued an order awarding Plaintiffs $6,690 in monetary sanctions and requesting that Defendant Youngblood provide her date of birth, "absent any further specific argument from Defendants." [#112 at 3]. Based thereon, Defendants now respectfully file this concise Brief in Opposition to the Imposition of Monetary Sanctions and Disclosure of Defendant Youngblood's date of birth.

## II.   ARGUMENT

### A. Defendants' Counsel Is Concerned After Plaintiffs' Track Record That They Will Not Keep Defendant Youngblood's Personal Information Private.

Defendants' counsel remains wary of disclosing Defendant Youngblood's private information because Plaintiffs' counsel previously released her personal information ***without even notifying Defendants' counsel that her deposition was being recorded.***

In their release of Defendants' deposition videos, Plaintiffs failed to redact Defendants' private, confidential information— ***in direct violation of the Court's Protective Order***— thereby broadcasting such information to any person who happens to conduct a quick Google search on Defendants [#48]. This is in stark contrast to Defendants' release of Plaintiff's deposition, which was fully redacted to protect Plaintiffs' personal and confidential information. Given that Plaintiffs have shown little regard for Defendants' confidential information in the past, Defendants' counsel is wary of providing Plaintiffs with more of Defendants' private information and is concerned that such information will once again make its way into the public sphere.

In conclusion, although both Plaintiffs and Defendants released deposition videos, Defendants did so following the specific terms of the Protective Order with care and proper redactions, while Plaintiffs took no such protective steps. Plaintiffs' Notice of Taking Deposition did not even disclose that Defendant Youngblood's deposition was to be recorded. To the extent that Defendants' release of the deposition video has affected the imposition of monetary sanctions, Defendants respectfully ask the court to reconsider in light of these facts.

**DEFENDANTS ADRIENNE YOUNGBLOOD AND LEON ISAAC KENNEDY'S BRIEF IN OPPOSITION OF THE IMPOSITION OF MONETARY SANCTIONS AND DISCLOSURE OF DEFENDANT YOUNGBLOOD'S DATE OF BIRTH**

**B. The Amount of Monetary Sanctions Should Be Apportioned to Consider Defendants' Defense Against Plaintiffs' Motion for Sanctions and Multiple Supplements.**

In its July 18, 2023 order, the Court granted in part and denied in part Plaintiffs' Motion to Compel and for Sanctions. The Federal Rules of Civil Procedure state that when a discovery motion is denied in part and granted in part, the Court may "apportion the reasonable expenses for the motion" amongst the parties. Fed. R. Civ. P. 37(a)(5)(C).

The Court has awarded Plaintiffs nearly $6,700 in attorney's fees, despite that Defendants prevailed on the majority of issues outlined in Plaintiffs' original Motion to Compel and for Sanctions. Indeed, the only question from Defendant Youngblood's deposition that the Court ordered to be answered was that of Ms. Youngblood's birthday. Given that the Court ruled against Plaintiffs as to every other unanswered question, Defendants respectfully request that the Court consider Defendants' costs in defending against Plaintiffs' allegations.

Even if the Court does not apportion costs to Defendants for prevailing on the majority of issues in the Motion to Compel and for Sanctions, Defendants ask that the Court consider Defendants' costs to defend against Plaintiffs' multiple failed attempts to correctly explain or define the alleged misconduct and appropriate fees.

First, Defendants opposed Plaintiffs' original Motion to Compel and for Sanctions. In its May 8, 2023 order, the Court stated that Plaintiffs' original Motion to Compel and for Sanctions was deficient because it was "too unspecific for the Court to grant at this time," and requested that Plaintiffs file a Supplement with more information regarding "how the amount sought was calculated." [#104].

Second, Defendants opposed Plaintiffs' Supplement to Motion for Sanctions. In its June 9, 2023 order, the Court again pointed to "significant drafting errors in the Supplement," including Plaintiffs' failure to explain how the amount sought was calculated—which the Court had requested in its previous order—and directed Plaintiffs to once again attempt to fix their Motion for Sanctions. Additionally, Plaintiffs attempted to impermissibly broaden the scope for sanctions, forcing Defendants to defend against alleged misconduct from all three depositions

WEBB LAW GROUP, APC
466 W. Fallbrook Avenue, Suite 102
Fresno, California 93711

rather than just Defendant Youngblood's deposition. Once again, Defendants were forced to defend against a deficient Supplement.

