**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-00947-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

      Plaintiffs,

v.

ROGER RICHARDS RAMSAUR;
LEON ISAAC KENNEDY; and
ADRIENNE YOUNGBLOOD,

      Defendants.

---

**ORDER GRANTING MOTION TO DISMISS BREACH-OF-CONTRACT CLAIM**

---

    Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. bring numerous claims against Defendants Roger Richards Ramsaur, Leon Isaac Kennedy, and Adrienne Youngblood. Doc. 32. The defendants move to dismiss the plaintiffs' breach-of-contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 34. For the following reasons, the motion is granted, and the plaintiffs' breach-of-contract claim is dismissed.

### BACKGROUND

    The following facts are taken from the operative complaint and are accepted as true when resolving the defendants' motion to dismiss.

    Plaintiff James Corey Goode "is an educational and motivational speaker, influencer, author and media figure . . . in the Conscious Community." Doc. 32 ¶ 2 & n.1. His company, Defendant Goode Enterprise

- 1 -

Solutions, Inc., "produces educational, spiritual, health and entertainment goods and services geared towards the Conscious Community." *Id.* ¶ 3. Mr. Goode is part of the "Disclosure" movement, which is "geared towards bringing to light covert, clandestine and possibly harmful groups and ideas that control and contort mainstream media as well as bringing to the mainstream research evidence of interstellar travel and/or extraterrestrial existence." *Id.* ¶ 19 & n.2. Mr. Goode began disclosing his experiences involving angelic beings and space travel on a show called "Cosmic Disclosure," which airs on the Gaia movie and television network. *Id.* ¶¶ 17-21. Mr. Goode formed a friendship with Defendant Roger Richards Ramsaur in 2016, and Mr. Richards began working as a writer for Cosmic Disclosure. *Id.* ¶¶ 24-28.

Mr. Goode and his wife formed a friendship with Defendant Adrienne Youngblood in 2017 and invested $15,000 in her farm, where she planned to grow hemp. *Id.* ¶¶ 84-86. Ms. Youngblood and Mr. Richards "withheld any info about the status of the crops" and then later told the Goodes that the entire crop had died of a disease. *Id.* ¶ 90. Ms. Youngblood never showed the Goodes any evidence that the crop was diseased and never returned the Goodes' investment. *Id.* ¶ 91.

Also in 2017, Mr. Goode and Ms. Youngblood began to plan an annual conference called "Dimensions of Disclosure," which they hosted in Colorado in 2018 and in California in 2019. *Id.* ¶¶ 88, 92. "Throughout their time working together on DoD, Goode and Youngblood entered into numerous written and verbal agreements together tied to DoD wherein Goode and Youngblood each held a fifty (50) percent interest in DoD as well as other agreements related to distributions of compensation received." *Id.* ¶ 89. The 2018 and 2019 conferences made close to $1M, but Mr. Goode has never received the compensation he is owed. *Id.* ¶¶ 93-95. Mr. Goode and Ms. Youngblood negotiated a settlement agreement

resolving their disputes, but Ms. Youngblood "renege[d] on the settlement at the very last minute." *Id.* ¶¶ 100-01.

In 2018, Mr. Goode decided not to renew his contract with Gaia, and he hired a media team, headed by Mr. Richards, to work on a graphic novel and two movies that Mr. Goode directed, produced, and starred in called Above Majestic and Cosmic Secret. *Id.* ¶¶ 28-29, 60-61. "Throughout their time working together, Goode and Richards entered into numerous written and verbal agreements together, wherein Richards agreed to perform certain duties or work for Goode and Goode either paid Richards in cash and/or ownership interest in various entities and/or projects." *Id.* ¶ 48-49. Mr. Richards and Defendant Leon Isaac Kennedy "were in charge of the management and control of certain projects and entities . . . for the benefit of Goode . . . [and] agreed to do so in exchange for valuable consideration such as pay, royalties and/or ownership interests." *Id.* ¶ 81.

Mr. Richards and Mr. Kennedy mishandled funds relating to the graphic novel, Above Majestic, and Cosmic Secret and embezzled funds for their own use, which they have refused to pay back. *Id.* ¶¶ 50-51, 69-74, 102-03, 113. Mr. Goode and his businesses have suffered reputational harm due to Mr. Richards's and Mr. Kennedy's mismanagement of the graphic novel project and the distribution of Above Majestic and Cosmic Secret. *Id.* ¶¶ 79-80, 82, 104-05, 112. Mr. Richards and Mr. Kennedy abruptly terminated their working relationship with Mr. Goode, and the graphic novel has not yet been finished. *Id.* ¶¶ 78-79. Since the parties' falling out and the termination of Mr. Goode's business relationships with the defendants, the defendants have defamed Mr. Goode, threatened him, attempted to extort money from him, and used his trademarks without authorization. *Id.* ¶¶ 51, 106-09, 114.

