IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD-KAS

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                        Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

                        Defendants.

## JAMES COREY GOODE AND GOODE ENTERPRISE SOLUTIONS INC.'S REQUEST FOR ENTRY OF DEFAULT AGAINST ROGER RICHARDS/RAMSAUR

COME NOW James Corey Goode ("Mr. Goode"), and Goode Enterprise Solutions Inc. ("GES", both parties collectively referred to as the "Plaintiffs"), and for their Request for Clerk's Entry of Default against Defendant Roger Richards ("Richards") pursuant to this Court's order on October 17, 2023 (Doc. 121, the "Order"), and Federal Rule of Civil Procedure 55 and state the following:

1. Plaintiffs filed their Complaint against all three Defendants for various tort and contract claims on April 3, 2020 (Doc. 1). Counsel for all Parties (Richards was represented by counsel for Kennedy and Youngblood at the outset of the case) were engaged in negotiations and the Complaint was amended for the second time on September 29, 2020 (Doc. 32). All defendants filed a motion to dismiss on October 2, 2020 (Doc. 34).

1

2. The Parties engaged in discovery. Defendants Youngblood and Kennedy engaged in discovery and were deposed. Defendant avoided any involvement whatsoever with regard to his deposition and failed to appear for his deposition. Eventually, counsel withdrew from representation of Richards (Doc. 105). Since then, undersigned counsel has attempted contact Richards via phone and email on numerous occasions to reset his deposition. He has not responded and has ignored all of this Court's orders to update his contact information (Docs. 105, 114 [mail returned undeliverable to Richards], 118 [Richards ignored order by this Court to provide status report], 120 [Richards did not engage in providing status report], 123-124 [mail returned as undeliverable to Richards].

3. Defendant's deadline to answer to Second Amended Complaint was October 13, 2023. Defendant has not answered or otherwise responded to these claims.

4. This Court entered its Order on October 17, 2023 ordering Counter-plaintiffs to move for entry of a default against Defendant on their asserted claims (Doc. 117).

5. The court clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit. FED. R. CIV. P. 55(a).

6. The Plaintiffs submit herewith the Declaration of undersigned counsel as evidence that Defendant is neither an infant nor appears to be an incompetent person, in compliance with Fed. R. Civ. P. 55(b).

7. Before the clerk is required to enter a default, the party requesting such entry must file with the clerk a written request for entry of default, submit a proposed form of entry of default, and file any other materials required by Fed. R. Civ. P. 55(a).

8. Plaintiffs request the clerk enter default against Defendant Richards because he has not filed a responsive pleading within fourteen (14) days after service of the Complaint. *See* FED. R. CIV. P. 12(a)(4)(A). Defendants have not otherwise attempted to defend against the remaining claims in the Second Amended Complaint. *See* FED. R. CIV. P. 55. Further, Richards has failed to follow this Court's orders with regard to engaging in litigation.

9. Plaintiffs meet the requirements for obtaining an entry of default from the clerk as demonstrated by the Declaration of Valerie Yanaros attached hereto as Exhibit A and incorporated by reference for all purposes.

10. Plaintiffs are entitled to an entry of default as to Defendant because he did not answer or otherwise defend against the Claim.

11. Defendant Richards is not under the age of 21, incompetent, or active in the military services as evidenced by his participation in the instant suit. *See, e.g.,* 50 App. U.S.C. § 521(b)(1), FED. R. CIV. P. 55. This is supported by deposition testimony and allegations in the pleadings. Further, undersigned counsel has accessed the Servicemembers' Civil Relief Act database and appends proof Richards is not actively a servicemember

under either his name "Roger Richards" or "Roger Ramsaur".

12. Plaintiffs request attorneys fees and costs that are further set out in its forthcoming Motion in Support of the instant Request. The Lanham Act gives district courts the discretion to award attorney's fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a), *See Chevron Intellectual Property, LLC*, 2009 WL 2596610, at *3.

PRAYER

For these reasons, Plaintiffs respectfully request that the clerk enter a default as to Defendant Richards and grant it such other and further relief to which it may be justly entitled.

Respectfully Submitted on November 7, 2023:

*Valerie Yanaros*
VALERIE YANAROS
State Bar No. 24075628

Yanaros Law, P.C.
8300 Douglas Ave
Suite 800
Dallas, Texas 75225
(512) 826-7553
valerie@yanaroslaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties that have consented to electronic service via ECF on November 7, 2023.

*/s/ Valerie Yanaros*
Valerie Yanaros