IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00947-DDD-KAS

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

Plaintiffs,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD,

Defendants.

### JAMES COREY GOODE AND GOODE ENTERPRISE SOLUTIONS INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST ROGER RICHARDS/RAMSAUR

COME NOW James Corey Goode ("Mr. Goode"), and Goode Enterprise Solutions Inc. ("GES", both parties collectively referred to as the "Plaintiffs"), and for their Motion for Default Judgment against Defendant Roger Richards ("Richards" or "Defendant") request a hearing to determine the amount of damages and relief to be awarded to Plaintiffs. In the alternative, they seek the relief requested in the proposed form submitted herewith as Exhibit B. This Motion and proposed form of Default Judgment are supported by the Declaration of Corey Goode, attached hereto as Exhibit A. This motion is made pursuant to this Court's order entered on October 17, 2023 (Doc. 121, the "Order"), and Federal Rules 54(b), 54(c), and 58(d), Fed. R. Civ. P. and D. C. COLO. L Civ R 55.1.

Default was entered against Richards on October 8, 2023. (Doc. 127).

1

Plaintiffs seek a Default Judgment for financial restitution, punitive damages, injunctive relief, recovery of profits, damages, enhanced damages, costs, and attorney fees (*See* Docket 32, the "Complaint", at 15-16, 25-26, 27-29, 32-34, 36, 38, 49). on grounds (1) it is entitled to such relief as requested in the Complaint; and (2) default has been entered against Defendant for failure to answer or otherwise defend as to the claim asserted in this action.

## BACKGROUND

Plaintiffs filed their Complaint against Defendant for various tort and contract claims on April 3, 2020 (Doc. 1). Defendant, through his counsel at the time, filed a motion to dismiss on October 2, 2020 (Doc. 34).

All Parties engaged in discovery. The two defendants other than Richards engaged in discovery and were deposed. Defendant avoided any involvement whatsoever regarding his deposition and failed to appear for his deposition. Eventually, counsel withdrew from representation of Richards (Doc. 105). Since then, undersigned counsel has attempted contact Richards via phone and email on numerous occasions to reset his deposition. He has not responded and has ignored all this Court's orders to update his contact information (Docs. 105, 114 [mail returned undeliverable to Richards], 118 [Richards ignored order by this Court to provide status report], 120 [Richards did not engage in providing status report], 123-124 [mail returned as undeliverable to Richards].

Defendant's deadline to answer to Second Amended Complaint was October 13, 2023. Defendant has not answered or otherwise responded to these claims.

2

This Court entered its Order on October 17, 2023 ordering Counter-plaintiffs to move for entry of a default against Defendant on their asserted claims (Doc. 117). Plaintiffs moved for entry of default which was granted (Doc. 127).

## ARGUMENTS AND AUTHORITIES

Defendant has failed to answer or defend against Plaintiffs' Complaint and his deadline to do so has passed.

The facts asserted in the Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the complaint, Defendant has admitted the well-pleaded factual allegations therein and "[are] barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Defendant engaged in tortious activity amounting to federal trademark infringement, false designation of origin, and federal unfair competition (Complaint at 22-25). Additionally, Defendant took advantage of Mr. Goode's trusting nature, attempted to capitalize on his business and brand, and was involved in shoddy or fraudulent business practices (*Id.* at 7-8). Further, Defendant mismanaged funds, embezzled money, and misrepresented the contents of a contract (*Id.* at 14-17), as well as engaging in trademark counterfeiting, trademark and trade name infringement, unfair competition, breach of contract, slander, libel, and breach of fiduciary duty (*Id.* at 27-29, 33, 34, 36).

Plaintiffs seek various forms of relief including financial restitution, punitive damages, injunctive relief, recovery of profits, damages, enhanced damages, costs, and attorney fees (*Id*. at 15-16, 25-26, 27-29, 32-34, 36, 38, 49).

After an entry of default, a defendant cannot defend a claim on the merits. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *see also Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir.2002) ("[a] default judgment is unassailable on the merits."); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir.1990) ("[A] default judgment generally precludes a trial of the facts except as to damages.").

When a party has been wholly unresponsive, as Defendant has been here, "the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *Atchison, Topeka and Santa Fe Ry. Co. v. Matchmaker, Inc.*, 107 F.R.D. 63, 65 (D.Colo.1985), citing Jackson v. Beech, 636 F.2d 831, 836 (D.C.Cir.1980).

Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party" in order to avoid further delay and uncertainty as to the diligent party's rights. *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted)." This is the case here. Plaintiffs have not been able to move forward with various business undertakings due to Defendant's tortious acts. To make matters worse, Defendant

4

has not engaged in discovery nor settlement discussions. Judgment for damages by default against Defendant in an amount determined at a hearing are appropriate.

A hearing will be required for the Court to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Plaintiffs waive a jury for the damages hearing and anticipate the length of the hearing to be one hour and plan to present evidence of lost profits, compensatory, punitive, and nominal damages. Plaintiffs anticipate the damages to amount to over five million dollars (Exhibit A).

Plaintiffs request attorneys fees and costs in an amount to be determined at the requested hearing on this Motion. The Lanham Act gives district courts the discretion to award attorney's fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a), *See Chevron Intellectual Property, LLC*, 2009 WL 2596610, at *3. Similarly, treble damages may be awarded for willful conduct—which is applicable here. *RE/MAX, LLC v. Quality Living, LLC*, Civil Action No. 14-cv-02094 (D. Colo. Aug. 20, 2015).

## PRAYER

For these reasons, Plaintiffs respectfully request that this Court set a hearing to determine the amount of damages due to Defendant's actions and premised on his default. In the alternative, Plaintiffs request this Court award damages and relief as set out in the attached Exhibits A and B.

Respectfully Submitted on November 22, 2023:

*Valerie Yanaros*
VALERIE YANAROS
State Bar No. 24075628

Yanaros Law, P.C.
8300 Douglas Ave
Suite 800
Dallas, Texas 75225
(512) 826-7553
valerie@yanaroslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all parties that have consented to electronic service via ECF on November 22, 2023.

*/s/ Valerie Yanaros*
Valerie Yanaros

6