FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
12/21/2023
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-CV-00947-DDD-KLM

Judge: Hon. Daniel D. Domenico

Courtroom: A401

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiff,

v.

ROGER RICHARDS RAMSAUR, LEON ISAAC KENNEDY
and ADRIENNE YOUNGBLOOD.

Defendant(s).

## RESPONSE TO MOTION TO BE RELIEVED AS COUNSEL

To All Parties and their Attorneys of record:

Defendant Leon Isaac Kennedy ("Defendant Kennedy") responds to Defendants' counsel's Motion to be Relived as Counsel as follows:

Defendant Kennedy is not opposed to the Webb Law Group, APC ("Webb") being relieved as counsel; however, the reasons cited by

Webb are untrue, misrepresentative of the facts and detrimental and prejudicial to Defendant Kennedy, his case and him personally.

In addition to the details more specifically set forth on the attached Declaration of Leon Isaac Kennedy ("Kennedy Declaration") incorporated herein by this referenced, Defendant Kennedy has always paid his share of Webb's fees. In fact, Webb acknowledged to Defendant Kennedy that he has a credit balance on his account.

Moreover, it has been Webb that has not been responsive to Defendant Kennedy and has repeatedly ignored Defendant Kennedy's numerous requests for explanations and documentation.  In many instances, those requests were ignored or, Webb made demand for additional payments to simply answer basic questions, such as, "did we miss a deadline, as stated by opposing counsel?"

Defendant Kennedy was it to be absolutely clear and understood that, by not opposing the withdrawal of Webb for their purported unethical actions and legal malpractice, he is not waiving any and all actions, rights or remedies he may have in this instance.  Moreover, Defendant Kennedy is prepared to either seek new counsel to represent him in this matter or proceed in pro per, if necessary,


Respectfully submitted,


Leon Isaac Kennedy

## DECLARATION OF LEON ISAAC KENNEDY

I, LEON ISAAC KENNEDY, am a defendant in the case Civil Action No.: 1:20-CV-00947-DDD-KLM, and declare as follows in support of my response to the Motion to be Relieved as Counsel by Webb Law Group APC:

I do not owe Webb Law Group any monies. I have in writing from their accounting department that I actually have a reserve. Yet, I have been coerced into making other payments since the time of that accounting.

I have sent Lenden Webb monies even when I felt that the reasons were unjustified. For example, Webb demanded that I pay $1,900 toward his court ordered Sanctions. It is my understanding that Webb as the attorney was sanctioned for court related attorney misconduct. For the record, it was not my Deposition. I was not present for the Deposition in which he was sanctioned. I asked Webb, why was I being held responsible, and why are you demanding that I the client pay $1,900 toward your Sanctions? Although I felt it was unjustified, I paid the $1,900.

On November 15, 2023, I sent an email to Webb's office stating that it was brought to my attention that Goode's attorney, Yanaros, stated that our counterclaims had expired. This was very serious to me as a client. I wrote to Webb asking if Yanaros' statement was true? Webb wrote back to me stating, "Hi guys, these questions will take a good deal of explaining and time. Please make a deposit of another $5,000."

I wrote, "Certainly it does not take $5,000 of your law clerk's time to answer a simple, but to us vitally important question, are our counterclaims still valid or not? For the record, Webb never gave us the professional courtesy of answering that question.

The cases involving Goode vs. Gaia Inc. – Jay Weidner and Cliff High cases were all put into motion before our case was filed, yet none of these cases have gone into the time and expense of depositions and discovery even to this present day. Their attorneys requested and were granted to stay discovery pending until the Motion to Dismiss was ruled upon.

The Motion to Dismiss was not ruled upon until October 2023, yet Lenden Webb had us go through the more expensive and time-consuming route of Discovery and depositions back in September and October of 2022, which was an entire year prior to our Motion to Dismiss was ruled upon.

We had petitioned the court and were granted two depositions, Goode as an individual and the second deposition, Goode representing GES. These were set for September 26 and 27, 2022. At the end of the first day, Goode's attorney Yanaros simply announced that they were not returning for a second day of Depositions. Webb never challenged Yanaros by insisting on a new date for the GES Deposition. Webb subsequently, did not force Goode-GES to comply with Judge Mix's Discovery and Deposition Order.

