IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-00947-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

LEON ISAAC KENNEDY; and
ADRIENNE YOUNGBLOOD,

    Defendants and Counter Claimants, and

ROGER RICHARDS RAMSAUR;

    Defendant.

## ORDER OVERRULING OBJECTIONS
## TO MAGISTRATE JUDGE'S ORDERS

Defendants Adrienne Youngblood and Leon Isaac Kennedy object to a series of discovery orders issued by United States Magistrate Judge Kristen L. Mix, in which Judge Mix awarded the plaintiffs $6,690 in attorney fees due to defense counsel's deposition misconduct and required Ms. Youngblood to provide a written response to a deposition question asking when her birthday is. For the following reasons, the defendants' objections, Doc. 113, are overruled.

### BACKGROUND

As alleged in the operative complaint, Plaintiff James Corey Goode and his company, Plaintiff Goode Enterprise Solutions, Inc., had a series of business relationships with Ms. Youngblood, Mr. Kennedy, and Defendant Roger Richards Ramsaur relating to Mr. Goode's participation

- 1 -

in the "Disclosure" movement, his appearances on a television show called *Cosmic Disclosure*, a hemp farm in which he and his wife invested, an annual conference called "Dimensions of Disclosure," and a graphic novel and two movies that he directed, produced, and starred in. *See generally* Doc. 32. The plaintiffs allege that since the parties had a falling out and terminated their business relationships, the defendants have defamed Mr. Goode, threatened him, attempted to extort money from him, and used his trademarks without authorization. *See id.* The plaintiffs assert twelve claims against the defendants, including claims for trademark infringement, unfair competition, defamation, breach of fiduciary duty, and embezzlement.[1] *Id.* Mr. Kennedy and Ms. Youngblood assert nine counterclaims against the plaintiffs, including claims for breach of contract, fraud, defamation, and infliction of emotional distress. Doc. 119. The claims and counterclaims at issue are set to proceed to trial on June 10, 2024. Doc. 122.

During discovery, the plaintiffs filed a motion requesting (1) to compel production of documents from the defendants, (2) to compel Mr. Richards to appear for a deposition and pay for costs, (3) sanctions against the defendants' counsel for alleged misconduct during depositions (and to compel responses to deposition questions that went answered due to the alleged misdirection of counsel), and (4) sanctions against the defendants for releasing Mr. Goode's allegedly confidential deposition testimony without authorization. Doc. 92. In a series of orders, Magistrate Judge Mix denied requests (1), (2), and (4), but granted request (3) in part by (a) striking non-responsive testimony from Mr. Kennedy's deposition, (b) awarding the plaintiffs $6,690 in attorney fees for defense counsel's misconduct at Ms. Youngblood's deposition,

---

[1] I previously granted the defendants' motion to dismiss the plaintiffs' breach-of-contract claim. Doc. 117.

- 2 -

and (c) requiring Ms. Youngblood to provide a written response to a deposition question asking when her birthday is. Docs. 98, 104, 109, 112. Ms. Youngblood and Mr. Kennedy have now filed a "Brief in Opposition to the Imposition of Monetary Sanctions and Disclosure of Defendant Youngblood's Date of Birth," Doc. 113, which I construe as objections to Judge Mix's orders.

## STANDARD OF REVIEW

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings, which may not be set aside unless "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard applies to the magistrate judge's legal determinations and permits plenary review as to matters of law; the district judge may set aside a legal ruling if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d ed.)).

## DISCUSSION

Ms. Youngblood and Mr. Kennedy object to Magistrate Judge Mix's orders on two grounds: (1) Ms. Youngblood is concerned about disclosing her date of birth to the plaintiffs because they have previously publicly disclosed other confidential information in violation of the protective

order, and (2) the Court should reduce the amount of attorney fees awarded pursuant to Federal Rule of Civil Procedure 37(a)(5)(C) because Judge Mix granted the plaintiffs' motion to compel and for sanctions only in part. Doc. 113. The defendants do not appear to object to Judge Mix's finding that their counsel's deposition conduct was sanctionable.

## I. Disclosure of Ms. Youngblood's Birth Date

The defendants state that they are "wary" of disclosing Ms. Youngblood's birth date to the plaintiffs because the plaintiffs have previously posted Ms. Youngblood's deposition video containing other confidential information to YouTube in violation of the Court's protective order.[2] Doc. 113 at 2. They request that "the Court withdraw its request that Defendant Youngblood disclose her birthdate due to concerns arising from Plaintiffs' prior disclosure of Defendants' personal information," and that "[t]o the extent that Defendants' release of [Mr. Goode's] deposition video has affected the imposition of monetary sanctions . . . the court . . . reconsider in light of [Plaintiffs' release of Ms. Youngblood's deposition video]." *Id.* at 2, 4.

As to disclosure of Ms. Youngblood's birth date, the plaintiffs are reminded of their obligation under Federal Rule of Civil Procedure 5.2(a)(2) not to disclose Ms. Youngblood's birth date in any public filings with the Court, and they are ordered to treat her birth date as "CONFIDENTIAL" under the protective order. *See* Doc. 48. Any violation of these confidentiality obligations may result in appropriate

---

[2] The defendants also state that the plaintiffs failed to provide notice that Ms. Youngblood's deposition would be recorded, but that is plainly inaccurate. *See* Doc. 108 at 13 ("PLEASE TAKE NOTICE that Plaintiffs . . . will take the oral *and video* deposition of [Adrienne Youngblood] before an officer authorized to administer oaths and/or report . . . *video* [and] oral deposition testimony." (emphases added)).