Finally, Defendants opposed Plaintiffs' Second Supplement to Motion for Sanctions, which was filed five months after Plaintiffs' original Motion to Compel and for Sanctions.

Now, Defendants are faced with having to pay fees and costs for defending against (1) Plaintiffs' Motion to Compel and for Sanctions, (2) Plaintiff's Supplement to Motion to Compel and for Sanctions, and (3) Plaintiff's Second Supplement to Motion to Compel and for Sanctions.

Plaintiffs have likely spent more than $6,690.00 in drafting the numerous versions of their Motion to Compel and for Sanctions and have also expended the time and money of Defendants and Defendants' counsel. Had Plaintiffs simply followed this Court's rules, only one motion and opposition would have needed to be filed. Defendants respectfully request that this Court to take such information under consideration in its apportionment of sanctions.

### III. CONCLUSION

In summary, Defendants respectfully request that the Court withdraw its request that Defendant Youngblood disclose her birthdate due to concerns arising from Plaintiffs' prior disclosure of Defendants' personal information. Although this information is confidential on paper, Plaintiffs have showed a lack of regard for such privacy when they failed to redact Defendants' deposition videos prior to disclosure. Additionally, Defendants respectfully request the Court reconsider the amount of monetary sanctions awarded to Plaintiffs, given that the demonstrated harm was one unanswered question of limited relevance, and Defendants have already spent considerable resources defending against Plaintiffs' multiple deficient moving papers. Defendants have complied with the Court's orders in this matter and entreat the Court to reduce or eliminate the amount of monetary sanctions awarded against Defendants' counsel.

Dated: July 27, 2023                                **WEBB LAW GROUP, APC**


                                                    By: /s/ Lenden F. Webb
                                                    Lenden F. Webb

---

**DEFENDANTS ADRIENNE YOUNGBLOOD AND LEON ISAAC KENNEDY'S BRIEF IN OPPOSITION OF THE IMPOSITION OF MONETARY SANCTIONS AND DISCLOSURE OF DEFENDANT YOUNGBLOOD'S DATE OF BIRTH**

Christian B. Clark
WEBB LAW GROUP, APC
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711
Telephone: (619) 399-7700
FAX: (619) 819-4500
Email: LWebb@WebbLawGroup.com
Email: CClark@WebbLawGroup.com
Attorneys for Defendants Leon Isaac Kennedy and Adrienne Youngblood

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEBB LAW GROUP, APC
466 W. Fallbrook Avenue, Suite 102
Fresno, California 93711

**DEFENDANTS ADRIENNE YOUNGBLOOD AND LEON ISAAC KENNEDY'S BRIEF IN OPPOSITION OF THE IMPOSITION OF MONETARY SANCTIONS AND DISCLOSURE OF DEFENDANT YOUNGBLOOD'S DATE OF BIRTH**

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my primary business address is: **466 W. Fallbrook Avenue, Suite 102, Fresno, California 93711.** My e-mail address is **Service@WebbLawGroup.com**.

On **July 27, 2023** I caused the service of document(s) described as:

1. **DEFENDANTS ADRIENNE YOUNGBLOOD AND LEON ISAAC KENNEDY'S BRIEF IN OPPOSITION TO THE IMPOSITION OF MONETARY SANCTIONS AND DISCLOSURE OF DEFENDANT YOUNGBLOOD'S DATE OF BIRTH**

on the interested parties in this action by emailing and/or placing a true copy thereof enclosed in a sealed envelope at: San Diego, California, addressed as follows:

| | |
|---|---|
| Valerie Yanaros, Esq.<br>Yanaros Law, P.C.<br>8300 Douglas Avenue Suite 800<br>Dallas, Texas 75225<br>*Telephone:* (619) 238-1010<br>*Facsimile:* (619) 238-1981<br>*Email:* Valerie@YanarosLaw.com<br>*Email:* Admin@YanarosLaw.com<br>*Attorney for James Corey Goode and Goode Enterprise Solutions, Inc.* | Mr. Roger Richards Ramsaur<br>1928 NE 40th Avenue<br>Portland, OR 97212<br>*Telephone*: (323) 376-8705<br>*Email: Seckey@ProtonMail.com*<br>*Defendant* |

_____ (BY MAIL) I am readily familiar with this business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the U.S. Postal Service on the date hereinabove in the ordinary course of business, at San Diego, California.

  XX   (BY E-MAIL) I caused the above-referenced document(s) to be electronically mailed to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **July 27, 2023**, at San Diego, California.

  XX   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
NICOLE S. SCHUSSMAN