- 3 -

Mr. Goode and Goode Enterprise Solutions bring thirteen claims against the defendants, including claims for trademark infringement, unfair competition, defamation, breach of fiduciary duty, embezzlement, and breach of contract. Doc. 32 ¶¶ 116-202. The defendants seek to dismiss the breach-of-contract claim. Doc. 34. As to that claim, the plaintiffs allege as follows:

> Goode entered into contracts with Defendants governing the terms and conditions of their ongoing business relationships [with] each individual defendant as well as contracts with all or some of the Defendants.
>
> Defendants' contracts had various provisions that required Defendants to include Goode in business decisions, monetary disbursements, and to use good faith and fair dealing in their courses of conduct.
>
> Defendants breached those contracts by failing to adhere to those provisions relating to business decisions.
>
> Defendants further breached those contracts by failing to adhere to the compensation guidelines laid out in those contracts.
>
> Defendants further breached their contracts with Goode by acting in a manner contrary to the implied duty of good faith and fair dealing.
>
> Goode suffered damages as a result of Defendants' breaches of contract, in an amount to be proven at trial, together with restitution and disgorgement.

Doc. 32 ¶¶ 170-76.

## STANDARD OF REVIEW

When presented with a Rule 12(b)(6) motion, a district court must decide whether the facts alleged in the complaint, if true, would entitle the claimant to some legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007). The court must accept the alleged facts as true and view them in the light most favorable to the claimant. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the court need not accept as true conclusory allegations that are unsupported by factual averments. *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1159 (10th Cir. 2021). To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, accepted as true, allow the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

The defendants argue that the plaintiffs have not sufficiently alleged a breach-of-contract claim because the complaint does not include basic factual allegations regarding what contract or contracts are at issue, and what contractual provisions were allegedly breached by which defendant:

> [T]he Second Amended Complaint does not properly plead: (1) how many contracts exi[st]; (2) which contracts are written and which are oral; (3) the terms of the alleged contracts; (4) which of the Defendants were party to the contracts; (5) how the contracts were allegedly breached; [or] (6) how Plaintiff was damaged.

Doc. 40 at 2; *see generally* Doc. 34. In response, the plaintiffs argue that such specificity is not required at the pleading stage. *See* Doc. 39. The plaintiffs are incorrect.

A complaint must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). The nature and specificity of the allegations required to state a plausible claim will vary based on context. *Id.* The elements of each alleged cause of action may help to determine

- 5 -

whether the plaintiff has set forth a plausible claim. *Id.* In Colorado, a party claiming breach of contract must show: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Here, the plaintiffs' conclusory allegations that "numerous written and verbal agreements" exist, that the parties agreed to perform "certain duties" for "valuable consideration such as pay, royalties and/or ownership interests," and that the defendants breached those contracts "by failing to adhere to [contractual] provisions relating to business decisions . . . [and] compensation guidelines" are entirely too vague to place the defendants on notice of the basis of the breach-of-contract claims against them. *See* Doc. 32 ¶¶ 48, 81, 89, 171-73. A court need not accept such conclusory allegations "without supporting factual averments." *VDARE*, 11 F.4th at 1159. The plaintiffs' complaint does not include supporting factual averments identifying any specific contract or what specific contractual terms each defendant allegedly violated or failed to perform. And in the absence of such factual averments, the plaintiffs' complaint fails to nudge their breach-of-contract claim "across the line from conceivable to plausible." *Id.* at 1158; *see also, e.g.*, *Brightspot Sols., LLC v. A+ Prods., Inc.*, No. 20-cv-03335-MEH, 2021 WL 1251512, at *5 (D. Colo. Apr. 5, 2021) ("[T]he allegations as a whole show that the parties reached some agreement, but the terms are too indefinite to find that Plaintiff has plausibly alleged the existence, let alone breach of, a contract."); *Tan v. Det-CO, Inc.*, No. 17-cv-01678-NYW, 2018 WL 922133, at *9 to *10 (D. Colo. Feb. 15, 2018) (dismissing breach-of-contract claim where complaint did not sufficiently identify contract to which plaintiffs were a party or material terms of the agreement).

The plaintiffs' breach-of-contract claim must therefore be dismissed. And dismissal with prejudice is appropriate where, as here, the plaintiffs have amended their complaint twice previously, have not requested leave to amend further, and have not shown how they might cure the defects in the current complaint.[1] *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) (court does not err by not granting leave to amend where plaintiff has not requested it; plaintiffs should not wait for ruling on motion to dismiss before trying to cure possible defects; cases "are not to be litigated piecemeal," and "court should not have to address repeated 'improvements' to the complaint"); *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (court may deny leave to amend and dismiss claim with prejudice upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment").

---

[1] In their response to the defendants' motion, the plaintiffs identify "NDAs" as among the contracts that the defendants have allegedly breached. Doc. 39 at 4. But they do not identify, for example, the material terms of any such NDAs, or what confidential or proprietary information of Mr. Goode or Goode Enterprise Solutions any of the defendants has allegedly disclosed (or to whom) in violation of such an agreement. *See also* Doc. 32 ¶ 114 (alleging defendants have "disseminat[ed] confidential information they learned from working with Goode" to "various entities and individuals"). Even taking as true the new allegations raised in the plaintiffs' response brief, their complaint would still fail to state a breach-of-contract claim.

**CONCLUSION**

It is **ORDERED** that the Defendants' Motion to Dismiss, **Doc. 34**, is **GRANTED**, and the plaintiffs' breach-of-contract claim is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

DATED: September 30, 2023                BY THE COURT:

                                                          Daniel D. Domenico
                                                          United States District Judge