Goode-GES non-compliance was not presented for attention to the court before the close of Discovery. We as clients were never informed that we would lose out on that vitally important Deposition. We were entitled to extremely important information and financial records to this case that were not given and testimony regarding Goode's actions that was never heard. Webb cannot claim lack of funds as an excuse,

because prior to the Depositions, I inquired as to their cost. Webb cited $15,000 for the Depositions, which I sent to him prior to the Deposition dates.

Webb and his firm never advised us that perhaps the fastest and least expensive way to bring resolution to our case would have been to request a Summary Judgment or at least a Partial Summary Judgment. This would have been far less expensive and time consuming than going to trial, which is the direction that Webb and his firm continuously tried to push us into, the expense of a trial. Webb also allowed the Summary Judgment window of opportunity to expire.

A court date had already been set for trial. It was ordered by the court that the attorneys set a mediation date, yet I have an email from Lenden Webb dated November 17, 2023, in which he stated to us that he would not even set a date until he was paid $5,000 toward the mediation expense. Later, I found that the mediation fee was not even due until April 2024 and that the cost was $2,200, so why was Webb demanding $5,000 in December 2023?

On October 2, 2023, we received a partial dismissal regarding our case. The court issued time sensitive Docket Minute Orders in which we had to perform and supply information according to their directives. However, Webb demanded that he be paid $3,500 before he would even move regarding these directives. After Webb received the $3,500, he then sent a directive stating, "I want $50,000 or I want to sub you out within these next 30 days, so starting on November 1st, you are on your own."

During that same two-week sensitive time period, the one attorney, Christian Clark who was most familiar with our case, was on vacation for those same two weeks in which we were to perform. We subsequently discovered that Webb was out of the country, therefore neither of the

firm's only 2 attorneys were available to work on our case during this time sensitive two weeks. I wrote to Webb on October 6, 2023, stating "Almost a full week has gone by, you still have not addressed the court's three directives. Item 1, How can you propose prospects for Settlement without first speaking with us? Do you have any strategies or suggestions? For Item 2, there has been no discussion with us regarding future court dates. We've had no counsel from you regarding trial strategies. As you know, I never wanted this case to go to trial. It's too expensive. However, if we are forced to do so, it seems we should go to trial as soon as possible. What are your thoughts? Regarding Item 3, we've had no suggestions from you regarding what other pertinent information you would deem valuable to bring to the court's attention that would help us with the rest of our case. After years of waiting and after $126,000 has been spent with you on this case, you have given us no advice on how to proceed at this sensitive time of opportunity." Contrarily to what Webb Law wrote in its Motion to Withdraw, "that they on numerous occasions tried to communicate with me but have received only minor responses without significant input," is certainly a gross untruth to the numerous directives and detail that I have continuously sent to Webb and his firm trying to get them to properly pay attention to our case.

In the recent Settlement offer from Goode and Yanaros, Webb was in such a hurry to be rid of us as clients that he stated to Yanaros, "I'm going to recommend that Youngblood take your offer." Note, this statement was made to opposing counsel before our Attorney Webb ever brought the offer to be considered by his client. In an extreme breach of attorney-client privilege and HIPAA Laws, Webb stated to opposing counsel, "Youngblood is in failing health and she's broke, hasn't sent a payment to me in over a year." These statements were

damaging to Youngblood and Goode disseminated this information. Regarding my Settlement offer, even though Goode admitted during his deposition that he took over $240,000, note, Goode is only a 16 ½ % profit participation holder. 83-1/2% of that money belonged to the other profit participants. This money was taken during Covid shutdown years when there was no other way for these other participants to generate income, and thus this was a severe hardship on their families. I am also one of those other profit participants. Yet, in his Settlement, Goode demanded that I pay him $15,000. However, because it was less expensive than continuous attorney costs and rather than take up the court's valuable time, over a $15,000 issue, I may have considered this unfair monetary request. However, that wasn't enough for Goode. With Youngblood, who also made public statements against Goode, he demanded that she and he would sign non-disparaging clauses. I too would have been willing to sign a non-disparaging document. For the record, Goode has said many untrue negative things regarding me with a smear campaign across social media. I contend, that what he said about me is untrue and the things that I have said regarding him, I have the proof to be valid. However, for the sake of everyone going their separate ways, I would have signed off with both of us signing a mutually acceptable non-disparagement agreement. The deal breaker was that Goode's Settlement demand for me was that I make a video available to the public wherein I groveled before Goode stating that everything that I have stated negatively about Goode was untrue. And offered him as they stated, "a peace offering."