- 4 -

sanctions. But Ms. Youngblood must respond in writing to the deposition question regarding her birthday as ordered by Judge Mix.

As to monetary sanctions, the defendants' release of Mr. Goode's deposition video did not affect Judge Mix's imposition of sanctions, so there is nothing to reconsider in light of the fact that the plaintiffs have now released Ms. Youngblood's deposition video. Judge Mix expressly denied the plaintiffs' request to impose sanctions based on the defendants' release of Mr. Goode's deposition video. *See* Doc. 104 at 4-9 (finding that Mr. Goode's deposition video had lost its confidential status under the protective order before defendants posted it to YouTube). Judge Mix imposed monetary sanctions only based on the conduct of defense counsel at Ms. Youngblood's deposition. *See id.* at 9-17; Doc. 109; Doc. 112; *Farabaugh v. Isle, Inc.*, No. 1:20-cv-03644-CNS-STV, 2024 WL 216675, at *3 (D. Colo. Jan. 19, 2024) (decision whether to impose Rule 30(d)(2) sanctions was within magistrate judge's sound discretion). If the defendants believe that the plaintiffs have violated a Federal Rule of Civil Procedure or an order of this Court by posting Ms. Youngblood's deposition video to YouTube, they may seek appropriate relief via separate motion, but that is not a basis on which to object to Judge Mix's orders regarding their own discovery violations. *Cf.* Local Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

Magistrate Judge Mix did not clearly err or misapply the law in finding that defense counsel's deposition conduct was sanctionable or ordering that Ms. Youngblood must answer the deposition question regarding her birthday. This objection is overruled.

## II. Apportionment of Expenses

The defendants request that the Court "reduce or eliminate the amount of monetary sanctions awarded against Defendants' counsel,"

- 5 -

arguing that they prevailed on three out of the four issues raised in the plaintiffs' motion to compel and for sanctions, and that the plaintiffs unnecessarily multiplied the sanctions proceedings by repeatedly failing to provide information necessary to Judge Mix's attorney-fee determination. Doc. 113 at 3-4; *see also* Doc. 104 at 17-18 (ordering plaintiffs to supplement their motion for sanctions); Doc. 109 at 5-7 (ordering second supplement).

The defendants cite to Federal Rule of Civil Procedure 37(a)(5)(C), which provides that "[i]f [a] motion [for an order compelling disclosure or discovery] is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." This provision permits, but does not require, the Court to apportion the reasonable expenses, including attorney fees, incurred in making or opposing the motion. Judge Mix chose not to apportion to either side the expenses incurred in connection with the plaintiffs' motion, and that decision was well within her discretion. *See Gopher Excavation, Inc. v. N. Am. Pipe Corp.*, No. 17-cv-1021-MSK-KHR, 2017 WL 7355300, at *8 (D. Colo. Dec. 15, 2017) (apportionment under Rule 37(a)(5)(C) "is a matter in the court's discretion"); *Perkins v. Suzuki Motor Corp.*, No. 1:18-cv-00893-DDD-GPG, 2021 WL 5629067, at *1 (D. Colo. Feb. 19, 2021) ("Usually . . . discovery rulings are best left to the discretion of the magistrate judge without excessive interference from the district judge."); *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *17 (D. Colo. Feb. 8, 2010) ("Not surprisingly, partial success on a discovery motion frequently results in an order directing each side to bear their own fees and costs."); *cf. Chung v. Lamb*, No. 14-cv-03244-KLM, 2017 WL 10619941, at *4 (D. Colo. Oct. 24, 2017) ("The tortured history of this discovery dispute suggests more than ample fault on the part of both counsel in failing to resolve this efficiently and without court

intervention. Accordingly, both parties' requests for costs and attorney fees are denied.").

Judge Mix awarded attorney fees pursuant to Federal Rule of Civil Procedure 30(d)(2), which provides that "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of [a] deponent." Doc. 104 at 9-11. The defendants do not object to Judge Mix's lodestar calculations or her downward adjustment to account for her overall assessment of defense counsel's conduct at Ms. Youngblood's deposition, not all of which was improper. *See* Doc. 112 at 5-10. I find Judge Mix's calculations and analysis to be eminently reasonable. *Cf. Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice . . . . And appellate courts must give substantial deference to these determinations . . . . [as there is] hardly . . . a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it.").

Magistrate Judge Mix did not clearly err or misapply the law in declining to apportion expenses under Rule 37(a)(5)(C) or in determining the amount of attorney fees to award pursuant to Rule 30(d)(2). This objection is overruled.

## CONCLUSION

It is **ORDERED** that the objections in Defendants Adrienne Youngblood's and Leon Isaac Kennedy's Brief in Opposition to the

- 8 -

Imposition of Monetary Sanctions and Disclosure of Defendant Youngblood's Date of Birth, **Doc. 113**, are **OVERRULED**.

DATED: April 11, 2024    BY THE COURT:

_____
~~Daniel~~ D. Domenico
United States District Judge