I will conclude by saying, I have worked in the media and in the highest echelons of Hollywood which is a "then sue me type of town," for over 50 years, and no one except for Goode, who is extremely litigious has ever accused me of backstabbing, theft, cheating them, or any other unscrupulous behavior. Just as importantly, I am a Licensed and

Ordained Minister. My last twenty years has been devoted to Ministry. My Spiritual Integrity will not allow me to lie stating that the things I stated about Goode were untrue, or to perjure myself in the statements that I made in my deposition. I stand by the things that I have stated regarding Goode.

Goode's final offer, which was a take it or leave it, you have until the end of the day to respond was, "if Kennedy does not agree to do the public video, then instead of $15,000, we want $500,000." Of course, Goode's Settlement demands have become more and more absurd, and it's sorrowful that it must take up mediation and perhaps, court time with a trial.

It is also shameful that Lenden Webb has shown himself to be an attorney that's only interested in running up large bills and then dumping his clients by stating to opposing counsel, "I'm advising Kennedy to take this offer (as absurd as it is) "and be done with this" rather than Webb working toward his judiciary responsibility to his clients.

There has not been a breakdown in communication, but there is a distinct conflict of interest. Webb is concerned seemingly only with his money, and me concerned with having my case professionally resolved.

I will seek other legal remedies regarding Webb and his firm.

For this case, I will start the process of reviewing new representation for mediation and trial.

As to Webb, it is my opinion that in many instances he has grossly neglected our case, and for many months Webb has refused to move this case forward stating that we do not have the funds to do so. Yet, he is the one who has squandered a great deal of our money and resources.

I have never, "routinely insisted that these attorneys present claims or take positions in this matter that are not warranted under existing law and that cannot be brought before the court in good faith." I consider Lenden Webb's remarks to be not only untruthful, but libelous and defamatory that could severely damage my case and any chance for a fair settlement. Remarks such as this from my own attorney of record, could very well prejudice how a Judge, Jury and others perceive my character and additionally, my actions throughout this case. Plaintiff Goode has already posted Webb's remarks on social media. Plaintiff Goode is claiming Webb's statements and, consequently, Webb's motion to withdraw, as a great victory for his case and using it as a fundraiser to solicit more donations to support his litigation against me.

I will request and insist that Webb provide proof of such character damaging statements. I have a record of every text and email that was ever sent to Webb and his firm, and nothing that I have ever suggested has been, in my opinion, unethical. Throughout the history of our case, I was forced to make suggestions or ask questions because of Webb's continuous lackluster concern regarding my case or how it was being mis litigated.

I could cite many other examples but am keeping things at a minimum to honor the court's time.

I declare under penalty of perjury under the laws of the State of Colorado, that to the best of my knowledge, the foregoing is true and accurate.

Date:  December 21, 2023

*[Signature: Isaac Kennedy]*
*By Donnius K Wilson*
Leon Isaac Kennedy

I hereby certify that on December 21, 2023, I sent a copy of the **RESPONSE to MOTION TO WITHDRAWAL AS COUNSEL** to the following parties in the way described below each party's name:

Lenden F. Webb, Esq.
Christian B. Clark, Esq.
*Sent through Email*
WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy, Suite 450
San Diego, CA 92123
Telephone: (619) 399-7700
FAX: (619) 819-4500
Email: LWebb@WebbLawGroup.com
Email: CClark@WebbLawGroup.com
*Attorneys for Defendants*
LEON KENNEDY and ADRIENNE YOUNGBLOOD

Continued on next page

Valerie Yanaros, Esq.
Yanaros Law, P.C.
***Sent through Email***
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (619) 238-1010
Facsimile: (619) 238-1981
Email: Valerie@YanarosLaw.com
Email: Admin@YanarosLaw.com
Attorney for James Corey Goode and
Goode Enterprise Solutions, Inc.

Mr. Roger Richards Ramsaur
***Sent through Email***
1928 NE 40th Avenue
Portland, OR 97212
Telephone: (323) 376-8705
Email: Seckey@ProtonMail.com
*Defendant in Pro Per*

Adrienne Youngblood
15300 Cliff Road
Nevada City, CA 95959
805-844-3911
ayoungblood@me.com
Defendant

*[signature]*
Donald K Wilson
4322 Wilshire Boulevard
Suite 200
Los Angeles, CA 90010
323.982.7098
DonaldWilson@zhonglun.com